QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Lance Yang (SBN 260705)
  lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Attorney for Defendant Google LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC., | Case No. 2:20-cv-00169-JAK (DFMx) |
| Plaintiff, | |
| vs. | **GOOGLE'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |
| GOOGLE LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |
| | Judge: Hon. John A. Kronstadt |
| | Complaint Filed:  Jan. 7, 2020 |
| GOOGLE LLC, | |
| Counterclaimant, | |
| vs. | |
| SONOS INC., | |
| Counterclaim-Defendant. | |

Defendant Google LLC ("Google") submits this Answer and Counterclaims to Plaintiff Sonos, Inc.'s ("Sonos") Complaint for Patent Infringement ("Complaint"), and states as follows:

## RESPONSES TO SPECIFIC ALLEGATIONS OF THE COMPLAINT

## INTRODUCTION[1]

1.      Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations contained in Paragraph 1 of the Complaint, and therefore denies them.

2.      Google admits that in 2013, Sonos asked for Google's assistance integrating Sonos with Google's popular Play Music service.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in Paragraph 16 of the Complaint, and therefore denies them.

3.      Google denies the allegations of Paragraph 3 of the Complaint.

4.      Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the reasons why Sonos brought this lawsuit.  Google specifically denies that it has infringed, willful or not, any of Sonos' patent rights. Google denies the remaining allegations of Paragraph 4 of the Complaint.

## SONOS'S ALLEGED INNOVATION

5.      Google admits that Exhibits 6 and 7 purport to be articles from *NBC News* and *Men's Journal*, respectively.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.      Google admits that Exhibit 8 purports to be an article from *PC Magazine*. Google is currently without knowledge or information sufficient to form

---

[1] Google uses the structure of the headings used by Sonos for ease of reference only.  The headings should not be construed to be an admission to any allegation in the complaint.

a belief as to the truth or falsity of the remaining allegations and characterizations contained in Paragraph 6 of the Complaint, and therefore denies them.

7.     Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations in Paragraph 7 of the Complaint and, on that basis, denies them.

8.     Google admits that Exhibit 9 purports to be a Sonos user guide.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 8 of the Complaint and, on that basis, denies them.

9.     Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations in Paragraph 9 of the Complaint and, on that basis, denies them.

10.     Google admits that Exhibits 10 and 11 purport to be news articles from *Digital Trends* and *What Hi-Fi*.  Google is currently without knowledge or information to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 10 of the Complaint and, on that basis, denies them.

11.     Google admits that Exhibit 12 purports to a printed copy of a Sonos webpage.  Google admits that Exhibit 13 purports to be a news article from *Wired*. Google is currently without knowledge or information to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 11 of the Complaint and, on that basis, denies them.

12.     Google admits that Exhibits 14 and 15 purport to be articles from IPO and IEEE.  Google is currently without knowledge or information to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 12 of the Complaint and, on that basis, denies them.

13.     Google admits that Exhibits 16 and 18 purport to be printed copies of Sonos's webpages.  Google admits that Exhibit 9 purports to be a Sonos user guide. Google admits that Exhibit 17 purports to be a Sonos product information sheet.

Google is currently without knowledge or information to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 13 of the Complaint and, on that basis, denies them.

## GOOGLE DOES NOT INFRINGE

14. Google admits that Google had a product called "Chromecast Audio," and admits that Exhibit 19 purports to be a September 2015 news article from The Guardian. Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 14 of the Complaint.

15. Google admits that Exhibit 20 purports to be a December 2015 posting from a webpage entitled "Chrome Blog." Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 15 of the Complaint.

16. Google admits that Exhibit 21 purports to be a copy of a December 2015 Variety article entitled "Google's Chromecast Audio Adapter Gets Multi-Room Support Similar to Sonos." Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 16 of the Complaint.

17. Google admits that Exhibit 22 purports to be a copy of a December 2015 article from Pocket-Lint. Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 17 of the Complaint.

18. Google denies the allegations and characterizations contained in Paragraph 18 of the Complaint.

19. Google denies the allegations and characterizations contained in Paragraph 19 of the Complaint.

20. Google denies the allegations and characterizations contained in Paragraph 20 of the Complaint.

21. Google admits that Google launched a Chromecast Audio wireless adapter in 2015, and that in 2016 Google launched a Google Home app. Google

denies the remaining allegations and characterizations contained in Paragraph 21 of the Complaint.

22.    Google admits that Exhibit 23 purports to be a copy of an October 2016 article from *The Register*. Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 22 of the Complaint.

23.    Google admits that Exhibit 24 purports to be a copy of a November 2016 article from the Verge. Except as specifica lly admitted, Google denies the allegations and characterizations contained in Paragraph 23 of the Complaint.

24.    Google denies the allegations and characterizations contained in Paragraph 24 of the Complaint.

25.    Google admits that Exhibit 25 purports to be a copy of an October 2017 article from Gizmodo, and that Exhibit 26 purports to be a copy of a December 2017 article from Android Central.  Google admits that in 2017 Google released the Google Home Max and the Google Home Mini.  Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 25 of the Complaint.

26.    Google denies the allegations and characterizations contained in Paragraph 26 of the Complaint.

27.    Google admits that Exhibit 27 purports to be a copy of a Google blog, and that Exhibit 28 purports to be an article from *News Without Borders*.  Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 25 of the Complaint.

28.    Google admits that Exhibits 29-39 appear to be print-outs of various webpages. Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 28 of the Complaint.

