QUINN EMANUEL URQUHART & SULLIVAN, LLP
 Justin Griffin (SBN 234675)
 justingriffin@quinnemanuel.com
 Lance Yang (SBN 260705)
 lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>        Defendant.<br><br><br>GOOGLE LLC,<br><br>        Counterclaimant,<br><br>vs.<br><br>SONOS INC.,<br><br>        Counterclaim-Defendant. | Case No. 2:20-cv-00169-JAK (DFMx)<br><br>**GOOGLE'S COUNTERCLAIMS TO SONOS'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. John A. Kronstadt<br><br>Complaint Filed:  Jan. 7, 2020 |

Defendant and Counterclaimant Google LLC ("Google") hereby alleges the following counterclaims against Plaintiff and Counterclaim Defendant Sonos, Inc. ("Sonos"):

## INTRODUCTION

1.     Google was founded in 1998 with the goal of organizing the world's information and making it universally accessible and useful.

2.     Over the past two decades, in service of that goal, Google has become one of the world's most innovative companies.

3.     Google's revolutionary advances in search, mobile computing, machine learning, artificial intelligence, and voice-assisted technologies have changed millions of lives.

4.     Google continues to make information universally accessible and useful at the household level, through advanced voice recognition, search, and media playback technologies in its Google Home, Google Nest, and Chromecast products.

5.     Sonos's complaint uses revisionist history to attack Google's innovative software and hardware products.  Google did not obtain "deep" access to Sonos technology and then develop the Google products at issue; in fact, Google launched Chromecast before Google and Sonos ever agreed to collaborate.

6.     When Google and Sonos did collaborate, Sonos asked Google for assistance, so that Sonos could employ Google technology to improve Sonos's products–not the other way around.

7.     In 2013, Sonos asked for Google's assistance integrating Sonos directly with Google's popular Play Music service.

8.     Google gave Sonos that assistance, and provided significant engineering resources, technical support, and other resources to integrate Sonos's products with Google's Play Music service in 2014.

9.     As Wired observed in 2014, this was a huge benefit to Sonos, whose products were suffering from a lack of integration with easy-to-use software

interfaces:  the collaboration was "a strong indicator of how vital it is these days for hardware [to] be imbued with relevant, easy-to-use software," because "[i]t's not enough that Sonos can connect to the Internet over your home Wi-Fi network.  It needs to work seamlessly with your favorite music streaming apps."  Exhibit 13 (emphasis added).

10.     In 2016, Sonos again asked for Google's assistance–this time to integrate Google's innovative Assistant software with Sonos devices.  And again, Google was willing to help.

11.     Google gave Sonos significant assistance designing, implementing, and testing a solution that would bring Google's voice recognition software to Sonos's devices.

12.     This effort again involved significant Google engineering resources, including significant months of employee work time, for the initial launch of Google's Assistant on Sonos's products in May 2019.

13.     Sonos seems to think no good deed should go unpunished.  In exchange for the assistance Sonos received from Google to help improve Sonos's products, Sonos now sues Google asking for damages and an injunction.

14.     But there is no basis for Sonos's claims.  The technologies Google uses were all independently developed by Google.  They are not technologies Google took from Sonos, and they are not the technologies described in the five patents Sonos asserts.

15.     The five asserted patents describe older technologies–not the advanced technologies Google uses.  In fact, the technologies described in Sonos's five asserted patents were not even first developed by Sonos.

16.     The ideas in those patents were not new; they were already known in the field, and were obvious and dated by the time Sonos applied for each of these five patents.

17.   The technologies in these five patents do not reflect the design of modern wireless audio devices.

18.   Indeed, it appears Sonos itself does not even use these technologies in its modern devices.

## THE PARTIES

19.   Upon information and belief, Sonos is a Delaware corporation with its principal place of business at 614 Chapala Street, Santa Barbara, California 93101.

20.   Google LLC is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## JURISDICTION AND VENUE

21.   This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Google seeks relief under the Declaratory Judgment Act.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

22.   The Court has personal jurisdiction and venue over Sonos because it consented to personal jurisdiction and venue by filing the Complaint in this action.

## COUNT I:

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,588,949

23.   The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

24.   Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '949 patents.

25.   Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in Google's Answer and Counterclaims, including Google's affirmative defenses.

