Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700 / Fax: 415-773-5759

Alyssa M. Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Tel: 213-629-2020 / Fax: 213-612-2499

George I. Lee (Admitted *Pro Hac Vice*)
lee@ls3ip.com
Sean M. Sullivan (Admitted *Pro Hac Vice*)
sullivan@ls3ip.com
Rory P. Shea (Admitted *Pro Hac Vice*)
shea@ls3ip.com
J. Dan Smith (Admitted *Pro Hac Vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph Street, Floor 5W
Chicago, IL 60661
Tel: 312-754-0002 / Fax: 312-754-0003

Attorneys for Plaintiff, Sonos, Inc.

Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Attorneys for Defendant,
GOOGLE LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>      *Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>      *Defendant*. | Case No. 2:20-cv-00169-JAK (DFMx)<br><br>**JOINT STATUS REPORT** |

Plaintiff Sonos, Inc. and Defendant Google LLC submit this joint report in response to this Court's May 23, 2024 Order, Dkt. 53 ("Order"). In the Order, this Court instructed the parties to

> file an updated joint report as to [1] the status of the proceedings in the Federal Circuit . . . In that report, the parties shall provide [2] their respective and/or collective positions on the appropriate next steps in this action in light of any pending matters in the current appeal, including [3] as to what issues will remain for adjudication in this matter if the decision by the Federal Circuit is not modified, as well as [4] a proposed schedule for completing each of those steps. Based on a review of the joint report, a determination will be made as to whether the stay in this matter will be lifted, a schedule adopted, and/or a status conference will be scheduled.

Dkt. 53.

**1.   Status of Proceedings in the Federal Circuit**

On June 24, 2024, Google filed a petition for rehearing *en banc* challenging the Commission's finding of infringement based on the following issue:

> [w]hether the International Trade Commission's authority under 19 U.S.C. § 1337(a)(1)(B)(i) is limited to articles that infringe a patent as imported, or instead extends to cases where infringement can occur only when additional features are added or additional steps are performed after importation.

Appeal No. 22-1421, Pet. for Rehearing *en banc*, ECF No. 98 (Fed. Cir. Jun. 24, 2024). The Federal Circuit has not yet acted on the petition.

**2.   The Parties' Respective Positions on the Appropriate Next Steps**

<u>Sonos's Position:</u>

Sonos submits that the appropriate next steps are to lift the stay (Dkt. 30) and enter a scheduling order.

Lifting the stay is appropriate because the sole issue remaining to be resolved on appeal will have *no impact* on this proceeding. In particular, the only issue raised by Google's petition for rehearing is a request for an *en banc* panel of the

Federal Circuit to revisit its prior *en banc* ruling in *Suprema, Inc. v. ITC*, 796 F.3d 1338 (Fed. Cir. 2015) (en banc). According to Google's petition, *Suprema* relied on Chevron deference to find that Section 337 of the Tariff Act authorized the ITC to adjudicate cases in which an accused importer committed acts of indirect infringement involving articles imported into the U.S. *Suprema*, 796 F.3d at 1340-53. According to Google, because the U.S. Supreme Court abrogated *Chevron* in *Loper Bright Enterprises et al. v. Raimondo*, ___ U.S. ___ (2024), the Federal Circuit should revisit *Suprema*.

That issue is entirely irrelevant to this proceeding. Indeed, even if the Federal Circuit accepts Google's petition and ultimately decides to overturn *Suprema,* it will not impact the merits of any issue to be decided by this Court. Instead, at most, Google's *en banc* petition will affect the ITC's *jurisdiction* – not the substance of any issue it decided or which the Federal Circuit has considered on appeal. Moreover, the ITC jurisdictional issue impacts just one patent in suit, the '896 patent.

This case has been pending for a very long time. The *substantive* issues relevant to this case that were the subject of the ITC proceeding have been fully adjudicated on appeal. Continuing the stay would, therefore, not advance judicial economy nor provide cost savings to the parties. The Court should, therefore, lift the stay and allow this case to move forward.

