Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700 / Fax: 415-773-5759

Alyssa M. Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Tel: 213-629-2020 / Fax: 213-612-2499

George I. Lee (Admitted *Pro Hac Vice*)
lee@ls3ip.com
Sean M. Sullivan (Admitted *Pro Hac Vice*)
sullivan@ls3ip.com
Rory P. Shea (Admitted *Pro Hac Vice*)
shea@ls3ip.com
J. Dan Smith (Admitted *Pro Hac Vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph Street, Floor 5W
Chicago, IL 60661
Tel: 312-754-0002 / Fax: 312-754-0003

Attorneys for Plaintiff, Sonos, Inc.

Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Attorneys for Defendant,
GOOGLE LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    *Plaintiff*,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | Case No. 2:20-cv-00169-JAK (DFMx)<br><br>**JOINT STATUS REPORT** |

Plaintiff Sonos, Inc. and Defendant Google LLC submit this joint report in response to this Court's July 11, 2024 Order ("Order"). In the Order, this Court instructed the parties to

> file an updated joint report as to the status of the proceedings in the Federal Circuit on the earlier of 10 days after Google's petition for rehearing en banc is granted, or by September 16, 2024. Based on a review of the joint report, a determination will be made as to whether the stay in this matter will be lifted, a schedule adopted, and/or a status conference will be scheduled.

Dkt. 55.

**1.  Status of Proceedings in the Federal Circuit**

On June 24, 2024, Google filed a petition for rehearing *en banc* challenging the Commission's finding of infringement based on the following issue:

> [w]hether the International Trade Commission's authority under 19 U.S.C. § 1337(a)(1)(B)(i) is limited to articles that infringe a patent as imported, or instead extends to cases where infringement can occur only when additional features are added or additional steps are performed after importation.

Appeal No. 22-1421, Pet. for Rehearing *en banc*, ECF No. 98.

On July 9, 2024, the Federal Circuit invited Sonos and the ITC to file responses to Google's petition. Sonos and the ITC filed responses on August 8, 2024.

On August 15, 2024, Sonos filed its Motion to Partially Lift Stay. *See* Dkt. 56. Sonos's Motion noticed a hearing date for September 30, 2024. *Id.* Google filed its Opposition on August 29, 2024. *See* Dkt. 57. And Sonos filed its Reply on September 5, 2024. *See* Dkt. 58.

On September 10, 2024, the Federal Circuit denied Google's petition and indicated that the mandate will issue on September 17, 2024. Appeal No. 22-1421, ECF No. 115.

1  Google now has until December 10, 2024 (90 days) to decide whether to file
2  a petition for writ of certiorari to the Supreme Court.

**2.      The Parties' Respective Positions on Whether the Stay Should be Lifted**

Sonos's Position:

Sonos submits that the Court should lift the stay partially as to Sonos's expired sync and group volume patents for the reasons set forth in Sonos's pending Motion to Partially Lift Stay.  See Dkts. 56, 58.  Regardless of whether Google decides to file a petition for writ of certiorari, it is undisputed that the ITC case is no longer subject to judicial review as to the expired patents.  See Dkt. 57.  Thus, any petition for writ of certiorari could not be directed to the expired patents and there is no reason to continue the stay for those patents.  Waiting another 90 days for Google to decide whether it wishes to file a petition for writ of certiorari on issues unrelated to Sonos's expired patents would only compound the prejudice that Sonos has already endured.

Alternatively, the Court may lift the stay for all the patents asserted in this case, even if Google files a petition for writ of certiorari.  As an initial matter, Sonos does not see how such a petition could be successful.  The Federal Circuit denied Google's petition for rehearing *en banc* without even having to issue an opinion.  There is little to no chance that the Supreme Court would grant Google's petition on the same issue.  But even if Google were to file such a petition, Sonos submits that the Court should nevertheless lift the stay in full because the issues in the petition would be different from, and not impact, any of the issues before this Court.  See Dkt. 54; *see also Spansion, LLC v. Samsung Elecs. Co., Ltd.*, No. 10-CV-685-WMC, 2011 WL 13209596, at *2-3 (W.D. Wis. May 23, 2011) (denying motion for mandatory stay because "the issues subject to review in [the Commission] proceedings [were] not the same as those [in the district court]," such that a stay was not required per "[t]he purpose of § 1659(a)," which "is to 'prevent

separate proceedings on the same issues occurring at the same time'" (quoting *In re Princo Corp.*, 478 F.3d 1345, 1354 (Fed. Cir. 2007).

Google's Position:

The Court should continue the stay until the Commission's decision is rendered final through exhaustion of appellate proceedings. Dkt. 54. The Court previously decided to continue the stay during pending appellate review, and there is good reason to stay the course until the deadline for Google to file a petition for writ of certiorari. For example, Sonos has previously contended that the Commission's and/or Federal Circuit's determinations on infringement are relevant to the scope of remaining issues to be litigated and to setting a case schedule. If Sonos is going to rely on the Commission's and/or Federal Circuit's determinations on infringement, then those determinations – including the Commission's determination that Google's original products infringed (unexpired) U.S. Patent No. 10,439,896, which would be subject to vacatur based on the outcome of Google's petition – should be final before the stay is lifted. Therefore, if Google files a petition for writ of certiorari, then the Court should continue the stay until the Supreme Court rules on the petition. If, on the other hand, Google does not file a petition for writ of certiorari, the appellate proceedings will be final and the stay should then be lifted in full.

The Court should deny Sonos's request to partially lift the stay as to the expired patents for the reasons set forth in Google's Opposition. *See* Dkt. 57. Sonos waited years to sue on these expired patents, did not seek a preliminary injunction, and would not be unduly prejudiced by a continued stay because, as a matter of law, delay in collecting monetary damages - the only relief available to Sonos for alleged infringement of expired patents - cannot amount to undue prejudice. Further, Sonos's proposal to proceed with piecemeal litigation would multiply the Court's work, whereas maintaining the stay will further the interests of judicial economy and conservation of the parties' resources.

| | |
|---|---|
| Dated: September 16, 2024 | ORRICK, HERRINGTON & SUTCLIFFE LLP *and* <br> LEE SULLIVAN SHEA & SMITH LLP <br><br> By:  */s/ Alyssa Caridis* <br> ALYSSA CARIDIS <br> Attorneys for Plaintiff, SONOS, INC. |
| Dated: September 16, 2024 | QUINN EMANUEL URQUHART & SULLIVAN, LLP <br><br> By:  */s/ Lance Yang* <br> LANCE YANG <br> Attorneys for Defendant, GOOGLE LLC |

### **FILER'S ATTESTATION**

I, Alyssa Caridis, pursuant to Civil Local Rule 5-4.3.4(2)(i), attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 16, 2024      */s/ Alyssa Caridis*
                               ALYSSA CARIDIS