Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700 / Fax: 415-773-5759

Alyssa M. Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Tel: 213-629-2020 / Fax: 213-612-2499

George I. Lee (Admitted *Pro Hac Vice*)
lee@ls3ip.com
Sean M. Sullivan (Admitted *Pro Hac Vice*)
sullivan@ls3ip.com
Rory P. Shea (Admitted *Pro Hac Vice*)
shea@ls3ip.com
J. Dan Smith (Admitted *Pro Hac Vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph Street, Floor 5W
Chicago, IL 60661
Tel: 312-754-0002 / Fax: 312-754-0003

Attorneys for Plaintiff, Sonos, Inc.

Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Attorneys for Defendant,
GOOGLE LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SONOS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | Case No. 2:20-cv-00169-JAK (DFMx) <br><br> **JOINT RULE 26(f) REPORT** |

1  Plaintiff Sonos, Inc. and Defendant Google LLC submit this Joint Rule 26(f)
2  Report pursuant Federal Rule of Civil Procedure 26(f) and Local Rule 26.  Counsel
3  for the parties held a conference pursuant to Federal Rule of Civil Procedure 26(f)
4  on February 14, 2025 regarding case management, the nature of the parties' claims
5  and defenses and the discovery plan.

**1.    Statement of the Case**

Sonos's Summary:  This is an action for patent infringement of Sonos's U.S. Patent Nos.:

| | | | |
|---|---|---|---|
| 1. | 8,588,949 ("'949 Patent") | 6.  | 10,031,715 ("'715 Patent") |
| 2. | 9,195,258 ("'258 Patent") | 7.  | 7,571,014 ("'014 Patent") |
| 3. | 9,219,959 ("'959 Patent") | 8.  | 10,541,883 ("'883 Patent") |
| 4. | 10,209,953 ("'953 Patent") | 9.  | 10,966,025 ("'025 Patent") |
| 5. | 10,439,896 ("'896 Patent") | 10. | 11,080,001 ("'001 Patent") |

Sonos seeks damages and injunctive relief arising from, *inter alia*, Google's manufacture, use, offering for sale, sale, and importation into the U.S. of audio devices, mobile applications, and controller devices (such as mobile phones) containing infringing functionality.  Sonos's patents are directed to foundational aspects for setting up and operating wireless multiroom audio systems, including for example, setting up a playback device on a wireless local area network, managing and controlling groups of playback devices (*e.g.*, adjusting group volume of playback devices and pairing playback devices together for stereo sound), synchronizing the playback of audio within groups of playback devices, and designating different roles or responsibilities to the members of a group of playback devices.

The parties previously litigated ITC Investigation No. 337-TA-1191 ("1191

Investigation"), in which the ITC found that five asserted patents[1] were valid and infringed by Google and that Google's redesigned products did not infringe. This ruling was affirmed on appeal.

Google's Summary: Sonos filed this action on January 7, 2020 (ECF No. 1). In that complaint, Sonos brought an action for patent infringement of five patents: United States Patent Nos. 8,588,949, 9,195,258, 9,219,959, 10,209,953, and 10,439,896. The same day, Sonos filed a complaint asserting infringement of the same five patents in the International Trade Commission that resulted in a mandatory stay of this action. That stay was partially lifted on September 30, 2024 (ECF No. 63), at which point Sonos amended its complaint to add three patents: United States Patent Nos. 7,571,014, 10,031,715, and 11,080,001 (ECF No. 64). The Court then fully lifted the stay on December 27, 2024 (ECF No. 70), at which point amended its complaint a second time to add two more patents: United States Patent Nos. 10,541,883 and 10,966,025.

Google has asserted several defenses and disputes that Sonos is entitled to any relief (ECF No. 69).

**2.     Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a). Google does not contest subject matter jurisdiction.

**3.     Legal Issues**

Sonos's Summary: The Chief ALJ issued his decision on the ITC patents after a full trial on the merits, which was then adopted by the Commission. This case does

---

[1] The five asserted patents that were at issue in the 1191 Investigation were the '949 Patent, '258 Patent, '959 Patent, '953 Patent", and '896 Patent (collectively, "the ITC patents").

not just involve an ITC decision, but rather, an ITC decision that was affirmed by the Federal Circuit, and the Federal Circuit is bound to follow its own precedent.[2] Thus, in the interest of judicial economy, and more specifically to reduce the number of litigated issues, Sonos would prefer not to relitigate any previously litigated issue (especially those already addressed by the Federal Circuit), and to quickly bring this case to trial on the issue of damages for the previously-adjudicated infringement.

