QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Lance Yang (SBN 260705)
  lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

  James D. Judah (SBN 257112)
  jamesjudah@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SONOS, INC.,<br><br>              Plaintiff,<br><br>     vs.<br><br>GOOGLE LLC,<br><br>              Defendant. | CASE NO. 2:20-cv-00169-JAK (DFMx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:         Hon. John A. Kronstadt<br>Hearing Date:  June 2, 2025<br>Hearing Time:  8:30 a.m.<br>Courtroom:     10B<br><br>Complaint Filed:  Jan. 7, 2020<br>Trial Date:  None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 2, 2025, at 8:30 a.m. or as soon thereafter as the matter may be heard, in Courtroom 10B of the above entitled Court, located at First Street Courthouse, 350 W. First Street, Courtroom 10B, Los Angeles, CA 90012, before the Honorable John A. Kronstadt, Defendant Google LLC ("Google") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for an Order granting Google leave to file a First Amended Answer and Counterclaims ("Motion").

Specifically, Google seeks to amend its answer to add counterclaims addressing Plaintiff Sonos, Inc.'s ("Sonos") infringement of two patents that allow for wireless set up of electronic devices: U.S. Patent Nos. 12,132,608 ("'608 patent") and 9,485,790 ("'790 patent"). Granting leave for this amendment would further the interests of judicial economy because these infringement counterclaims overlap with the technology and products relevant to Sonos's own infringement claims. Moreover, none of the factors considered under the Rule 15 analysis militates against granting leave, as (1) Sonos will not suffer undue prejudice; (2) Google does not make the Motion in bad faith or with dilatory motives; (3) Google's proposed amendments are not futile; (4) Google did not unduly delay in bringing these counterclaims; and (5) Google has not previously amended its pleadings.

Counsel for Google and Sonos met and conferred regarding this Motion on April 25 and April 28, 2025. Sonos's counsel has indicated that it opposes this Motion.

DATED: May 5, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By  _/s/ James D. Judah_

JAMES D. JUDAH (SBN 257112)
Attorney for Defendant Google LLC

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I.      INTRODUCTION ............................................................................................. 1

II.     BACKGROUND ............................................................................................... 2

III.    LEGAL STANDARD ...................................................................................... 6

IV.     ARGUMENT .................................................................................................... 7

    A.      Google's Proposed Amendments Will Not Unduly Prejudice Sonos ...................................................................................................... 9

    B.      Google's Proposed Amendments Are Not Made In Bad Faith ........... 12

    C.      Google's Proposed Amendments Are Not Futile ................................. 13

    D.      Google's Proposed Amendments Do Not Constitute Undue Delay ...................................................................................................... 13

    E.      Google Has Not Amended Its Pleadings Prior To The Filing Of This Motion For Leave To Amend ...................................................... 15

V.      CONCLUSION ............................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*,
    No. SACV 09-0843 AG (MLGx), 2010 WL 1462110 (C.D. Cal.
    Apr. 12, 2010) .................................................................................10

*Caravan Canopy Int'l Inc. v. Int'l E-Z Up, Inc.*,
    No. ED CV23-00319 JAK (MRWX), 2024 WL 1118994 (C.D. Cal.
    Feb. 15, 2024) (Kronstadt, J.).................................................7, 10, 15

*Certain Audio Players and Components Thereof
(II)*, Investigation No. 337-TA-1330. ...................................................5

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ...............................................................7

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) .....................................................1, 6, 7

*Fitness Anywhere, Inc. v. Go Fit, LLC*,
    No. CV 09-03828 SJO, 2009 WL 10675721 (C.D. Cal. Oct. 21,
    2009) ..............................................................................................12, 13

*Google LLC v. Sonos, Inc.*,
    Case No. 5:22-cv-04553 (N.D. Cal.) ...................................................5

*Griggs v. Pace Am. Grp., Inc.*,
    170 F.3d 877 (9th Cir. 1999) ...............................................................7

*Henderson v. Union Station Housing Servs.*,
    No. CV200476PSGMRWX, 2020 WL 8413520 (C.D. Cal. Dec. 28,
    2020)................................................................................................6, 11

*Howey v. United States*,
    481 F.2d 1187 (9th Cir. 1973) ...........................................................14

*Kelly v. Fashion Nova, Inc.*,
    No. LA CV23-02360 JAK (RAOx), 2023 WL 9019067 (C.D. Cal.
    Sept. 7, 2023).......................................................................................9

*Medtronic, Inc. v. Axonics Modulation Techs., Inc.*,
    No. 8:19-CV-02115-DOC-JDE, 2024 WL 3550482 (C.D. Cal. July
    18, 2024) ...................................................................................................... 8

