1  Clement S. Roberts (SBN 209203)
2  croberts@orrick.com
   ORRICK HERRINGTON & SUTCLIFFE LLP
3  405 Howard Street
   San Francisco, CA  94105
4  Tel: 415-773-5700/Fax: 415-773-5759

5  Alyssa M. Caridis (SBN 260103)
6  acaridis@orrick.com
   ORRICK HERRINGTON & SUTCLIFFE LLP
7  355 S. Grand Avenue, Suite 2700
   Los Angeles, CA  90071
8  Tel: 213-629-2020/Fax: 213-612-2499

9  Attorneys for Plaintiff, Sonos, Inc.

10 George I. Lee (Admitted *Pro Hac Vice*)
11 lee@ls3ip.com
   Sean M. Sullivan (Admitted *Pro Hac Vice*)
12 sullivan@ls3ip.com
   Rory P. Shea (Admitted *Pro Hac Vice*)
13 shea@ls3ip.com
   Cole B. Richter (Admitted *Pro Hac Vice*)
14 richter@ls3ip.com
15 LEE SULLIVAN SHEA & SMITH LLP
   656 W. Randolph Street, Floor 5W
16 Chicago, IL  60661
   Tel: 312-754-0002/Fax: 312-754-0003
17

18          **UNITED STATES DISTRICT COURT**

19    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

20 SONOS, INC.,                          Case No. 2:20-cv-00169-JAK (DFMx)

21            Plaintiff,                 **PLAINTIFF'S OPPOSITION TO
                                         DEFENDANT'S MOTION FOR
22     v.                                LEAVE TO AMEND ANSWER
                                         AND COUNTERCLAIMS**
23 GOOGLE LLC,

            Defendant.                   Hearing Date: June 2, 2025
24                                       Hearing Time: 8:30 a.m.
25                                       Courtroom: 10B
                                         Judge: Hon. John A. Kronstadt
26
                                         Complaint Filed: Jan. 7, 2020
27                                       Trial Date: TBD
28

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES............................................1

I.    INTRODUCTION ................................................................................1

II.   BACKGROUND .................................................................................1

III.  LEGAL STANDARD ..........................................................................5

IV.   ARGUMENT.......................................................................................5

    A.    The Court Should Deny Leave To Add Counterclaims........................5

        1.    Google's amendment will unduly prejudice Sonos....................5

        2.    Google's amendment is futile....................................................12

        3.    Google's amendment is sought in bad faith. ............................13

    B.    Google's Motion Is Procedurally Improper.........................................14

V.    CONCLUSION....................................................................................15

PLAINTIFF'S OPP. TO DEFENDANT'S MOT. FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Easley*,
No. CIV S-11-0913, 2011 WL 5103087 (E.D. Cal. Oct. 25, 2011)....................9

*Alzheimer's Inst. of Am. v. Elan Corp. PLC*,
274 F.R.D. 272 (N.D. Cal. 2011) ........................................................13

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
465 F.3d 946 (9th Cir. 2006) ..............................................................11

*Ascon Props., Inc. v. Mobil Oil Co.*,
866 F.2d 1149 (9th Cir. 1989) ..............................................................5

*Cohen v. Suleminian*,
No. 21-cv-08597, 2024 WL 5440827 (C.D. Cal. Dec. 17, 2024) .....................11

*Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*,
No. 12-cv-00205 ................................................................................7

*CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*,
896 F. Supp. 505 (D. Maryland 1995) ................................................7, 8

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ..............................................................6

*Freedom Gold USA LLC v. Bank of Am.*,
2025 WL 1012300 (C.D. Cal. 2025) ....................................................12

*General Tire & Rubber Co. v. Jefferson Chem. Co.*,
50 F.R.D. 112 (S.D.N.Y. 1970)............................................................8

*Gilead Scis., Inc. v. Natco Pharma Ltd.*,
753 F.3d 1208 (Fed. Cir. 2014) ............................................................4

*Griggs v. Pace Am. Grp., Inc.*,
170 F.3d 877 (9th Cir.1999) ..............................................................14

*Hooper v. Shinn*,
985 F.3d 594 (9th Cir. 2021) ..............................................................12

PLAINTIFF'S OPP. TO DEFENDANT'S MOT. FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

*Jackson v. Bank of Hawaii,*
    902 F.2d 1385 (9th Cir. 1990) ........................................................................ 5

*John-Reif v. Gray,*
    No. 24-cv-1346, 2025 WL 986137 (E.D. Cal. Apr. 2, 2025) ........................... 11

*LG Electronics, Inc. v. Toshiba Samsung Storage Tech. Korea Corp.,*
    No. 12-1063, Dkt. 91 ...................................................................................... 7

*Liberty Hardware Mfg. Corp. v. Contractors Wardrobe, Inc.,*
    No. 2:22-cv-09210, 2023 WL 9379150 (C.D. Cal. Nov. 27, 2023) ................... 6

