QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GOOGLE LLC, <br><br> Defendant. | CASE NO. 2:20-cv-00169-JAK (DFMx) <br><br> **DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS** <br><br><br> Judge: Hon. John A. Kronstadt <br> Hearing Date: June 2, 2025 <br> Hearing Time: 8:30 a.m. <br> Courtroom: 10B <br><br> Complaint Filed: Jan. 7, 2020 <br> Trial Date: None Set |

01980-00160/15878040.1

Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

**TABLE OF CONTENTS**

Page

I. ARGUMENT .................................................................................................. 1

    A. Sonos's Allegations Of Undue Prejudice Are Speculative And/Or Legally Irrelevant ........................................................................... 1

    B. Google's Amendment Is Not Futile ......................................................... 8

    C. Google Did Not Bring Its Amendment In Bad Faith ............................. 9

    D. Google's Motion Is Not Procedurally Improper ..................................... 9

II. CONCLUSION ............................................................................................. 10

01980-00160/15878040.1

-i-

Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adams v. Easley*,
   2011 WL 5103087 (E.D. Cal. Oct. 25, 2011) .......................................................... 4

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) .................................................................................. 7

*Apple Inc. v. Samsung Electronics Co. Ltd. et al.*,
   Case No. 2012-cv-00630 (N.D. Cal.) ..................................................................... 5

*Cohen v. Suleminian*,
   No. 21-cv-08597, 2024 WL 5440827 (C.D. Cal. Dec. 17, 2024) ........................... 8

*Complete Genomics, Inc. v. Illumina, Inc.*,
   No. 1:19-cv-00970 (D. Del.) ................................................................................... 5

*CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*,
   896 F. Supp. 505 (D. Md. 1995) ............................................................................. 4

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ................................................................................ 2

*Freedom Gold USA LLC v. Bank of Am.*,
   2025 WL 1012300 (C.D. Cal. 2025) ...................................................................... 8

*Griggs v. Pace Am. Grp., Inc.*,
   170 F.3d 877 (9th Cir. 1999) .................................................................................. 9

*Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*,
   220 F.R.D. 614 (C.D. Cal. 2003) ............................................................................ 2

*Huawei Technologies Co. Ltd. v. Verizon Communications, Inc. et al.*,
   No. 2:20-cv-00030-JRG (E.D. Tex.) ....................................................................... 5

*John-Reif v. Gray*,
   2025 WL 986137 (E.D. Cal. Apr. 2, 2025) ............................................................. 7

*Kelly v. Fashion Nova, Inc.*,
   2023 WL 9019067 (C.D. Cal. Sept. 7, 2023) ......................................................... 3

*Liberty Hardware Mfg. Corp. v. Contractors Wardrobe, Inc.*,
   2023 WL 9379150 (C.D. Cal. Nov. 27, 2023) ....................................................... 3

*Magnesystems, Inc. v. Nikken, Inc.*,
   933 F. Supp. 944 (C.D. Cal. July 30, 1996) ........................................................ 3

*Medtronic Inc. v. Axonics Modulation Techs., Inc.*,
   2024 WL 3550482 (C.D. Cal. July 18, 2024) ....................................................... 3

*Metallgesellschaft AG v. Foster Wheeler Energy Corp.*,
   143 F.R.D. 553 (D. Del. 1992) ............................................................................ 4

*Metaswitch Networks Ltd v. GENBAND US LLC, et al.*,
   No. 2:14-cv-744 (E.D. Tex.) ............................................................................... 5

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990) ............................................................................ 7

*Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*,
   2021 WL 4776361 (C.D. Cal. Aug. 23, 2021) ................................................. 3, 5

*R Journey, LLC v. Kampgrounds of America, Inc.*,
   2023 WL 2373352 (D. Mont. Mar. 6, 2023) ....................................................... 3

*SAES Getters S.p.A. v. Aeronex, Inc.*,
   219 F. Supp. 2d 1081 (S.D. Cal. 2002) ............................................................... 4

*Sonos, Inc. v. Google LLC*,
   2023 WL 6542320 (N.D. Cal. Oct. 6, 2023) ....................................................... 7

*U.S. ex rel. Technica LLC v. Carolina Cas. Ins. Co.*,
   2012 WL 1672580 (S.D. Cal. May 14, 2012) ..................................................... 9

