Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700 / Fax: 415-773-5759

Alyssa M. Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Tel: 213-629-2020 / Fax: 213-612-2499

George I. Lee (Admitted *Pro Hac Vice*)
lee@ls3ip.com
Sean M. Sullivan (Admitted *Pro Hac Vice*)
sullivan@ls3ip.com
Rory P. Shea (Admitted *Pro Hac Vice*)
shea@ls3ip.com
J. Dan Smith (Admitted *Pro Hac Vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph Street, Floor 5W
Chicago, IL 60661
Tel: 312-754-0002 / Fax: 312-754-0003
Attorneys for Plaintiff, Sonos, Inc.

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111

Lance Yang (SBN 260705)
lanceyang@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

Attorneys for Defendant,
GOOGLE LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 2:20-cv-00169-JAK (DFMx) <br><br> **JOINT STATUS REPORT** |

1  Plaintiff Sonos, Inc. and Defendant Google LLC submit this Joint Status
2 Report pursuant to the Court's instruction at the June 2, 2025 hearing on Google's
3 Motion to For Leave to Amend Answer and Counterclaims (Dkt. 79) ("Google's
4 Motion"). At the hearing, on Google's Motion, the Court ordered the parties to submit
5 a joint report addressing "the most efficient way to proceed … assuming … leave to
6 amend the counterclaims … were granted," including (a) "what's the most efficient
7 way to handle what could be other Markman issues and if there are or are not
8 overlapping with those would be considered" and (b) "how the scheduling of the
9 Markman process … with respect to the counterclaims if they are added … might
10 facilitate further discussions with the neutral [mediator]." 2026-06-02 Hr. Tr. at
11 22:13 – 24:25. Below, the parties set forth their positions on each of these topics.

**Sonos' Position**

Google seeks to add counterclaims for infringement of U.S Patent Nos. 12,132,608 and 9,485,790 ("New Google Setup Patents"). *Id.* Google argues that adding these counterclaims would create judicial efficiencies because, in part, two of the patents already asserted in this case by Sonos relate to similar subject matter: setting up a new device on a network. *See id.* Those Sonos patents are U.S. Patent Nos. 10,439,896 and 10,541,883 ("Asserted Sonos Setup Patents").[1] Sonos opposes Google's Motion because, in part, Google has already asserted one of its setup patents (U.S. Patent No. 11,050,615 ("'615 Patent'")) in a parallel proceeding in the Northern District of California. *See* Dkt. 80. The '615 Patent is in the same patent family as the New Google Setup Patents.

The claim construction issues related to the Asserted Sonos Setup Patents have no bearing on any claim construction issues that may arise related to the New Google Setup Patents. This is not speculation. The parties have already exchanged proposed terms and constructions, and engaged in multiple meet-and-confers (both telephonically and via e-mail) regarding the Asserted Sonos Setup Patents and the Remaining Sonos Patents. At this point, there are at most 4 claim terms in the Asserted Sonos Setup Patents that Google is seeking to construe.[2] None of those terms have any relation to terms in the New Google Setup Patents, which use different claim language and have entirely different intrinsic evidence.

The following table shows the pending claim construction disputes for the Asserted Sonos Setup Patents. Contrary to Google's arguments, there are no common terms or general concepts between these terms and the claims of the New Google Setup Patents. And contrary to Google's representations at the hearing (June 2, 20225 Hr'g Tr. at 11:4-8), the disputed terms have nothing to do with an access

---

[1] Sonos asserts 8 other patents in this suit ("Remaining Sonos Patents").

[2] The parties continue to meet and confer in an attempt to narrow disputes. Sonos recently made compromise proposals to Google that would reduce this number to 2.

point. For the only term that even includes that phrase, Google is merely arguing for a sequence of steps—nothing to do with the scope or meaning of "access point."

| Term for Construction | Parties' Current Claim Construction |
|---|---|
| "an application for controlling [one or more / the] playback devices" | Sonos: No construction necessary<br><br>Google: Plain and ordinary meaning, Sonos is incorrectly limiting this term to "an application for controlling operation of [one or more / the] playback devices after setup" |
| "while operating on a secure wireless local area network (WLAN) that is defined by an access point, (a) receiving, via a graphical user interface (GUI) associated with an application for controlling one or more playback devices, user input indicating that a user wishes to set up a playback device to operate on the secure WLAN and (b) receiving a first message indicating that a given playback device is available for setup;<br><br>after receiving the user input and receiving the first message, transmitting a response to the first message that facilitates establishing an initial communication path with the given playback device, wherein the initial communication path with the given playback device does not traverse the access point" | Sonos: No construction necessary<br><br>Google: Plain and ordinary meaning, which includes a sequence of steps |
| "initial communication path" | Sonos: No construction necessary<br><br>Google: "wired or wireless communication path before transitioning to communicating via the secure WLAN" |

