| | |
|---|---|
| Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Melissa J. Baily (SBN 237649)<br>melissabaily@quinnemanuel.com<br>James D. Judah (SBN 257112)<br>jamesjudah@quinnemanuel.com<br>Ognjen Zivojnovic (SBN 307801)<br>ogizivojnovic@quinnemanuel.com<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel: (415) 875-6600<br>Fax: (415) 875-6700<br><br>Lance Yang (Bar No. 260705)<br>lanceyang@quinnemanuel.com<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone:   (213) 443-3000<br>Facsimile:    (213) 443-3100<br><br>*Attorneys for Defendant Google LLC* | Clement S. Roberts (SBN 209203)<br>croberts@orrick.com<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA  94105<br>Tel: 415-773-5700/Fax: 415-773-5759<br><br>Alyssa M. Caridis (SBN 260103)<br>acaridis@orrick.com<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>355 S. Grand Avenue, Suite 2700<br>Los Angeles, CA  90071<br>Tel: 213-629-2020/Fax: 213-612-2499<br><br>George I. Lee (Admitted *Pro Hac Vice*)<br>lee@ls3ip.com<br>Sean M. Sullivan (Admitted *Pro Hac Vice*)<br>sullivan@ls3ip.com<br>LEE SULLIVAN SHEA & SMITH LLP<br>656 W. Randolph Street, Floor 5W<br>Chicago, IL  60661<br>Tel: 312-754-0002/Fax: 312-754-0003<br><br>*Attorneys for Plaintiff Sonos, Inc.* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>　　　　*Plaintiff*,<br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　*Defendant*. | Case No. 2:20-cv-00169-JAK (DFMx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING GOOGLE'S MOTION TO AMEND PRETRIAL DEADLINES**<br><br>Hearing Date: August 25, 2025<br>Time: 8:30 a.m.<br>Courtroom: 10C<br>Judge: Hon. John A. Kronstadt<br><br>Complaint Filed: Jan. 7, 2020<br>Discovery Cut-Off: Jan. 12, 2026<br>Pretrial Conference: TBD<br>Trial Date: TBD |

Pursuant to Civil L.R. 37-2, Defendant Google LLC ("Google") and Plaintiff Sonos, Inc. ("Sonos") hereby submit this joint stipulation of issues regarding the pretrial deadlines in this action. As set forth in the Declaration of Ognjen Zivojnovic, filed concurrently herewith, the parties met and conferred regarding the issues raised herein pursuant to Civil L.R. 37-1 but were unable to resolve their disputes.

The operative Order Setting Pretrial Deadlines (Dkt. 77) entered by the Court on March 11, 2025, was based on a *Markman* Hearing scheduled for July 28, 2025. During the June 2, 2025 hearing on Google's Motion for Leave to Amend Answer and Counterclaims ("Motion"), the Court stated that July 28, 2025 will no longer work for the *Markman* Hearing and that it will need to be rescheduled. Zivojnovic Decl., Ex. A (July 2, 2025 Hearing Transcript) at 25:7-10. On June 10, 2025, the parties submitted a Joint Status Report setting forth alternative dates for the *Markman* Hearing in light of Google's pending Motion and the Court's unavailability on July 28, 2025. Dkt. 93. The Court has not yet ruled on Google's Motion or rescheduled the *Markman* Hearing in this action.

Below, the parties present competing proposals for new pretrial deadlines through the *Markman* Hearing. Once the Court sets a new date for the *Markman* Hearing, the parties have agreed that they will meet and confer regarding the remaining pretrial deadlines subsequent to the *Markman* Hearing date.

## I. GOOGLE'S POSITION

Google proposes defining claim construction deadlines[1] relative to any future *Markman* date set by the Court. The new *Markman* date will depend on factors that are entirely under the Court's purview, including whether the Court grants Google's

---

[1] Google's proposal does not address additional deadlines leading up to the *Markman* hearing required to address Google's counterclaim patents if the Court grants Google's Motions, since it is premature for the parties to presume that the Court will grant (or deny) Google's motion. The parties can meet and confer on this issue separately if the Court grants Google's Motion.

Motion and separately whether the Court will hold a single, consolidated *Markman* hearing on all patents or two separate *Markman* hearings on Sonos' and Google's patents. Indeed, in its June 10, 2025 Joint Status Report, Sonos itself proposed dates in August and November, 2025 for potential *Markman* hearings. Dkt. 93 at 6. But regardless of what the Court decides, Google's proposal remains workable because it defines dates based on whatever date the Court sets for the *Markman* hearing.

