UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00169-JAK (DFMx) | Date | July 15, 2025 |
| Title | Sonos, Inc. v. Google LLC | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIMS (DKT. 79)

**I.   Introduction**

On January 7, 2020, Sonos, Inc. ("Sonos" or "Plaintiff") brought this action against Google LLC ("Google" or "Defendant"). Dkt. 1. The Complaint advances a cause of action for patent infringement. *Id.* The Complaint alleges that Defendant infringes U.S. Patent Nos. 8,588,949 ("the '949 Patent"), 9,195,258 ("the '258 Patent"), 9,219,959 ("the '959 Patent"), 10,209,953 ("the '953 Patent"), and 10,439,896 ("the '896 Patent"). *Id.*

On February 18, 2020, Defendant filed a motion to stay the case pending proceedings before the International Trade Commission (the "ITC" or the "Commission"). Dkt. 26. On March 4, 2020, Defendant's motion was granted, and the action was stayed. Dkt. 30.

On January 6, 2022, the ITC issued its opinion and final determination. It concluded that "certain originally-accused products infringed each of the asserted patents" and "certain non-infringing alternatives [ ] proposed by Google did not infringe any of the claims of the Sonos patents." *See Sonos, Inc. v. International Trade Commission*, Nos. 2022-1421, 2022-1573, 2024 WL 1507605, at *1 (Fed. Cir. Apr. 8, 2024).

On January 27, 2022, Sonos appealed the ITC's findings of non-infringement by the non-infringing alternatives. *Sonos*, No. 2022-1421 (Dkt. 1). On March 24, 2022, Google cross-appealed the findings of infringement by the originally accused products. *Sonos*, No. 2022-1573 (Dkt. 1). On April 8, 2024, the Federal Circuit issued its Opinion affirming the findings of the ITC. *Sonos*, 2024 WL 1507605 at *1. On June 24, 2024, Google filed a petition for rehearing *en banc* challenging the Commission's finding of infringement based on lack of jurisdiction over two of the patents at issue. *Sonos*, No. 2022-1421 (Dkt. 98). On September 10, 2024, the Federal Circuit denied Google's petition. *Id.* (Dkt. 115).

Throughout the pendency of the foregoing proceedings, this action remained stayed. On August 15, 2024, Plaintiff filed a motion to lift the stay in part (the "Motion to Lift Stay"). Dkt. 56. On September 30, 2024, an Order issued granting Plaintiff leave to file an amended complaint and deferring a ruling on the Motion to Lift Stay. Dkt. 63. On October 15, 2024, Plaintiff filed a First Amended Complaint (the "FAC"). Dkt. 64. The FAC alleges infringement of the five patents referenced in the Complaint, as well

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-00169-JAK (DFMx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Sonos, Inc. v. Google LLC | | |

as U.S. Patent Nos. 7,571,014 ("the '014 Patent"), 10,031,715 ("the '715 Patent") and 11,080,001 ("the '001 Patent"). *Id.*

On November 18, 2024, the Parties submitted a joint motion to lift the stay and to amend the pretrial schedule (the "Joint Motion"). Dkt. 65. Also on November 18, 2024, an Order issued that granted the Joint Motion and found that the Motion to Lift Stay was moot. Dkt. 66.

On November 26, 2024, Plaintiff filed a Second Amended Complaint, which is the operative one (the "SAC"). Dkt. 68. The SAC adds two additional claims of patent infringement as to U.S. Patent Nos. 10,966,025 ("the '025 Patent") and 10,541,883 ("the '883 Patent"). *Id.* On December 23, 2024, Defendant filed an answer to the SAC (the "Answer"). Dkt. 69.

On May 5, 2025, Defendant filed a motion for leave to amend the Answer to add counterclaims (the "Motion"). Dkt. 79. On May 12, 2025, Plaintiff filed an opposition to the Motion (the "Opposition"). Dkt. 80. On May 19, 2025, Defendant filed a reply in support of the Motion (the "Reply"). Dkt. 81. A hearing on the Motion was held on June 2, 2025, and the matter was taken under submission. Dkt. 92. For the reasons stated in this Order, the Motion is **GRANTED**.

**II.      Background**

        A.     Parties

The SAC alleges that Plaintiff is a Delaware corporation whose principal place of business is in Goleta, California. Dkt. 68 ¶ 77. The SAC alleges that Plaintiff is the owner of the patents-in-suit. *Id.*

The SAC alleges that Defendant is a Delaware limited liability corporation whose principal place of business is in Mountain View, CA. *Id.* ¶ 78.

