# EXHIBIT 7

Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON &
SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700 / Fax: 415-773-5759

Alyssa M. Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: 213-629-2020 / Fax: 213-612-2499

George I. Lee (Admitted *Pro Hac Vice*)
lee@ls3ip.com
Sean M. Sullivan (Admitted *Pro Hac Vice*)
sullivan@ls3ip.com
Rory P. Shea (Admitted *Pro Hac Vice*)
shea@ls3ip.com
J. Dan Smith (Admitted *Pro Hac Vice*)
smith@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph Street, Floor 5W
Chicago, IL 60661
Tel: 312-754-0002 / Fax: 312-754-0003

*Attorneys for Plaintiff,*
*SONOS, INC.*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorney for Defendant,*
*Google LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC., | CASE NO. 2:20-cv-00169-JAK (DFMx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| GOOGLE LLC, | Judge:        Hon. John A. Kronstadt |
| Defendant. | |

## I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").   The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 14.5, below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5.2 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## II.    DEFINITIONS

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or

"CONFIDENTIAL    SOURCE    CODE    –    ATTORNEY'S    EYES    ONLY INFORMATION."

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> or <u>"CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE"</u> or <u>"CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" Information or Items</u>:  extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party and have appeared in this

action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party:  any party to this action.

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its Counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material.

**III.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information

that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.    DESIGNATING PROTECTED MATERIALS**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the

level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b)    <u>for testimony given in deposition or in other pretrial or trial</u>

proceedings, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been

designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION."

5.3    Inadvertent Failure to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing

not to mount a challenge promptly after the original designation is disclosed.

      6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate under Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the

material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1]  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A.  In the event such attorney declines to sign the "Acknowledgement and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c)    the Court and its personnel;

(d)    stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)    during their deposition, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court.  Before making such a disclosure, the Receiving Party must provide notice sufficient to allow the Designating Party to object.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information; and

(g)    professional jury or trial consultants, provided they sign onto the Order and agree to be bound by its terms.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5(a), below, have been followed;

(c)     the Court and its personnel;

(d)     stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure.

7.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the

1  "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit

2  A;

3         (b)    up to seven Experts of the Receiving Party (up to four of whom

4  are Experts that the Receiving Party intends in good faith to offer as testifying Experts

5  at trial on infringement issues ("Source Code Testifying Experts") and up to three of

6  whom will be consulting Experts) (1) to whom disclosure is reasonably necessary for

7  this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

8  Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a),

9  below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL –

10  SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES

11  ONLY INFORMATION" Information or Items, have been followed, with the total

12  number of Experts to be no more than the number of Source Code Testifying Experts

13  plus three[2];

14         (c)    the Court and its personnel;

15         (d)    stenographic reporters, videographers and their respective staff

16  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

17  and are transcribing or videotaping a deposition wherein "HIGHLY

18  CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE –

19  ATTORNEY'S EYES ONLY INFORMATION" Information or Items are being

20  discussed, provided that such reporters and videographers shall not retain or be given

21  copies of any portions of the source code, which if used during a deposition, will not

22  be attached as an exhibit to the transcript but instead shall be identified only by its

23

24

25     [2]  *I.e.*, if the Receiving Party determines that it will only offer two Source Code

26  Testifying Experts, then the total number of Experts permitted to access HIGHLY
    CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE –

27  ATTORNEY'S EYES ONLY INFORMATION" Information or Items would be

28  reduced from seven to five**,** and the Experts that will no longer be Source Code
    Testifying Experts will no longer have access.

Case No. 2:20-cv-00169-JAK (DFMx)
STIPULATED PROTECTIVE ORDER

1  production numbers;

2          (e)     while testifying at deposition or trial in this action only: any person

3  who authored, previously received (other than in connection with this litigation), or

4  was directly involved in creating, modifying, or editing the "HIGHLY

5  CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE –

6  ATTORNEY'S EYES ONLY INFORMATION" Information or Items, as evident

7  from its face or reasonably certain in view of other testimony or evidence.  Persons

8  authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" or

9  "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY

10 INFORMATION" Information or Items pursuant to this sub-paragraph shall not

11 retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" or

12 "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY

13 INFORMATION" Information or Items except while so testifying.  Only printed

14 copies of the Source Code will be provided to testifying witnesses during their

15 testimony.

