UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 20-00169-JAK (DFMx) | Date: | August 8, 2025 |
|---|---|---|---|
| Title | Sonos, Inc. v. Google LLC | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion for Protective Order (Dkt. 98)

     Plaintiff Sonos, Inc. and Defendant Google LLC have submitted a joint stipulation of issues in dispute regarding entry of a Protective Order. <u>See</u> Dkts. 98, 99. The parties dispute (1) the number of review sites; (2) source code printouts; (3) prosecution & acquisition bar; and (4) breach notice and security. <u>See id.</u> The Court resolves the issues as set forth below. The hearing set for August 12, 2025 is VACATED. <u>See</u> C.D. Local Rule 7-15.

     <u>Source Code Inspections</u>

     Subsection (c) of Section IX sets forth provisions regarding how source code inspections are to occur. Sonos proposes two source code review sites (Los Angeles and Chicago), each with two review computers. Google proposes two computers at a single review site. Sonos contends that a review site in Chicago would greatly reduce travel time for its experts and counsel, that a single review site is unworkable given the volume of review and imminent fact discovery deadline, and that two review sites is consistent with prior litigation between the parties. Google responds that its proprietary source code "belongs at Google" where it is best protected, and that the "attorney convenience" of Sonos's "second law firm" is not a valid consideration.

     The Court sides with Sonos. Google's security concerns are well taken but undercut by its past litigation conduct, including unilaterally offering to provide a second review site in the Sonos Alsup case. Additionally, the volume of source code and January 12, 2026, fact discovery cutoff warrants a second review site.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Source Code Printouts

Subsection (d) of Section IX sets forth provisions regarding source code printouts. Sonos proposes presumptive limits of 50 consecutive and 750 aggregate pages, whereas Google proposes limits of 25 consecutive and 500 aggregate pages. Sonos argues that Google's limits are unworkable and that its proposal for a 750-page limit is consistent with agreements Google has made in less complex cases. Google responds that Sonos does not justify its demand for 50 consecutive pages, prior protective orders had a 25-page limit, and that Sonos's aggregate request ignores several relevant facts.

Sonos is entitled to 25 consecutive pages, in line with prior protective orders, and 750 aggregate pages, which appears necessary given the number and complexity of patents in this matter.

Prosecution and Acquisition Bars

Subsections (a) and (b) of Section VIII set forth provisions regarding prosecution and acquisition bars. The parties dispute the length of the prosecution bar (three years after final termination versus two years after termination or withdrawal from case), the length of the acquisition bar (three years versus two), and the scope of the subject matter. Again, Sonos argues that its terms are consistent with the most recent protective orders negotiated by the parties. Google responds that a longer bar is necessary based on Sonos's "patent prosecution misconduct," and that the scope of the bar should be larger given the extremely broad discovery.

The Court sides with Google. "The purpose of the prosecution bar is to mitigate the risk of inadvertent use of confidential information learned in litigation by barring litigation counsel's involvement in strategic decisionmaking related to the subject matter of the litigation." EPL Holdings, LLC v. Apple Inc., No. 12-4306, 2013 WL 2181584, at *4 (N.D. Cal. May 20, 2013). Google has persuasively articulated why a broad patent acquisition bar is necessary in this case. Additionally, Sonos has agreed to effectively identical provisions in past litigation. Sonos has not persuaded the Court that Google's terms are onerous or unnecessary.

Data Breach and Security

Finally, the parties dispute two related provisions regarding data breach and security: the timing of notification of any unauthorized disclosure or security breach (Sonos's "within a reasonable time" versus Google's "promptly [within 72 hours]") and the inclusion of provisions specific to data security (Sonos proposes omitting, Google proposes including,)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

      For timing, Sonos argues that Google's deadline is impractical. Google responds that 72 hours is consistent with language in protective orders entered by other courts and that Sonos's language is vague. The Court sides with Google, preferring its clear 72-hour timeframe to the vague "within a reasonable time" standard.

      For data security, Sonos argues that Google's proposal is ambiguous and unsuitable for inclusion. Google responds that the proposed provision is not unduly burdensome and require only the implementation of security measures that meet relevant industry standards. Although Google's concern is well-founded, its proposal is frustratingly vague. The Court will not require the inclusion of the data security provision.

      Sonos is directed to lodge with the Court a proposed protective order revised consistent with rulings above within three (3) days.