QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant-Counterclaimant Google LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>*Plaintiff-Counterclaim Defendant,*<br><br>vs.<br><br>GOOGLE LLC,<br><br>*Defendant-Counterclaimant.* | CASE NO. 2:20-cv-00169-JAK (DFMx)<br><br>**GOOGLE LLC'S REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) WITH RESPECT TO YAMAHA CORPORATION**<br><br>Judge:       Hon. John A. Kronstadt<br><br>Complaint Filed: Jan. 7, 2020<br>Trial Date: None Set |

TO THE APPROPRIATE JUDICIAL AUTHORITY OF JAPAN:

The United States District Court for the Central District of California respectfully requests international assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

The Court requests the assistance described herein in the interests of justice.

**I.    REQUEST**

The Court requests that the Appropriate Judicial Authority of Japan compel production of documents and information from the following corporate entity:

**Yamaha Corporation**
10-1, Nakazawa-cho. Chuo-ku,
Hamamatsu-shi.
Shizuoka, 430-8650, Japan

Specifically, the Court requests that Yamaha Corporation ("Yamaha") produce the documents and information set out in **Exhibit A** to this Request and testify on the deposition topics identified in **Exhibit B**. As detailed below, the evidence collected will be used in the above-captioned civil proceeding before this Court. In the proper exercise of its authority, this Court has determined that evidence from Yamaha is necessary to develop the factual record needed to resolve the issues in this proceeding. The Court therefore requests the assistance described herein in the interests of justice.

The Court understands that the documents and information requested may be of a confidential nature. As such, the Court understands that such documents may be designated confidential and will be treated as so pursuant to the protective order to be entered in this matter. Expert reports related to the requested documents and information are due March 23, 2026. The Court respectfully requests that the Appropriate Judicial Authority of Japan compel production of documents and information before the due date of the related expert report; however such documents and information are still requested even if such a deadline cannot be met.

If any portion of this Request is deemed to be unacceptable under the laws of Japan, please disregard that portion and continue to comply with as much of the Request as is legally permissible.

**A.  Sender and Requesting Judicial Authority**

Honorable John A. Kronstadt

First Street Courthouse
350 W. First Street, Courtroom 10C,
Los Angeles, CA 90012
Telephone: (669) 254-5252

**B.  Names and Addresses of the Parties and Their Representatives**

*Plaintiff-Counterclaim Defendant,*

Sonos, Inc.
301 Coromar Drive,
Goleta, CA 93117

*Sonos, Inc.'s Representatives*

Alyssa M. Caridis
Orrick Herrington and Sutcliffe LLP
777 South Figueroa Street Suite 3200
Los Angeles, CA 90017
213-612-2020
Fax: 213-612-2499
Email: acaridis@orrick.com

Clement S. Roberts
Orrick Herrington and Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669
415-773-5700
Fax: 415-773-5759
Email: croberts@orrick.com

George I. Lee
Lee Sullivan Shea and Smith LLP
656 West Randolph Street Suite 5W
Chicago, IL 60661

```
312-754-9606
Fax: 312-754-9603
Email: lee@ls3ip.com

John D. Smith, III
Lee Sullivan Shea and Smith LLP
656 West Randolph Street Suite 5W
Chicago, IL 60661
312-754-9602
Fax: 312-754-9603
Email: smith@ls3ip.com

Rory P. Shea
Lee Sullivan Shea and Smith LLP
656 West Randolph Street Suite 5W
Chicago, IL 60661
312-754-9602
Fax: 312-754-9603
Email: shea@ls3ip.com

Sean M. Sullivan
Lee Sullivan Shea and Smith LLP
656 West Randolph Street, Suite 5W
Chicago, IL 60661
312-754-9602
Fax: 312-754-9603
Email: sullivan@ls3ip.com
```

*Defendant-Counterclaimant.*

Google LLC
1600 Amphitheatre Parkway
Mountain View, CA 94043

*Google LLC's Representatives*

Sean S. Pak
seanpak@quinnemanuel.com
Melissa J. Baily
melissabaily@quinnemanuel.com

James D. Judah
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic
ogizivojnovic@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang
lanceyang@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel:   (213) 443-3000
Facsimile:   (213) 443-3100