29.    Although the image contained within Paragraph 29 is grainy, Google admits that it is possible it may display several Google products.   Except as

specifically admitted, Google denies the allegations and characterizations contained in Paragraph 29 of the Complaint.

30.    Google admits that Exhibits 40-43 appear to be print-outs of various webpages.   Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 30 of the Complaint.

31.    Paragraph 31 does not contain any factual allegations, and therefore, does not require a response.   To the extent it contains allegations requiring a response, Google denies them.

### GOOGLE HAS NO UNJUST ENRICHMENT

32.    Google admits that Exhibit 44 purports to be a copy of a report from the Royal Bank of Canada.   Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 32 of the Complaint.

33.    Google admits that Exhibits 45 and 28 purport to be articles from the *New York Post* and *News Without Borders*, respectively.   Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 33 of the Complaint.

34.    Google admits that Exhibit 46 purports to be a copy of an NPR report and Exhibit 28 purports to be an article from *News Without Borders*.   Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 34 of the Complaint.

### GOOGLE DOES NOT WILLFULLY INFRINGE

35.    Google denies the allegations and characterizations contained in Paragraph 35 of the Complaint.

36.    Google admits that Sonos provided a pre-filing copy of the Complaint to Google one day before Sonos filed the Complaint.   Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 36 of the Complaint.

37. Google admits that Exhibit 47 purports to be a copy of a docket report for *Sonos Inc. v. D&M Holdings Inc. et al*, 1:14-cv-01330-WCB (D. Del.). Google admits that Sonos provided a pre-filing copy of the Complaint one day before it was filed, that Exhibit 48 purports to be an article from *Venture Beat*, that Exhibit 49 purports to be an article from *CNET*, and that Exhibit 50 purports to be a copy of a jury form from *Sonos Inc. v. D&M Holdings Inc. et al*, 1:14-cv-01330-WCB (D. Del.). Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 37 of the Complaint.

38. Google denies the allegations and characterizations contained in Paragraph 38 of the Complaint.

**THE PARTIES**

39. Google lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint and, on that basis, denies them.

40. Google admits that Google LLC is a Delaware limited liability company with its principal place of business and headquarters at 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google admits that it maintains a Google office at 340 Main St., Venice, CA 90291 and a YouTube office at 12422 W. Bluff Creek, Playa Vista, CA 90094. Google is currently without knowledge or information to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 40 of the Complaint and, on that basis, denies them.

41. Google admits that it is a technology company and conducts business operations in this District. Google is currently without knowledge or information to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 41 of the Complaint and, on that basis, denies them.

42. Google denies the allegations and characterizations contained in Paragraph 42 of the Complaint.

## JURISDICTION AND VENUE

43.     Google admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and that this action purports to arise under the Patent Act, 35 U.S.C. § 1 *et seq.*

44.     For purposes of this action only, Google does not challenge personal jurisdiction.  Except as expressly admitted, Google denies the remaining allegations of Paragraph 44 of the Complaint, and specifically denies that it has committed acts of infringement.

45.     For purposes of this action only, Google does not challenge personal jurisdiction.   Except as specifically admitted, Google denies the allegations and characterizations contained in Paragraph 45 of the Complaint.

46.     For purposes of this action only, Google admits that venue is proper in this District.  Except as expressly admitted, Google denies the remaining allegations of Paragraph 46 of the Complaint, and specifically denies that it has committed acts of infringement.

## PATENTS-IN-SUIT

### Background

47.     Google denies the allegations in Paragraph 47 of the Complaint insofar as they purport to attribute to the '949 and '959 patents anything that is not stated therein.   Google admits that early technology for multi-zone audio systems sometimes relied upon hard-wiring with dedicated speaker wires to different audio players in different rooms.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in Paragraph 47 of the Complaint, and therefore denies them.

48.     Google denies the allegations in Paragraph 48 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google admits that early technology for multi-zone audio systems sometimes relied

upon hard-wiring with dedicated speaker wires to different audio players in different rooms.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

49.     Google denies the allegations in Paragraph 49 of the Complaint insofar as they purport to attribute to the '949 and '959 patents anything that is not stated therein.   Google admits that early technology for multi-zone audio systems sometimes relied upon hard-wiring with dedicated speaker wires to different audio players in different rooms.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

50.     Google denies the allegations in Paragraph 50 of the Complaint insofar as they purport to attribute to the asserted patents anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

51.     Google denies the allegations in Paragraph 51 of the Complaint insofar as they purport to attribute to the '949 and '258 patents anything that is not stated therein.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

52.     Google denies the allegations in Paragraph 52 of the Complaint insofar as they purport to attribute to the '949 and '258 patents and claims 1, 8, and 15 (as to the '949 patent) and claims 1, 11, and 17 (as to the '258 patent) anything that is not stated therein.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and

characterizations contained in this Paragraph of the Complaint, and therefore denies them.

53. Google denies the allegations in Paragraph 53 of the Complaint insofar as they purport to attribute to the '949 and '258 patents and claims 1, 8, and 15 (as to the '949 patent) and claims 1, 11, and 17 (as to the '258 patent) anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

54. Google denies the allegations in Paragraph 54 of the Complaint insofar as they purport to attribute to the '949 and '258 patents anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

55. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations contained in Paragraph 55 of the Complaint, and therefore denies them.

**U.S. Patent No. 8,588,949**

56. Google denies the allegations in Paragraph 56 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google admits that the '949 patent is titled "Methods And Apparatus For Adjusting Volume Levels In A Multi-Zone System"; that it was issued by the United States Patent and Trademark Office ("USPTO") on November 19, 2013; that a Reexamination Certificate for the '949 patent was issued by the USPTO on November 5, 2015, and that Exhibit 1 purports to be a copy of the '949 patent and Reexamination Certificate. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and

characterizations contained in Paragraph 56 of the Complaint, and therefore denies them.