26.   Absent a declaration of non-infringement of the '949 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

27.   To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '949 patent.

28.   Accordingly, Google seeks a declaration that the claims of the '949 patent are not infringed.

## COUNT II:

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,588,949

29.   The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

30.   Each asserted claim of the '949 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

31.   The claims of the '949 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

32.   The claims of the '949 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

33.   The claims of the '949 patent contain obviousness-type double patenting.

34.   The claims of the '949 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

35.   To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '949 patent are not valid and enforceable.

**COUNT III:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,195,258**

36.   The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

37.   Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '258 patents.

38.   Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in Google's Answer and Counterclaims, including Google's affirmative defenses.

39.   Absent a declaration of non-infringement of the '258 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

40.   To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '258 patent.

41.   Accordingly, Google seeks a declaration that the claims of the '258 patent are not infringed.

## COUNT IV:

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,195,258

42.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

43.     Each asserted claim of the '258 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

44.     The claims of the '258 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

45.     The claims of the '258 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

46.     The claims of the '258 patent contain obviousness-type double patenting.

47.     The claims of the '258 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

48.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '258 patent are not valid and enforceable.

## COUNT V:

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,219,959

49.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

50.     Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '959 patents.

51.     Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in Google's Answer and Counterclaims, including Google's affirmative defenses.

52.     Absent a declaration of non-infringement of the '959 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

53.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '959 patent.

54.     Accordingly, Google seeks a declaration that the claims of the '959 patent are not infringed.

## COUNT VI:

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,219,959

55.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

56.     Each asserted claim of the '959 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

57.     The claims of the '959 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

58.     The claims of the '959 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

59.     The claims of the '959 patent contain obviousness-type double patenting.

60.     The claims of the '959 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

61.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '959 patent are not valid and enforceable.

## COUNT VII:

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,209,953

62.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

63.     Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '953 patents.

64.     Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in Google's Answer and Counterclaims, including Google's affirmative defenses.

65.     Absent a declaration of non-infringement of the '953 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

66.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled

to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '953 patent.

67.     Accordingly, Google seeks a declaration that the claims of the '953 patent are not infringed.

## COUNT VIII:

## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,209,953

68.     The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

69.     Each asserted claim of the '953 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

70.     The claims of the '953 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

71.     The claims of the '953 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

72.     The claims of the '953 patent contain obviousness-type double patenting.

73.     The claims of the '953 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

74.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '953 patent are not valid and enforceable.

**COUNT XI:**

**DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,439,896**

75.    The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

76.    Google does not infringe and has not infringed (either directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '896 patents.

77.    Sonos is not entitled to any relief of any claim in the Complaint for at least the reasons in Google's Answer and Counterclaims, including Google's affirmative defenses.

78.    Absent a declaration of non-infringement of the '896 patent, Sonos will continue to assert it against Google and will, in this way, continue to cause damage to Google.

79.    To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that it has not infringed and is not infringing any valid and enforceable claim of the '896 patent.

80.    Accordingly, Google seeks a declaration that the claims of the '896 patent are not infringed.

**COUNT X:**

**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,439,896**

81.    The allegations of the preceding counterclaim paragraphs above are incorporated by reference as if fully set forth herein.

82.    Each asserted claim of the '896 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory

doctrine of double-patenting, improper inventorship, and the rules, regulations, and laws pertaining thereto.

83.     The claims of the '896 patent are directed to an abstract idea without any inventive concept, and therefore claim subject matter that is ineligible for patenting.

84.     The claims of the '896 patent lack novelty and are taught and suggested by the prior art and/or are obvious in view of the prior art.

85.     The claims of the '896 patent contain obviousness-type double patenting.

86.     The claims of the '896 patent fail to include an adequate written description, lack enablement, and/or are indefinite.

87.     To resolve the issues raised by Sonos and to afford relief from uncertainty and controversy that Sonos's allegations have created, Google is entitled to declaratory judgment that the claims of the '896 patent are not valid and enforceable.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests that this Court enter judgement in its favor and against Sonos as follows:

A.     Dismissing the Complaint in its entirety and with prejudice;

B.     Denying all relief that Sonos seeks in its Complaint;

C.     Finding that Google has not infringed, and is not infringing, each of the patents asserted in the Complaint;

D.     Declaring that the claims of each of the patents asserted in the Complaint are invalid, unpatentable and/or unenforceable against Google;

E.     Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google all reasonable costs, experts' fees, and attorneys' fees; and

F.     Awarding such other and further relief that the Court deems just and equitable.

# DEMAND FOR JURY TRIAL

Google hereby demands a trial by jury on all issues so triable raised by Google's Counterclaims.

DATED: March 11, 2020

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By   */s/ Justin Griffin*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Justin Griffin (SBN 234675)
justingriffin@quinnemanuel.com
Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Defendant,*
*Google LLC*