<u>Google's Position:</u>

The Court should continue the stay until the Commission's decision is rendered final through exhaustion of appellate proceedings. The Court previously decided to continue the stay during pending appellate review, and there is good reason to stay the course. For example, Sonos contends that the Commission's and/or Federal Circuit's determinations on infringement are relevant to the scope of remaining issues to be litigated and to setting a case schedule. *See*, *e.g.*, Sonos' Positions on "What Issues Remain " and "Proposed Schedule for Completing the

Case No. 2:20-cv-00169-JAK (DFMx)

JOINT STATUS REPORT

Remaining Issues," repeatedly referencing those determinations. But if Sonos is going to rely on the Commission's and/or Federal Circuit's determinations on infringement, then those determinations should be final before the stay is lifted. Thus, while the Federal Circuit initially affirmed the Commission's findings of infringement by original versions of certain accused products and noninfringement by Google's redesigns, Google filed on June 24, 2024, a petition for rehearing en banc as to its appeal regarding infringement by the originally accused products because the Federal Circuit's affirmance on those issues depended on affording *Chevron* deference to the Commission's expansive view of its own authority under Section 1337. As Google's petition anticipated, the Supreme Court has now overruled Chevron, which vitiated the foundation for the panel's affirmance on Google's appeal. As a result, the en banc court should grant Google's petition and reinterpret Section 1337 without deference to the Commission, *Loper Bright Enters. V. Raimondo*, 603 U.S. ___, slip op. at 23 (U.S. June 28, 2024), and that could result in overturning the Commission's infringement determinations. And if the Commission's infringement determinations are overturned, then the assumption underlying Sonos' case management demands ("Sonos has already prevailed before the ITC and Federal Circuit as to … infringement") is no longer applicable.

**3.      The Parties' Respective Positions on What Issues Remain**

Sonos's Position:

      This case presents something of a dilemma. On one hand, a very large number of issues were decided by the ITC and affirmed by the Federal Circuit – including both infringement and validity. On the other hand, those decisions are not necessarily *binding* on this Court or the parties.

      Sonos would be content to agree (mutually with Google) not to relitigate any previously litigated issues, and to quickly bring this case to trial only on the issue of damages for the previously-adjudicated infringement. However, it is our understanding that Google will not so agree and intends to seek a jury trial on all

issues to which it is entitled to one.  As a result, Sonos believes that (with the exception of claim construction disputes resolved by the Federal Circuit) the parties will need to retry both infringement and validity with respect to each of the five patents asserted in the ITC.

In addition, because (during the ITC proceeding) Google created versions of its products as "design arounds" and because Sonos expects Google to argue that these designs are "acceptable non-infringing alternatives" which limit Sonos' damages, Sonos intends to amend to add related patents from the same patent families that cover Google's "alternative" designs.  Sonos is sensitive to the fact that adding patents to the case will create additional complexity.  However, as related patents from the patent families, they should not require much in the way of additional prior art searching or claim construction.  And Sonos is willing to abide by a schedule that, relatively quickly, limits both the total number of asserted claims and prior art references.

Taking these issues together, Sonos believes that the following issues will be litigated in this case:

1. Infringement of the ITC patents by Google's products (decided by the ITC and Federal Circuit but Google intends to relitigate);
2. Validity of the ITC patents (decided by the ITC and Federal Circuit but Google intends to relitigate)
3. Infringement of Google's products (especially the redesigns) by Sonos's related patents from the same patent families as the patents Sonos asserted in the ITC (not decided by the ITC);
4. Validity of Sonos' related patents (not decided by the ITC)
5. Damages for infringement of all of Google's products (not decided by the ITC);
6. Injunctive relief, willfulness and enhanced damages (not decided by the ITC).

Google's Position:

Sonos' position is internally inconsistent, faulting Google for not forgoing its right to a jury trial on infringement and invalidity as they pertain to Sonos' previously-asserted patents, but then at the same time seeking to expand the scope this case by introducing some number of additional, unidentified patents. With respect to accused infringers, ITC determinations are not binding on district courts, and "accused infringers can raise whatever defenses they believe are justified, regardless whether they previously raised them and lost in the ITC." *See Texas Instruments v. Cypress Semiconductor*, 90 F.3d 1558, 1569 (Fed. Cir. 1996). Google intends to exercise its right to litigate its defenses to Sonos' allegations.

Google is amenable to meet and confer on a proposed schedule and discovery limits to streamline this case, but (as detailed in the next section) Sonos only raised its intent to seek leave to assert additional patents two days ago and has refused a reasonable extension to allow the parties to engage in a productive meet and confer on this topic, including what discovery may be necessitated by Sonos' attempt to significantly expand the scope of this case (see more on that below).

Finally, Sonos did not tell Google until July 1, 2024, that it intends to "amend [its complaint] to add related patents from the same patent families." Absent from Sonos' positions is any indication of how many additional patents Sonos intends to seek leave to assert, which ones, and from which patent families. The only hint given by Sonos as to the identity of these patents is that they allegedly "cover Google's 'alternative' designs." During the ITC proceeding, Google introduced certain redesigns in 2022 that, even if the ITC were to find that Google's original products infringe, are clearly outside the scope of the patents Sonos asserted. During the ITC proceeding, these redesigns were adjudicated to not infringe Sonos' patents, and the Federal Circuit affirmed their non-infringement.