At a minimum, the Court can and should (i) adopt the ITC's *Markman* Order construing certain terms of the ITC patents, which also adopted the parties' stipulated constructions on other terms, or (ii) resolve claim construction disputes for the ITC patents on the basis of the briefing submitted in the ITC. This would save the Court and the parties from relitigating claim construction issues already decided by the ITC, and allow the parties to focus on terms requiring construction, if any, in the patents that were not at issue in the ITC.[3]

To the extent that the Court agrees with Google and allows the parties to relitigate the issues in this case, Sonos believes that such issues will include:

---

[2] *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) (acknowledging that ITC decisions are not binding on district courts, but noting that "[a]s a court we are bound to follow our own precedents, and, to the extent that we have previously ruled on a matter, a subsequent panel will have powerful incentives not to deviate from that prior holding, short of thoroughly justified grounds.").

[3] Notwithstanding Google's citation below that "ITC determinations are not binding on district courts," district courts do apply the equitable doctrine of judicial estoppel in cases where a party seeks to advance a position contrary to one advanced and accepted in an ITC proceeding. *See, e.g., Solomon Techs., Inc. v. Toyota Motor Corp.*, No. 05-cv-1702-T-MAP, 2010 WL 715243, at *3 (M.D. Fla. Jan. 26, 2010) (applying judicial estoppel to prevent a party from repudiating in the district court a position it stipulated to during an ITC proceeding). Moreover, the parties did appeal ITC claim construction issues to the Federal Circuit (and had an opportunity to raise other ITC claim construction issues in that appeal). *See, e.g., Alloc, Inc. v. Norman D. Lifton Co.*, 2007 WL 2089303, at *10-11 (S.D.N.Y. 2007) (ruling that while decisions from the ITC may not be entitled to preclusive effect, the Federal Circuit's claim construction rendered in an appeal of an ITC decision must be followed by district courts absent compelling reasons).

    1. Infringement of the ITC patents by Google's products (decided by the ITC and Federal Circuit);

    2. Validity of the ITC patents (decided by the ITC and Federal Circuit)

    3. Infringement of Google's products (especially the redesigns) by the other Asserted Patents (not decided by the ITC);

    4. Validity of the other Asserted Patents (not decided by the ITC)

    5. Damages for infringement of all of Google's products (not decided by the ITC);

    6. Injunctive relief, willfulness, and enhanced damages (not decided by the ITC).

Google's Summary: The following are the principal issues currently in dispute[4]:

    1. Whether Google infringes one or more claims of each Asserted Patent;

    2. Whether the Asserted Patents are valid and enforceable;

    3. Whether Google's alleged infringement has been willful;

    4. Whether Sonos is entitled to damages or injunctive relief.

Sonos's proposal that the Court rule on claim construction issues at the outset without briefing by simply adopting the Administrative Law Judge's *Markman* Order, or limit Google's claim construction arguments to the briefing submitted to the Administrative Law Judge, lack any legal basis and would unfairly prejudice Google, including (among other reasons) because 1) Sonos has added five patents to this litigation that include terms not previously construed and that present new claim construction disputes; 2) new claim construction disputes pertaining to the ITC patents emerged (or re-emerged) after the Administrative Law Judge's *Markman* Order, and those disputes remain unresolved; 3) Sonos has accused new products of infringement that were not at issue in the ITC case as to any of Sonos's patents, and

---

[4] With respect to accused infringers, ITC determinations are not binding on district courts, and "accused infringers can raise whatever defenses they believe are justified, regardless whether they previously raised them and lost in the ITC." *See Texas Instruments v. Cypress Semiconductor*, 90 F.3d 1558, 1569 (Fed. Cir. 1996).

4) Sonos has continued prosecute some of the patent families at issue in this case even after the Administrative Law Judge's *Markman* Order, and any new admissions by Sonos are relevant intrinsic evidence and may affect the proper construction of previously disputed terms.[5]

**4.  Parties and Non-Party Witnesses**

Parties:

1. Plaintiff Sonos, Inc.  For conflict purposes, Sonos states that the following are subsidiaries or affiliates of Sonos:
   a. T2 Software, Inc.
   b. Sonos Europe B.V.
   c. Sonos UK Ltd
   d. Sonos Experience Ltd
   e. Sonos Nordics Aps
   f. Sonos France SARL
   g. Sonos Vox France SAS
   h. Sonos Sweden AB
   i. Sonos Scotland Ltd.
   j. Sonos Malaysia Technology Sdn Bhd.
   k. Sonos Japan G.K.
   l. Sonos Australia Pty Ltd
   m. Beijing Sonos Technology Co., Ltd.