*Miller v. Rykoff-Sexton, Inc.*,
    845 F.2d 209 (9th Cir. 1988) ...................................................................... 13

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ...................................................................... 9

*MR Techs., GMBH v. Western Digital Techs., Inc.*,
    No. 8:22-cv-1599-JVS-DFM, 2024 WL 4150723 (C.D. Cal. Jan. 18,
    2024) .......................................................................................................... 10

*Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*,
    No. 2:21-cv-01289-MCS-MAA, 2021 WL 4776361 (C.D. Cal. Aug.
    23, 2021) .................................................................................................. 9, 11

*Regents of the Univ. of Cal. v. IKEA of Sweden AB*,
    No. CV196573PSGRAOX, 2020 WL 7379381 (C.D. Cal. Oct. 20,
    2020) ............................................................................................................ 6

*Regents of Univ. of Mich. v. Novartis Pharms. Corp.*,
    No. 22-cv-04913-AMO, 2023 WL 6795971 (N.D. Cal. Oct. 12,
    2023) .......................................................................................................... 12

*Sonos, Inc v Google LLC*,
    Case No. 25-1338 (Fed. Cir. filed Jan. 2, 2025) ........................................... 5

*Sonos, Inc. v. Google LLC*,
    No. C 20-06754 WHA, 2023 WL 6542320 (N.D. Cal. Oct. 6, 2023) ................. 3

*Sonos, Inc. v. Google LLC*,
    No. IPR2023-00806, 2024 WL 4648645 (P.T.A.B. Nov. 1, 2024) ..................... 5

*Sorensen v. Lexar Media, Inc.*,
    No. C 08-00095 JW, 2009 WL 10695750 (N.D. Cal. Feb. 25, 2009) ............. 12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .................................................................. 12

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
    No. C 10-05525 ............................................................................................ 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATUTES**

28 U.S.C. § 1659(a) ....................................................................................... 2

Lanham Act, 15 U.S.C. §§ 1051–1141n ...................................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 ..................................................................................... 1, 6

Fed. R. Civ. P. 15(a) ............................................................................... 1, 6, 7

Fed. R. Civ. P. 15(a)(2) ................................................................................ 6

Fed. R. Civ. P. 16 ................................................................................... 6, 11

Initial Standing Order for Civil Cases, C.D. Cal., R. 13 ........................................ 1

N.D. Cal. Patent L.R. 2-1 .......................................................................... 6

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE
TO AMEND ANSWER AND COUNTERCLAIMS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Google respectfully moves for leave to amend its Answer to add two counterclaims for infringement of Google's U.S. Patent Nos. 12,132,608 (the "'608 patent") and 9,485,790 (the "'790 patent").[1]  These two patents cover wireless device connection technology that significantly overlaps with two of Sonos's asserted patents – with similar specifications, accused technology, and relevant products (i.e., Google's practicing products for the proposed counterclaim patents are the same as those accused of infringement by Sonos's patents, and similarly the Sonos products that Sonos identifies as practicing its patents are the same products that Google accuses of infringing the counterclaim patents).  Accordingly, judicial economy and the federal policy to grant leave under Federal Rule of Civil Procedure 15 with "extreme liberality," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), both favor granting leave to add these counterclaim patents to this action.

Similarly, all five of the factors relevant to the Rule 15(a) analysis weigh in favor of permitting the amendments. ***First***, Google's proposed amendments will not unduly prejudice Sonos as the case is still in its early stages, with eight months remaining before discovery closes and no trial date set.  *See* Dkt. 77.  ***Second***, Google brings this Motion in good faith, seeking only to add legitimate patent infringement claims that significantly overlap with Sonos's own claims, and not for any dilatory or improper purpose.   ***Third***, the amendments are not futile as they state viable infringement claims of valid patents well-supported by evidence.  ***Fourth***, there is no undue delay since Google brings this Motion by the May 5, 2025 deadline to amend

---

[1]   Pursuant to Rule 13 of the Initial Standing Order for Civil Cases Assigned to Judge John A. Kronstadt, attached hereto as Appendix A is a copy of Google's Proposed First Amended Answer and Counterclaims, and attached hereto as Appendix B is a redline version of Google's Proposed First Amended Answer and Counterclaims showing all additions and deletions of material from the most recent prior pleading.

and only after completing necessary diligent review of the patents and counterclaims at issue. Google's proposed amendments come just over four months after filing its Answer to Sonos's Second Amended Complaint, in which Sonos itself added one of the wireless device connectivity patents at issue. *See* Dkt. 69; Dkt. 68. **Fifth**, Google has not previously amended its Answer, making this its first request to amend.