*Magnesystems, Inc. v. Nikken, Inc.,*
    933 F. Supp. 944 (C.D. Cal. 1996) ............................................................... 6, 7

*Metallgesellschaft AG v. Foster Wheeler Energy Corp.,*
    143 F.R.D. 553 (D. Del. 1992) ........................................................................ 6

*Morongo Band of Mission Indians v. Rose,*
    893 F.2d 1074 (9th Cir. 1990) ...................................................................... 11

*Pavemetrics Sys., Inc. v. Tetra Tech., Inc.,*
    No. 21-cv-01289, 2021 WL 4776361 (C.D. Cal. Aug. 23, 2021) ...................... 9

*R Journey, LLC v. Kampgrounds of Am., Inc.,*
    No. CV 22-48, 2023 WL 2373352 (D. Mont. Mar. 6, 2023) ............................ 6

*Salomon S.A. v. Scott USA Ltd. P'ship,*
    117 F.R.D. 320 (D. Mass. 1987) .................................................................. 8, 9

*Sonos, Inc. v. Int'l Trade Comm'n,*
    Nos. 22-1421, -1573, 2024 WL 1507605 (Fed. Cir. Apr. 8, 2024) ................... 2

*U.S. ex rel. Technica LLC v. Carolina Cas. Ins. Co.,*
    No. 08-CV-01673, 2012 WL 1672580 (S.D. Cal. May 14, 2012) ................... 14

*Unispec Development Corp. v. Harwood K. Smith & Partners,*
    124 F.R.D. 211 (D. Ariz. 1988) .................................................................... 10

*In re W. States Wholesale Nat. Gas Antitrust Litig.,*
    715 F.3d 716 (9th Cir. 2013) ......................................................................... 5

*Wood v. Santa Barbara Chamber of Commerce, Inc.,*
    705 F.2d 1515 (9th Cir. 1983) ...................................................................... 10

*Xyratex Tech., Ltd. v. Teradyne, Inc.*,
    No. CV 08-04545, 2009 WL 10702551 (C.D. Cal. Apr. 10, 2009) .................... 6

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
    No. C 10-05525, 2012 WL 3155554 (N.D. Cal. Aug. 2, 2012) .......................... 9

**Statutes/Rules**

C.D. Cal. L. R. 7-3 ................................................................................................ 14

Fed. R. Civ. Proc. 15(a) ......................................................................................... 5

**Other**

William W. Schwarzer, et al., *Federal Civil Procedure Before Trial*
    8:1470 (The Rutter Group 2011) ....................................................... 14

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

With the stay lifted and *Markman* proceedings imminent, Google seeks to inject two of its patents into this case, in addition to the ten Sonos patents already at issue.  Google's proposed amendment will unduly prejudice Sonos by forcing Sonos to defend against claims from the same patent family in multiple jurisdictions, while creating a substantial risk of conflicting judgments, jury confusion, and disrupting the case schedule.

Google has moved to add claims alleging that Sonos infringes U.S. Patent Nos. 12,132,608 and 9,485,790 (Google Setup Patents).  Both of these patents relate to the process of setting up a wireless device on a network.  And both patents are part of the same family as (and highly similar to) a patent that Google is asserting against Sonos in the Northern District of California.  Google's desire to have two different judges review the same material simultaneously is improper and shows that Google's assertion of these patents is an effort to gum up the works.  And both the International Trade Commission (ITC) and the Patent Trial and Appeal Board (PTAB) have already found that highly similar claims in Google's related patent are invalid.  Put differently, this is more than Google's second bite at the apple; it is the fourth and Google is taking it while the third is pending elsewhere.  The Court should deny Google's Motion.

## II.    BACKGROUND

### *Sonos's Suit Against Google*

On January 7, 2020, Sonos sued Google, alleging that various Google products infringe five Sonos patents related to wireless multi-room audio systems.  The originally asserted patents were U.S. Patent Nos. 8,588,949; 9,195,258; 9,219,959; 10,209,953; and 10,439,896.  Dkt. 1.  Sonos then sued Google in the ITC, which instituted an investigation into whether Google's products infringe those same patents.  Dkt. 68 (SAC) ¶ 53.  This Court, as required by statute, stayed this action

PLAINTIFF'S OPP. TO DEFENDANT'S MOT. FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

until the ITC issued its final determination.  *See* Dkt. 26; Dkt. 30.  Because the ITC
initiated its investigation as the Covid-19 pandemic was starting, the investigation
proceeded on an extended schedule.  Eventually, however the ITC found that ***all*** of
Sonos's asserted patents were both valid and infringed—in a decision the Federal
Circuit later upheld.  *Sonos, Inc. v. Int'l Trade Comm'n*, Nos. 22-1421, -1573, 2024
WL 1507605 (Fed. Cir. Apr. 8, 2024).  However, the ITC investigation did not result
in an effective exclusion order because Google removed some of the infringing
features and developed "redesigned" versions for the others.  SAC ¶ 57.