*Unispec Dev. Corp. v. Harwood K. Smith & Partners*,
   124 F.R.D. 211 (D. Ariz. 1988) .......................................................................... 7

*Via Transportation, Inc. v. RideCo, Inc.*,
   No. 6:21-cv-00457 (W.D. Tex.) .......................................................................... 5

*Wood v. Santa Barbara Chamber of Commerce, Inc.*,
   705 F.2d 1515 (9th Cir. 1983) ............................................................................ 7

*Xyratex Tech., Ltd. v. Teradyne, Inc.*
   2009 WL 10702551 (C.D. Cal. Apr. 10, 2009) ................................................... 3

*Ziptronix, Inc. v. Omnivision Techs., Inc.*,
    2012 WL 3155554 (N.D. Cal. Aug. 2, 2012) ......................................................... 3

Sonos's Opposition identifies no valid reason, under Rule 15 or otherwise, why Google's Motion for Leave to Amend its Answer and Counterclaims ("Motion") should be denied. While Sonos insists that it will be prejudiced by the "new issues" Google allegedly seeks to "inject" into the litigation, the fact of the matter is that the Google Setup Patents are *already at issue in the case*. Sonos does not, and cannot, dispute that the Google Setup Patents are asserted prior art to the Sonos Setup Patents and will necessarily be litigated in this case in connection with invalidity, (lack of) willfulness, and damages, or that the relevant products and accused technology completely overlap. At most, adding infringement counterclaims will require the parties to litigate additional, mirror-image claims relevant to *existing issues*; it will not require the parties to grapple with new subject matter.

Sonos's arguments regarding purported prejudice are speculative and/or legally irrelevant. This case was already complex when Sonos filed a complaint with five patents from four different families; Sonos chose to make it more complex when it twice amended to increase the number of patents to eight, and then to ten; there is no reason to believe (or showing from Sonos) that increasing the total number of patents from ten to twelve will surpass some "complexity threshold" of the Court or the jury. The Northern District of California action has been stayed – indefinitely – and, based on Sonos's own admission, may never proceed as to the '615 patent (whose claims are, in any event, materially different from those of the Google Setup Patents). No trial date has been set, and a potential two or three month delay is minor compared to the four year delay caused by Sonos's tactical decision to prioritize the ITC forum.

Sonos's remaining arguments – as to alleged futility, bad faith, delay, and procedure – are equally meritless. The Court should grant Google's Motion.

I.   **ARGUMENT**

   A.   **Sonos's Allegations Of Undue Prejudice Are Speculative And/Or Legally Irrelevant**

Sonos argues that Google's proposed amendment will cause undue prejudice

01980-00160/15878040.1

-1-

Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

that "alone warrants denial of Google's Motion." Opp. at 6. Specifically, Sonos alleges that Google's amendment will result in (i) undue complexity and the attendant risks of inconsistent judgments and jury confusion, (ii) interference with Sonos's case, (iii) avoidable waste of judicial and party resources, and (iv) disruption to the case's schedule. *Id.* at 5-6.[1] Sonos cites no caselaw indicating how it came up with these "factors" for determining undue prejudice, which noticeably deviate from the high bar of "undue prejudice" adopted by the Ninth Circuit. *See* Mot. at 9 ("'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003) (citation omitted). Sonos has not, and cannot, meet its burden of showing ***undue*** prejudice from Google's proposed amendment, which is made at the outset of discovery and before any trial date has been set. *Eminence*, 316 F.3d at 1052 ("party opposing amendment 'bears the burden of showing prejudice.'" (citation omitted)).

***No Undue Complication.*** Sonos asserts that adding the Google Setup Patent counterclaims would "inject a myriad of new issues into this case and create both a substantial likelihood of jury confusion and a significant risk of conflicting judgments" into an otherwise "straightforward dispute between a patentee and an alleged infringer." Opp. at 6. This argument is flawed on several levels.