| Term for Construction | Parties' Current Claim Construction |
|---|---|
| "user input indicating that a user wishes to set up a playback device to operate on the secure WLAN" | Sonos: No construction necessary<br><br>Google: "an objectively verifiable indication that a user wishes to set up a playback device to operate on the same secure WLAN used by the computing device" (otherwise, indefinite) |

In addition, the Asserted Sonos Setup Patents claim priority to 2004. Google's New Setup Patents, on the other hand, claim priority to 2012. So even if there were similar claims to construe during Markman (there are not), the Court would be tasked with determining the meaning of such terms from the perspective of ones of ordinary skill nearly a decade apart. This confirms that there are no overlapping issues, and no efficiencies to be gained by delaying claim construction to account for the New Google Setup Patents. Indeed, given the differing intrinsic evidence and priority date (and therefore extrinsic evidence), conducting an "overlapping" analysis of these patents could invite legal error.

Google's position below attempts to start to litigate the merits of claim construction (and future) disputes. The Court explicitly cautioned against the parties attempting to do so here. Sonos obviously disagrees with Google's characterizations. Suffice to say, Google's claim-construction arguments grasp at straws and are a transparent attempt to manufacture disputes to serve Google's purpose of delay and confusion. And Google's dispositive motion arguments have no bearing on the *claim construction schedule* question that the Court asked.

As the record reflects, Sonos opposes Google's motion to add the New Google Setup Patents in this case. Any claims relating to those patents should be heard in the Northern District of California, where Google chose to assert the related '615 Patent. That being said, if the Court were to grant Google's Motion, Sonos would be

inclined to file a motion to sever and transfer those claims to the Northern District (depending, of course, on the substance of the Court's opinion).[3]

In the meantime, claim construction for the already-asserted Sonos patents should continue as planned. The parties have already reached consensus on 14 terms and narrowed the number of disputes across all ten asserted patents to 11. There is simply no reason to delay the resolution of those disputes any more than necessary. Accordingly, Sonos would request that the Court set[4] an August 25, 2025 Markman hearing for both the Sonos Setup Patents and the Remaining Sonos Patents.[5]

If, after any severance/transfer motion, the New Google Setup Patents were to remain in this case, the Court should set a separate schedule specific to those patents. Sonos would need to prepare and serve invalidity contentions, and the parties would then engage in the claim construction process, as outlined in the SPRs. Given the time frame that Google was previously afforded for its invalidity contentions, the deadlines suggested in the SPRs, and already-known scheduling conflicts, Sonos believes the parties can be prepared for a Markman hearing on November 10, 2025. Thus, Sonos requests that the Court set a tentative[6] Markman hearing, specifically for the New Google Setup Patents, on or after November 10, 2025. The parties can then work backwards to propose a full joint schedule based on the tentative hearing date.

---

[3] Google takes issue with Sonos not taking a position on whether it will file such a motion. But it would be premature for Sonos to decide on a course of action before seeing any Court order or accompanying discussion.

[4] Sonos would have been prepared to proceed on July 28, 2025, as originally planned, but understands that the Court has a scheduling conflict and that August 25 is the first available date thereafter.

[5] Once the Court sets a new Markman hearing date, the parties can jointly work to propose a schedule for final contentions, expert discovery, and motions.

[6] The hearing is described as "tentative" because it would not be necessary if the Court severed and transferred the New Google Setup Patents.

1    Google suggests that this Court should set a single Markman hearing for
2    August 25. Doing so would prejudice Sonos by condensing the service of invalidity
3    contentions and claim construction exchange. Indeed, Sonos served its Second
4    Amended Complaint on November 26, 2024 and infringement contentions on
5    February 10, 2025. Google then had until April 24, 2025 to serve its invalidity
6    contentions – five months from seeing the operative pleading and over 10 weeks from
7    receiving infringement contentions. Google's proposal, on the other hand, would
8    have Sonos serve invalidity contentions a mere 4 weeks after the hearing on Google's
9    Motion. There is simply no need to prejudice Sonos on account of Google's decision
10   to attempt to bring these late claims.