In contrast, Sonos' proposal presumes the Court will schedule the *Markman* Hearing for August 25, 2025. Sonos' proposal is unworkable for multiple reasons. **First**, Google's lead counsel, Sean Pak, is no longer available on August 25, 2025 due to the court in *Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:23-cv-00587-JRG (E.D. Tex.), where Mr. Pak is lead counsel for Samsung Electronics Co., Ltd., *sua sponte* rescheduling the pretrial conference for 9:00 a.m. CT on August 26, 2025, in Marshall, TX. Dkt. 94 (notice to the Court). This rescheduling presents a conflict with a potential August 25, 2025 date for the *Markman* Hearing in this case due to the travel time from Los Angeles, California to Marshall, Texas, which takes approximately 10 hours if also accounting for the change in time zones. **Second**, the Court did not schedule a *Markman* Hearing for August 25, 2025 and thus the eventual *Markman* hearing date remains unknown to the parties and at the Court's discretion. For example, if the Court grants Google's Motion and schedules a single consolidated *Markman* in October or November 2025, then Sonos' proposal becomes unworkable, since the parties will have had to file claim construction briefs potentially before even knowing the Court's decision on Google's Motion and in any event months before the actual *Markman* hearing. In contrast, Google's proposal remains workable regardless of when the Court sets the *Markman* Hearing. Indeed, if the Court does decide to schedule the *Markman* Hearing for August 25, 2025, notwithstanding Mr. Pak's conflict, then Google's proposed dates exactly align with Sonos' proposal.

## II. SONOS'S POSITION

Sonos remains committed to moving this case—as defined by the operative pleadings—forward. As to the Sonos Asserted Patents, the parties have already (i) exchanged proposed terms and constructions, (ii) exchanged rebuttals thereto, (iii) conducted multiple meet-and-confers trying to reach agreement on disputed terms, (iv) exchanged identification of intrinsic and literature-based extrinsic evidence to support their constructions, and (v) exchanged expert declarations in support of their proposed constructions. The natural next step is, of course, to move forward with claim construction briefing. There is no need to push 'pause' now. Indeed, that is the very type of delay that Sonos flagged in opposing Google's motion to amend. Sonos therefore requests that the Court set a briefing schedule on the Sonos Asserted Patents—which is consistent with the briefing schedule agreed-to by Google—as reflected in the chart below. In this way, those issues will be ready for a hearing at the Court's convenience.

Any claim construction schedule relating to Google's asserted patents can be handled separately. *If* the Court grants Google's Motion to Amend to assert those patents, Sonos assumes the Court will set a *Markman* hearing for those patents. At the same time, the Court can instruct the parties to submit a proposed briefing schedule consistent with the hearing date. This will allow the parties to determine a workable schedule, taking into account any other preexisting obligations. The parties have, multiple times over, worked together to set a schedule under similar circumstances. Google's proposal to set a schedule based on an unknown hearing date runs a significant risk of the parties needing to come back to the Court, once a hearing is set, to adjust those dates.

## III. PROPOSALS

| Deadline | Google's Proposal for any Markman hearing (whether for just Sonos Patents or both Sonos and Google Patents) | Sonos' Proposal for the Sonos Asserted Patents |
|---|---|---|
| Both parties exchange intrinsic and non-expert extrinsic evidence for constructions that remain in dispute. Any party who intends to support their proposed construction(s) with expert testimony in their opening Markman brief serves said declaration(s). | June 23, 2025 | June 23, 2025 |
| Any party wishing to rebut opening expert reports serves said declaration(s). (Such rebuttal declaration(s) may only be submitted with the party's responsive Markman brief and must be strictly limited to opinions rebutting the other side's opening expert.) | July 7, 2025 | July 7, 2025 |
| Claim Construction Discovery Cut-Off | 5 weeks and 1 business days before *Markman* Hearing | July 18, 2025 |
| Joint Prehearing Statement Due | 5 weeks before *Markman* Hearing | July 21, 2025 |
| Simultaneous Opening *Markman* Briefs Due | 4 weeks before *Markman* Hearing | July 28, 2025 |
| Simultaneous Responsive *Markman* Briefs, Tutorials, and Presentation Materials Due | 1 week before *Markman* Hearing | August 18, 2025 |
| *Markman* Hearing | To be set by the Court | To be set by the Court |
| Anticipated Ruling to be Issued on *Markman* Hearing | To be set by the Court | To be set by the Court |

DATED: July 10, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Ognjen Zivojnovic*
Ognjen Zivojnovic (SBN 307801)
*Attorneys for Defendant Google LLC*

DATED: July 10, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP
and
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Alyssa Caridis*
Alyssa Caridis (SBN 260103)
*Attorneys for Plaintiff Sonos, Inc.*

**FILER'S ATTESTATION**

I, Ognjen Zivojnovic, pursuant to Local Civil Rule 5-4.3.4(2)(i), attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: July 10, 2025         /s/ Ognjen Zivojnovic
                              Ognjen Zivojnovic (SBN 307801)