        B.     Allegations in the SAC

The SAC alleges that Plaintiff "pioneered what is known as wireless multi-room audio" technology, bringing its first commercial products to market in 2005. *Id.* ¶ 2. The SAC alleges that Defendant has been aware of Plaintiff's products since "as early as 2011." *Id.* ¶ 5. The SAC alleges that Defendant began "willfully infringing" Plaintiff's patents when it launched its own wireless multi-room audio product. *Id.* ¶¶ 5, 23. It further alleges that Defendant's misappropriation of Plaintiff's patented technology has "proliferated" and Defendant has expanded its wireless multi-room audio system "to more than a dozen different infringing products." *Id.* ¶ 5.

The SAC alleges that Defendant infringes the following patents: the '949 Patent, the '258 Patent, the '959 Patent, the '953 Patent, the '896 Patent, the '014 Patent, the '715 Patent, the '001 Patent, the '025 Patent and the '883 Patent. *Id.* ¶¶ 1, 5.

The SAC seeks an entry of judgment of willful infringement, an injunction precluding ongoing infringement, damages, an award of attorney's fees, costs and expenses and an award of prejudgment and post-judgment interest. *Id.* at 208.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-00169-JAK (DFMx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Sonos, Inc. v. Google LLC | | |

    C.    Proposed Counterclaims

Defendant seeks to amend the Answer to add counterclaims asserting Plaintiff's infringement of two patents that allow for wireless set up of electronic devices: U.S. Patent Nos. 12,132,608 ("the '608 Patent") and 9,485,790 ("the '790 Patent") (collectively, the "Google Setup Patents"). Dkt. 79 at 2. Defendant alleges that the Google Setup Patents are infringed by several Sonos products, including: Sonos One, Sonos One SL, Sonos Move, Sonos Move 2, Sonos Roam 2, Sonos Roam, Sonos Roam SL, Sonos Five, Sonos Arc, Sonos Beam, Sonos Ray, Sonos Era 100, Sonos Era 300, Sonos Ace, Sonos Arc Ultra, Sonos Sub 4, Sonos Sub Mini, Sonos Sub and Sonos Port products. Dkt. 79-1 at 67–68 ¶¶ 12–13. Defendant contends that the '883 Patent is the Sonos patent that "directly accuses . . . the products that practice the Google Setup Patents" (the "Sonos Setup Patent"). Dkt. 79 at 19.

**III.**    **Analysis**

    A.    Legal Standards

In general, after the time to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This "policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation and citation omitted). "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

"Not all of the factors merit equal weight . . . [and] it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973), *as modified* (July 30, 1973). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

    B.    Application

        1.    Failure to Meet and Confer

In the Opposition, Plaintiff argues that the Motion is procedurally improper because "[n]o required conference between counsel occurred" prior to its filing. Dkt. 80 at 20. Plaintiff contends that, on April 25, 2025, Defendant notified Plaintiff that it intended to file a motion to amend and asked whether Plaintiff would oppose it. *Id.* (citing Dkt. 79-4 at 505). Plaintiff contends that Defendant then followed up regarding Plaintiff's position on April 28, 2025, and Plaintiff replied that same day, stating that "it opposed the motion but that it was available to discuss the issue further." *Id.* at 20. Plaintiff contends that Defendant did not communicate further prior to filing the Motion on May 5, 2025. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00169-JAK (DFMx) | Date | July 15, 2025 |
| Title | Sonos, Inc. v. Google LLC | | |

In the Reply, Defendant argues that the Motion is procedurally sufficient because Defendant contacted Plaintiff's counsel in an effort to discuss the proposed amendment and Plaintiff "confirmed unequivocally that it opposed the motion, and did not identify any disputes that could be narrowed or avoided through further discussion." Dkt. 81 at 15. Defendant argues that this response led Defendant's counsel to conclude that it would not be productive to discuss the issue further. *Id.*

Defendant's arguments are persuasive. The purpose of a meet and confer process is to identify and narrow disputes. *Jimenez v. Allstate Ins. Co.*, No. LA CV10-08486 JAK (FFMx), 2018 WL 11362268 at *6 (C.D. Cal. Nov. 28, 2018). Local Rule 7-3, which requires a meet and confer process prior to the filing of a motion, anticipates meaningful, good faith efforts to narrow disputes in order to conserve party and judicial resources. *Id.* Failure to comply with the Local Rule does not per se require the denial of a motion, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. *Storms v. Paychex, Inc.*, No. LA CV21-01534 JAK (JEM), 2022 WL 2160414, at *7 (C.D. Cal. Jan. 14, 2022) (citing *Brodie v. Bd. of Trs. of Cal. State Univ.*, No. CV 12–07690 DDP (AGRX), 2013 WL 4536242, at *1 (C.D. Cal. Aug. 27, 2013) (hearing merits of motion despite Local Rule 7-3 violation because the party "suffered no real prejudice")).