16         7.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY

17 CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL

18 BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

19 CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE –

20 ATTORNEY'S EYES ONLY INFORMATION" Information or Items to Experts.

21         (a)     Unless otherwise ordered by the Court or agreed to in writing by

22 the Designating Party, a Party that seeks to disclose to an Expert (as defined in this

23 Order) any information or item that has been designated "HIGHLY CONFIDENTIAL

24 – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS

25 INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

26 CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE –

27 ATTORNEY'S EYES ONLY INFORMATION" pursuant to paragraphs 7.3(b) or

28

7.4(b) first must make a written request to the Designating Party[3] that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[4] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years[5];

        (b)    A Party that makes a request and provides the information

---

[3] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[5] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" information.

specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request (for experts not previously disclosed in USITC Investigation No. 337-TA-1191, and who have agreed to bound by the Protective Orders in that Investigation), the Party receives a written objection from the Designating Party.  For experts previously disclosed in USITC Investigation No. 337-TA-1191, and who have agreed to be bound by the Protective Orders in that Investigation, the deadline for written objections from the Designating Party is 7 days.   Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.   In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d)    In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert;

(e)    A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously

produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

## VIII. PROSECUTION AND ACQUISITION BAR

(a)    Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" information designated by the Producing Party shall not engage in the prosecution of patents or patent applications relating to **[Sonos's proposal: networked media playback devices or technologies for controlling such devices]** **[Google's proposal: (a) networked media playback devices or technologies for controlling such devices, or (b) the particular information disclosed in a Producing Party's confidential business materials]**, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office (the "Patent Office") (collectively, the "Field of Invention"). For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[6]  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party

---

[6] Prosecution includes, for example, original prosecution, reissue, *inter partes* review, post grant review, covered business method review and reexamination proceedings.

challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post grant review or covered business method review), provided that there is no participation or assistance with any claim drafting or amendment of claims in such proceedings.  This Prosecution Bar shall begin when access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" information is first received by the affected individual and shall end **[Sonos's proposal:** two (2) years following the earlier of the date on which the person withdraws his Acknowledgement to be Bound by the Protective Order or the final disposition of this action**][Google's proposal:** three (3) years after final termination of this action**]**.  Nothing in this provision shall prohibit any attorney of record in this action from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this action with his/her client.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney, expert, or other individual who reviews materials subject to the Prosecution Bar under this section and shall not be imputed to any other persons at that person's firm or organization.  To ensure compliance with the purpose of this provision, each party shall create an "Ethical Wall" between those persons with access to materials subject to the Prosecution Bar and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or

1    prosecution of any patent application pertaining to the Field of Invention.

2        (b)    Absent written consent from the Producing Party, any individual who

3    receives access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4    ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION,

5    SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE

6    CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY

7    INFORMATION" information designated by the Producing Party shall not be

8    involved in activity related to: (i) the acquisition of patents or patent applications (for

9    any person or entity) relating to **[Sonos's proposal:** networked media playback

10   devices or technologies for controlling such devices**][Google's proposal: (a)**

11   networked media playback devices or technologies for controlling such devices, or

12   (b) the particular information disclosed in a Producing Party's confidential business

13   materials**]**; or (ii) advising or counseling clients regarding the same.  This Acquisition

14   Bar shall begin when access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

15   –    ATTORNEYS'    EYES    ONLY"    or    "CONFIDENTIAL    BUSINESS

16   INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

17   CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE –

18   ATTORNEY'S EYES ONLY INFORMATION" information is first received by the

19   affected individual and shall end **[Sonos's proposal:** two (2) years after the final

20   disposition of this action**][Google's proposal:** three (3) years after final disposition

21   of this action as provided herein**]**.