    **C.**    **Person to Whom the Executed Request is to be Returned**

Ognjen Zivojnovic
ogizivojnovic@quinnemanuel.com
**Quinn Emanuel Urquhart & Sullivan, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

**II.**    **NATURE AND PURPOSE OF THE PROCEEDING**

Plaintiff and Counterclaim Defendant Sonos, Inc. ("Sonos") has asserted United States Patent Nos. 7,571,014; 8,588,949; 9,195,258; 9,219,959; 10,031,715; 10,209,953; 10,439,896; 11,080,001; 10,966,025; and 10,541,883 (collectively, "Sonos's Asserted Patents") against Defendant-Counterclaimant Google LLC ("Google") in an action for patent infringement. *See* Dkts. 1, 64, 68. The accused products, collectively referred to as the "Google Wireless Audio System," include

Chromecast devices, Google/Nest Home speakers and displays (Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio), Nest Wifi Point, Pixel Tablet with Charging Speaker Dock, controlling applications (Google Home app, YouTube Music app, Google Play Music app), and Pixel phones, tablets, and laptops.

Sonos alleges that Google's products infringe patents covering certain aspects of wireless multi-room audio technology, including: how to set up playback devices on wireless networks, how to control volume of playback devices, and how to synchronize audio playback within groups. Google denies these allegations and further contends that Sonos' patents are invalid over the prior art, including prior art systems developed and sold by Yamaha Corporation ("Yamaha") in the United States.

Specifically, through its investigation based on public material, Google has determined that Yamaha likely retains information related to: (1) prior art systems to Sonos's Asserted Patents, including the MusicCast MCX-A10 Digital Audio Terminal and the MusicCast MCX-1000 Digital Audio Server (collectively, "the MusicCast System"); (2) the extent to which the MusicCast System discloses the claims of Sonos's Asserted Patents; (3) the extent to which the MusicCast System practices or embodies patents and patent applications filed by and/or assigned to Yamaha related to the MusicCast System, including European Patent App. No. EP1202490A2 ("Fujimori") and United States Patent No. 6,751,228 ("Okamura") (collectively, "the Yamaha Patents"); and (4) the public use and on sale dates of the MusicCast System. Google does not have possession of this information, as this information is confidential to Yamaha. Moreover, apart from a limited set of documents and information related to the public use and on sale dates of the MusicCast System in the United States, Yamaha's United States distribution, sales, and marketing subsidiary (Yamaha Corporation of America) also claims to not have possession of this information. Accordingly, Yamaha is the proper entity from which to obtain the requested information.

## III. EVIDENCE

The documents and information requested to be produced are identified in **Exhibit A** attached hereto. The topics for a requested deposition are identified in **Exhibit B** attached hereto. The Court respectfully requests that the judicial authorities of Japan provide a transcription of the deposition on the identified topics. The requested documents and testimony are not otherwise obtainable by this Court through its own compulsory process. The requested documents are relevant to issues in the proceeding. The requested documents are exclusively in the possession, custody, or control of Yamaha.

### A. Documents and Information Requested

Defendant-Counterclaimant respectfully requests that two copies of the requested documents be produced: one copy to be provided for use of the judicial authority in Japan, and the second copy to be provided to Defendant-Counterclaimant, who shall make copies of these documents to share with Plaintiff-Counterclaim Defendant. Further, Defendant-Counterclaimant respectfully requests that the documents produced for this Court's use be produced in neither hard copy or electronically. The documents can be shipped by Federal Express (or comparable means) to Ognjen Zivojnovic, whose contact information is detailed in Section 1.C., *supra*. To the extent any of these documents cannot be produced, this Court respectfully requests that the documents be delivered for inspection at a time and place of your choosing so that the parties to this proceeding may inspect and copy the documents.