57.     Google denies the allegations in Paragraph 57 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

58.     Google denies the allegations in Paragraph 58 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

59.     Google denies the allegations in Paragraph 59 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

## The Alleged Inventions Claimed in U.S. Patent No. 8,588,949 Did Not Improve Technology & Were Well-Understood, Routine, or Conventional

60.     Google denies the allegations in Paragraph 60 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

61.     Google denies the allegations in Paragraph 61 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

62.    Google admits that Exhibit 8 purports to be an article from *PC Mag.* Except as specifically admitted, Google denies the allegations in Paragraph 62 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

63.    Google denies the allegations in Paragraph 63 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

64.    Google denies the allegations in Paragraph 64 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

65.    Google denies the allegations in Paragraph 65 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

66.    Google admits that Exhibit 51 purports to be a copy of a memorandum opinion issued by the District Court of Delaware in from *Sonos, Inc. v. D&M Holdings Inc.*, Civil Action No. 14-1330-WCB (D. Del.).   Google denies the allegations in Paragraph 66 of the Complaint insofar as they purport to attribute to

the '949 patent anything that is not stated therein.  Google denies that the '949 patent is valid under Section 101.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

67.     Google denies the allegations in Paragraph 67 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein.  Google denies that the '949 patent is valid under Section 101.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

68.     Google admits that Exhibit 50 purports to be a verdict form from *Sonos, Inc. v. D&M Holdings Inc.*, Civil Action No. 14-1330-WCB (D. Del.) and Exhibit 1 purports to be a copy of the '949 patent and Reexamination Certificate.  Google denies the allegations in Paragraph 68 of the Complaint insofar as they purport to attribute to the '949 patent anything that is not stated therein.  Google denies that the '949 patent is valid under Section 101.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

## The Alleged Inventions Claimed in U.S. Patent No. 8,588,949 Did Not Provide Important Advantages to Wireless Audio Systems

69.     Google admits that Exhibits 8, 52, 53, and 54 to the Complaint purport to be articles from, respectively, PC Magazine, Playlist, Gizmodo, and Pocket-lint.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

70.    Google admits that Exhibit 29 and 55 purport to be printed copies of Google websites.  Google denies the allegations in Paragraph 70 that relate to Google.  To the extent the allegations relate to entities other than Google, Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

71.    Google admits that Exhibit 56 purports to be an article from the *Verge*. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

## U.S. Patent No. 9,195,258

72.    Google admits that Exhibit 2 purports to be a copy of the '258 patent. Google admits that the '258 Patent is titled "System and Method for Synchronizing Operations Among a Plurality of Independently Clocked Digital Data Processing Devices". Google admits that the '258 patent issued on November 24, 2015.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

73.    Google denies the allegations in Paragraph 73 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

74.    Google denies the allegations in Paragraph 74 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

75.    Google denies the allegations in Paragraph 75 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

76.    Google denies the allegations in Paragraph 76 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

**The Alleged Inventions Claimed in U.S. Patent No. 9,195,258**

**Did Not Improve Technology & Were**

**Well-Understood, Routine, or Conventional**

77.    Google denies the allegations in Paragraph 77 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

78.    Google denies the allegations in Paragraph 78 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

79.    Google admits that Exhibit 8 of the Complaint purports to be an article from *PC Mag*. Google denies the allegations in Paragraph 79 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

80.     Google admits that Exhibit 6 purports to be an article from *NBC News*. Google denies the allegations in Paragraph 80 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

81.     Google denies the allegations in Paragraph 81 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

82.     Google denies the allegations in Paragraph 82 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

83.     Google admits that Exhibit 57 purports to be a copy of a decision from the Patent Trial and Appeal Board ("PTAB") regarding U.S. Patent No. 9,213,357. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

84.     Google admits that Exhibit 50 purports to be a verdict form from *Sonos, Inc. v. D&M Holdings Inc.*, Civil Action No. 14-1330-WCB (D. Del.).  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

## The Alleged Inventions Claimed in U.S. Patent No. 9,195,258
## Do Not Provide Important Advantages to Wireless Audio Systems

85.     Google denies the allegations in Paragraph 85 of the Complaint insofar as they purport to attribute to the '258 patent anything that is not stated therein. Google admits that Exhibits 8, 58, 59, and 6 purport to be articles from PC Magazine, the Wall Street Journal, Macworld, and NBC News, respectively.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

86.     Google admits that Exhibits 20 and 60 purport to be copies of Google websites.  Google denies the remaining allegations and characterizations contained in this Paragraph of the Complaint.

87.     Google admits that Exhibits 29 and 61 purport to be copies of Google websites.  Google denies the remaining allegations and characterizations contained in this Paragraph of the Complaint.

88.     Google admits that Exhibits 21 and 24 purport to be articles from *Variety* and *The Verge*, respectively.  Google admits that Exhibit 86 purports to be an Amazon press release.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

## U.S. Patent No. 9,219,959

89.     Google denies the allegations in Paragraph 89 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google admits that the '959 patent is titled "Multi Channel Pairing in a Media System"; that it was issued by the United States Patent and Trademark Office ("USPTO") on December 22, 2015; that a Reexamination Certificate for the '959 patent was issued by the USPTO on April 5, 2017, and that Exhibit 3 purports to be

a copy of the '959 patent and Reexamination Certificate.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in Paragraph 89 of the Complaint, and therefore denies them.