Rather than acknowledge that Google's alternate designs do not infringe

Sonos' claimed inventions, it appears that Sonos may have filed additional patent applications, attempting to rewrite its claims to allegedly cover those redesigns—although Sonos has not yet even identified which other patents it thinks are pertinent. This raises significant issues that will need to be litigated, as Sonos has already been found to have filed other continuations on its patents without regard for reasonable prosecution practices or the disclosure of the originally-filed specification, resulting in patents that are unenforceable and/or invalid. *See Sonos, Inc. v. Google LLC*, No. C 20-06754 WHA & C 21-07559 WHA, 2023 WL 6542320, at *30 (N.D. Cal. Oct. 6, 2023) (after a lengthy and in retrospective wasteful jury trial, finding that Sonos' asserted patent is invalid and unenforceable, and vacating the jury verdict); *see also id*. ("It is wrong that our patent system was used in this way. With its constitutional underpinnings, this system is intended to promote and protect innovation. Here, by contrast, it was used to punish an innovator and to enrich a pretender by delay and sleight of hand. It has taken a full trial to learn this sad fact, but, at long last, a measure of justice is done."). It will need to be determined through discovery and litigation whether these new patents (that Sonos has not yet asserted— or even identified) are similarly unenforceable, whether they are valid in view of the prior art, and of course, whether there is any infringement after they are properly construed.

  Accordingly, while Google reserves its right to respond more fully to Sonos' prospective motion to amend after Sonos actually identifies the patent it intends to seek leave to assert, it does not have enough information to be able to do so at this time. However, allowing Sonos to introduce new patents into this lawsuit, rather than streamlining the issues, would certainly expand this litigation well beyond the discovery conducted in the prior ITC proceeding. Inventors, including third party inventors, would need to be re-deposed; Google would need to perform new prior art searches; and there would be new claim construction issues to resolve. Moreover, Sonos seems to be claiming that additional, new products (including

Google's redesigns) would now fall within the scope of discovery due to the introduction of the (yet unidentified) additional patents, further expanding the scope and complexity of this lawsuit.

**4.      Proposed Schedule for Completing the Remaining Issues**

Sonos's Position:

This action has been pending since January 2020. Sonos is a small fraction of Google's size and this litigation has taken an enormous toll. In addition, Sonos has already prevailed before the ITC and Federal Circuit as to both infringement and validity as to all five of the current patents in suit. Sonos would, therefore, like to get to trial as expeditiously as possible. And while Sonos recognizes that it is seeking to add patents to the case (which increases complexity) as discussed above and proposed below, Sonos is willing to limit its asserted claims relatively early in the case.

To that end, Sonos proposes the following schedule consistent with the Court's default Schedule of Pretrial and Trial Dates.[1]

---

[1] Google alleges that Sonos made no attempt to meet and confer. That is inaccurate. Sonos sent Google its draft positions to the Court's Order on July 1, 2024 and asked Google to provide its positions prior to the July 3 filing. Google responded by requesting Sonos agree to an additional two-week extension on filing this report – not because anyone was "unavailable due to personal and business travel plans," but because it alleged Sonos's draft positions raised many unexpected issues. Sonos declined to agree to jointly request any extension (but Google was free to move on its own if it desired more time). Instead, Google then accused Sonos of refusing to meet and confer and proceeding in bad faith. Sonos offered to meet and confer with Google anytime July 2 or July 3 (despite that Google had not yet provided its positions), but Google declined. Google then waited until 6:14pm PT on July 3 (the day the joint report was due) to provide its draft positions, which are set forth herein. There was no need for Google to wait until it received Sonos's draft responses in order to begin preparing its own. Indeed, the Court originally ordered the parties to provide this requested information on May 1. Dkt. 51. Thus, that Google needed to consider its own positions and propose a schedule for proceeding was not a surprise.

| Deadlines: | Weeks After Listed Event | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Lift Stay | n/a | 7/10/24 | | |
| Sonos amends complaint to assert additional patents | n/a | 7/31/24 | | |
| Infringement Contentions (S.P.R. 2.1, 2.2) | 2 (After Order Setting Scheduling Conference) | 8/14/24 | | |
| Google responds to amended complaint | n/a | 8/21/24 | | |
| Early Meeting of the Parties, Initial Disclosures (S.P.R. 2.3) | 4 (After Order Setting Scheduling Conference) | 8/28/24 | | |
| Joint Rule 26(f) Report (S.P.R. 2.3) | 10 days (Before Scheduling Conference Date) | 9/6/24 | | |
| Scheduling Conference (S.P.R. 2.4) | [set by Court] | 9/16/24 | | |
| Last Date to Add Parties/Amend Pleadings | n/a | | | |
| Invalidity Contentions (S.P.R. 2.5, 2.6) | 2 (After Scheduling Conference) | 9/30/24 | | |
| Exchange of Claim Terms (S.P.R. 3.1) | 4 (After Scheduling Conference) | 10/14/24 | | |
| Exchange Proposed Constructions and Evidence (S.P.R. 3.2) | 6 (After Scheduling Conference) | 10/28/24 | | |