---

[5] Sonos's patent prosecution practices, including serial continuation applications and unfair delay, have been recognized as abusive in at least one other litigation, resulting in a determination of unenforceability.  *See Sonos, Inc. v. Google LLC*, No. C 20-06754 WHA & C 21-07559 WHA, 2023 WL 6542320, at *30 (N.D. Cal. Oct. 6, 2023) (after a lengthy and in retrospective wasteful jury trial, finding that Sonos' asserted patent is invalid and unenforceable, and vacating the jury verdict); *see also id.* ("It is wrong that our patent system was used in this way. With its constitutional underpinnings, this system is intended to promote and protect innovation. Here, by contrast, it was used to punish an innovator and to enrich a pretender by delay and sleight of hand. It has taken a full trial to learn this sad fact, but, at long last, a measure of justice is done.").

        n. Sonos Hong Kong Ltd

        o. Sonos Vietnam Limited

        p. Sonos Mighty Holding BV

        q. Sonos Mighty BV

        r. QCode Media, Inc.

   2. Defendant Google LLC. For conflicts purposes, Google states that it is a subsidiary of XXVI Holdings Inc. which is a subsidiary of Alphabet Inc.

<u>Anticipated Witnesses</u>:

   1. Corporate representatives pursuant to Rule 30(b)(6) for each party.

   2. Non-Party inventors of the Asserted Patents.

   3. Non-parties knowledgeable about prior art to the Asserted Patents.

   4. Other witnesses the parties anticipate identifying in their respective initial disclosures.

**5. Damages**

<u>Sonos's Summary</u>: Sonos is currently unable to accurately estimate provable damages at this time. Through discovery and with the assistance of one or more expert witnesses, Sonos will provide its computation of damages. At the very least, Sonos is entitled to a reasonable royalty, if not its lost profits, adequate to compensate it for infringement, with prejudgment and post-judgment interest, under 35 U.S.C. § 284. Sonos would also be entitled to an award of reasonable attorney's fees in the event the Court finds this to be an "exceptional case" under 35 U.S.C. § 285. Plaintiff also reserves its right to request enhanced damages based upon Google's willful infringement.

<u>Google's Summary</u>: Google has asked the Court to find this case to be exceptional under 35 U.S.C. § 285 and to award Google all reasonable costs, experts' fees, and attorneys' fees. Google is currently unable to accurately estimate those costs,

experts' fees, or attorneys' fees.

**6.      Insurance**

The Parties are not aware of any insurance coverage issues in this case.

**7.      Motions**

<u>Sonos's Summary</u>:  Sonos does not presently anticipate filing any motions seeking to add parties, claims, or amended pleadings.

<u>Google's Summary</u>:  Google anticipates filing a joint motion for a protective order governing the confidentiality of information and the review of source code in this matter, as well as a joint motion for an order governing the treatment of electronically stored information (ESI) in discovery.  Google does not presently anticipate filing any motions seeking to add parties, claims, or amended pleadings.

**8.      Manual for Complex Litigation**

The parties agree that the procedures contemplated by the manual for complex litigation are not necessary for this dispute.

**9.      Status of Discovery**

<u>Sonos's Summary</u>:  Although no discovery has been conducted in the present case, the parties have conducted extensive discovery in the 1191 Investigation, including written discovery, document production, depositions, and developed a full trial record, concerning validity of the ITC patents and infringement of the ITC patents.

<u>Google's Summary</u>:  No discovery has been conducted.  The parties conducted discovery in the ITC Investigation related to five of the Asserted Patents, which (as discussed further below) may be used in whole or in part in this case to minimize

the scope of discovery required.

**10.  Discovery Plan**

Sonos's Summary:  Given the extensive discovery conducted in the 1191 Investigation, Sonos proposes the following for efficiency's sake:

    1.  The entire record from, and discovery taken in, the ITC should become part of the record and be otherwise available for use in this case consistent with 28 U.S.C. § 1659(b)[6] and subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure.  In particular, depositions taken (and other testimony provided) in the 1191 Investigation should be considered as depositions taken (or testimony provided) in this action for all purposes.

    2.  In view of the above, the Parties need not retread discovery already taken in the ITC concerning the subject matter at issue there.  (As a non-limiting example, (i) the parties need not seek to re-depose witnesses concerning the subject matter for which they were already deposed, as such prior depositions will be able to be used as if taken in this case.)