For these reasons, and as discussed in greater detail below, Google respectfully requests that the Court grants Google's Motion for Leave to Amend its Answer and Counterclaims.

## II.     BACKGROUND

Sonos's Setup Patent Claims. On January 7, 2020, Sonos filed two complaints against Google, one in this Court and another in the International Trade Commission, asserting infringement of five patents including U.S. Patent No. 10,439,896 (the "'896 patent"). The '896 patent is entitled "Playback Device Connection" and, according to Sonos's Complaint, covers technology for "how to set up a playback device on a wireless local area network." Dkt. 1 at ¶¶ 1, 120-136. Consistent with 28 U.S.C. § 1659(a), the Court granted an unopposed motion to stay this action "until the determination of the Commission becomes final." Dkt. 26; Dkt. 30.

On September 30, 2024, the Court partially lifted the stay in this action. Dkt. 63. On October 15, 2024, Sonos filed a First Amended Complaint, which added three patents to its infringement claims. Dkt. 64. Two of those new patents were issued prior to the filing of the original Complaint, in 2009 and 2018, respectively.[2] On November 18, 2024, the parties jointly moved to lift the stay in its entirety, and that motion was granted the same day. Dkt. 65; Dkt. 66.

On November 26, 2024, Sonos filed a Second Amended Complaint, which added

---

[2]   U.S. Patent No. 7,571,014 issued on August 4, 2009. Dkt. 64, ¶ 94. U.S. Patent No. 10,031,715 issued on July 24, 2018. *Id.*, ¶ 162.

two more patents to its infringement claims, including U.S. Patent No. 10,541,883 (the "'883 patent"; together with the '896 patent the "Sonos Setup Patents"). Dkt. 68. The '883 patent is also entitled "Playback Device Connection" and also claims priority to the same June 5, 2004 provisional application as the '896 patent.[3] *Id.* at ¶¶ 233-244. In the Second Amended Complaint, Sonos alleges that both of the Sonos Setup Patents cover technology for "how to set up a playback device on a wireless local area network." Dkt. 68 at ¶¶ 2, 187-204, 233-244.

On December 23, 2024, Google filed its Answer to the Second Amended Complaint. Dkt. 69. Google denied infringement of any of Sonos's asserted patents, including the Sonos Setup Patents, as well as Sonos's allegations of willful infringement. *Id.* at 8-9, 62.

On February 10, 2025, Sonos served its Disclosure of Asserted Claims and Infringement Contentions. Ex. 1 [Disclosure of Asserted Claims and Infringement Contentions]. In its Identification of Accused Instrumentalities, Sonos identified so-called "Cast-enabled media players" – defined to include Google's Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Google TV Streamer (4K), Pixel Tablet with the Charging Speaker Dock, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point – as allegedly infringing products for the '883 patent (and as the "playback

---

[3] Significantly, the applications that led to both the '896 patent and the '883 patent were not filed until **2019** – roughly **15 years** after the claimed 2004 provisional application, and also several years after Google commercially released the allegedly infringing products. *Compare with Sonos, Inc. v. Google LLC*, No. C 20-06754 WHA, 2023 WL 6542320, at *1 (N.D. Cal. Oct. 6, 2023) (finding Sonos's patents unenforceable under the doctrine of prosecution laches and holding that "[t]he essence of this order is that the patents issued after an unreasonable, inexcusable, and prejudicial delay of *over thirteen years* by the patent holder, Sonos, Inc. Sonos filed the provisional application from which the patents in suit claim priority in 2006, but it did not file the applications for these patents and present the asserted claims for examination until 2019.") (emphasis in original).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

device" recited in the claims for the '896 patent).  *Id.* at 2-3, 7-8; Ex. 2 [Ex. G to Initial Infringement Contentions].  And in its Identification of Practicing Instrumentalities, Sonos identified the Sonos One, One SL, Roam, Move, Five, Beam, Ray, Arc, Era 100, Era 300, Sub, Sub Mini, and Port as allegedly practicing products for the '883 patent (and presumably as the "playback device" recited in the claims for the '896 patent).  Ex. 1 at 60-62.

On April 30, 2025, Sonos served a "Corrected" Disclosure of Asserted Claims and Infringement Contentions.  Ex. 3 [Corrected Disclosure of Asserted Claims and Infringement Contentions].  The updated disclosure changed the asserted priority dates for three of the patents-in-suit by approximately eight months each.  *Compare Id.* at 60 with Ex. 1 at 60. Sonos's identification of accused and practicing instrumentalities is unchanged.  Ex. 3 at 60-62.