### *Google's Other Suits Against Sonos*

Since January 2020, Google has sued Sonos for patent infringement eight
times in various countries around the world, asserting over a dozen patents.  Sonos
has been found not liable as to every single claim of every single patent Google has
asserted to date—and every claim that Google has not been forced to withdraw has
been found invalid or not infringed.[1]

Most relevant to this Motion, Google sued Sonos in both the ITC and in the
Northern District of California alleging that Sonos infringed Google's Patent No.
11,050,615. That patent is a family member of the patents that Google is seeking to
add here, and its claims are directed to the same subject matter.  After the ITC found
that all asserted claims of the '615 Patent were invalid, Google chose not to appeal
the decision to the Federal Circuit—presumably because Google knew that the

---

[1] Google accused Sonos of infringing five patents in the Northern District of
California.  One patent was dismissed under §101, one was voluntarily dismissed,
two were invalidated in IPRs, and the fifth was found to be not infringed on summary
judgment.  Google sued Sonos in Canada for patent infringement.  The Canadian
court found that Sonos did not infringe.  Google sued Sonos in Germany for patent
infringement.  The German court found that Sonos did not infringe. Google sued
Sonos in France for patent infringement.  The French court found that Sonos did not
infringe. Google sued Sonos in the ITC and the Northern District of California for
infringing three patents.  One patent was withdrawn from the ITC case, and the ITC
found no violation with respect to the others.  Google sued Sonos in the ITC and the
Northern District of California on a different set of four patents (including the '615
Patent).  The ITC found no violation of any of those patents.

1    Federal Circuit would uphold that decision, and because Google wanted to continue
2    to sue Sonos on that patent in Northern California (which is what it has done).

3        While Google's ITC investigation was pending, Sonos filed an inter partes
4    review (IPR) petition against the '615 Patent.  *See Sonos, Inc. v. Google LLC*,
5    IPR2023-00806, Petition (P.T.A.B. Apr. 5, 2023).  The PTAB instituted review of all
6    challenged claims.  *Sonos, Inc. v. Google LLC*, IPR2023-00806, Paper No. 7
7    (P.T.A.B. Nov. 7, 2023).  Google chose not to defend most of the claims and those
8    claims have been invalidated. *Sonos, Inc. v. Google LLC*, IPR2023-00806, Google's
9    Response (P.T.A.B. Jan. 30, 2024) (defending only a subset of dependent claims).

10       The PTAB found all but four dependent claims of the '615 Patent invalid.
11   *Sonos, Inc. v. Google LLC*, IPR2023-00806, Paper No. 20 (P.T.A.B. Nov. 1, 2024).
12   Sonos has appealed the PTAB's decision regarding those four dependent claims, and
13   that appeal remains pending.  *Sonos, Inc. v. Google LLC*, No. 25-1338 (Fed. Cir.).

14       Google's case against Sonos in the Northern District of California asserting
15   the '615 Patent is also still pending.  *See Google LLC v. Sonos, Inc.*, No. 5:22-cv-
16   04553 (N.D. Cal.).  The Northern District of California case was stayed before Sonos
17   filed an answer because of Google's concurrent ITC litigation, *id.*, Dkt. 22, and
18   Google and Sonos have jointly notified the Northern District of California that the
19   ITC proceedings have concluded and "propose[d] having a teleconference with the
20   Court to discuss" the status of the stay, *id.*, Dkt. 25.

21       ***Pretrial Deadlines and Google's Motion***

22       On January 21, 2025, this Court ordered the parties to meet and confer
23   regarding a pretrial schedule.  Dkt. 72.  On February 10, 2025, Sonos and Google
24   jointly proposed a pretrial schedule.  Dkt. 73.  On March 11, 2025, the Court set
25   various deadlines, including a May 5, 2025 deadline to amend, May 2025 deadlines
26   related to claim construction, a June 19, 2025 cut-off for claim construction
27   discovery, a June 26, 2025 deadline for a joint *Markman* prehearing statement, and a
28   July 3, 2025 deadline for opening *Markman* briefs.  *See* Dkt. 77.  Throughout the

negotiation over the schedule, Google never expressed any intent to amend its answer
and introduce new patents into this case.

Then, on April 25, 2025, Google emailed Sonos, asking if Sonos would oppose
Google moving to add new patents to the case. Dkt. 79-4, Ex. 7. On April 28, 2025,
Sonos said it would oppose but offered to "discuss" the matter further. *Id.* Sonos
heard nothing further, until, on May 5, 2025, Google filed its Motion. Dkt. 79 (Mot.).