First, Sonos does not dispute that Google's Setup Patents overlap significantly with Sonos's Setup Patents, and are in fact already front and center in this case with

---

[1] Sonos cites to *Eminence Capital, LLC v. Aspeon, Inc.*, for the proposition that these factors establish prejudice that "alone warrants denial of Google's Motion." *See* Opp. at 6. *Eminence* makes no reference to these factors and, indeed, found the ***absence*** of prejudice entitled the moving party to "a presumption under Rule 15(a) in favor of granting leave to amend." 316 F.3d 1048, 1052 (9th Cir. 2003).

respect to issues such as invalidity, lack of willfulness, and damages. *See* Mot. 7-9. Sonos also does not dispute that it would be asserting its own Setup Patents as prior art to the Google Setup Patents. *Id*. Sonos further does not dispute that adding the counterclaims would not materially affect the scope of fact discovery. *Id.* Accordingly, Sonos's suggestion that allowing these patent infringement counterclaims would prejudice Sonos by introducing "a myriad of new issues" into the case is simply incorrect. To the contrary, given the overlap with existing claims and issues, and the very preliminary stage of the litigation, these are the very circumstances in which courts have found a ***lack*** of prejudice and ***granted*** leave to amend. *See, e.g.*, *Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, 2021 WL 4776361, at *4 (C.D. Cal. Aug. 23, 2021); *Medtronic Inc. v. Axonics Modulation Techs., Inc.*, 2024 WL 3550482, at *2 (C.D. Cal. July 18, 2024); *Kelly v. Fashion Nova, Inc.*, 2023 WL 9019067, at *6 (C.D. Cal. Sept. 7, 2023); *see also, e.g.*, *Ziptronix, Inc. v. Omnivision Techs., Inc.*, 2012 WL 3155554, at *5 (N.D. Cal. Aug. 2, 2012).

Second, by Sonos's own admission, "[e]ven without Google's proposed amendment, this is a complex case. Sonos has sued Google on ten patents." Opp. at 7. In other words, because Sonos elected to increase the number of patents in the case from five (in January 2020) to eight (in October 2024) to ten (in November 2020), this case is already "complex" – and Sonos's contention that adding two more patents on overlapping technology would suddenly make the case "undu[ly] complicat[ed]" is unsupported and entirely speculative. *Id.* at 6. Moreover, the cases cited by Sonos are either inapposite[2] or ***support*** granting leave to amend. For example, in *R Journey,*

---

[2]  *See Liberty Hardware Mfg. Corp. v. Contractors Wardrobe, Inc.*, 2023 WL 9379150, at *3-4 (C.D. Cal. Nov. 27, 2023) (declining to dismiss compulsory counterclaims); *Xyratex Tech., Ltd. v. Teradyne, Inc.* 2009 WL 10702551, at *4 (C.D. Cal. Apr. 10, 2009) (denying motion to amend where "the Court's review of the three [counterclaim] patents reveals that the patents involve distinct subject matter and there is no overlap between the claims of the [plaintiff's] patent and those of the [counterclaim] patents."); *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 952

01980-00160/15878040.1

-3-    Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

*LLC v. Kampgrounds of America, Inc.*, the Court **declined** to dismiss a permissive counterclaim which was related to and "exist[ed] within the broad scope" of the existing claims, finding that the counterclaim **would not** "confuse the litigation" but instead "would serve judicial economy to resolve [the counterclaim] rather than force Defendant to file a separate suit." 2023 WL 2373352, at *13 (D. Mont. Mar. 6, 2023). Sonos's assertion that granting leave to amend would "guarantee[] jury confusion" is similarly based on conjecture and illogical surmises. *See* Opp. at 7-8 (speculating that "the jury may (incorrectly) conclude that Google cannot have infringed Sonos's patents if it concludes Sonos did not infringe Google's. Or it may invite a similar fallacy that if Google infringed Sonos's patents, Sonos must have done the same with respect to Google's patents."). Under Sonos's reasoning, no court could ever allow parties to assert dueling patent infringement claims in the same case, when in fact such cases routinely go forward. *See*, *e.g.*, *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1092 (S.D. Cal. 2002) (granting leave to add patent infringement counterclaims to patent infringement case, because ensuring "that both 'dueling' patents can be adjudicated together is precisely the sort of wise judicial

---

(C.D. Cal. July 30, 1996) (denying motion for leave to file amended answer filed **after** summary judgment (and affirmance on appeal), because doing so "would inject a completely new case into the body of an old matter that is winding down"); *Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 555-57 (D. Del. 1992) (granting motion to dismiss, and denying motion to consolidate counterclaims under Rules 12, 13, 19, and 20; and not addressing Rule 15 at all); *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 507 (D. Md. 1995) (granting motion to sever counterclaim under Rule 21 where "[t]wo of the three individual joint owners of the '485 patent are not parties to the current litigation and four parties in the current litigation have no interest in the [counterclaim] at all" such that permitting the counterclaim "would mean that each Plaintiff uninvolved in the Counterclaim would bear the burden of extended and costly discovery, pretrial procedures and motions practice while they waited for adjudication of their own claims."); *Adams v. Easley*, 2011 WL 5103087, at *4 (E.D. Cal. Oct. 25, 2011) (denying second motion to amend where plaintiff was "already litigating the **exact same claims** in a different suit") (emphasis added).

administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," and further holding that a case involving patent infringement claims and counterclaims is not "any more confusing to a jury than the innumerable patent cases filed dealing with technology far more complex.") (internal quotations and citation omitted); *Pavemetrics*, 2021 WL 4776361, at *4.[3]  Any potential risk of juror confusion can be avoided through alternative means, such as jury instructions.

Third, Sonos's argument that Google's Setup Patents should be added to the pending Northern District of California action, whereas allowing the amendment here "creates additional work and complexity for the courts" and "poses an entirely avoidable risk of inconsistent decisions" (Opp. at 9), is both factually and legally erroneous.  As an initial matter, the Google Setup Patents are materially distinct from the '615 patent asserted in the Northern District of California action, as each requires elements not claimed in that patent or found in the prior art (but which **are** present in Sonos's infringing products – *see* Ex. 5).  Indeed, were that not the case, the PTO would have declined to issue the Google Setup Patents in the first place due to the prohibition on double patenting.  For example, the '608 Google Setup Patent requires (*inter alia*) that the device being setup on the WLAN is a "streaming media device" and that the process include "a visual indication that indicates the commissioning process is complete" – none of which is claimed in the '615 patent. Ex. 4 at Claim 1.[4]  The '790 Google Setup Patent requires (*inter alia*) two wireless radios be used as

---

[3]  *See also Via Transportation, Inc. v. RideCo*, Inc., No. 6:21-cv-00457 (W.D. Tex.); *Huawei Technologies Co. Ltd. v. Verizon Communications, Inc. et al.*, No. 2:20-cv-00030-JRG (E.D. Tex.); *Complete Genomics, Inc. v. Illumina, Inc.*, No. 1:19-cv-00970 (D. Del.); *Apple Inc. v. Samsung Electronics Co. Ltd. et al.*, Case No. 2012-cv-00630 (N.D. Cal.); *Metaswitch Networks Ltd. v. GENBAND US LLC, et al.*, No. 2:14-cv-744 (E.D. Tex.).

[4]  Moreover, each of these limitations were identified by the Examiner as missing in the prior art during examination, including over the prior art used by Sonos in the '615 patent IPR to invalidate claim 1 of the '615 patent.

part of the setup process, whereas the '615 patent only requires a single wireless radio. While Sonos argues that the claims of the Google Setup Patents are "materially indistinguishable" from claims of the '615 patent that have been invalidated by PTAB (Opp. at 13), it provides no support for that assertion. There is none.

More broadly, however, Sonos ignores that the Northern District of California action is currently stayed, and – despite its protestations that its infringement of the Google Setup Patents should be litigated in that action – Sonos has not agreed to lift that stay. This alone renders Sonos's cited cases inapposite. Moreover, if Sonos's pending appeal of the IPR is successful, then the Northern District of California action will never proceed with respect to the '615 patent at all. Either way, Sonos's concerns regarding the "risk of inconsistent decisions" (Opp. at 9-10) is entirely speculative, and there is no per se rule requiring all patents in the same family – no matter how distinct, such as the '615 patent from the Google Setup Patents – to be consolidated in the same patent infringement action (nor does Sonos cite any such authority). And as set forth above (and not disputed by Sonos), the unique circumstances in this case, where the Sonos Setup Patents overlap with, and are in fact invalidated by, the Google Setup Patents, makes it one where judicial economy strongly favors granting leave to add these patents as counterclaims.