11   If the Court concludes that the New Google Setup Patents should be construed
12   at the same time as the Asserted Sonos Setup Patents, the Court should not delay
13   resolution of Markman issues on the Remaining Sonos Patents. There can be no real
14   argument that the New Google Setup Patents have common claim construction issues
15   to the Remaining Sonos Patents. Google did not argue otherwise in its Motion.[7]
16   Sonos should not be forced to put the prosecution of the rest of its claims on hold as
17   a result of Google's tactical decision to add counterclaims on the eve of claim
18   construction. Indeed, allowing Google to delay the progress of Sonos's case would
19   be rewarding Google for its (improper) tactical decision and would prejudice Sonos
20   in one of the exact ways Sonos predicted in its opposition to Google's Motion.

21   Moving forward with claim construction on as many Sonos patents as possible
22   now would also help facilitate settlement proceedings. The ITC already found that
23   Google infringed 5 of the asserted Sonos patents and that those patents were valid.
24   The Federal Circuit affirmed. Some of Google's present claim construction positions
25   are an attempt to avoid those prior decisions. A claim construction decision in this
26   case is the next logical inflection point that would have any meaningful impact on

---

[7] While Google argues that judicial efficiency would be saved by consolidating to a single Markman, it does not explain *how*.

the parties' relative settlement positions. Lastly, Google's suggestion that "the Google Setup Patents that Google seeks to assert in this case remain a major unknown" and could impact settlement proceedings is disingenuous at best. The New Google Setup Patents are substantively very similar to the '615 Patent Google asserted in the Northern District of California, which the PTAB and ITC found to be invalid. In other words, the parties already know that the New Google Setup Patents are weak.

**Google's Position**

Google proposes a single *Markman* hearing (compared to Sonos' request for two separate *Markman* hearings) on August 25, 2025 to address all outstanding claim construction issues for both Sonos' patents and the Google Setup Patents. In light of the Court's schedule, the current July 28, 2025 *Markman* date is no longer workable, and moving the hearing to the next available date (August 25, 2025) gives the parties ample time to exchange disclosures and complete briefing across all patents and for the Court to decide all claim construction issues in a single *Markman* hearing. Moreover, doing so will further prepare the parties for their omnibus mediation on all pending cases scheduled for August 28, 2025. Thus, the Court can consolidate all patents into a single schedule, streamline litigation, and facilitate a global settlement, all without any delay relative to what the schedule would be if this case proceeds on just Sonos' patents. Of course, if Sonos indeed needs more time to analyze the Google Setup Patents, as it contends above, then Google is amenable to proceeding with a single *Markman* hearing on Sonos' preferred schedule (in October or November 2025). But having two *Markman* hearings, as Sonos requests,[8] is inefficient and increases the Court's work without any benefit to the Court or the parties.

*First*, Google's proposal of a single round of claim construction disclosures and briefing and a single *Markman* hearing is necessarily more efficient than Sonos' proposal of two separate, non-overlapping rounds of claim construction disclosures and briefing and two separate *Markman* hearings. As Sonos acknowledges in its Position, even today the parties continue to confer on the disputed terms, and there is no practical impediment to the parties addressing all claim construction disputes in a

---

[8] Sonos in its position states that it "would be inclined to file a motion to sever and transfer those claims to the Northern District." No such motion is currently before the Court, and considering it at this stage puts the cart before the horse. Indeed, even Sonos avoids taking a definitive position on this issue, stating that whether it will file such a motion "depend[s], of course, on the substance of the Court's opinion" on Google's motion. Accordingly, Sonos' arguments based on a hypothetical future motion that it may or may not file are irrelevant.

single round of briefing and at a single *Markman* hearing. Moreover, as a practical matter, the necessity of complying with the Court's standing order on term, page, and hearing time limits across all patents (both Sonos' patents and the Google Setup Patent) will further encourage the parties to streamline the issues. And even if the total number of disputed terms and briefing pages remains the same (which seems unlikely), there is no denying the judicial efficiency that results from holding just a single *Markman* hearing (as Google proposes) instead of two (as Sonos proposes).

  ***Second***, there are multiple terms of the Google Setup Patents that overlap with the Sonos Setup Patents and thus warrant briefing and deciding according to a consolidated schedule. For example, the term "establishing a short-range signal transmission path" in the Google Setup Patents should be construed consistent with the term "establishing an initial communication path" in the Sonos Setup Patents, including to ensure the definitions are consistent where the terms overlap ("establishing" and "path") and account for where they differ ("short-range signal" in the Google Setup Patents). As another example, the term "independently of the [WLAN / communication network]" in the Google Setup Patents should be construed to require "without traversing an access point defining the [WLAN / communication network]," which will require understanding the nature of Wi-Fi networks that will also be foundational to resolving the parties' written description, priority date, and prosecution latches arguments on the "secure [WLAN] that is defined by an access point" term in the Sonos Setup Patents. Consolidating claim construction will allow the Court to streamline deciding these and other overlapping issues.