Defendant made a good faith effort to meet and confer prior to filing the Motion by contacting Plaintiff's counsel several times to discuss the proposed amendments. *See* Dkt. 81 at 14–15 (citing Dkt. 79-3). Defendant's counsel informed Plaintiff's counsel that if Plaintiff did not consent, "Google will need to file an opposed motion for leave." *Id.* at 15. Plaintiff's counsel responded that Plaintiff did not consent to the amendment. *Id.*; Dkt. 79-4 at 505. Accordingly, although there were no further discussions, the purpose of the meet and confer requirement was satisfied. Further, Plaintiff has not identified any prejudice that it suffered due to Defendant's alleged failure to comply through further discussion as to the planned filing of the Motion. For these reasons, the Motion is considered on the merits.

      2.    <u>Leave to Amend</u>

In support of the Motion, Defendant argues that it should be permitted to amend the Answer because doing so will promote judicial economy and all of the relevant factors weigh in favor of granting leave to amend. Dkt. 79 at 7. Defendant advances several arguments in support of this position.

*First*, Defendant argues that the proposed counterclaims as to infringement of the Google Setup Patents "substantially overlap with, and indeed, mirror Sonos's claims." *Id.* at 13. Defendant argues that the relevant accused products are "the same for both Google's counterclaims and Sonos's claims." *Id.* at 14. Accordingly, Defendant contends that there will be significant overlap in discovery between these claims and those asserted in the FAC, as well as in any affirmative defenses. *Id.* Consequently, Defendant argues that "judicial efficiency strongly favors granting leave to add these counterclaims to this action rather than requiring Google to file a new action." *Id.* at 14–15 (citing *Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, No. 2:21-cv-01289-MCS-MAA, 2021 WL 4776361, at *4 (C.D. Cal. Aug. 23, 2021) (granting defendant's motion to add counterclaim for patent infringement "particularly given the overlap in specifications, claim terms, and accused technology"); *Ziptronix, Inc. v. Omnivision Techs., Inc.*, No. C 10–05525 SBA, 2012 WL 3155554, at *5 (N.D. Cal. Aug. 2, 2012) (allowing amendment to "add three patents to [the] lawsuit that are related to the patents already at issue in [the] case will serve the foregoing [judicial economy] interests articulated by the Ninth Circuit")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-00169-JAK (DFMx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Sonos, Inc. v. Google LLC | | |

*Second*, Defendant argues that the proposed amendments will not unduly prejudice Plaintiff. *Id.* at 15. Thus, it contends that "the addition of Google's proposed counterclaims will not meaningfully alter the nature or scope of this litigation because Google's Setup Patents are directed to the same technology as the Sonos Setup Patents." *Id.* Defendant argues that the addition of the Google Setup Patents will not require discovery into products beyond those which are already at issue in this case. *Id.* Defendant further argues that there will be overlap as to the defenses and damages analyses across Plaintiff's claims and the proposed counterclaims. *Id.* at 15–16.

*Third*, Defendant argues that the case "is still in its early stages." *Id.* at 16. Defendant contends that discovery does not close for another eight months and no trial date has been set. *Id.* Accordingly, Defendant argues that Plaintiff will have "adequate time to investigate Google's proposed counterclaims and develop its defenses," particularly in light of the overlapping issues discussed above. *Id.* Defendant contends that the amendment will require a modest modification of the current *Markman* deadlines -- likely moving the hearing back by two months from July to September. *Id.* at 17. Defendant further argues that Plaintiff "cannot complain" about this slight delay "after it elected to prioritize the ITC action over this litigation, resulting in four years of delay." *Id.* at 18 (emphasis omitted).

*Fourth*, Defendant argues that the proposed amendment is not made in bad faith or with the intent to delay these proceedings because it "only seeks to amend the Counterclaims to add plausible and relevant infringement claims." *Id.* Further, Defendant argues that it does not "have any past 'record' that suggests 'the use of any such impermissible tactics' in this action." *Id.* (quoting *Fitness Anywhere, Inc. v. Go Fit, LLC*, No. CV 09–03828 SJO (RNBx), 2009 WL 10675721, at *2 (C.D. Cal. Oct. 21, 2009)).

*Fifth*, Defendant argues that the proposed amendments are not futile because "the evidence of Sonos's infringement is robust." *Id.* at 19. Further, Defendant argues that where, as here, amendment is sought prior to the deadline to amend "the 'legal sufficiency of the counterclaims is more appropriately addressed after amendment through a motion to dismiss.' " *Id.* (quoting *Fitness Anywhere*, 2009 WL 10675721, at *3).