22   **IX.    SOURCE CODE**

23       (a)    To the extent production of source code becomes necessary in this case,

24   a Producing Party may designate material as "HIGHLY CONFIDENTIAL -

25   SOURCE    CODE"    or    "CONFIDENTIAL    SOURCE    CODE,    SUBJECT    TO

26   PROTECTIVE ORDER" if it comprises, includes, or substantially discloses

27   confidential, proprietary or trade secret source code or algorithms.  This material may

28   include, among things, technical design documentation that comprises, includes, or

1  substantially discloses source code or algorithms.

2      (b)    Protected Material designated as "HIGHLY CONFIDENTIAL –
3  SOURCE CODE" or "CONFIDENTIAL SOURCE CODE, SUBJECT TO
4  PROTECTIVE ORDER" shall be subject to all of the protections afforded to
5  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
6  "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE
7  ORDER" information including the Prosecution Bar and Acquisition Bar set forth in
8  Section 8, and may be disclosed only as set forth in Section 7.4.

9      (c)    Any source code produced in discovery shall only be made available for
10 inspection, not produced except as set forth below, in a format allowing it to be
11 reasonably reviewed and searched, during normal business hours or at other mutually
12 agreeable times, at (1) an office of the Producing Party or the Producing Party's
13 primary outside counsel of record or (2) another mutually agreed upon location. Any
14 location under (1) or (2) shall be within the United States.  The source code shall be
15 made available for inspection **[Sonos's proposal:** on two secured computers at two
16 locations (Google's source code made available for inspection shall initially be on
17 two secured computers located at the Los Angeles office of Quinn Emanuel Urquhart
18 & Sullivan, LLP and on two secured computers located at the Chicago office of Quinn
19 Emanuel Urquhart & Sullivan, LLP)**][Google's proposal:** on two secured computers
20 at a single location] (each, a "Source Code Computer") in a secured, locked room
21 without Internet access or network access to other computers, and the Receiving Party
22 shall not copy, remove, or otherwise transfer any portion of the source code onto any
23 recordable media or recordable device.  Each Source Code Computer shall have disk
24 encryption and be password protected.  Use or possession of any input/output device
25 (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled
26 device, CD, floppy disk, portable hard drive, laptop, or any device that can access the
27 Internet or any other network or external system, etc.) is prohibited while accessing a
28 Source Code Computer.  All persons entering the locked room containing the source

code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The Source Code Computers will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" material, except that the Receiving Party may request paper copies of limited portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than [Sonos's proposal: 50][Google's proposal: 25] consecutive pages[7] or an aggregate total of more than [Sonos's proposal: 750][Google's proposal: 500] pages, of source code during the duration of the case without prior written approval by the Producing Party. If a request for printing reasonable portions of the Source Code exceed these limits, the Producing Party shall not unreasonably withhold approval to exceed these limits, and the Parties shall meet and confer in good faith to resolve any disputes. The source code may only be transported by the Receiving Party via hand carry. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. Within 5 business days or such additional time as necessary due to

---

[7]   The Producing Party shall print source code using default printer settings (i.e., consistent with how the parties printed source code in USITC Investigation No. 337-TA-1191).

volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" unless objected to as discussed below.  At the inspecting Party's request, up to four additional sets (or subsets) of printed source code may be requested and provided by the Producing Party in a timely fashion, with the total number of sets (or subsets) of printed source code to be no more than the number of Source Code Testifying Experts plus one.[8]  Even if within the limits described, the Producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(e)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials or individuals authorized to receive "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" pursuant to this Order. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" shall be stored or viewed only at (i) the offices of outside counsel

---

[8]  *I.e.*, if the inspecting Party determines that it will only offer two Source Code Testifying Experts, then the total number of sets (or subsets) of printed source code would be reduced from five to three, and the inspecting Party will return to the Producing Party the other two sets (or subsets) of printed source code.

for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Except as provided in subsection (i) of this section, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f)    The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(g)    A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log.