### B. Identity and Address of Person to be Examined

**Yamaha Corporation**
10-1. Nakazawa-cho, Chuo-ku,
Hamamatsu-shi.
Shizuoka, 430-8650, Japan

C. **Request For Notification Of The Time And Place Of The Execution Of This Request And Identity And Address Of Any Person To Be Notified**

This Court respectfully requests that advance notification of the time and place for execution of the Letter Rogatory be sent to the following representatives of the Court and to the requesting party:

    Honorable John A. Kronstadt

    First Street Courthouse
    350 W. First Street, Courtroom 10C,
    Los Angeles, CA 90012
    Tel: (669) 254-5252

    *Defendant-Counterclaimant Google LLC,*

    Ognjen Zivojnovic
    ogizivojnovic@quinnemanuel.com
    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
    50 California Street, 22nd Floor
    San Francisco, CA 94111
    Tel: (415) 875-6600
    Fax: (415) 875-6700

## IV. PROTECTIVE ORDER

In this matter, a Protective Order that governs the production of documents requested from Yamaha has not yet been entered. Because this action involves confidential and proprietary business information, a Protective Order will be entered to protect such information from public disclosure. Accordingly, the United States District Court for the Central District of California will request that any documents, testimony, and/or records of testimony obtained in response to this Letter Rogatory be treated in accordance with the provisions of the future Protective Order to protect the confidential and proprietary information. All disclosed information will be treated with the utmost confidence.

## V. OFFER OF RECIPROCAL ASSISTANCE

The United States District Court for the Central District of California is willing to provide similar assistance to the Appropriate Judicial Authority of Japan. *See* 28 U.S.C. § 1782.

## VI. REIMBURSEMENT FOR COSTS

Counsel for Google is willing to reimburse the Appropriate Judicial Authority of Japan for costs and expenses incurred in executing this Letter Rogatory up to US $5,000. Please inform counsel for Google before the costs exceed this amount. Please direct requests for reimbursement to:

> Ognjen Zivojnovic
> ogizivojnovic@quinnemanuel.com
> **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
> 50 California Street, 22nd Floor
> San Francisco, CA 94111
> Tel: (415) 875-6600
> Fax: (415) 875-6700

DATED: August 12, 2025



**Honorable John A. Kronstadt**
Judge for the United States District Court
for the Central District of California
First Street Courthouse
350 W. First Street, Courtroom 10C,
Los Angeles, CA 90012
Telephone: (669) 254-5252





| Daniel Torrez | |
|---|---|
| Deputy Clerk's Printed Name | By: Deputy Clerk's Signature |

# EXHIBIT A

# DEFINITIONS AND INSTRUCTIONS

Definitions

1. "Yamaha," "You," "Your," or "Yours" means Yamaha Corporation, its predecessors and successors, past and present parents, divisions, and all past and present directors, officers, employees, agents, consultants, attorneys and others purporting to act on its behalf.

2. The term "Source Code" means computer code that specifies software that executes on processors (including but not limited to CPUs, embedded processors, DSPs, microcontrollers, FPGAs), including but not limited to code written in the C, C++, C#, Objective C, Visual Basic, Java, JavaScript, PHP programming languages, in assembly language, in mark-up languages such as HTML or XML, or in data object formats such as JSON, or hardware definition/design language code that specifies the structure or functionality of hardware logic, including but not limited to code written in the Verilog or VHDL languages.

3. The term "Document" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, or otherwise recorded matter, however produced or reproduced, and all "writings," as defined in Federal Rule of Evidence 1001, of any nature, whether on paper, magnetic tape, electronically recorded, or any other information storage means, including film and computer memory devices; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents. The definition of "Document" encompasses "Source Code."

4. The "Relevant Sonos Patents," refers to the following patents identified in Sonos's Complaint and any amendments thereto: United States Patent Nos. 9,195,258 ("the '258 Patent"); 10,031,715 ("the '715 Patent"); 10,209,953 ("the '953

Patent"); 10,439,896 ("the '896 Patent"); 11,080,001 ("the '001 Patent"); 10,541,883 ("the '883 Patent"); 7,571,014 ("the '014 Patent"); and 8,588,949 ("the '949 Patent").

5.  The "Yamaha Patents" refers to patents and patent applications filed by and/or assigned to Yamaha, including: European Patent App. No. EP1202490A2 ("Fujimori") and United States Patent No. 6,751,228 ("Okamura").

6.  The "MusicCast System" refers to Your products and prototypes shown or marketed in connection with the MusicCAST brand, including the MusicCast MCX-A10 Digital Audio Terminal and the MusicCast MCX-1000 Digital Audio Server, and all versions thereof presented at the Consumer Electronics Show in January 2003 or otherwise used, known, sold, offered for sale, or available for update in the United States before June 6, 2005.