90.     Google denies the allegations in Paragraph 90 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

91.     Google denies the allegations in Paragraph 91 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

92.     Google denies the allegations in Paragraph 92 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

**The Alleged Inventions Claimed in U.S. Patent No. 9,219,959**

**Do Not Improve Technology & Were**

**Well-Understood, Routine, or Conventional**

93.     Google denies the allegations in Paragraph 93 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

94.     Google denies the allegations in Paragraph 94 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

95.     Google denies the allegations in Paragraph 95 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

96.     Google denies the allegations in Paragraph 96 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

97.     Google denies the allegations in Paragraph 97 of the Complaint insofar as they purport to attribute to the '959 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

98.     Google admits that Exhibit 51 purports to be a copy of a memorandum opinion issued by the District Court of Delaware in *Sonos, Inc. v. D&M Holdings Inc.*, Civil Action No. 14-1330-WCB (D. Del.).  Google denies that the '959 patent is valid under Section 101.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

99.    Google admits that Exhibit 51 purports to be a copy of a memorandum opinion issued by the District Court of Delaware in *Sonos, Inc. v. D&M Holdings Inc.*, Civil Action No. 14-1330-WCB (D. Del.).  Google denies that the '959 patent is valid under Section 101.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

100.    Google admits that Exhibit 3 purports to be a copy of the '959 patent and Reexamination Certificate.  Google denies that the '959 patent is valid under Section 101.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

### The Alleged Inventions Claimed in U.S. Patent No. 9,219,959
### Do Not Provide Important Advantages to Wireless Audio Systems

101.    Google admits that Exhibits 62-66 of the Complaint purport to be, respectively, articles from *SlashGear*, *Trusted Reviews*, *Consumer Reports*, *Businessweek*, and *What Hi-Fi*.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

102.    Google admits that Exhibits 67-68 of the Complaint appear to be printouts of webpages discussing Google products.  Except as expressly admitted, Google denies the allegations of Paragraph 102 the of Complaint.

103.    Google admits that Exhibit 69 of the Complaint appears to be a printout of a webpage discussing Google products.  Except as expressly admitted, Google denies the allegations of Paragraph 103 the of Complaint.

104.   Google admits that Exhibit 70 of the Complaint appears to be a printout of a webpage discussing Google products.  Except as expressly admitted, Google denies the allegations of Paragraph 104 the of Complaint.

105.   Google admits that Exhibits 71-73 of the Complaint purport to be, respectively, articles from *Engadget*, *Digital Trends*, and *The Verge*.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

106.   Google admits that Exhibits 74-75 of the Complaint appear to be, respectively, articles from 9to5Google and Digital Trends discussing Google products.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

## U.S. Patent No. 10,209,953

107.   Google denies the allegations in Paragraph 107 of the Complaint insofar as they purport to attribute to the '953 patent anything that is not stated therein.  Google admits that Exhibit 4 of the Complaint purports to be a copy of the '953 patent.  Google admits that the '953 patent is entitled "Playback Device" and bears a date of February 19, 2019.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

108.   Google denies the allegations in Paragraph 108 of the Complaint insofar as they purport to attribute to the '953 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

109.   Google denies the allegations in Paragraph 109 of the Complaint insofar as they purport to attribute to the '953 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

110.   Google incorporates by reference each of its responses to Paragraphs 72-76 of the Complaint set forth above as if fully set forth herein.

### The Alleged Inventions Claimed in U.S. Patent No. 10,209,953

### Do Not Improve Technology & Were

### Well-Understood, Routine, or Conventional

111.   Google incorporates by reference each of its responses to Paragraphs 77-84 of the Complaint set forth above as if fully set forth herein.

112.   Google denies the allegations in Paragraph 112 of the Complaint insofar as they purport to attribute to the '258 or '953 patents anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

113.   Google admits that Exhibit 8 purports to be an article from PC Mag. Google denies the allegations in Paragraph 113 of the Complaint insofar as they purport to attribute to the '953 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

114.   Google admits that Exhibit 6 purports to be an article from NBC News. Google denies the allegations in Paragraph 114 of the Complaint insofar as they purport to attribute to the '953 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

115.   Google admits that Exhibit 6 purports to be an article from NBC News. Google denies the allegations in Paragraph 115 of the Complaint insofar as they purport to attribute to the '953 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

116.   Google denies the allegations in Paragraph 116 of the Complaint insofar as they purport to attribute to the '953 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

117.   Google denies the allegations in Paragraph 117 of the Complaint insofar as they purport to attribute to the '258 or '953 patents anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

## The Alleged Inventions Claimed in U.S. Patent No. 10,209,953
## Do Not Provide Important
## Advantages to Wireless Audio Systems

118.   Google incorporates by reference each of its responses to Paragraphs 85-88 of the Complaint set forth above as if fully set forth herein.

119.   Google denies the allegations in Paragraph 117 of the Complaint insofar as they purport to attribute to the '258 or '953 patents anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and

characterizations contained in this Paragraph of the Complaint, and therefore denies them.