| Complete Claim Construction Discovery (S.P.R. 3.3) | 10 (After Scheduling Conference) | 11/25/24 | | |
|---|---|---|---|---|
| Joint Markman Prehearing Statement (S.P.R. 3.4) | 11 (After Scheduling Conference) | 12/2/24 | | |
| Simultaneous Opening Markman Briefs (S.P.R. 3.5) | 12 (After Scheduling Conference) | 12/9/24 | | |
| Simultaneously Responding Markman Briefs, Tutorials, and Presentation Materials (S.P.R. 3.5) | 14 (After Scheduling Conference) | 12/23/24 | | |
| Markman Hearing (S.P.R. 3.6) | 17 (After Scheduling Conference) | 1/13/25 | | |
| Markman Decision | [set by Court] | 3/3/25 (est.) | | |
| Patentee Files Final Infringement Contentions, Expert Reports on issues Where Patentee has Burden of Proof, All Parties File Advice of Counsel Disclosures (S.P.R. 4.1, 4.4) | 4 (After Markman Decision) | 3/31/25 | | |
| Accused Infringer Files Final Invalidity Contentions, Rebuttal Expert Reports, and Opening Expert Reports Where Accused Infringer has Burden of Proof (S.P.R. 4.2) | 8 (After Markman Decision) | 4/28/25 | | |

| | | | | |
|---|---|---|---|---|
| Patentee's Rebuttal Expert Reports on Issues Where Accused Infringer has Burden of Proof (S.P.R. 4.3) | 12 (After Markman Decision) | 5/27/25 | | |
| Discovery Cut-Off (S.P.R. 4.3) | 16 (After Markman Decision) | 6/24/25 | | |
| Last Date to File All Motions (S.P.R. 4.5) | 20 (After Markman Decision) | 7/22/25 | | |

In addition, given that the Parties had a full and fair opportunity to litigate a substantial number of issues already at the ITC, Sonos proposes the following for efficiency's sake:

1. The entire record from, and discovery taken in, the ITC should become part of the record and be otherwise available for use in this case consistent with 28 U.S.C. § 1659 and subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

2. The Parties may not retread discovery already taken in the ITC concerning the subject matter at issue there. (As non-limiting examples, (i) the parties may not seek to re-depose witnesses concerning the subject matter for which they were already deposed, and (ii) may not seek further discovery on the issues for which they already sought discovery.)

3. The Parties' arguments in this case concerning issues already litigated in the ITC should be limited to the arguments raised in the ITC.

Google's Position:

Sonos sent its proposal to Google on July 1, 2024, two days before the deadline, purporting to dramatically expand the scope of this case, and without

making any attempt to meet and confer with Google on any issue. Moreover, when Google requested a reasonable, two-week extension to meet and confer about these issues, which Sonos refused. When Google further explained that a purpose of the extension is to allow the parties to meet and confer on a proposed schedule and discovery limits proposed by Sonos, Sonos again refused to agree to an extension and only offered to meet and confer on July 2-3, 2024—leaving Google with insufficient time to evaluate Sonos' proposal, especially since key members of Google's in-house and outside counsel legal teams are unavailable due to personal and business travel plans.

If the Court is inclined to lift the stay (which, as addressed above, is premature), the Court should order Sonos to meet and confer with Google regarding a proposed schedule and discovery limits. Engaging with Sonos' last-minute proposal to dramatically re-shape and potentially expand the scope of this case at this stage, before the parties even had an opportunity to meet and confer on these issues, would be premature and an inefficient use of judicial resources.

Dated: July 3, 2024

ORRICK, HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP

By:  */s/ Alyssa Caridis*
Alyssa Caridis (SBN 260103)
Attorneys for Plaintiff, SONOS, INC.

Dated: July 3, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  */s/ Lance Yang*
Lance Yang (SBN 260705)
Attorneys for Defendant, GOOGLE LLC

## **FILER'S ATTESTATION**

I, Alyssa Caridis, pursuant to Civil Local Rule 5-4.3.4(2)(i), attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 3, 2024

    */s/ Alyssa Caridis*
Alyssa Caridis (SBN 260103)