Sonos's anticipates conducting depositions of relevant corporate representatives identified by Google within the discovery period in this case and anticipates completing the same prior to the discovery cut-off date.  Sonos anticipates seeking written discovery concerning at least (i) the functionality of the accused products, including a request that source code for the accused products be

---

[6] "Notwithstanding section 337(n)(1) of the Tariff Act of 1930, after dissolution of a stay under subsection (a), the record of the proceeding before the United States International Trade Commission shall be transmitted to the district court and shall be admissible in the civil action, subject to such protective order as the district court determines necessary, to the extent permitted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure." 28 U.S.C. § 1659(b).

made available for inspection, (ii) sales, cost, profit, and revenue information concerning the accused products, and (iii) knowledge of the Asserted Patents and actions taken, if any, to avoid infringement, and anticipates completing the same by the discovery cut-off date.

Regarding general discovery limits, Sonos proposes the following:

1. <u>Requests for Admission</u>. A maximum of 40 requests for admission are permitted for each side. In addition, the parties may serve a reasonable number of requests for admission to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitation, above.

2. <u>Interrogatories</u>. A maximum of 25 interrogatories are permitted for each side.

3. <u>Depositions</u>. Each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination, not including expert depositions. Google's proposal of 50 hours is too limited at this point. For instance, there are over 20 accused products and 10 patents (five of which were not at issue in the ITC) at issue in this case. Additionally, Google redesigned its products to avoid the ITC remedy, so there are multiple versions at issue in this case for each accused product. Further, ITC discovery did not encompass damages or willfulness issues, which are at issue in this case. Further, Sonos is unable to ascertain the number of (first or third party) depositions needed for prior art purposes as Google has not yet served its invalidity contentions and has argued that it is not bound by its ITC invalidity positions, but instead intends to raise brand-new invalidity positions. Google relied heavily on "system art" at the ITC and, in turn, on the

testimony of witnesses to establish foundational elements of such "system art." Sonos expect Google to do the same here, which requires additional depositions. Thus, 100 hours of deposition time is a reasonable estimate at this point.

4. <u>Email Discovery</u>. Sonos is amenable to agreeing to high-level email discovery limits in this report, subject to entry of a more fulsome stipulation regarding ESI. To this end, Sonos can agree to limit email discovery to seven custodians and five terms each.

<u>Google's Summary</u>: Google anticipates that the scope of discovery will encompass the factual and legal issues identified in Section 3 above. Google is amenable to reproduction of the parties' discovery from the ITC Investigation for use in this case, provided that it results in a reduction of discovery burdens in this case, particularly with respect to email discovery and total deposition hours for each side. Accordingly, Google proposes the following discovery limits that would apply to the extent party discovery from the ITC Investigation is reproduced in this case (beyond those set by the federal or local rules):

1. <u>Email discovery</u>. Each party is limited to a total of three email custodians for all email production requests, and a total of five search terms per custodian (with the search terms being narrowly tailored to particular issues).

2. <u>Depositions</u>. Each side is limited to a total of 50 hours of taking testimony by deposition upon oral examination, not including expert depositions.

Google's proposals take into account the significant discovery that has already been conducted by the parties in the ITC Investigation. Sonos's proposals with respect to email discovery and depositions would impose the same, if not more, discovery burdens than a typical case and therefore defeats the purpose of utilizing cross use of discovery (which would be to limit discovery burdens in this case). For example, seven email custodians with five terms per custodian is the

1  email discovery limitation that Sonos and Google agreed to in another litigation,
2  *Google LLC v. Sonos, Inc*., 3:20-cv-06754-WHA (N.D. Cal.), which did not utilize
3  any cross use of email discovery from the ITC case.  Accordingly, if the parties are
4  going to be required to undertake the full burdens of a new case's worth of email
5  discovery, as Sonos proposes, then that should replace the email discovery
6  produced in the ITC case, and Google does not agree to cross use of that material in
7  this case.  Similarly, the default deposition limits under the Federal Rules would be
8  ten depositions of up to seven hours each (i.e., seventy hours of depositions); if the
9  deposition transcripts from the ITC case – in which Sonos deposed **18** separate
10 Google fact witnesses alone –  are to be considered depositions taken in this case,
11 there is no need for anything close to 100 hours of additional deposition testimony
12 proposed by Sonos.  Google's proposal of 50 hours takes account of the new
13 patents, products, and issues (such as damages) raised by Sonos's Second Amended
14 Complaint.