<u>Google's Setup Patent Counterclaims</u>.  On October 29, 2024 – between Sonos's filing of the First and Second Amended Complaints – the USPTO issued U.S. Patent No. 12,132,608 (the "'608 patent"), entitled "Apparatus and Method for Seamless Commissioning of Wireless Devices."  Ex. 4 ['608 patent] at 1.  The '608 patent shares a specification with Google's U.S. Patent No. 9,485,790 (the "'790 patent"; together with the '608 patent the "Google Setup Patents"), which is also entitled "Apparatus and Method for Seamless Commissioning of Wireless Devices."  *Id.* at 2 and 12.  Sonos's '896 patent was cited as a prior art reference during the examination of the '608 patent.  *Id.* at 2 (identifying "10,439,896 B2  10/2019  Millington et al" under "References Cited").

As explained in Google's Disclosure of Asserted Claims and Infringement Contentions, Google's own products practice the Google Setup Patents, including each of the so-called "Cast-enabled media players" (e.g., Google's Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Google TV Streamer (4K), Pixel Tablet with the Charging Speaker Dock, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi

-4-

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE
TO AMEND ANSWER AND COUNTERCLAIMS

Point) accused by Sonos in its '883 patent infringement contentions.  Ex. 5 at 15-16.  Moreover, at least the Sonos One, One SL, Roam, Move, Five, Beam, Ray, Arc, Era 100, Era 300, Sub, Sub Mini, and Port are all infringing instrumentalities for the Google Setup Patents, *id*. at 3-4, which is the same set of products that Sonos identified as practicing the '883 Sonos Setup Patent.

A family member of the Google Setup Patents, U.S. Patent No. 11,050,615 (the "'615 patent"), has been previously asserted in district court and ITC actions against Sonos, specifically *Google LLC v. Sonos, Inc*., Case No. 5:22-cv-04553 (N.D. Cal.) and *Certain Audio Players and Components Thereof (II)*, Investigation No. 337-TA-1330.  The '615 patent has also been the subject of an *inter partes* review proceeding brought by Sonos, No. IPR2023-00806.  The ITC action resulted in a Final Determination finding no violation of Section 337.  The Northern District of California action is currently stayed pending the outcome of the IPR proceedings.  The IPR proceeding resulted in a Final Written Decision that claims 1-3, 5, 9-12, and 15-18 are unpatentable, and that claims 6-8 and 19 are not unpatentable.  *Sonos, Inc. v. Google LLC*, No. IPR2023-00806, 2024 WL 4648645, at *1 (P.T.A.B. Nov. 1, 2024).  Sonos appealed the PTAB's determination that claims 6-8 and 19 are not unpatentable to the Federal Circuit, and that appeal remains pending.  *Sonos, Inc. v Google LLC*, Case No. 25-1338 (Fed. Cir. filed Jan. 2, 2025).  In the ITC proceeding, Sonos asserted the '896 patent (and the Sonos Setup Patent family generally) as allegedly invalidating prior art for the '615 patent.

The Court's Scheduling Order and Google's Motion for Leave.  On March 11, 2025, the Court entered the Order Setting Pretrial Deadlines.  Dkt. 77.  The Court set May 5, 2025 as the "[l]ast day to amend or add parties," July 28, 2025 for the Markman Hearing, January 12, 2026 as the Discovery Cut-Off, and February 9, 2026 as the "[l]ast day to file motions (including discovery motions)."  *Id.* at 1-2.  There is no trial date set.

On March 21, 2025, Sonos served its First Set of Requests for Production,

01980-00160/15833427.1

1  (containing three documents requests).  On the same day, Google served its First Set
2  of Requests for Production and First Set of Interrogatories.  On April 16, 2025, Sonos
3  served its Second Set of Requests for Production and First Set of Interrogatories.
4  Google's objections and responses to those requests and interrogatories are due May
5  16, 2025.

6      On April 1, 2025, Google sent Sonos a draft proposed Stipulated Protective
7  Order.  The parties are currently negotiating its terms, and to date, no Protective Order
8  has been entered.  Accordingly, no confidential documents have been produced or
9  made available for inspection by either side.

10      On April 25, 2025, Google sent Sonos its proposed Amended Answer and
11  Counterclaims, and after meeting and conferring Sonos did not agree to stipulate to
12  Google's proposed amendment.  On May 5, 2025, Google served its Standing Patent
13  Rule 2.1 Disclosure of Asserted Claims and Infringement Contentions.