### *Google's Two New Patents*

The two new Google Setup Patents are from the same family as the '615
Patent, which Google has asserted against Sonos in multiple fora. Mot. 5; *supra* 2-3
& n.1. The '615 Patent claims are also *substantively* similar to the claims that Google
seeks to assert here. In fact, all three of these patents are subject to the same terminal
disclaimer which the Patent Office requires where it is needed to "align the expiration
dates of an inventor's several patents that claim mere obvious variations of the same
invention." *See Gilead Scis., Inc. v. Natco Pharma Ltd.*, 753 F.3d 1208, 1214 (Fed.
Cir. 2014); Ex. A (terminal disclaimers for all three patents).

As an example of the similarity, consider claim 1 of all three patents. All three
claim 1s are directed to "[a] method for commissioning a target device onto a
communication network." Ex. B ('615 Patent), cl. 1; *see also* Dkt. 79-4, Ex. 4 ('608
Patent), cl. 1 ("the target streaming media device including" certain components);
Ex. C ('790 Patent), cl. 1 ("onto a wireless local area network"). And all three
claimed methods involve "receiving … a message to initiate a commissioning
process," "receiving one or more network configuration packets," "executing the
commissioning logic," and "employing via the wireless radio the network
configuration data." '608 Patent, cl. 1; *see also* '615 Patent, cl. 1; '790 Patent, cl. 1;
Ex. D (comparing representative claim language). The three patents also share the
same inventors and a common specification. And the products that Google accuses
of infringement here overlap with those at issue in the '615 Patent litigation.
*Compare* Mot. 7-8 (accusing Sonos One, One SL, Move, Roam, Five, Arc, Beam,

and Ray of infringing), *with* Ex. E (Google's complaint in the concurrent Northern District of California litigation) at 4 (same). By any measure, the claims that Google seeks to add to this case are highly similar to (and largely duplicative of) the claims it is asserting in the Northern District of California.

## III.    LEGAL STANDARD

Google may amend its answer and add counterclaims only if this Court grants it leave to do so. Fed. R. Civ. Proc. 15(a). Although the Court "should freely give leave when justice so requires," *id.*, "leave to amend is not to be granted automatically," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The Court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether [the party] has previously amended his [pleading]." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Whether to grant leave to amend lies within this Court's discretion. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

## IV.    ARGUMENT

### A.    The Court Should Deny Leave To Add Counterclaims.

Google's attempt to add counterclaims is a tactical decision designed to interfere with Sonos's infringement case by multiplying the issues in dispute and jamming up the schedule. Given that a similar case is already pending in the Northern District of California, it would be enormously wasteful of judicial and party resources to litigate those issues here.

#### 1.    Google's amendment will unduly prejudice Sonos.

Prejudice is the "most important factor" in deciding whether to grant or deny leave to amend a pleading. *Jackson*, 902 F.2d at 1387. Google's proposed amendment will lead to prejudice in the forms of (i) undue complexity and the attendant risks of inconsistent judgments and jury confusion, (ii) interference with Sonos's case, (iii) avoidable waste of judicial and party resources, and (iv) disruption

to the case's schedule.  This undue prejudice alone warrants denial of Google's Motion.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**Undue complication.**  Google's proposed amendment seeks to add patents and infringement counterclaims to this case, notwithstanding co-pending litigation between Google and Sonos that already involves a related patent and similar allegations.  In other words, Google seeks to transform this case from a straightforward dispute between a patentee and an alleged infringer into a much more complex set of infringement claims flowing in both directions.  This will inject a myriad of new issues into this case and create both a substantial likelihood of jury confusion and a significant risk of conflicting judgments.  Google offers no justification for such undue prejudice.

Because Google's proposed counterclaims are permissive, not compulsory, the Court can and should "refuse to hear the counterclaim[s]" as they "would unduly complicate the litigation." *R Journey, LLC v. Kampgrounds of Am., Inc.*, No. CV 22-48, 2023 WL 2373352, at *13 (D. Mont. Mar. 6, 2023) ("[I]f the Court finds a counterclaim is permissive, then the Court can refuse to hear the counterclaim if it would unduly complicate the litigation."); *see Liberty Hardware Mfg. Corp. v. Contractors Wardrobe, Inc.*, No. 2:22-cv-09210, 2023 WL 9379150, at *3-4 (C.D. Cal. Nov. 27, 2023) (patent infringement counterclaims are permissive).

In this District, and around the country, courts regularly dismiss, sever, or decline to add permissive infringement counterclaims for this very reason. *See, e.g.*, *Xyratex Tech., Ltd. v. Teradyne, Inc.*, No. CV 08-04545, 2009 WL 10702551, at *4 (C.D. Cal. Apr. 10, 2009) (denying motion to amend and add patent infringement counterclaims); *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 952-53 (C.D. Cal. 1996) (same); *Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 559 (D. Del. 1992) ("[T]he joint adjudication of MG's patent claims and FWEC's patent claims would unduly complicate the intrinsically complex factual

and legal issues at bar; judicial economies can be accomplished without litigating all of the disputes between these parties in one action.").