***No Disruption to Sonos's Case.*** Sonos argues that "Google is bringing these patents here (rather than with its related patent in the Northern District of California)" as a "strategic[]" attempt to "disrupt Sonos's case." Opp. at 10. Not so. Google seeks to bring its claims concerning the Google Setup Patents in this action because the substantial overlap in patents, technology, prior art, and relevant products is conducive to the preservation of finite resources. *Cf.* Opp. at 10 ("Google knows that the number of resources available to adjudicate any given case are finite."). Nor, as explained above, is there any undue disruption to Sonos from adding two patents to a ten-patent case, especially given that Sonos already chose to disrupt its own case twice with the inclusion of five additional patents. Finally, Sonos's suggestion that Google

01980-00160/15878040.1

-6-

Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

is the party trying to "abuse the system" (Opp. at 10) is baseless and in fact contradicted by the district court's findings in *Sonos, Inc. v. Google LLC*, which expressly found that **Sonos**'s "clear abuse of the PTO's patent examination system" rendered its patents unenforceable. *See* 2023 WL 6542320, at *26 & 30 (N.D. Cal. Oct. 6, 2023) ("It is wrong that our patent system was used in this way. With its constitutional underpinnings, this system is intended to promote and protect innovation. Here, by contrast, it was used to punish an innovator [Google] and to enrich a pretender [Sonos] by delay and sleight of hand. It has taken a full trial to learn this sad fact, but, at long last, a measure of justice is done.") (internal quotation and citation omitted).[5]

*No Avoidable Waste.* As explained above, adding Google's counterclaims would prevent waste of party and judicial resources. And Sonos does not identify any actual resources that would be preserved, rather than merely shifted, if the Google Setup Patent infringement claims were litigated elsewhere. None of the cases cited by Sonos are patent cases, and all are legally and factually distinguishable. *See John-Reif v. Gray*, 2025 WL 986137, at *3 (E.D. Cal. Apr. 2, 2025) (denying *pro se* plaintiff's motion for leave to proceed in forma pauperis); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denying motion for leave to amend complaint to add RICO claims filed "[a]fter the dismissal of [plaintiff's] original compliant, and nearly two years after its filing" based on, inter alia, "inordinate delay" and "potential futility"); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (denying motion for leave to amend complaint

---

[5] Sonos's cases are inapposite. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir. 1983) (addressing bad faith, not prejudice, based on plaintiff's "repetitious motions to amend" and attempt to "import[ ] into [the] case [new] claims and defendants that were already present" in another pending litigation); *Unispec Dev. Corp. v. Harwood K. Smith & Partners*, 124 F.R.D. 211, 217 (D. Ariz. 1988) (denying leave to add unrelated negligence counterclaim at late stage to a case concerning recovery of architectural project expenses).

seeking to advance "different legal theories" that contradicted positions taken in prior pleadings); *Cohen v. Suleminian*, 2024 WL 5440827, at *5 (C.D. Cal. Dec. 17, 2024) (granting leave to amend complaint and counterclaims, but staying case pending resolution of state court rescission action because its outcome was "critical" to defendant's breach of contract counterclaim).

***Minimal Disruption to Case Schedule.*** Sonos argues that adding the Google Setup Patent counterclaims would "disrupt the pretrial schedule" and "force Sonos to either delay its own claims further or proceed without adequate preparation" (Opp. at 11, 14), but fails to explain how a two or three month modification of *Markman* and related deadlines would impose undue prejudice – particularly where, as here, there is no trial date set, and Sonos itself served "corrected" infringement contentions on April 30, 2025 (less than a week before Google served its own infringement contentions). *See* Mot. at 4-6. Further, while Sonos argues Google should have "raised its counterclaims earlier" because the Google Setup Patents issued in 2016 and October 2024 (Opp. at 12), Sonos itself sought to add to the case in October 2024 two patents that issued years before the January 2020 filing of the original complaint (and which the Court permitted them to do). *See* Mot. at 14.

### B. <u>Google's Amendment Is Not Futile</u>

Google's proposed patent infringement counterclaims would not be futile. As Sonos acknowledges, a proposed amendment is futile where "***no set of facts*** can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Opp. at 12 (citing *Freedom Gold USA LLC v. Bank of Am., N.A.*, 2025 WL 1012300, at *1 (C.D. Cal. Jan. 24, 2025)) (emphasis added). That is obviously not the case here, nor has Sonos credibly argued that it is. As explained above, the Google Setup Patents include specific limitations that are not found in either the '615 patent or the prior art, and which will doom any attempt by

Sonos to avoid liability for its infringement based on an invalidity defense.