  In its Position, Sonos argues that the claim construction issues this Court will need to resolve "have nothing to do with an access point" and that claim construction needs to be analyzed separately because the "Sonos Setup Patents claim priority to 2004." These arguments have no merit. Construing at least the terms of the Google Setup Patents will directly implicate the "access point" term, and the same will likely be true for the parties' briefing on the "initial communication path" term in the Sonos

Setup Patents. Moreover, whether the Sonos Setup Patents are entitled to a 2004 priority date (1) is disputed; and (2) irrelevant, since the relevant Wi-Fi technology (specifically, the existence of two Wi-Fi modes, with and without an access point) has remained unchanged in relevant part since 2004. Even more importantly, looking past just the current claim construction phase, Sonos ignores that this "access point" dispute will permeate the rest of litigation on Sonos and Google's "dueling" setup patents. A core question in summary judgment briefing or at trial will be whether Sonos' original 2005 specification discloses adding a playback device to "a secure [WLAN] that is defined by an access point," or whether Sonos first added this concept to its claims in 2019 when it filed the applications for the Sonos Setup Patents (after observing Google's patents and products). This basic question – did Sonos or Google first disclose this concept? – is critical because, if Google prevails, then the Sonos Setup Patents are invalid, and Sonos may be liable for infringing the Google Setup Patents. And this question does not end with claim construction, as Sonos' Position incorrectly implies, but will likely be hotly contested every step of the way.

*Third*, consolidating Google's counterclaims with Sonos' claims will force the parties to flesh out their positions across all patents ahead of their global August 28, 2025 settlement conference with Magistrate Judge McCormick.[9] As things stand, the parties are generally knowledgeable on each other's positions as they pertain to the Google patents at issue in the NDCA case and the Sonos patents asserted here, but the Google Setup Patents that Google seeks to assert in this case remain a major unknown.[10] Including them now in a consolidated schedule will require Sonos to

---

[9] As addressed below, Google believes all claim construction issues can be resolved at a single, August 25, 2025 *Markman* hearing. To the extent Sonos prefers to push that hearing to October or November 2025, Google does not object. In that instance, the parties can discuss whether it makes sense to re-schedule the mediation, too.

[10] Sonos' contention that the Google Setup Patents are allegedly "weak" is precisely why consolidating the cases will make settlement more likely. Google's position is that the Google Setup Patents are strong because they include limitations absent from the previously-litigated '615 patent and because the patent office found the '608 patent claims allowable even after considering all of Sonos' prior art against the '615

serve invalidity contentions and the parties to brief claim construction on those patents ahead of the August 28, 2025 mediation. The parties can also factor any guidance from the Court at the August 25, 2025 *Markman* hearing into their analysis. The additional information will allow the parties to better objectively assess the strengths and weaknesses of their cases, which in turn is key to any successful mediation.

***Finally***, below is Google's proposal for addressing all patents in a single, consolidated schedule. Specifically, Google proposes that the Court schedule a single *Markman* hearing on both Sonos' patents and Google's setup patents for August 25, 2025, which is the earliest the Court could hold a *Markman* for this case. Google's schedule proposes that Sonos serve its invalidity contentions for the Google Setup Patents on July 1, 2025,[11] the parties identify terms for construction that same day, and the parties then exchange proposed constructions a week later. From there, all dates are consolidated. Thus, all subsequent dates in Google's proposal are the same as if the August 25, 2025 *Markman* were just on Sonos' patents. In other words, Google's proposal adds zero delay attributable to addressing Google's setup patents on the same schedule, while reaping all the benefits of consolidation.

To the extent Sonos needs more time, as it contends above, Google does not object to accommodating Sonos' request and scheduling a single *Markman* hearing for October or November 2025. Even under this schedule, pushing the *Markman* date

---

patent. The only way the parties can begin to see eye-to-eye is to start litigating the Google Setup Patents and for Sonos to serve its invalidity contentions and claim construction positions for the same. The fastest way to accomplish that is by adding the Google Setup Patents to this case.