*Finally*, Defendant argues that the proposed amendment does not constitute undue delay because "the modest delay between the December 23, 2024 filing of [the Answer] and [the Motion] is not unreasonable or undue under the circumstances." *Id.* at 19–20. Defendant further contends that Plaintiff did not add the Sonos Setup Patent to those asserted until the filing of the SAC. *Id.* at 19 (citing Dkt. 68). Defendant contends that this is the patent that "directly accuses" the Google Setup Patents. *Id.* Finally, Defendant argues that the present Motion is the first time Defendant has sought leave to amend its pleadings, and that this also weighs in favor of granting the Motion. *Id.* at 21.

In the Opposition, Plaintiff argues that the "attempt to add counterclaims is a tactical decision designed to interfere with Sonos's infringement case by multiplying the issues in dispute and jamming up the schedule." Dkt. 80 at 10.

*First*, as to prejudice, Plaintiff argues that amendment will cause prejudice due the following: (1) undue complexity and attendant risks of inconsistent judgments and jury confusion; (2) interference with Sonos's case; (3) avoidable waste of judicial and party resources; and (4) disruption to the schedule that has been adopted for pretrial proceedings. *Id.* at 10–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-00169-JAK (DFMx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Sonos, Inc. v. Google LLC | | |

Plaintiff argues that the proposed amendment will "transform this case from a straightforward dispute between a patentee and an alleged infringer into a much more complex set of infringement claims flowing in both directions." *Id.* at 11. Plaintiff further argues that, if amendment is permitted, "Sonos's responsive case will require separate and additional discovery, motions, and claim construction disputes that will create additional complexity." *Id.* at 13 (citing *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995) (although asserted patents and counter-asserted patents may relate to similar technology or implicate similar inquiries, resolution of infringement counterclaims would still materially alter the case, e.g., "involv[ing] analysis of different file histories, specifications, inventors, and possibly different expert witnesses")).

Plaintiff contends that the Google Setup Patents should instead be added "to [a] pending case in the Northern District of California, where [Google] is asserting a related patent." *Id.* at 14 (emphasis omitted); *see Google LLC v. Sonos, Inc.*, No. 5:22-cv-04553-PCP (N.D. Cal.). Plaintiff argues that Defendant is attempting "to split infringement allegations for one patent family across two cases [which] creates additional work and complexity for the courts." Dkt. 80 at 14. Plaintiff next argues that the "proposed amendment is an attempt to disrupt Sonos's case" in this forum when the proposed counterclaims "clearly belong with the related [patent] in the Northern District." *Id.* at 15. Plaintiff contends that the proposed amendments will "greatly alter[] the nature of the litigation" and will multiply costs and waste, as well as disrupting the pretrial schedule set by the Court. *Id.* at 15–16 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

*Second*, as to futility, Plaintiff argues that "the claims that Google seeks to assert here are similar to claims of the '615 Patent that have already been invalidated in multiple fora." *Id.* at 18. Plaintiff contends that Defendant has a "pattern of failed litigation" and "is well aware that the claims it seeks to inject into this case are weak at best." *Id.*

*Third*, Plaintiff argues that Defendant's amendment is sought in bad faith and is "gamesmanship." *Id.* Plaintiff asserts that "the only way to even entertain that it may be more judicially efficient to adjudicate the Google Setup Patent claims here is by ignoring the existence of the Northern District of California litigation." *Id.* at 18–19. Plaintiff contends that "[b]ecause Google's judicial efficiency position makes no sense, the obvious alternative explanation is that Google's amendment is tactical." *Id.* at 19. Plaintiff argues that Defendant's improper motives are "also evident from the fact that Google's claims are materially identical to those that it has previously asserted, lost, and conceded to be invalid." *Id.* (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (bad faith justifies rejecting leave to amend when a party seeks to add "new but baseless legal theories")).