(h)    The Receiving Party's outside counsel shall maintain a log of all copies of the source code (received from a Producing Party) that are delivered by the

Receiving Party to any person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code.

(i)    Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[9] ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" or "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION."

(j)    To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY

---

[9] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

CONFIDENTIAL - SOURCE CODE or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION.

(k)    The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

# X.    PROTECTED    MATERIAL    SUBPOENAED    OR    ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL    SOURCE    CODE    –    ATTORNEY'S    EYES    ONLY INFORMATION" that Party must:

(a)    promptly notify in writing the Designating Party.    Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.    Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be

1  pursued by the Designating Party whose Protected Material may be affected.[10]

2      If the Designating Party timely[11] seeks a protective order, the Party served with

3  the subpoena or court order shall not produce any information designated in this action

4  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5  ONLY" or "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO

6  PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SOURCE CODE" or

7  "CONFIDENTIAL    SOURCE    CODE    –    ATTORNEY'S    EYES    ONLY

8  INFORMATION" before a determination by the court from which the subpoena or

9  order issued, unless the Party has obtained the Designating Party's permission.  The

10  Designating Party shall bear the burden and expense of seeking protection in that court

11  of its confidential material – and nothing in these provisions should be construed as

12  authorizing or encouraging a Receiving Party in this action to disobey a lawful

13  directive from another court.

14  **XI.   A   NON-PARTY'S   PROTECTED   MATERIAL   SOUGHT   TO   BE**

15      **PRODUCED IN THIS LITIGATION**

16      (a)    The terms of this Order are applicable to information produced by

17  a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL

19  BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER" or "HIGHLY

20  CONFIDENTIAL – SOURCE CODE" or "CONFIDENTIAL SOURCE CODE –

21  ATTORNEY'S EYES ONLY INFORMATION."  Such information produced by

22  Non-Parties in connection with this litigation is protected by the remedies and relief

23  provided by this Order.  Nothing in these provisions should be construed as

24

25

---

26  [10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity

27  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

28  [11] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

1    prohibiting a Non-Party from seeking additional protections.

2    (b)    In the event that a Party is required, by a valid discovery request,
3    to produce a Non-Party's confidential information in its possession, and the Party is
4    subject to an agreement with the Non-Party not to produce the Non-Party's
5    confidential information, then the Party shall:

6    1.    promptly notify in writing the Requesting Party and the
7    Non-Party that some or all of the information requested is subject to a confidentiality
8    agreement with a Non-Party;

9    2.    promptly provide the Non-Party with a copy of the
10    Stipulated Protective Order in this litigation, the relevant discovery request(s), and a
11    reasonably specific description of the information requested; and

12    3.    make the information requested available for inspection by
13    the Non-Party.

14    (c)    If the Non-Party fails to object or seek a protective order from this
15    Court within 14 days of receiving the notice and accompanying information, the
16    Receiving Party may produce the Non-Party's confidential information responsive to
17    the discovery request.  If the Non-Party timely objects or seeks a protective order, the
18    Receiving Party shall not produce any information in its possession or control that is
19    subject to the confidentiality agreement with the Non-Party before a determination by
20    the Court.[12] Absent a Court order to the contrary, the Non-Party shall bear the burden
21    and expense of seeking protection in this court of its Protected Material.

22    **XII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

23    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
24    Protected Material to any person or in any circumstance not authorized under this
25    Order, the Receiving Party must immediately (a) notify in writing the Designating
26    Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

27

28    _____

[12] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Case No. 2:20-cv-00169-JAK (DFMx)
STIPULATED PROTECTIVE ORDER

unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) **[Sonos's proposal:** provide written notice within a reasonable time**][Google's proposal:** promptly (within 72 hours) provide written notice**]** to the Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach.  In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

## XIII. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the court

for a determination of the claim. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

Any disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## XIV.  MISCELLANEOUS

14.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached.  Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any

1    of the material covered by this Order.