Instructions

The Court respectfully asks that the following instructions are applied to these Requests:

1.  Please allow these Requests to continue to the extent permitted under the Federal Rules of Civil Procedure such that You will promptly produce for inspection and copying any Documents or things that may be acquired, obtained, located or identified consistent with Fed. R. Civ. P. 26(e)(1).

2.  Please separately answer each Request and list the responsive Documents by: (i) organizing and designating them to correspond to the categories in these Requests, or if not, (ii) producing them as they are maintained in the normal course of business, and in either case please: (a) produce all associated file labels, file headings, and file folders together with the responsive Documents and each file is identified as to its owner or custodian; (b) produce all Documents that cannot be legibly copied in their original form; otherwise, please produce photocopies and provide the right to inspect the originals; and (c) give each page a discrete production number and produce them in Bates-numbered form.

3. Please store documents electronically and produce them in the form or forms in which they are ordinarily maintained. To the extent possible, please do not print electronic Documents and scan them into PDF format.

4. Please note that these Requests ask for Documents that are known or available to You, or in Your possession, custody, or control, including Documents known or available to attorneys, agents, representatives, or any other person acting on Your behalf or under Your direction or control, its attorneys, agents, or representatives.

5. Possession, custody, and control does not require that You have actual physical possession; instead, if You have physical control or a superior right to compel production from another, then please obtain such Document for production.

6. In the event that multiple copies of a Document exist, please produce each copy on which any notations or markings of any sort not appearing on any other copies exist.

7. If no Documents or things are responsive to a particular request, please state that no responsive materials exist.

8. Please produce each requested Document or thing in its entirety, including attachments, without deletions or excisions. If any Document or thing cannot be produced in full, please produce it to the fullest extent possible and please specify the reasons for the inability to produce the remainder.

9. If You or Your attorneys know of the existence, past or present, of any Document described in any of these Requests, but such Document is not presently in Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or attorneys, please state so in response to the Request. For any such Documents, please provide the disposition of each such Document, including the date of, method of, and reasons for such disposition, and the address, if known, of any Person who has seen the Document or who now has custody, control,

or possession thereof. If such document no longer exists, please state when, how, and why such Document ceased to exist.

10. If You object to any Request or part thereof, please (1) state the objection, and (2) produce the relevant Documents to which Your objection does not apply.

11. If any Documents are withheld from production under a claim of privilege or work product, please produce the relevant Documents to which Your privilege objection does not apply, and then please state the nature of the privilege claimed and provide information sufficient to support such claim of privilege. For allegedly privileged Documents, please include: (i) any privilege or immunity from discovery asserted; (ii) the nature of the Document (letter, memorandum, notes, etc.); (iii) the author; (iv) the addressee, including recipients of copies; (v the date; (vi) each and every Person who has seen such Document or a portion of such Document; (vii) the subject matter and general nature of the information; and (viii) any other facts which are alleged to support the assertion of privilege or immunity.

12. Unless otherwise stated, these Requests should be interpreted to include the production of Documents or things that were prepared, created, written, sent, dated or received at any time.

13. The geographic scope of these Requests is worldwide, to the extent that there is a reasonable basis to believe that locations outside of the United States may contain responsive Documents that cannot be found inside the United States.

14. Defendant-Counterclaimant reserves the right to propose additional Requests.

# REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

Documents and Source Code in Your possession, custody, or control, sufficient to show the extent to which the MusicCast System practices or embodies the Yamaha Patents.

REQUEST FOR PRODUCTION NO. 2:

Documents and Source Code in Your possession, custody, or control, sufficient to show the structure and operation of the MusicCast System, including features for playing back songs on multiple MusicCast clients simultaneously (including the MusicCast System's Multicast and Broadcast features), Auto Configuration features, and features for controlling volume (including individual and groups of MusicCast clients).

REQUEST FOR PRODUCTION NO. 3:

Documents and Source Code in Your possession, custody, or control, sufficient to show the implementation of protocols and APIs in the MusicCast System related to the Broadcast, Multicast, and Auto Configuration features, including, but not limited to, the implementation of Access Co. Ltd.'s AVE-TCP protocol, Yamaha's Extended Control API in the MusicCast System.

REQUEST FOR PRODUCTION NO. 4:

Documents in Your possession, custody, or control, sufficient to show Your marking of the MusicCast System with the Yamaha Patents, including physical, online, and digital marking.