### U.S. Patent No. 10,439,896

120.  Google denies the allegations in Paragraph 120 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein.  Google admits that Exhibit 5 of the Complaint purports to be a copy of the '896 patent.  Google admits that the '896 patent is entitled "Playback Device Connection" and bears a date of October 8, 2019.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

121.  Google denies the allegations in Paragraph 121 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

122.  Google denies the allegations in Paragraph 122 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

123.  Google denies the allegations in Paragraph 123 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

124.  Google denies the allegations in Paragraph 124 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated

therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

125.   Google denies the allegations in Paragraph 125 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

<u>**The Alleged Inventions Claimed in U.S. Patent No. 10,439,896**</u>

<u>**Do Not Improve Technology &**</u>

<u>**Were Well-Understood, Routine, or Conventional**</u>

126.   Google denies the allegations in Paragraph 126 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

127.   Google denies the allegations in Paragraph 127 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

128.   Google denies the allegations in Paragraph 128 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

129.   Google denies the allegations in Paragraph 129 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated

therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

130. Google denies the allegations in Paragraph 130 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

131. Google denies the allegations in Paragraph 131 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

132. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in Paragraph 132 of the Complaint, and therefore denies them.

133. Google denies the allegations in Paragraph 134 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

### The Inventions Claimed in U.S. Patent No. 10,439,896

### Do Not Provide Important

### Advantages to Wireless Audio Systems

134. Google denies the allegations in Paragraph 134 of the Complaint insofar as they purport to attribute to the '896 patent anything that is not stated therein. Google admits that Exhibits 76-78 of the Complaint purport to be,

respectively, articles from *Ars Technica*, *Gizmodo*, and *Consumer Reports*.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

135.   Google admits that Exhibits 79-80 of the Complaint appear to be printouts of webpages discussing Google products.  Except as expressly admitted, Google denies the allegations of Paragraph 135 the of Complaint.

136.   Google admits that Exhibits 81-83 of the Complaint purport to be, respectively, articles from *Android Central*, *Tom's Guide*, and CNET.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations contained in this Paragraph of the Complaint, and therefore denies them.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,588,949

137.   Google incorporates by reference each of its responses to Paragraphs 47-71 of the Complaint set forth above as if fully set forth herein.

138.   Google denies the allegations and characterizations contained in Paragraph 138 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 138 of the Complaint contains conclusions of law, no response is necessary.

139.   Google denies the allegations and characterizations contained in Paragraph 139 of the Complaint, including the footnotes to Paragraph 139, and specifically denies it has committed acts of infringement.  To the extent Paragraph 139 of the Complaint contains conclusions of law, no response is necessary.

140.   Google denies the allegations and characterizations contained in Paragraph 140 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 140 of the Complaint contains conclusions of law, no response is necessary.

141.   Google admits that Exhibits 29 and 84 purport to be printed copies of Google webpages.   Google denies the remaining allegations and characterizations contained in Paragraph 141 of the Complaint, and specifically denies it has committed acts of infringement.   To the extent Paragraph 141 of the Complaint contains conclusions of law, no response is necessary.

142.   Google admits that Exhibits 29, 34-39, and 55 purport to be printed copies of Google webpages.   Google denies the remaining allegations and characterizations contained in Paragraph 142 of the Complaint, and specifically denies it has committed acts of infringement.   To the extent Paragraph 142 of the Complaint contains conclusions of law, no response is necessary.

143.   Google admits that Exhibits 29, 84, and 85 purport to be printed copies of Google webpages.  Google denies the remaining allegations and characterizations contained in Paragraph 143 of the Complaint, and specifically denies it has committed acts of infringement.   To the extent Paragraph 143 of the Complaint contains conclusions of law, no response is necessary.

144.   Google denies the allegations and characterizations contained in Paragraph 144 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 144 of the Complaint contains conclusions of law, no response is necessary.

145.   Google denies the allegations and characterizations contained in Paragraph 145 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 145 of the Complaint contains conclusions of law, no response is necessary.

146.   Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations contained in Paragraph 146 of the Complaint, and therefore denies them.  To the extent Paragraph 146 of the Complaint contains conclusions of law, no response is necessary.

147.  Google denies the allegations and characterizations contained in Paragraph 147 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 147 of the Complaint contains conclusions of law, no response is necessary.

148.  Google denies the allegations and characterizations contained in Paragraph 148 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 148 of the Complaint contains conclusions of law, no response is necessary.

149.  Google denies the allegations and characterizations contained in Paragraph 149 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 149 of the Complaint contains conclusions of law, no response is necessary.

150.  Google denies the allegations and characterizations contained in Paragraph 150 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 150 of the Complaint contains conclusions of law, no response is necessary.

**COUNT II: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,195,258**

151.  Google incorporates by reference each of its responses to Paragraphs 47-55 and 72-88 of the Complaint set forth above as if fully set forth herein.

152.  Google denies the allegations and characterizations contained in Paragraph 152 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 152 of the Complaint contains conclusions of law, no response is necessary.

153.  Google denies the allegations and characterizations contained in Paragraph 153 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 153 of the Complaint contains conclusions of law, no response is necessary.

154.   Google admits that Exhibits 20, 29, 60, and 61 purport to be printed copies of Google webpages.   Google denies the remaining allegations and characterizations contained in Paragraph 154 of the Complaint, and specifically denies it has committed acts of infringement.   To the extent Paragraph 154 of the Complaint contains conclusions of law, no response is necessary.

155.   Google admits that Exhibits 20, 29, 60, 61, and 85 purport to be printed copies of Google webpages.   Google denies the remaining allegations and characterizations contained in Paragraph 155 of the Complaint, and specifically denies it has committed acts of infringement.   To the extent Paragraph 155 of the Complaint contains conclusions of law, no response is necessary.

156.   Google denies the allegations and characterizations contained in Paragraph 156 of the Complaint, and specifically denies it has committed acts of infringement.   To the extent Paragraph 156 of the Complaint contains conclusions of law, no response is necessary.