15      The other proposals offered by Sonos are unnecessary, vague, impractical,
16 and would prejudice Google by seeking to unfairly restrict its right to assert, and
17 seek discovery regarding, any defenses that it believes are justified regardless of
18 whether they were raised (in whole or in part) in the ITC.  *See Texas Instruments v.*
19 *Cypress Semiconductor*, 90 F.3d 1558, 1569 (Fed. Cir. 1996).   By way of example,
20 Sonos's proposal that the parties "need not retread discovery already taken in the
21 ITC concerning the subject matter at issue here" is vague and would lead to endless
22 disputes over whether any given question at a particular deposition concerned the
23 "subject matter" of discovery that was taken or sought in the ITC Investigation.  To
24 the extent Sonos's proposal would restrict Google's ability to take discovery
25 allowed by the federal and local rules, regardless of what was done in the ITC case,
26 Google does not agree to any such restrictions and there is no justification to
27 impose them on the parties.
28

**11.   Discovery Cut-Off**

The Parties propose the discovery cut-off to be February 11, 2026.  *See* ECF No. 73-1.

**12.   Expert Discovery**

The Parties propose that expert discovery occur once expert reports have been served and continue until the date of discovery cut-off, February 11, 2026.

**13.   Dispositive Motions**

Sonos's Summary:  At this point, Sonos is not presently aware of any issues or claims that may be determined by summary judgment or motion in limine.  To the extent warranted after discovery and/or trial, Sonos reserves the right to seek summary judgment and/or judgment as a matter of law on relevant issues.

Google's Summary:  Google anticipates moving for summary judgment and may file other dispositive motions as the case progresses.

**14.   Settlement**

Sonos's Summary:  The parties have engaged in settlement negotiations previously to no avail.  Sonos is amenable to continuing these negotiations.

    Sonos and Google have conducted settlement negotiations as follows:

1. The parties met several times between 2016-2019 to discuss resolution of Google's infringement.  No agreement was reached.
2. On October 19, 2020, the parties conducted a one-day mediation with Ret. Judge Layn Phillips.  No agreement was reached.
3. On June 30, 2022, the parties conducted another one-day mediation with Ret. Judge Layn Phillips.  No agreement was reached.
4. On May 2, 2023, the parties conducted another one-day mediation with Judge Thomas Hixon.  No agreement was reached.

Google's Summary: Google is amenable to conducting further settlement discussions and proposes that the parties continue to use Ret. Judge Layn Phillips who is very familiar with the parties' disputes having conducted multiple mediation sessions between the parties including on October 19, 2020 and June 20, 2022.

**15.   Trial Estimate**

Sonos's Summary: Sonos anticipates that a 10-day trial is needed to try the issues in this case.  Although, Sonos is amenable to limiting the number of asserted claims and prior art references, such that a shorter, bellwether trial may occur first.  Sonos requests a trial by jury on all issues so triable. At trial, Sonos expects to call 3-4 corporate witnesses from Sonos, 3-4 corporate witnesses for Google, and 3-4 expert witnesses, for a total of 9-12 total witnesses.

Google's Summary:  Google estimates a trial length of between 10 and 15 Court days.  Google expects that Sonos will narrow the number of claims and patents at issue in advance of trial.

**16.   Trial Counsel**

   Sonos will be represented by Clem S. Roberts of Orrick Herrington & Sutcliffe LLP and Sean M. Sullivan of Lee Sullivan Shea & Smith LLP.

   Google will be represented by Sean Pak, Melissa Baily, and Lance Yang of Quinn Emanuel Urquhart & Sullivan.

**17.   Independent Expert or Master**

   The parties do not believe that an independent expert or master is necessary.

**18.   Timetable**

   *See* ECF No. 73-1.

**19.    Other Issues**

The parties do not anticipate any additional issues.

**20.    Patent Cases**

The parties propose abiding by the Court's standing Order as it pertains to claim construction and a *Markman* hearing.

**21.    Whether the Parties Wish to Have a Magistrate Judge Preside**

The parties do not consent to a magistrate judge presiding over the entire action.

<␊>

| | | |
|---|---|---|
| Dated: February 21, 2025 | | O<small>RRICK</small>, H<small>ERRINGTON</small> & S<small>UTCLIFFE</small> LLP<br>*and*<br>L<small>EE</small> S<small>ULLIVAN</small> S<small>HEA</small> & S<small>MITH</small> LLP |
| | By: | */s/ Alyssa Caridis*<br>ALYSSA CARIDIS (SBN 260103)<br>Attorneys for Plaintiff, SONOS, INC. |
| Dated: February 21, 2025 | | Q<small>UINN</small> E<small>MANUEL</small> U<small>RQUHART</small> & S<small>ULLIVAN</small>, LLP |
| | By: | */s/ Lance Yang*<br>LANCE YANG (SBN 260705)<br>Attorneys for Defendant, GOOGLE LLC |

## FILER'S ATTESTATION

I, Alyssa Caridis, pursuant to Civil Local Rule 5-4.3.4(2)(i), attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 21, 2025          */s/ Alyssa Caridis*
                                  ALYSSA CARIDIS (SBN 260103)