14  **III.   LEGAL STANDARD**

15      Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its
16  pleadings with the court's leave.[4]  "The court should freely give leave when justice so
17  requires."  Fed. R. Civ. P. 15(a)(2).  In light of the federal policy favoring the
18  determination of cases on their merits, the policy of granting leave is to be applied
19  with "extreme liberality."  *Eminence Cap.*, 316 F.3d at 1051.  One of the purposes of
20  Rule 15(a) is to promote judicial efficiency and avoid duplication of discovery and
21  other burdens imposed upon the court and parties by the filing of separate lawsuits.
22  *See, e.g.*, *Regents of the Univ. of Cal. v. IKEA of Sweden AB*, No.
23
24  _____

25  [4]   Because Google is bringing this Motion on or before the deadline to amend
26  pleadings, Federal Rule of Civil Procedure 15 applies.  *See, e.g.*, *Henderson v. Union
   Station Hous. Servs.*, No. CV200476PSGMRWX, 2020 WL 8413520, at *1 (C.D.
27  Cal. Dec. 28, 2020) (applying Rule 15 to motion to amend pleadings filed before
   deadline in the "scheduling order[] setting November 30 as the last day to add parties
28  and amend pleadings.").

1    CV196573PSGRAOX, 2020 WL 7379381, at *2-3 (C.D. Cal. Oct. 20, 2020).

2        In evaluating whether leave to amend should be denied, the Ninth Circuit

3    considers five factors: (1) "bad faith," (2) "undue delay," (3) "prejudice to the

4    opposing party," (4) "futility of amendment," and (5) "whether the [movant] has

5    previously amended [its pleadings]." *See, e.g., DCD Programs, Ltd. v. Leighton*, 833

6    F.2d 183, 186 and n. 3 (9th Cir. 1987); *see also Caravan Canopy Int'l Inc. v. Int'l E-*

7    *Z Up, Inc.*, No. ED CV23-00319 JAK (MRWX), 2024 WL 1118994, at *2 (C.D. Cal.

8    Feb. 15, 2024) (Kronstadt, J.). "[I]t is the consideration of prejudice to the opposing

9    party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052.

10        "Absent prejudice, or a strong showing of any of the remaining [] factors, there

11    exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

12    (emphasis in original); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th

13    Cir. 1999) ("Generally, this determination should be performed with all inferences in

14    favor of granting the motion.").

15    **IV.   ARGUMENT**

16        Google's Motion for Leave should be granted.  As explained further below,

17    each of the Ninth Circuit's factors relevant to the Rule 15(a) analysis weigh in favor

18    of granting leave to amend.  Google's proposed amendment would add counterclaims

19    that substantially overlap with, and indeed, mirror Sonos's claims, as summarized in

20    the below chart:

| Issue | Sonos '883 Setup Patent | Google '608 Setup Patent |
|---|---|---|
| Specification | "The functions also include receiving … network configuration parameters for the secure WLAN" and "using the network configuration parameters to connect to the secure WLAN[.]" (Abstract) | "The electronic device sends the network configuration data to the target device and receives confirmation that the target device has successfully connected to the communication network."  (Abstract) |
| Relevant Sonos Products | Sonos One, One SL, Move, Roam, Five, Arc, Beam, Ray, Era 100, Era 300, Sub, Sub Mini, and Port | Sonos One, One SL, Move, Roam, Five, Arc, Beam, Ray, Era 100, Era 300, Sub, Sub Mini, and Port |

| Issue | Sonos '883 Setup Patent | Google '608 Setup Patent |
|---|---|---|
| Relevant Google Products | Google's Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Google TV Streamer (4K), Pixel Tablet with the Charging Speaker Dock, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point | Google's Chromecast, Chromecast Ultra, Chromecast Audio, Chromecast with Google TV, Google TV Streamer (4K), Pixel Tablet with the Charging Speaker Dock, Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio, and Nest Wifi Point |
| Asserted Prior Art | Google Setup Patents | Sonos Setup Patents |

Google's counterclaims are for patent infringement, just like Sonos's claims. The subject matter of the Google Setup Patents substantially overlaps with the subject matter of the Sonos Setup Patents. The relevant products are the same for both Google's counterclaims and Sonos's claims – i.e., the products that practice the Google Setup Patents are the same products accused of infringing the Sonos Setup Patents, and the products that infringe the Google Setup Patents are the same products that allegedly practice the Sonos Setup Patents. Accordingly, discovery will substantially overlap across each set of claims. There is also overlap across defenses, as Google's practicing of its Google Setup Patents is relevant to rebut Sonos's allegations of willfulness and copying, as well as to damages. *See, e.g.*, *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. 8:19-CV-02115-DOC-JDE, 2024 WL 3550482, at *2 (C.D. Cal. July 18, 2024). Further Google anticipates that Sonos will assert at least the '896 patent as prior art to the Google Setup Patents (as it was identified as a cited reference by the examiner during prosecution of the '608 patent). At the same time, as Google will show, the Sonos Setup Patents are not entitled to their claimed priority date and are instead invalid in light of the Google Setup Patent family. Ex. 6 [Google First Amended Invalidity Contentions] at 59, 67. Accordingly, judicial efficiency strongly favors granting leave to add these counterclaims to this action rather than requiring Google to file a new action, going through a separate discovery process, and then forcing a jury to sit through a separate trial. *See, e.g.*,

*Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, No. 2:21-cv-01289-MCS-MAA, 2021 WL 4776361, at *4 (C.D. Cal. Aug. 23, 2021) (granting defendant's motion to add counterclaim for patent infringement "particularly given the overlap in specifications, claim terms, and accused technology"); *see also Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10-05525 SBA, 2012 WL 3155554, at *5 (N.D. Cal. Aug. 2, 2012) (allowing amendment to "add three patents to [the] lawsuit that are related to the patents already at issue in [the] case will serve the foregoing [judicial economy] interests articulated by the Ninth Circuit").

### A.    Google's Proposed Amendments Will Not Unduly Prejudice Sonos

"'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). No such undue prejudice will result here.

First, the addition of Google's proposed counterclaims will not meaningfully alter the nature or scope of this litigation because Google's Setup Patents are directed to the same technology as the Sonos Setup Patents. This strongly weighs against any finding of undue prejudice. *See Pavemetrics*, 2021 WL 4776361, at *4 (overlap in accused technologies supported finding of no undue prejudice); *see also Kelly v. Fashion Nova, Inc.*, No. LA CV23-02360 JAK (RAOx), 2023 WL 9019067, at *6 (C.D. Cal. Sept. 7, 2023) (granting leave to add trademark infringement claim that overlapped with existing Lanham Act claim). Nor will the addition of the Google Setup Patents implicate discovery into products beyond those which are already at issue in this case. As explained above, the accused and practicing products for each set of patents are the same. *See* Section IV *supra*. Finally, even defenses overlap across Sonos's claims and Google's proposed counterclaims. Google's Setup Patents

are already relevant to Sonos's willfulness and copying allegations. Further, the Sonos Setup Patent family was cited by the examiner as prior art during the prosecution of the '608 patent, and Google is asserting the Google Setup Patent family as prior art to the Sonos Setup Patents. Google's Setup Patents are also relevant to damages. All of this overlap undercuts any potential arguments regarding prejudice from the amendment.

Second, this case is still in its early stages. The parties are currently negotiating a Protective Order. The parties only recently responded to initial sets of discovery, and Sonos did not serve the vast majority of its document requests, or any interrogatories, until nineteen days ago. Sonos's served "corrected" Infringement Contentions on April 30, 2025 (just five days before Google served its own Infringement Contentions for the Google Setup Patents). Discovery does not close for another eight months, and no trial date has been set. *See* Dkt. 77 at 2. Sonos will thus have adequate time to investigate Google's proposed counterclaims and develop its defenses – particularly because, as explained above, much of the relevant analysis (such as the setup functionality of the relevant Sonos and Google products) is already occurring anyway in connection with Sonos's existing infringement allegations. *MR Techs., GMBH v. Western Digital Techs., Inc.*, No. 8:22-cv-1599-JVS-DFM, 2024 WL 4150723, at *4 (C.D. Cal. Jan. 18, 2024) (finding no prejudice "where the facts show that the timeline of the case has not so progressed to the point when [non-moving party] could not reasonably investigate the amended [pleading]") (citation omitted); *see also Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09-0843 AG (MLGx), 2010 WL 1462110, at *4 (C.D. Cal. Apr. 12, 2010) (no prejudice from new counterclaim where discovery did not close for another seven months); *Caravan Canopy*, 2024 WL 1118994, at *4 (no prejudice from new counterclaim where discovery did not close for another three months and no trial date had been set); *Henderson*, 2020 WL 8413520, at *3 (no prejudice where "discovery cut-offs [were] more than four months away and trial [was] more than seven months away"). Nor is

-10-
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

Sonos entirely unfamiliar with the Google Setup Patent family, as it has litigated the related '615 patent at the ITC and in an IPR proceeding, and while the claims of that patent are different from the claims of the counterclaim Google Setup Patents, there is some overlap across certain issues, such as validity (and Sonos's likely assertion that the Sonos Setup Patents constitute prior art).