Even without Google's proposed amendment, this is a complex case. Sonos has sued Google on ten patents. Dkt. 68. Google has denied infringement on all fronts, raised thirteen affirmative defenses, and challenged the validity of every asserted claim. Dkt. 69. At trial, the jury will have a very full plate in terms of analyzing the patents, claims, technology, and legal disputes that are already at issue.

Adding Google's patent claims will add many additional layers of complexity and risk confusion of the jury. As the District of Maryland explained, even where separate patents share "a common field of concern," "different patent claims necessarily involve different issues," e.g., "separate patent claims and specifications, separate file histories, and separate affirmative defenses." *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506-07 (D. Maryland 1995). Contrary to Google's argument, this additional complexity is not meaningfully mitigated by the fact that "the subject matter of the Google Setup Patents substantially overlaps with the subject matter of" two of the ten Sonos patents. Mot. 8. As other courts have recognized, "[s]uch commonality," to the extent that it withstands scrutiny at all, "is *far outweighed* by the potential for jury confusion." *CVI/Beta Ventures*, 896 F. Supp. at 506-07 (emphasis added).[2] Indeed, it is that commonality that guarantees jury confusion here. For example, Google describes its

---

[2] *Accord* Ex. F (transcript from motion-to-dismiss counterclaims hearing in *Comcast IP Holdings I, LLC v. Sprint Commc'ns Co. L.P.*, No. 12-cv-00205) at 5:5-9, 6:11-13 ("I'm quickly becoming convinced that you can't at the end of the day have a trial with one side saying here are my … patents and here's the other side saying here are my … patents."); *Magnesystems*, 933 F. Supp. at 952-53 (declining to add patent infringement counterclaims "[b]ecause of the high risk of jury confusion"); Ex. G (transcript from severance hearing in *LG Electronics, Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, No. 12-1063) at 22:3-8 (declining to add patent infringement counterclaims; then-district court Judge Stark: "[I]t is just too easy to see how at every step of this case[,] things will be more complicated and therefore probably proceed more slowly if I have what are effectively two cases … combined into one case.").

PLAINTIFF'S OPP. TO DEFENDANT'S MOT. FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

counterclaims as "substantially overlap[ping] and, indeed, mirror[ing] Sonos's claims." Mot. 7. Based on the supposed "overlap" between Sonos's and Google's infringement claims, the jury may (incorrectly) conclude that Google cannot have infringed Sonos's patents if it concludes Sonos did not infringe Google's. Or it may invite a similar fallacy that if Google infringed Sonos's patents, Sonos must have done the same with respect to Google's patents. Simply put, adding Google's counterclaims will greatly increase the risk of jury confusion.

If Google is permitted to add its patents to this case, Sonos also will be obligated to respond with its own defenses, including non-infringement, invalidity, and unenforceability challenges. Sonos's responsive case will require separate and additional discovery, motions, and claim construction disputes that will create additional complexity. *See CVI/Beta Ventures*, 896 F. Supp. at 506 (describing how even though asserted patents and counter-asserted patents may relate to similar technology or implicate similar inquiries, resolution of infringement counterclaims would still materially alter the cases, e.g., "involv[ing] analysis of different file histories, specifications, inventors, and possibly different expert witnesses").[3]

The cases on which Google relies do not support permitting counterclaims under these circumstances. In the cases that Google cites, the courts permitted parties who were *already* asserting infringement to amend and assert additional patents related to the patents that were already in the case—i.e., courts permitted parties already asserting infringement claims to add related infringement claims. *See*

---

[3] *Accord Salomon S.A. v. Scott USA Ltd. P'ship*, 117 F.R.D. 320, 321 (D. Mass. 1987) (discussing how even though various patents "all … relate to the manufacture and sale of the same line of ski boots," the "different patent claims necessarily involve different issues of novelty"); *General Tire & Rubber Co. v. Jefferson Chem. Co.*, 50 F.R.D. 112, 114 (S.D.N.Y. 1970) ("The Frost patent counterclaim involves *a claim for relief independent of and separate and distinct from* the complaint and counterclaim on the Heiss patent. The two patents do not appear to be related. While both are concerned with the broad field of polyurethane chemistry, the inventions, the dates of invention, the inventors, places of invention and the ownership are all different." (emphasis added)).