### C. Google Did Not Bring Its Amendment In Bad Faith

As explained in Google's Motion and above, Google seeks leave to amend in order to address Sonos's ongoing infringement of the Google Setup Patents and to promote judicial efficiency. Mot. at 7-9. Accordingly, the entire premise of Sonos's argument regarding purported bad faith is flawed. Further, even if it were accurate (which it is not), the "gamesmanship" alleged by Sonos (Opp. at 13) would not constitute "bad faith" as relevant to the Rule 15 analysis, nor does Sonos offer any cases suggesting it could.[6]

### D. Google's Motion Is Not Procedurally Improper

Sonos's final argument, that Google did not comply with the Central District of California Local Rule 7-3, also fails. Google complied with all procedural requirements in advance of filing its Motion for Leave to Amend, including L.R 7-3.

As stated by Google's counsel in his declaration accompanying the Motion:

> On April 25, 2025 and April 28, 2025, counsel for Google and Sonos met and conferred pursuant to Local Rule 7-3 before the filing of Google's Motion for Leave to Amend its Answer and Counterclaims. I emailed counsel for Sonos a clean and redlined copy of Google's proposed Amended Answer and Counterclaims on April 25, 2025, and also called and left a voicemail. On April 28, 2025, I emailed again and Sonos's counsel confirmed that it opposes this Motion.

Dkt. 79-3 [Judah Declaration] ¶ 9. The declaration also attached, as an exhibit, the relevant correspondence (which Sonos characterizes in its Opposition, but fails to quote). *Id.*, Ex. 7. Specifically, on April 25, 2025, in addition to sending the clean

---

[6] The cases cited by Sonos address either prejudice (not bad faith), *U.S. ex rel. Technica LLC v. Carolina Cas. Ins. Co.*, 2012 WL 1672580, at *3 (S.D. Cal. May 14, 2012), or did not result in a finding of bad faith because, like Google, the moving party **did not** advance "baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (reversing court's decision denying leave to amend).

and redlined copy of Google's proposed Amended Answer and Counterclaims, counsel for Google wrote, "Please let us know if Sonos will consent to the amendment; otherwise Google will be moving for leave to amend. We are available this afternoon or Monday to telephonically meet and confer." *Id.* Later that same day, after not hearing from Sonos, counsel for Google also called Sonos counsel (Cole Richter) to discuss the motion and Sonos's position, and left a voicemail message when counsel did not answer. Counsel for Google then emailed again on Monday morning, stating: "Following up on my meet and confer email below and my voicemail to Cole, we are available this afternoon if Sonos would like to telephonically discuss Google's proposed amended answer and counterclaims. Otherwise we understand that Sonos will not consent to the amendment and that Google will need to file an opposed motion for leave." *Id.* In response, counsel for Sonos (Clement Roberts) wrote, "Thank you for your patience while we discussed the matter internally. ***Sonos does not consent to the amendment***. If you think it would be useful to discuss the issue I am available at [number]." *Id.* (emphasis added). Because Sonos confirmed unequivocally that it opposed the motion, and did not identify any disputes that could be narrowed or avoided through further discussion, counsel for Google determined that it would not be "useful" to discuss the issue further. Instead, with the impasse confirmed, Google proceeded to file its motion seven days later pursuant to L.R. 7-3.

Sonos's Opposition confirms that the meet and confer process was properly completed here. Despite its "gotcha" argument regarding purported procedural deficiencies, Sonos fails to identify a single issue which the parties could have agreed upon or narrowed through further meeting and conferring. There are none.

## II. CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant its Motion for Leave to file an Amended Answer and Counterclaims.

01980-00160/15878040.1

-10-   Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

DATED: May 19, 2025

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ James D. Judah*
Sean S. Pak (SBN 219032)
Melissa J. Baily (SBN 237649)
James D. Judah (SBN 257112)
Ognjen Zivojnovic (SBN 307801)
seanpak@quinnemanuel.com
melissabaily@quinnemanuel.com
jamesjudah@quinnemanuel.com
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang
lanceyang@quinnemanuel.com
865 S Figueroa St, 10th Floor
Los Angeles, CA 90017
Tel.: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendant Google LLC*

01980-00160/15878040.1

-11-   Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS

# CERTIFICATE OF SERVICE

I, James D. Judah, certify that pursuant to Local Rule 5-3, counsel of record who have consented to electronic service are being served on May 19, 2025 with copies of the attached document(s) via the Court's CM/ECF system, which will send notification of such filing to counsel of record.

DATED: May 19, 2025                     Respectfully submitted,

                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP


                                        By  /s/ James D. Judah