[11] This is 8 weeks after Google served its infringement contentions for the Google Setup Patents (Dkt. 79-4, Exhibit 5). To the extent Sonos has done no work on invalidity for the Google Setup Patents since then, that is a blunder of its own making. But even if the relevant timeframe is the 4 weeks since the June 2, 2025 hearing, as Sonos contends above, that still ought to be more than enough time for Sonos to prepare invalidity contentions for the Google Setup Patents, especially since those contentions only need to address two related patents Sonos has previously litigated invalidity of a third family member.

by a mere two months to benefit from consolidating these claims should have no or minimal impact on the eventual trial date (which is not even set yet).

Rather than present any workable proposal to effectively litigate this case "assuming … leave to amend the counterclaims … were granted," as the Court requested (2026-06-02 Hr. Tr. at 22:13-25), Sonos seeks to relitigate Google's motion by arguing that it would be prejudiced a single *Markman* hearing regardless of whether it is held in August 2025 or in October or November 2025. Sonos cannot have it both ways. For example, if the Court schedules a *Markman* hearing in October or November 2025, then trial (and any relief Sonos hopes to obtain at the same) would be at the same time regardless of whether the Court holds a first, earlier *Markman* hearing on just Sonos' patents in August 2025. In other words, contrary to Sonos' assertion, holding a single *Markman* hearing does not delay Sonos' hoped-for recovery, and Sonos provides no explanation why any delay in the interim dates (including a *Markman* on just Sonos' patents) would result in any prejudice to Sonos. Tellingly, when Google offered Sonos an opportunity to propose changes to individual dates in Google's proposal, Sonos refused to provide feedback beyond reiterating its arguments against consolidation

| Deadline | Proposed Date |
|---|---|
| Deadline for service of invalidity contentions re: Google Setup Patents | July 1, 2025 |
| Parties to exchange proposed terms for construction re: Google Setup Patents | July 1, 2025 |
| Parties to exchange proposed constructions re: Google Setup Patents, including | July 8, 2025 |
| Parties exchange intrinsic and non-expert extrinsic evidence and serve opening expert declaration(s). | July 15, 2025 |
| Parties serve rebuttal expert declaration(s). Such declaration(s) may only be submitted with the party's responsive Markman brief and are limited to rebutting opinions in opening expert declaration(s). | July 22, 2025 |
| Claim Construction Discovery Cut-Off | July 25, 2025 |
| Joint Prehearing Statement Due | July 25, 2025 |

| | |
|---|---|
| Simultaneous Opening Markman Briefs Due | July 31, 2025 |
| Simultaneous Responsive Markman Briefs, Tutorials, and Presentation Materials Due | August 14, 2025 |
| Markman Hearing | August 25, 2025 |
| Anticipated Ruling to be Issued on Markman Hearing | October 13, 2025 |
| Patentee's Deadline to Serve Final Infringement Contentions, Expert Reports on Issues Where Patentee has Burden of Proof, all parties serve advice of counsel disclosures | November 19, 2025 |
| Last day to participate in settlement conference/mediation | November 26, 2025 |
| Last day to file a notice of settlement or joint report re: status of settlement | December 1, 2025 |
| Post Mediation Status Conference | December 8, 2025 |
| Accused Infringer's Deadline to Serve Final Invalidity Contentions, Rebuttal Expert Reports on Issues Where Patentee has Burden of Proof, and Opening Expert Reports Where Accused Infringer has Burden of Proof | December 22, 2025 |
| Patentee's Deadline to Serve Rebuttal Expert Reports on Issues Where Accused Infringer has Burden of Proof | January 28, 2026 |
| Discovery Cut-Off | February 18, 2026 |
| Last day to file motions (including discovery motions) | March 4, 2026 |

| | | |
|---|---|---|
| Dated: June 10, 2025 | | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>*and*<br>LEE SULLIVAN SHEA & SMITH LLP |
| | By: | */s/ Alyssa Caridis*<br>ALYSSA CARIDIS (SBN 260103)<br>Attorneys for Plaintiff, SONOS, INC. |
| Dated: June 10, 2025 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By: | */s/ Ognjen Zivojnovic*<br>OGNJEN ZIVOJNOVIC (SBN 307801)<br>Attorneys for Defendant, GOOGLE LLC |

## **FILER'S ATTESTATION**

I, Alyssa Caridis, pursuant to Civil Local Rule 5-4.3.4(2)(i), attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 10, 2025        */s/ Alyssa Caridis*
　　　　　　　　　　　　　ALYSSA CARIDIS (SBN 260103)