In the Reply, Defendant argues that the "Opposition identifies no valid reason, under Rule 15 or otherwise, why [the Motion] should be denied." Dkt. 81 at 6. Defendant claims that Plaintiff has not met its burden of showing undue prejudice from the proposed amendment, and that amendment is routinely permitted where, as here, there is a significant overlap in subject matter and litigation is still in the early stages. *Id.* at 8 (citing *Pavemetrics Sys.*, 2021 WL 4776361, at *4; *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. 8:19-cv-02115-DOC-JDE, 2024 WL 3550482, at *2 (C.D. Cal. July 18, 2024); *Kelly v. Fashion Nova, Inc.*, No. LA CV23-02360 JAK (RAOx), 2023 WL 9019067, at *6 (C.D. Cal. Sept. 7, 2023)). Defendant argues that Plaintiff's contention that "adding two more patents on overlapping technology would suddenly make the case 'undu[ly] complicated' is unsupported and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00169-JAK (DFMx) | Date | July 15, 2025 |
| Title | Sonos, Inc. v. Google LLC | | |

entirely speculative," given that Plaintiff has already increased the number of patents at issue in the case from five to ten. *Id.* at 8 (citing Dkt. 80 at 6). Defendant argues that Plaintiff's argument that the Google Setup Patents should be added to the pending Northern District case is "both factually and legally erroneous" because these patents are materially distinct from the patent asserted in that action and that action is currently stayed. *Id.* at 10–11.

Defendant's arguments are persuasive. The policy in Rule 15 of favoring amendments to pleadings "is to be applied with extreme liberality." *Morongo Band of Mission Indians*, 893 F.2d at 1079; *see also DCD Programs*, 833 F.2d at 186. Applying the factors identified in *Moore*, all factors weigh in favor of granting the Motion.

*First*, Defendant did not unduly delay in bringing the Motion because the last day to amend pleadings was May 5, 2025, the date on which the Motion was filed. *See* Dkt. 77 at 1. *Second*, Defendant seeks to add two patents that overlap with the technology and products already at issue in this action, which weighs against a finding of bad faith or dilatory motive. *Third*, as to futility, Defendant has plausibly alleged that the accused products infringe the Google Setup Patents, as set forth in the detailed allegations in the proposed counterclaim. *See* Dkt. 79-1 at 69–74, ¶¶ 20–35. An amendment is futile only if "it would clearly be subject to dismissal." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (C.D. Cal. 2002) (citing *DCD Programs*, 833 F.2d at 188; *Moore*, 885 F.2d at 542). Although a proposed amendment must be plausibly alleged, attacks on the sufficiency of proposed pleadings are "often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters*, 219 F. Supp. 2d at 1086; *see also Spin Master LTD v. Your Store Online*, Nos. CV09–2121–CAS(JCx), CV09–5803–CAS(JCx), 2010 WL 3057263, at *4 (C.D. Cal. Aug. 2, 2010) ("The question of futility is better addressed on a motion to dismiss."). Further, this is Defendant's first amendment to its pleadings in over four years of litigation.

*Fourth*, as to the most important factor, prejudice to the opposing party, Plaintiff has not shown that undue prejudice will result if the Motion is granted. This is already a complex case because it involves the alleged infringement of ten patents. The addition of two more patents, which allegedly overlap with some of the patents-in-suit, will not meaningfully alter the scope or complexity of the litigation. Further, although this case was initiated in 2020, the action was stayed for several years while other proceedings went forward and has only recently resumed. Accordingly, this litigation is still in its early stages, with discovery open for several more months and no trial date set. Defendant's proposal to continue the *Markman* hearing by one to two months does not constitute a substantial delay, or one that Plaintiff has shown will cause it to suffer undue prejudice.

*Finally*, Plaintiff's argument that Defendant should seek leave to amend its complaint in the pending Northern District case is unpersuasive. Defendant has alleged that its claims regarding the Google Setup Patents mirror issues already present in this case. Additionally, the Northern District matter is presently stayed. Consequently, judicial efficiency will be promoted by permitting Defendant to amend its Answer to assert counterclaims in this action, given the overlap in substance and the early stage of this litigation. This is also a more efficient approach than having separate litigation commence, which could result in motions intended to combine the matters in some manner, or separate proceedings that would address very similar issues.

For the foregoing reasons, the Motion is **GRANTED**. Defendant may file its proposed amended Answer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-00169-JAK (DFMx) | Date | July 15, 2025 |
|---|---|---|---|
| Title | Sonos, Inc. v. Google LLC | | |

and counterclaims.

## IV.     Conclusion

For the reasons stated in this Memorandum, the Motion is **GRANTED**. Defendant shall file its amended Answer and counterclaims within ten days of the issuance of this Order. Within 14 days of the issuance of this Order, after meeting and conferring, the parties shall file a joint report as to proposed dates when they are available for the *Markman* hearing that was previously scheduled for August 25, 2025, as well as their respective and/or respective positions as to any modifications to the current pretrial schedule in this matter. The submission shall include a completed Exhibit A - Schedule of Pretrial and Trial Dates, which can be found in the Standing Order on the Court's procedures and schedules page located at: http://www.cacd.uscourts.gov/honorable-john-kronstadt. Based on a review of the joint report, a scheduling order will be issued.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DT |