2        14.3    <u>No Agreement Concerning Discoverability</u>.  The identification or agreed

3    upon treatment of certain types of Disclosure and Discovery Material does not reflect

4    agreement by the Parties that the disclosure of such categories of Disclosure and

5    Discovery Material is required or appropriate in this action.  The Parties reserve the

6    right to argue that any particular category of Disclosure and Discovery Material

7    should not be produced.

8        14.4    <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all

9    applicable laws and regulations relating to the export of technical data contained in

10   such Protected Material, including the release of such technical data to foreign persons

11   or nationals in the United States or elsewhere.   Each party receiving Protected

12   Information shall comply with all applicable export control statutes and regulations.

13   *See, e.g.*, 15 CFR 734.  No Protected Information may leave the territorial boundaries

14   of the United States of America or be made available to any foreign national who is

15   not (i) lawfully admitted for permanent residence in the United States or (ii) identified

16   as a protected individual under the Immigration and Naturalization Act (8 U.S.C.

17   1324b(a)(3)).  Without limitation, this prohibition extends to Protected Information

18   (including copies) in physical and electronic form.  The viewing of Protected

19   Information through electronic means outside the territorial limits of the United States

20   of America is similarly prohibited.  Notwithstanding this prohibition, Protected

21   Information, exclusive of material designated HIGHLY CONFIDENTIAL –

22   SOURCE CODE or CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES

23   ONLY INFORMATION, and to the extent otherwise permitted by law, may be taken

24   outside the territorial limits of the United States if it is reasonably necessary for a

25   deposition taken in a foreign country.  The restrictions contained within this paragraph

26   may be amended through the consent of the producing Party to the extent that such

27   agreed to procedures conform with applicable export control laws and regulations.

28       14.5    <u>Filing Protected Material</u>.    Without written permission from the

Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local Civil Rule 79-5, a sealing order will issue only upon a declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 79-5.2 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Local Civil Rule 79-5.2.2(a) unless otherwise instructed by the Court.

14.6    Use of Protected Material at Hearing or Trial.  A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Information during any hearing or trial.  Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

14.7    No Limitation on Legal Representation.  Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

14.8    Violations.  If any Party violates the limitations on the use of Protected Material as described above, the Party violating this Order shall be subject to sanctions, or any other remedies as appropriate, as ordered by the Court.  In the event

motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

14.9    Agreement Upon Execution.  Each of the Parties agrees to be bound by the terms of this Order as of the date counsel for such party executes this Order, even if prior to entry of this Order by the Court.

[**Sonos's position:** Google's inclusion of 14.10 is ambiguous and unnecessary]

[**Google's proposal:** 14.10      Data Security.  Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order.  As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

If Protected Material is to be used during a deposition, the Designating Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).]

## XV.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

Case No. 2:20-cv-00169-JAK (DFMx)
STIPULATED PROTECTIVE ORDER

capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), hearing transcripts, legal memoranda, correspondence, trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

## XVI. INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by

1  the United States District Court for the Central District of California.

2

3  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4

5  DATED: June 27, 2025                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP

6

7                                      By  /s/ *DRAFT*

8                                          LANCE YANG (SBN 260705)
                                           Attorney for Defendant Google LLC

9

10

11  DATED: June 27, 2025               ORRICK, HERRINGTON & SUTCLIFFE
                                       LLP
12                                     *and*
13                                     LEE SULLIVAN SHEA & SMITH LLP

14                                     By  /s/ *DRAFT*

15

16                                         Clement S. Roberts
                                           Attorneys for Plaintiff
17                                         SONOS, Inc.

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:20-cv-00169-JAK (DFMx)
                                           STIPULATED PROTECTIVE ORDER

# **CERTIFICATE OF SERVICE**

I, ==XXX==, certify that pursuant to Local Civil Rule 5-3, counsel of record who have consented to electronic service are being served on June 27, 2025 with copies of the attached document(s) via the Court's CM/ECF system, which will send notification of such filing to counsel of record.

DATED: June 27, 2025            Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   _/s/ XXX_____

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Sonos, Inc., v. Google LLC*, Case No. 2:20-cv-00169-JAK-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

[printed name]

Signature:_____

[signature]