REQUEST FOR PRODUCTION NO. 5:

Documents in Your possession, custody, or control, sufficient to show dates when the MusicCast System and each version thereof was first used, known, sold, offered for sale, or available for update in the United States, including, but not limited to, Your public use, demonstration, display, and/or sales of the MusicCast System at the Consumer Electronics Show (CES) in January 2003, and, more generally, Your

1  public use, demonstration, and/or sales of the MusicCast System in the United States
2  before June 6, 2005.

# EXHIBIT B

# DEFINITIONS AND INSTRUCTIONS

<u>Definitions</u>

1. "Yamaha," "You," "Your," or "Yours" means Yamaha Corporation, its predecessors and successors, past and present parents, divisions, and all past and present directors, officers, employees, agents, consultants, attorneys and others purporting to act on its behalf.

2. The term "Source Code" means computer code that specifies software that executes on processors (including but not limited to CPUs, embedded processors, DSPs, microcontrollers, FPGAs), including but not limited to code written in the C, C++, C#, Objective C, Visual Basic, Java, JavaScript, PHP programming languages, in assembly language, in mark-up languages such as HTML or XML, or in data object formats such as JSON, or hardware definition/design language code that specifies the structure or functionality of hardware logic, including but not limited to code written in the Verilog or VHDL languages.

3. The term "Document" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic, or otherwise recorded matter, however produced or reproduced, and all "writings," as defined in Federal Rule of Evidence 1001, of any nature, whether on paper, magnetic tape, electronically recorded, or any other information storage means, including film and computer memory devices; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents. The definition of "Document" encompasses "Source Code."

4. The "Relevant Sonos Patents," refers to the following patents identified in Sonos's Complaint and any amendments thereto: United States Patent Nos. 9,195,258 ("the '258 Patent"); 10,031,715 ("the '715 Patent"); 10,209,953 ("the '953

Patent"); 10,439,896 ("the '896 Patent"); 11,080,001 ("the '001 Patent"); 10,541,883 ("the '883 Patent"); 7,571,014 ("the '014 Patent"); and 8,588,949 ("the '949 Patent").

5. The "Yamaha Patents" refers to patents and patent applications filed by and/or assigned to Yamaha, including: European Patent App. No. EP1202490A2 ("Fujimori") and United States Patent No. 6,751,228 ("Okamura").

6. The "MusicCast System" refers to prior art systems to Sonos's Asserted Patents, including: the MusicCast MCX-A10 Digital Audio Terminal and the MusicCast MCX-1000 Digital Audio Server.

Instructions

1. One or more representatives may be produced at deposition for one or more topics.

2. If in responding to these topics you claim any ambiguity in either a topic or a definition or instruction applicable thereto, please identify in advance of the deposition the language you consider ambiguous and state the interpretation You are using in preparing your witness(es) to testify.

# TOPICS FOR THE DEPOSITION OF YAMAHA

TOPIC NO. 1:

The extent to which the MusicCast System practices or embodies the Yamaha Patents.

TOPIC NO. 2:

The structure and operation of the MusicCast System, including features for playing back songs on multiple MusicCast clients simultaneously (including the MusicCast System's Multicast and Broadcast features), Auto Configuration features, and features for controlling volume (including individual and groups of MusicCast clients).

TOPIC NO. 3:

The implementation of protocols and APIs in the MusicCast System related to the Broadcast, Multicast, and Auto Configuration features, including, but not limited to, the implementation of Access Co. Ltd.'s AVE-TCP protocol, Yamaha's Extended Control API in the MusicCast System.

TOPIC NO. 4:

Your marking of the MusicCast System with the Yamaha Patents, including physical, online, and digital marking.

TOPIC NO. 5:

The dates when the MusicCast System and each version thereof was first used, known, sold, offered for sale, or available for update in the United States, including, but not limited to, Your public use, demonstration, display, and/or sales of the MusicCast System at the Consumer Electronics Show (CES) in January 2003, and, more generally, Your public use, demonstration, and/or sales of the MusicCast System in the United States before June 6, 2005.

TOPIC NO. 6:

The business record and/or authenticity foundation for the Documents and Source Code produced by You in response to this Letter Rogatory.