157.   Google denies the allegations and characterizations contained in Paragraph 157 of the Complaint, and specifically denies it has committed acts of infringement.   To the extent Paragraph 157 of the Complaint contains conclusions of law, no response is necessary.

158.   Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations contained in Paragraph 158 of the Complaint, and therefore denies them.   To the extent Paragraph 158 of the Complaint contains conclusions of law, no response is necessary.

159.   Google denies the allegations and characterizations contained in Paragraph 159 of the Complaint, and specifically denies it has committed acts of infringement.   To the extent Paragraph 159 of the Complaint contains conclusions of law, no response is necessary.

160.   Google denies the allegations and characterizations contained in Paragraph 160 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 160 of the Complaint contains conclusions of law, no response is necessary.

161.   Google denies the allegations and characterizations contained in Paragraph 161 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 161 of the Complaint contains conclusions of law, no response is necessary.

162.   Google denies the allegations and characterizations contained in Paragraph 162 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 162 of the Complaint contains conclusions of law, no response is necessary.

## COUNT III: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,219,959

163.   Google incorporates by reference each of its responses to 47-55 and 89-106 of the Complaint set forth above as if fully set forth herein.

164.   Google denies the allegations and characterizations contained in Paragraph 164 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 164 of the Complaint contains conclusions of law, no response is necessary.

165.   Google denies the allegations and characterizations contained in Paragraph 165 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 165 of the Complaint contains conclusions of law, no response is necessary.

166.   Google admits that Exhibits 67-70 purport to be printed copies of Google webpages.  Google denies the remaining allegations and characterizations contained in Paragraph 166 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 166 of the Complaint contains conclusions of law, no response is necessary.

167.   Google admits that Exhibits 67-70 and 85 purport to be printed copies of Google webpages.  Google denies the remaining allegations and characterizations contained in Paragraph 167 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 167 of the Complaint contains conclusions of law, no response is necessary.

168.   Google denies the allegations and characterizations contained in Paragraph 168 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 168 of the Complaint contains conclusions of law, no response is necessary.

169.   Google denies the allegations and characterizations contained in Paragraph 169 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 169 of the Complaint contains conclusions of law, no response is necessary.

170.   Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations contained in Paragraph 170 of the Complaint, and therefore denies them.  To the extent Paragraph 170 of the Complaint contains conclusions of law, no response is necessary.

171.   Google denies the allegations and characterizations contained in Paragraph 171 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 171 of the Complaint contains conclusions of law, no response is necessary.

172.   Google denies the allegations and characterizations contained in Paragraph 172 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 172 of the Complaint contains conclusions of law, no response is necessary.

173.   Google denies the allegations and characterizations contained in Paragraph 173 of the Complaint, and specifically denies it has committed acts of

infringement.  To the extent Paragraph 173 of the Complaint contains conclusions of law, no response is necessary.

174.  Google denies the allegations and characterizations contained in Paragraph 174 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 174 of the Complaint contains conclusions of law, no response is necessary.

## COUNT IV: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,209,953

175.  Google incorporates by reference each of its responses to 47-55 and 107-119 of the Complaint set forth above as if fully set forth herein.

176.  Google denies the allegations and characterizations contained in Paragraph 176 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 176 of the Complaint contains conclusions of law, no response is necessary.

177.  Google denies the allegations and characterizations contained in Paragraph 177 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 177 of the Complaint contains conclusions of law, no response is necessary.

178.  Google admits that Exhibits 20, 29, 60, and 61 purport to be printed copies of Google webpages.  Google denies the remaining allegations and characterizations contained in Paragraph 178 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 178 of the Complaint contains conclusions of law, no response is necessary.

179.  Google admits that Exhibits 20, 29, 60, 61, and 85 purport to be printed copies of Google webpages.  Google denies the remaining allegations and characterizations contained in Paragraph 179 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 179 of the Complaint contains conclusions of law, no response is necessary.

180.   Google denies the allegations and characterizations contained in Paragraph 180 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 180 of the Complaint contains conclusions of law, no response is necessary.

181.   Google denies the allegations and characterizations contained in Paragraph 181 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 181 of the Complaint contains conclusions of law, no response is necessary.

182.   Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations contained in Paragraph 182 of the Complaint, and therefore denies them.  To the extent Paragraph 182 of the Complaint contains conclusions of law, no response is necessary.

183.   Google denies the allegations and characterizations contained in Paragraph 183 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 183 of the Complaint contains conclusions of law, no response is necessary.

184.   Google denies the allegations and characterizations contained in Paragraph 184 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 184 of the Complaint contains conclusions of law, no response is necessary.

185.   Google denies the allegations and characterizations contained in Paragraph 185 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 185 of the Complaint contains conclusions of law, no response is necessary.

186.   Google denies the allegations and characterizations contained in Paragraph 186 of the Complaint, and specifically denies it has committed acts of

infringement.  To the extent Paragraph 186 of the Complaint contains conclusions of law, no response is necessary.

## COUNT V: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,439,896

187.   Google incorporates by reference each of its responses to 47-55 and 120-136 of the Complaint set forth above as if fully set forth herein.

188.   Google denies the allegations and characterizations contained in Paragraph 188 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 188 of the Complaint contains conclusions of law, no response is necessary.

189.   Google denies the allegations and characterizations contained in Paragraph 189 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 189 of the Complaint contains conclusions of law, no response is necessary.

190.   Google admits that Exhibits 34, 35, 79, and 80 purport to be printed copies of Google webpages.  Google denies the remaining allegations and characterizations contained in Paragraph 190 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 190 of the Complaint contains conclusions of law, no response is necessary.