Moreover, while granting leave to add Google's counterclaims would likely require a modification of the Court's *Markman* deadlines, such as moving the *Markman* hearing back by two months from July to September, Google has already served its S.P.R. 2.1 infringement contentions, so any necessary adjustments to the existing case schedule would be limited, not affect the trial date (which has not yet been set), and accordingly not result in any undue prejudice to Sonos (who served "corrected" infringement contentions just last week).[5]  *See, e.g., Pavemetrics*, 2021 WL 4776361, at *4 (granting motion for leave and finding no undue prejudice; noting that "[a]lthough Tetra Tech's amendment may affect the parties' claim construction deadlines, that is common when a party seeks to add a new patent to a case.").  Any such adjustment to pretrial deadlines cannot constitute undue prejudice where, as here, it will not require moving the trial date (which has not yet been set) and thus eventual disposal of Sonos's claims on the merits.  And even if the eventual trial date were

_____

[5]  Google does not seek at this time to modify the Court's Pretrial Scheduling Order, but to the extent granting Google's amendment requires a modest modification of the case schedule, good cause exists to do so.  *See, e.g., Pavemetrics*, 2021 WL 4776361, at *3 ("The Court agrees with Tetra Tech that the 'good cause' standard does not apply, as Tetra Tech moved to amend its pleadings before the deadline to do so.  Tetra Tech currently does not and cannot move to amend its infringement contentions or its claim construction positions to address the '557 Patent because that patent is not yet part of the case.  Thus, Rule 16 and the 'good cause' standard to amend infringement contentions are not yet implicated.  Although Tetra Tech will inevitably have to amend its infringement contentions to include the '557 Patent, Tetra Tech would have 'good cause' to do so given the Court's order granting its motion to amend its pleadings, so long as Tetra Tech amends its contentions diligently following the Court's order.").

-11-

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE
TO AMEND ANSWER AND COUNTERCLAIMS

1   moved by a month or two, Sonos cannot complain after it elected to prioritize the ITC

2   action over this litigation, resulting in **four years** of delay – and further waited until

3   after the stay was lifted to add five new patents to the litigation (some of which could

4   have been brought when Sonos first filed the case in 2020.  Moreover, because the

5   majority of Sonos's asserted patents have expired, any delay cannot, as a matter of

6   law, result in prejudice – let alone undue prejudice.  *See VirtualAgility Inc. v.*

7   *Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("A stay will not diminish

8   the monetary damages to which [the patentee] will be entitled if it succeeds in its

9   infringement suit—it only delays realization of those damages. . . .").[6]

10          **B.      Google's Proposed Amendments Are Not Made In Bad Faith**

11          Google does not bring this Motion for Leave in bad faith or with dilatory

12   motives.  "'Bad faith' has been interpreted to refer to the use of impermissible tactics,

13   such as 'seeking to add a defendant merely to destroy diversity jurisdiction.'" *Fitness*

14   *Anywhere, Inc. v. Go Fit, LLC*, No. CV 09-03828 SJO (RNBx), 2009 WL 10675721,

15   at *2 (C.D. Cal. Oct. 21, 2009) (finding no bad faith and granting defendants' motion

16   to amend pleadings to add three proposed counterclaims prior to "the deadline the

17   Court imposed to amend pleadings") (citation omitted).  Similar to the defendants in

18   *Fitness Anywhere*, Google only seeks to amend the Counterclaims to add plausible

19   and relevant infringement claims and does not intend to amend solely to destroy

20   diversity jurisdiction.  Nor does Google have any past "record" that suggests "the use

21   of any such impermissible tactics" in this action that would demonstrate bad faith.  *Id.*

22   (finding no bad faith as "the record does not suggest the use of any such impermissible

23   tactics by Defendants").

---

26   [6]  *See also Regents of Univ. of Mich. v. Novartis Pharms. Corp*., No. 22-cv-04913-
27   AMO, 2023 WL 6795971, at *2 (N.D. Cal. Oct. 12, 2023); *Sorensen v. Lexar Media,*
    *Inc*., No. C 08-00095 JW, 2009 WL 10695750, at *2 (N.D. Cal. Feb. 25, 2009).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE
TO AMEND ANSWER AND COUNTERCLAIMS

### C.    <u>Google's Proposed Amendments Are Not Futile</u>

Google's proposed patent infringement counterclaims would not be futile. An amendment is "futile" only if it would clearly be subject to dismissal. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."). As such, a proposed amended pleading adding new claims is only "futile" where "it appears beyond a doubt" that the claims sought to be added "would be dismissed for failure to state a claim." *Fitness Anywhere*, 2009 WL 10675721, at *3 (finding that defendants' proposed counterclaims were not futile because they "state[d] sufficient facts to support claims for trademark cancellation, declaratory judgment, and unfair competition"). Here, Google's proposed counterclaims are far from futile – as set forth in the proposed amended pleading, as well as Google's Disclosure of Asserted Claims and Infringement Contentions, the evidence of Sonos's infringement is robust.