1    *Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10-05525, 2012 WL 3155554, at *5

2    (N.D. Cal. Aug. 2, 2012) (permitting plaintiff to amend its complaint and "add three

3    patents to [the] lawsuit *that are related* to the patents already at issue in [the case] …"

4    (emphasis added)); *Pavemetrics Sys., Inc. v. Tetra Tech., Inc.*, No. 21-cv-01289, 2021

5    WL 4776361, at *1, 4 (C.D. Cal. Aug. 23, 2021) (granting defendant's amendment

6    "to include an additional counterclaim of patent infringement" in order to "keep[] *the*

7    *related* '257 Patent and '557 Patent in the same case" (emphasis added)).  Unlike the

8    parties in these cases, Google is not currently accusing Sonos of infringement and

9    therefore not seeking to add patents similar to those it is already asserting.  These

10    cases do not suggest that it would be prudent for the Court to permit Google to thrust

11    new patents into the middle of a sizable, complicated case that is already in progress.

12    If anything, Google's cases support adding its claims to the pending case in the

13    Northern District of California, where it *is* asserting a related patent.

14        Google's attempt to split infringement allegations for one patent family across

15    two cases also creates additional work and complexity for the courts.  If Google's

16    counterclaims are added to this case, this Court will end up duplicating work that

17    must already be done by the court in the Northern District of California.  *See Adams*

18    *v. Easley*, No. CIV S-11-0913, 2011 WL 5103087, at *4 (E.D. Cal. Oct. 25, 2011)

19    (denying leave to amend based on prejudice where party movant was "already

20    litigating the exact same claims in a different suit" and "further amendment will be

21    futile due to the duplicative nature of this case").  Both courts, for example, will need

22    to study the same specification and file history, review and construe the same or

23    similar terms, and decide similar legal and factual issues—like how the *same* pieces

24    of prior art stack up against highly similar claims.  This not only creates totally

25    unnecessary work for the court system as a whole, but also poses an entirely

26    avoidable risk of inconsistent decisions.  *See Salomon, S.A.*, 117 F.R.D. at 321

27    (severing and staying infringement counterclaims where other ongoing cases related

28    to the same patents was underway because "it would be duplicative, uneconomical,

1  and vexatious to proceed").

2  **_Disruption to Sonos's case._**  Google's proposed amendment is an attempt to

3  disrupt Sonos's case.  Google knows that the number of resources available to

4  adjudicate any given case are finite.  Courts will generally hear a limited number of

5  terms for construction, allocate a limited number of pages for motion practice, and

6  allow a limited number of days for trial.  By adding two patents and infringement

7  counterclaims to the case, Google seeks to interfere with Sonos's ability to present

8  its case.  Put differently, the _reason_ Google is bringing these patents here (rather than

9  with its related patent in the Northern District of California) is because Google thinks

10  it is strategically advantageous to use these patents to disrupt Sonos's case, and **_not_**

11  because Google thinks this District is a more convenient place to litigate or a more

12  efficient place to adjudicate these patents.  _See Wood v. Santa Barbara Chamber of_

13  _Commerce, Inc._, 705 F.2d 1515, 1520 (9th Cir. 1983) ("The bad faith of Wood in

14  offering his motion to amend can be inferred from" the fact that the proposed claims

15  "were already present in … then pending" litigation); s_ee also Unispec Development_

16  _Corp. v. Harwood K. Smith & Partners_, 124 F.R.D. 211, 217 (D. Ariz. 1988)

17  (denying leave to amend to add a counterclaim that presented "an entirely new issue

18  in the proceedings and shifts the focus" of litigation).

19  As the facts recited above show, Google has a history of asserting weak patent

20  claims against Sonos in a way designed to impose maximum cost and disruption (e.g.,

21  simultaneous international suits and repeatedly litigating the same patent even after

22  multiple losses).  _Supra_ 2-3 & n.1. The Court should not allow Google to continue to

23  abuse the system with duplicative litigation or to disrupt Sonos's case by bringing

24  these patent claims here, when those claims clearly belong with the related '615

25  Patent in the Northern District of California.

26  **_Avoidable waste._**  Google's proposed amendment is also prejudicial to Sonos

27  because of the significant potential for waste of Sonos's resources.

28  The new infringement counterclaims and patents that Google proposes would

"greatly alter[] the nature of the litigation" and would require Sonos to "undertake[] … an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("Allowing [a party] to 'advance different legal theories and require proof of different facts' … would have prejudiced [the non-movant] ….").  Sonos will need to develop its defense on an expedited basis, because Google (again, tactically) waited to add its counterclaims until just before *Markman* proceedings begin. *Infra* 12.  *See AmerisourceBergen Corp.*, 465 F.3d at 953 ("[R]equiring the parties to scramble and attempt to ascertain [the merits of the amendment] … would … unfairly impose[] potentially high, additional litigation costs … that could have easily been avoided.").

These costs will also be multiplied by Google's insistence on asserting these claims here, rather than in the litigation involving the '615 Patent in the Northern District of California. *See John-Reif v. Gray*, No. 24-cv-1346, 2025 WL 986137, at *3 (E.D. Cal. Apr. 2, 2025) (denying leave to amend because pleading is "duplicative of an earlier filed, ongoing lawsuit" and the more appropriate course of action is seeking leave to amend in the "earlier filed case"); *Cohen v. Suleminian*, No. 21-cv-08597, 2024 WL 5440827, at *5 (C.D. Cal. Dec. 17, 2024) (recognizing "the hardship of litigating duplicative actions simultaneously").  To be sure, Sonos will have to spend money defending these claims.  But while that is inevitable for Sonos, doing so in duplicate and in parallel is not.  Taking depositions of the same witnesses in multiple cases, filing and defending the same or parallel discovery disputes and motion practice, and doubled efforts are all unnecessary and prejudicial to Sonos.

***Disruption to case schedule.***  Google's amendment also unduly prejudices Sonos because it would disrupt the pretrial schedule set by the Court.  Among other things, Sonos will have to develop non-infringement and affirmative defenses to Google's claims. *Infra* 8.  As a result, the current pretrial deadlines will need to be delayed and amended to account for that significant change.  Google itself has already

asserted that "granting leave … would likely require a modification of the Court's … deadlines." Mot. 11.  Granting Google's Motion will be akin to starting over with an entirely new infringement action added here, putting this case back to square one and causing a protracted delay and cost on Sonos.

That prejudice is even more clear in light of the unusually long time that this case has been pending, for reasons outside of the parties' control.  Sonos filed suit in 2020, but because of concurrent ITC litigation and proceedings protracted by a global pandemic, this case remained on hold for four years.  *Infra* 1-2.  Now, this case is resuming.  But Google waited until after this Court set a case schedule and until *Markman* proceedings were beginning to say that it wanted to assert counterclaims.

The scheduling disruption could have been avoided if Google had raised its counterclaims earlier, or even said that it was *considering* counterclaims when negotiating the case schedule.  Instead, Google waited until the last permissible day under the schedule to amend its answer and offers no compelling explanation for that delay.  It offers no new factual discovery or change in circumstance.  Nor are the patents themselves new—the '790 Patent issued in 2016, approximately 8 years before the operative complaint, while the '608 Patent issued in October 2024.  Mot. 13.  Google offers no explanation for why its "diligent review of the patents and counterclaims at issue," Mot. 2, delayed its proposed amendment.  *See* Dkt. 69 (Google's Answer to the Second Amended Complaint, filed on December 23, 2024); Mot. (filed May 5, 2025).

## 2.    Google's amendment is futile.

"[W]hen the amendment is considered futile, this Circuit has expressly held that such amendments 'should not be permitted.'"  *Freedom Gold USA LLC v. Bank of Am.*, 2025 WL 1012300, at *1 (C.D. Cal. 2025) (citation omitted).  A proposed amendment is deemed futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Id.* (citation omitted); *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021) ("Amendment

is futile if the claim sought to be added is not viable.").

As explained above, *supra* 2-4 & n.1, the claims that Google seeks to assert here are similar to claims of the '615 Patent that have already been invalidated in multiple fora. *See also* Ex. D. In each litigation where a patent from this patent family was at issue and an outcome was reached, each adjudicator held in Sonos's favor. *See supra* 2 & n.1. For example, in *Certain Audio Players and Components Thereof (II)*, Inv. No. 337-TA-1330, the ITC determined that the '615 Patent claims were invalid. *See* Mot. 5. Likewise, in the IPR of the '615 Patent, Google opted not to defend the majority of the challenged claims, and the PTAB held unpatentable all but four dependent claims. *Supra* 3. Google has not appealed the PTAB's decision. But the invalidated claims are materially indistinguishable from claims advanced in Google's proposed counterclaims.

In light of the pattern of failed litigation, Google is well aware that the claims it seeks to inject into this case are weak at best. The Court should therefore deny Google's motion rather than "forc[e]" Sonos "to defend" itself, *again*, against such "weak claim[s]." *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011) (denying leave to add infringement counterclaims).

### 3.    Google's amendment is sought in bad faith.

The Court should also reject Google's request to amend as gamesmanship. Google's purported good-faith bases for asserting these claims in this case are belied by the ongoing concurrent litigation involving the '615 Patent. The thrust of Google's argument is that "judicial efficiency strongly favors granting leave to add these counterclaims to this action rather than requiring Google to file a new action, go[] through a separate discovery process, and then forc[e] a jury to sit through a separate trial" because of the supposed "overlap" between a small portion of Sonos's asserted patents and the Google Setup Patents. Mot. 8.

But the only way to even entertain that it may be more judicially efficient to adjudicate the Google Setup Patent claims here is by ignoring the existence of the

1  Northern District of California litigation.  That case already involves a related patent,

2  is still in early stages, and is ripe for Google to add its claims.  And Sonos represents

3  here that if Google seeks to add these patents to that case, Sonos will not oppose the

4  amendment.  Accordingly, cramming the Google Setup Patents into this case only

5  undermines judicial efficiency.

6      Because Google's judicial efficiency position makes no sense, the obvious

7  alternative explanation is that Google's amendment is tactical—i.e., Google is acting

8  because it *wants* the confusion and disruption that the counterclaims will cause.

9  *Supra* 5-13.  For example, Google's efforts to add new patents and infringement

10 counterclaims on the eve of *Markman* proceedings is clearly an effort to disrupt this

11 case.  Google cannot credibly say that it just discovered this patent family or that its

12 delay was a result of taking time to gather the information it needed about Sonos's

13 products.  No, this delay was something Google did to leave Sonos with no time to

14 prepare for the upcoming *Markman*-related deadlines and to force Sonos to either

15 delay its own claims further or proceed without adequate preparation.  *See U.S. ex*

16 *rel. Technica LLC v. Carolina Cas. Ins. Co.*, No. 08-CV-01673, 2012 WL 1672580,

17 at *3 (S.D. Cal. May 14, 2012) ("The longer the delay in seeking leave to amend, the

18 greater the risk that leave will be denied because of prejudice to the opposing party

19 or other factors." (quoting William W. Schwarzer, et al., *Federal Civil Procedure*

20 *Before Trial* 8:1470 (The Rutter Group 2011))).

21     The fact that Google's motivation is improper is also evident from the fact that

22 Google's claims are materially identical to those that it has previously asserted, lost,

23 and conceded to be invalid.  *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881

24 (9th Cir. 1999) (explaining that bad faith justifies rejecting leave to amend when a

25 party seeks to add "new but baseless legal theories").

26     **B.    Google's Motion Is Procedurally Improper.**

27     The Central District of California Local Rule 7-3 requires, with limited

28 exceptions not applicable here, that "counsel contemplating the filing of any motion

- 14 -                    Case No. 2:20-cv-00169-JAK (DFMx)

must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L. R. 7-3. The Court's Standing Order also so requires, and provides that counsel must "discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference." Initial Standing Order for Civil Cases Assigned to Judge John A. Kronstadt, 9.c. The purpose of these obligations is to promote judicial efficiency, but because Google has not complied with the requirements, the Court must now hear and decide a motion that might have been avoided.

No required conference between counsel occurred. Google notified Sonos that it intended to file a motion to amend on April 25, 2025, and asked whether Sonos opposed. Dkt. 79-4, Ex. 7. On April 28, 2025, Google followed up to solicit Sonos's position. *Id.* That same day, Sonos replied, notifying Google that it opposed the motion but that it was available to discuss the issue further. *Id.* Google remained silent until it filed its Motion on May 5, 2025. The Court should either deny the motion as procedurally improper or consider Google's failure to fully meet and confer as part of its evaluation of whether Google seeks the amendment in good faith.

**V. CONCLUSION**

For the reasons set forth herein, Sonos respectfully requests that this Court deny Google's Motion for Leave to Amend.

1   Dated: May 12, 2025                Respectfully submitted,

2                                      ORRICK, HERRINGTON & SUTCLIFFE LLP
3                                      *and*
                                       LEE SULLIVAN SHEA & SMITH LLP
4

5                                      By:     */s/ Alyssa Caridis*
                                               ALYSSA CARIDIS
6

7                                      Clement S. Roberts (SBN 209203)
                                       croberts@orrick.com
8                                      ORRICK HERRINGTON & SUTCLIFFE LLP
                                       405 Howard Street
9                                      San Francisco, CA 94105
                                       Tel: 415-773-5700/Fax: 415-773-5759
10

11                                     Alyssa M. Caridis (SBN 260103)
                                       acaridis@orrick.com
12                                     ORRICK HERRINGTON & SUTCLIFFE LLP
                                       355 S. Grand Avenue, Suite 2700
13                                     Los Angeles, CA 90071
                                       Tel: 213-629-2020/Fax: 213-612-2499
14

15                                     George I. Lee (Admitted *Pro Hac Vice*)
                                       lee@ls3ip.com
16                                     Sean M. Sullivan (Admitted *Pro Hac Vice*)
                                       sullivan@ls3ip.com
17                                     Rory P. Shea (Admitted *Pro Hac Vice*)
                                       shea@ls3ip.com
18                                     J. Dan Smith (Admitted *Pro Hac Vice*)
                                       smith@ls3ip.com
19                                     Cole B. Richter
                                       richter@ls3ip.com
20                                     LEE SULLIVAN SHEA & SMITH LLP
                                       656 W. Randolph Street, Floor 5W
21                                     Chicago, IL 60661
                                       Tel: 312-754-0002/Fax: 312-754-0003
22

23                                     Attorneys for Plaintiff, Sonos, Inc.
24

25

26

27

28