191.   Google admits that Exhibits 34, 35, 79, and 80 purport to be printed copies of Google webpages.  Google denies the remaining allegations and characterizations contained in Paragraph 191 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 191 of the Complaint contains conclusions of law, no response is necessary.

192.   Google denies the allegations and characterizations contained in Paragraph 192 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 192 of the Complaint contains conclusions of law, no response is necessary.

193.  Google denies the allegations and characterizations contained in Paragraph 193 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 193 of the Complaint contains conclusions of law, no response is necessary.

194.  Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations contained in Paragraph 194 of the Complaint, and therefore denies them.  To the extent Paragraph 194 of the Complaint contains conclusions of law, no response is necessary.

195.  Google denies the allegations and characterizations contained in Paragraph 195 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 195 of the Complaint contains conclusions of law, no response is necessary.

196.  Google denies the allegations and characterizations contained in Paragraph 196 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 196 of the Complaint contains conclusions of law, no response is necessary.

197.  Google denies the allegations and characterizations contained in Paragraph 197 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 197 of the Complaint contains conclusions of law, no response is necessary.

198.  Google denies the allegations and characterizations contained in Paragraph 198 of the Complaint, and specifically denies it has committed acts of infringement.  To the extent Paragraph 198 of the Complaint contains conclusions of law, no response is necessary.

## **RESPONSE TO PRAYER FOR RELIEF**

Google denies that Sonos is entitled to any of the relief requested or any other relief.

### DEFENSES TO COMPLAINT

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery:

### FIRST DEFENSE – NON-INFRINGEMENT

Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '949, '258, '959, '953, and '896 ("asserted patents").

### SECOND DEFENSE – INVALIDITY

Each asserted claim of the asserted patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE – UNENFORCEABILITY

On information and belief, Sonos is not entitled to any relief against Google in this action because the asserted patents are unenforceable.

### FOURTH DEFENSE – PATENT EXHAUSTION AND/OR LICENSE

On information and belief, Sonos's claims against Google are barred as a result of patent exhaustion and/or a license to the asserted patents.

### FIFTH DEFENSE – IMPLIED LICENSE

On information and belief, Sonos's claims against Google are barred by the doctrine of implied license.

## SIXTH DEFENSE – LACK OF STANDING

On information and belief, Sonos's claims against Google are barred because Sonos lacks standing to assert the asserted patents.

## SEVENTH DEFENSE – EQUITABLE ESTOPPEL

On information and belief, Sonos's claims against Google are barred by the doctrine of equitable estoppel.

## EIGHTH DEFENSE – WAIVER

On information and belief, Sonos's claims against Google are barred by the doctrine of waiver.

## NINTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

On information and belief, due to admissions and statements made to the United States Patent and Trademark Office during the prosecution of the applications that resulted in the asserted patents or related patent applications, Sonos is estopped from construing a valid and enforceable claim, if any, of the asserted patents as infringed literally or under the doctrine of equivalents by the accused products.

## TENTH DEFENSE – OTHER DEFENSES

Google reserves the right to amend its Answer to include other additional defenses that Google may learn of during the course of this investigation.

## COUNTERCLAIMS

Defendant and Counterclaimant Google LLC ("Google") hereby alleges the following counterclaims against Plaintiff Sonos, Inc. ("Sonos"):

## INTRODUCTION

1.     Google was founded in 1998 with the goal of organizing the world's information and making it universally accessible and useful.

2.     Over the past two decades, in service of that goal, Google has become one of the world's most innovative companies.

3.      Google's revolutionary advances in search, mobile computing, machine learning, artificial intelligence, and voice-assisted technologies have changed millions of lives.

4.      Google continues to make information universally accessible and useful at the household level, through advanced voice recognition, search, and media playback technologies in its Google Home, Google Nest, and Chromecast products.

5.      Sonos's complaint uses revisionist history to attack Google's innovative software and hardware products.  Google did not obtain "deep" access to Sonos technology and then develop the Google products at issue; in fact, Google launched Chromecast before Google and Sonos ever agreed to collaborate.

6.      When Google and Sonos did collaborate, Sonos asked Google for assistance, so that Sonos could employ Google technology to improve Sonos's products–not the other way around.

7.      In 2013, Sonos asked for Google's assistance integrating Sonos directly with Google's popular Play Music service.

8.      Google gave Sonos that assistance, and provided significant engineering resources, technical support, and other resources to integrate Sonos's products with Google's Play Music service in 2014.

9.      As Wired observed in 2014, this was a huge benefit to Sonos, whose products were suffering from a lack of integration with easy-to-use software interfaces:  the collaboration was "a strong indicator of how vital it is these days for hardware [to] be imbued with relevant, easy-to-use software," because "[i]t's not enough that Sonos can connect to the Internet over your home Wi-Fi network.  It needs to work seamlessly with your favorite music streaming apps."  Exhibit 13 (emphasis added).

10.      In 2016, Sonos again asked for Google's assistance–this time to integrate Google's innovative Assistant software with Sonos devices.  And again, Google was willing to help.

11.     Google gave Sonos significant assistance designing, implementing, and testing a solution that would bring Google's voice recognition software to Sonos's devices.

12.     This effort again involved significant Google engineering resources, including significant months of employee work time, for the initial launch of Google's Assistant on Sonos's products in May 2019.

13.     Sonos seems to think no good deed should go unpunished.  In exchange for the assistance Sonos received from Google to help improve Sonos's products, Sonos now sues Google asking for damages and an injunction.

14.     But there is no basis for Sonos's claims.  The technologies Google uses were all independently developed by Google.  They are not technologies Google took from Sonos, and they are not the technologies described in the five patents Sonos asserts.

15.     The five asserted patents describe older technologies–not the advanced technologies Google uses.  In fact, the technologies described in Sonos's five asserted patents were not even first developed by Sonos.

16.     The ideas in those patents were not new; they were already known in the field, and were obvious and dated by the time Sonos applied for each of these five patents.

17.     The technologies in these five patents do not reflect the design of modern wireless audio devices.

18.     Indeed, it appears Sonos itself does not even use these technologies in its modern devices.

### THE PARTIES

19.     Upon information and belief, Sonos is a Delaware corporation with its principal place of business at 614 Chapala Street, Santa Barbara, California 93101.

20.     Google LLC is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

# JURISDICTION AND VENUE

21.    This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Google seeks relief under the Declaratory Judgment Act.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

22.    The Court has personal jurisdiction and venue over Sonos because it consented to personal jurisdiction and venue by filing the Complaint in this action.

## COUNT I:

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,588,949

23.    The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

24.    Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '949 patents.

25.    Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in this Answer and Counterclaims, including Google's affirmative defenses.

26.    Absent a declaration of non-infringement of the '949 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

27.    To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '949 patent.

28.     Accordingly, Google seeks a declaration that the claims of the '949 patent are not infringed.

## COUNT II:

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,588,949

29.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

30.     Each asserted claim of the '949 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

31.     The claims of the '949 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

32.     The claims of the '949 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

33.     The claims of the '949 patent contain obviousness-type double patenting.

34.     The claims of the '949 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

35.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '949 patent are not valid and enforceable.

**COUNT III:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,195,258**

36.    The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

37.    Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '258 patents.

38.    Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in this Answer and Counterclaims, including Google's affirmative defenses.

39.    Absent a declaration of non-infringement of the '258 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

40.    To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '258 patent.

41.    Accordingly, Google seeks a declaration that the claims of the '258 patent are not infringed.

**COUNT IV:**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,195,258**

42.    The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

43.    Each asserted claim of the '258 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory

doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

44.    The claims of the '258 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

45.    The claims of the '258 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

46.    The claims of the '258 patent contain obviousness-type double patenting.

47.    The claims of the '258 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

48.    To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '258 patent are not valid and enforceable.

## COUNT V:

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,219,959

49.    The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

50.    Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '959 patents.

51.    Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in this Answer and Counterclaims, including Google's affirmative defenses.

52.     Absent a declaration of non-infringement of the '959 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

53.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '959 patent.

54.     Accordingly, Google seeks a declaration that the claims of the '959 patent are not infringed.

## COUNT VI:

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,219,959

55.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

56.     Each asserted claim of the '959 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

57.     The claims of the '959 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

58.     The claims of the '959 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

59.     The claims of the '959 patent contain obviousness-type double patenting.

60.     The claims of the '959 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

61.   To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '959 patent are not valid and enforceable.

**COUNT VII:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,209,953**

62.   The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

63.   Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '953 patents.

64.   Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in this Answer and Counterclaims, including Google's affirmative defenses.

65.   Absent a declaration of non-infringement of the '953 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

66.   To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '953 patent.

67.   Accordingly, Google seeks a declaration that the claims of the '953 patent are not infringed.

**COUNT VIII:**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,209,953**

68.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

69.     Each asserted claim of the '953 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

70.     The claims of the '953 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

71.     The claims of the '953 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

72.     The claims of the '953 patent contain obviousness-type double patenting.

73.     The claims of the '953 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

74.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '953 patent are not valid and enforceable.

**COUNT XI:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,439,896**

75.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

76.    Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '896 patents.

77.    Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in this Answer and Counterclaims, including Google's affirmative defenses.

78.    Absent a declaration of non-infringement of the '896 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

79.    To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '896 patent.

80.    Accordingly, Google seeks a declaration that the claims of the '896 patent are not infringed.

## COUNT X:

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,439,896

81.    The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

82.    Each asserted claim of the '896 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double-patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

83.    The claims of the '896 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

84.     The claims of the '896 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

85.     The claims of the '896 patent contain obviousness-type double patenting.

86.     The claims of the '896 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

87.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '896 patent are not valid and enforceable.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests that this Court enter judgement in its favor and against Sonos as follows:

A.     Dismissing the Complaint in its entirety and with prejudice;

B.     Denying all relief that Sonos seeks in its Complaint;

C.     Finding that Google has not infringed, and is not infringing, each of the patents asserted in the Complaint;

D.     Declaring that the claims of each of the patents asserted in the Complaint are invalid, unpatentable and/or unenforceable against Google;

E.     Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google all reasonable costs, experts' fees, and attorneys' fees; and

F.     Awarding such other and further relief that the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Google hereby demands a trial by jury on all issues so triable raised by Sonos's Complaint or by Google's Answer and Counterclaims.

1    DATED: March 2, 2020                    Respectfully submitted,

2                                            QUINN EMANUEL URQUHART &
                                             SULLIVAN. LLP
3
                                      By     /s/ Lance Yang
4                                            QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP
5                                            Lance Yang (SBN 260705)
                                             lanceyang@quinnemanuel.com
6                                            865 South Figueroa Street, 10th Floor
                                             Los Angeles, CA 90017
7                                            Tel: (213) 443-3000
                                             Fax: (213) 443-3100
8
                                             *Attorney for Defendant,*
9                                            *Google LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28