Moreover, since Google's proposed amended counterclaims are brought on or before the May 5, 2025 deadline to amend, the "legal sufficiency of the counterclaims is more appropriately addressed after amendment through a motion to dismiss." *Id.* (ruling that challenges to the legal sufficiency of a proposed amendment are more properly addressed after leave to amend is granted, because the amendments are brought before the Court-ordered deadline to amend).

### D.    <u>Google's Proposed Amendments Do Not Constitute Undue Delay</u>

Google did not unduly delay in seeking leave to amend its answer and counterclaims. Although the '790 patent issued in 2016, the '608 patent did not issue until October 29, 2024. Moreover, Sonos did not add the '883 patent – the Sonos Setup Patent that directly accuses Google's "Cast-enabled media players" (i.e., the products that practice the Google Setup Patents) – until November 26, 2024, when Sonos filed the Second Amended Complaint. *See* Dkt. 68. Accordingly, the modest delay between the December 23, 2024 filing of Google's Answer (Dkt. 69) and

1   Google's Motion for Leave is not unreasonable or undue under the circumstances,
2   because the fact that a party could have amended a complaint earlier "does not by
3   itself constitute an adequate basis for denying leave to amend."  *Howey v. United*
4   *States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973) (finding no undue delay even though
5   five years had passed since the complaint was filed and the movant "gave no reason
6   for its lengthy delay," because "[r]efusing, solely because of delay, to permit an
7   amendment to a pleading in order to state a potentially valid claim would hinder [the]
8   purpose [to vindicate meritorious claims] while not promoting any other sound
9   judicial policy.").

10          By way of comparison, Sonos waited **years** to amend its pleadings to add
11   patents that could have been asserted in its initial pleading.  For example, while U.S.
12   Patent No. 7,571,014 issued in August **2009**, U.S. Patent No. 10,031,715 issued in
13   July **2018**, and Sonos alleges that Google's infringement of these patents predates
14   January 7, 2020, Sonos did not include them in the original January 7, 2020
15   Complaint.  *See* Dkt. 1.  Instead, the Court granted Sonos leave to add these two
16   patents (among others) in its First Amended Complaint on October 15, 2024 – and
17   Google did not assert any procedural challenges to those amendments or otherwise
18   seek to dismiss them.  *See* Dkt. 63 (granting Sonos leave to file an amended complaint
19   "without prejudice to Defendant's ability to assert a procedural challenge to this
20   limited amendment in connection with its response to the amended complaint"); *see*
21   *also* Dkt. 65 at 3 (jointly proposing that the Court fully lift the stay and that Sonos be
22   granted leave to "file a second amended complaint [on November 26, 2024] that
23   includes additional patents (if any) that Plaintiff seeks to assert").

24

25

26

27

28

The Court should similarly grant Google leave to add the two Google Setup Patents as counterclaims, particularly since Google brings this Motion by the deadline set forth in the Pretrial Scheduling Order.[7]

### E. <u>Google Has Not Amended Its Pleadings Prior To The Filing Of This Motion For Leave To Amend</u>

To date, Google has not moved to seek amendment to any of its Answers or Counterclaims, and the present Motion is the first time it seeks leave to amend its pleadings.  This factor therefore favors granting Google's Motion.  *Caravan Canopy*, 2024 WL 1118994, at *2 (this Court finds that this factor is met unless the movant has "repeated failure to cure deficiencies by previous amendments").

## V. <u>CONCLUSION</u>

For the foregoing reasons, all of the factors weigh in favor of allowing Google to amend its pleadings to assert infringement of the Google Setup Patents.  Therefore, Google respectfully requests that the Court grant its Motion for Leave to file an Amended Answer and Counterclaims.

---

[7]  Even if Google's delay were considered extensive or undue (which it is not), courts will not deny a party leave to amend unless it finds undue prejudice, futility, or bad faith.  *Caravan Canopy*, 2024 WL 1118994, at *2 ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." (quotations omitted)).

1

DATED: May 5, 2025

Respectfully submitted,

2

3

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

4

By      /s/ James D. Judah

5

James D. Judah

6

Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor

7

San Francisco, CA 94111
Tel: (415) 875-6420

8

9

Lance Yang

10

Quinn Emanuel Urquhart & Sullivan, LLP
865 S Figueroa St, 10th Floor

11

Los Angeles, CA 90017
Tel.: (213) 443-3000

12

13

*Counsel for Defendant Google LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **CERTIFICATE OF SERVICE**

I, James D. Judah, certify that pursuant to Local Rule 5-3, counsel of record who have consented to electronic service are being served on May 5, 2025 with copies of the attached document(s) via the Court's CM/ECF system, which will send notification of such filing to counsel of record.

DATED: May 5, 2025                    Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   */s/ James D. Judah*

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS