QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Defendant Google LLC*

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOS, INC., | CASE NO. 2:20-cv-00169-JAK (DFMx) |
| *Plaintiff-Counterclaim Defendant,* | |
| vs. | **GOOGLE'S ANSWER TO SONOS'S COUNTERCLAIMS** |
| GOOGLE LLC, | **JURY TRIAL DEMANDED** |
| *Defendant-Counterclaimant.* | Judge: Hon. John A. Kronstadt |
| | Complaint Filed: Jan. 7, 2020 |

Defendant Google LLC's ("Google") submits this Answer Plaintiff Sonos, Inc.'s ("Sonos") Counterclaims, and states as follows:

## COUNTERCLAIMS

### INTRODUCTION[1]

1.     Google admits that Google and Sonos have been involved in various lawsuits against each other, including proceedings in California, at the International Trade Commission, in Germany, in the Netherlands, and in Canada.  Google denies the remaining allegations and characterizations contained in Paragraph 1 of the Counterclaims.

2.     Google admits that Google has asserted claims of patent infringement against Sonos in these proceedings, and that the two patents Google asserts against Sonos were purchased by Google from Revolv in 2014.  Google denies the remaining allegations and characterizations contained in Paragraph 2 of the Counterclaims.

3.     Google denies the allegations and characterizations contained in Paragraph 3 of the Counterclaims.

4.     Paragraph 4 of the Counterclaims state a legal conclusion to which no response is required.

5.     Paragraph 5 of the Counterclaims state a legal conclusion to which no response is required.

6.     Paragraph 6 of the Counterclaims state a legal conclusion to which no response is required.

7.     Google denies the allegations and characterizations contained in Paragraph 7 of the Counterclaims.

---

[1]     Google's answer to the Counterclaims uses the same headings as the Counterclaims, but to the extent the headings contain any allegations or characterizations, Google expressly denies any such allegations or characterizations.

01980-00237/17259909.8

8.    Google admits that Google disclosed a Motorola patent to Sonos during negotiations with Sonos.    Google denies the remaining allegations and characterizations contained in Paragraph 8 of the Counterclaims.

9.    Google admits that Sonos provided a draft complaint to Google during negotiations with Google.    Google denies the remaining allegations and characterizations contained in Paragraph 9 of the Counterclaims.

10.    Google denies the allegations and characterizations contained in Paragraph 10 of the Counterclaims.

11.    Google denies the allegations and characterizations contained in Paragraph 11 of the Counterclaims.

# I.    TIMELINE OF RELEVANT DISCLOSURES

## A.    Sonos's Invention

12.    Google denies the allegations in Paragraph 12 of the Counterclaims insofar as they purport to attribute to the '951 patent (or other cited patents and applications) anything that is not stated therein.

13.    Google denies the allegations in Paragraph 13 of the Counterclaims insofar as they purport to attribute to the '896 patent (or other cited patents and applications) anything that is not stated therein.

14.    Google denies the allegations in Paragraph 14 of the Counterclaims insofar as they purport to attribute to the '896 patent anything that is not stated therein.

15.    Google denies the allegations in Paragraph 15 of the Counterclaims insofar as they purport to attribute to the '896 patent anything that is not stated therein.

16.    Google denies the allegations in Paragraph 16 of the Counterclaims insofar as they purport to attribute to the '896 patent anything that is not stated therein.

17.    Google denies the allegations in Paragraph 17 of the Counterclaims insofar as they purport to attribute to the patents in Sonos's "Setup Patent Family" anything that is not stated therein.

18.    Google denies the allegations in Paragraph 18 of the Counterclaims insofar as they purport to attribute to the patents in Sonos's "Setup Patent Family" anything that is not stated therein.    Google admits that Paragraph 18 of the Counterclaims purports to quote from a 2015 *Ars Technica* article.    Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 18 of the Counterclaims and, on that basis, denies them.

19.    Google admits that Paragraph 19 of the Counterclaims purports to quote from a *Gizmodo* article and a *Consumer Reports* article.    Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 19 of the Counterclaims and, on that basis, denies them.

20.    Google admits that Paragraph 20 of the Counterclaims purports to quote from Google's website.    Google denies the remaining allegations and characterizations contained in Paragraph 20 of the Counterclaims.

21.    Google admits that Paragraph 21 of the Counterclaims purports to quote from a *Android Central* article, a *CNET* article, and a *Tom's Guide* article.    Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 21 of the Counterclaims and, on that basis, denies them.

**B.    Motorola's Patent Application**

22.    Google denies the allegations in Paragraph 22 of the Counterclaims insofar as they purport to attribute to the '671 patent (or other cited patents and applications) anything that is not stated therein.

**C.    Mobiplug's (then Revolv's and then Nest's) Patent Application**

23.    Google denies the allegations in Paragraph 23 of the Counterclaims insofar as they purport to attribute to the '204 patent (or other cited patents and applications) anything that is not stated therein.

24.     Google denies the allegations in Paragraph 24 of the Counterclaims insofar as they purport to attribute to the Matthews Provisional (or other cited patents and applications) anything that is not stated therein.

25.     Google denies the allegations in Paragraph 25 of the Counterclaims insofar as they purport to attribute to the Matthews Provisional (or other cited patents and applications) anything that is not stated therein.

26.     Google denies the allegations in Paragraph 26 of the Counterclaims insofar as they purport to attribute to the Matthews Provisional (or other cited patents and applications) anything that is not stated therein.

27.     Google denies the allegations in Paragraph 27 of the Counterclaims insofar as they purport to attribute to the Matthews Provisional (or other cited patents and applications) anything that is not stated therein.

28.     Google denies the allegations in Paragraph 28 of the Counterclaims insofar as they purport to attribute to the Matthews Provisional (or other cited patents and applications) anything that is not stated therein.

29.     Google denies the allegations in Paragraph 29 of the Counterclaims insofar as they purport to attribute to the Matthews Provisional (or other cited patents and applications) anything that is not stated therein.

30.     Google denies the allegations in Paragraph 30 of the Counterclaims insofar as they purport to attribute to the Matthews Provisional anything that is not stated therein.

31.     Google denies the allegations in Paragraph 31 of the Counterclaims insofar as they purport to attribute to the Matthews Provisional anything that is not stated therein.

32.     Google denies the allegations in Paragraph 32 of the Counterclaims insofar as they purport to attribute to the '204 Patent anything that is not stated therein.

33.     Admitted.

01980-00237/17259909.3

**D.    Google Acquires the Motorola and Revolv Patent Applications and Allegedly Begins to Morph the Mathews Patent Family**

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    Google denies the allegations and characterizations contained in Paragraph 37 of the Counterclaims.

38.    Google denies the allegations and characterizations contained in Paragraph 38 of the Counterclaims.

## II.    GOOGLE PROSECUTES THE MATHEWS PATENT FAMILY

39.    Google admits that Google took over responsibility for prosecuting the Matthews '828 App. in 2014.  Google further admits that Louis Sorell was hired by Google in 2011 as Patent Counsel and in 2018 Mr. Sorell was promoted to Senior Patent Counsel.  Google further admits that Exhibit 137 purports to be a copy of Mr. Sorell's LinkedIn page.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 39 of the Counterclaims.

40.    Google admits that the power of attorney filed in February 2015 appoints customer number 82750 as Prosecuting Counsel for the Mathews '828 App.  Except as specifically admitted, Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 40 of the Counterclaims and, on that basis, denies them.

41.    Admitted.

42.    Paragraph 42 of the Counterclaims state a legal conclusion to which no response is required.

43.    Paragraph 43 of the Counterclaims state a legal conclusion to which no response is required.

44.    Admitted.

### III. TIMELINE OF SONOS-GOOGLE NEGOTIATIONS AND LITIGATION AMIDST GOOGLE'S PROSECUTION OF THE MATHEWS PATENT FAMILY

#### A. 2016 Discussions

45.    Google admits that the Matthews '406 App. was filed on October 29, 2015.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 45 of the Counterclaims.

46.    Google admits that Sonos has alleged that Google infringes various Sonos patents, but Google denies that it has committed any such alleged infringement. Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 46 of the Counterclaims.

47.    Google admits that on or around September 2, 2016, Google received a letter from Sonos purporting to identify various Sonos patents and applications, including the Millington '771 Patent.  Google further admits that this letter was addressed to John LaBarre and Allen Lo at Google.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 47 of the Counterclaims.

48.    Google admits that on or around October 13, 2016, Google received a letter from Sonos purporting to identify various Sonos patents and applications, including the Millington '771 Patent and the Millington '951 Patent.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 48 of the Counterclaims.

49.    Google admits that on or around October 26, 2016, Google received a PowerPoint presentation from Sonos purporting to identify various Sonos patents and applications, including the Millington '951 Patent.  Google further admits that this presentation was sent to John LaBarre at Google.  Google further admits that the presentation purports to quote from and show images from the Millington '951 Patent. Google further admits that Google and Sonos conducted a meeting and that Mr. Sorrell was present at the meeting.  Except as specifically admitted, Google denies

the remaining allegations and characterizations contained in Paragraph 49 of the Counterclaims.

50.     Google denies the allegations and characterizations contained in Paragraph 50 of the Counterclaims.

51.     Google denies the allegations and characterizations contained in Paragraph 51 of the Counterclaims.

52.     Google admits that Exhibit 138 purports to be a PowerPoint presentation that includes the name "Lou Sorell."  Google further admits that Exhibit 138 was shared with Sonos.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 52 of the Counterclaims.

53.     Google admits that the cited portion of Exhibit 138 identified Motorola Mobility and Nest.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 53 of the Counterclaims.

54.     Google admits that the cited portion of Exhibit 138 states "Wireless setup and configuration."  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 54 of the Counterclaims.

55.     Google admits that the cited portion of Exhibit 138 states identifies US Patent No. 8,798,671  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 55 of the Counterclaims.

56.     Google denies the allegations and characterizations contained in Paragraph 56 of the Counterclaims.  Contrary to Sonos's allegations and characterizations, there was no duty to disclose any patents from Sonos's Setup Patent Family to the USPTO, as the Sonos Setup Patent Family is not material and are cumulative of other references and prior art considered by the USPTO. *See Certain Audio Players and Components Thereof II*, Inv. No. 337-TA-1330, Initial Determination at 186-187 (Oct. 12, 2023) (finding no inequitable conduct for not disclosing Sonos Setup Patent Family).

57.    Google denies the allegations and characterizations contained in Paragraph 57 of the Counterclaims.    Contrary to Sonos's allegations and characterizations, there was no duty to disclose any patents from Sonos's Setup Patent Family to the USPTO, as the Sonos Setup Patent Family is not material and are cumulative of other references and prior art considered by the USPTO. *See Certain Audio Players and Components Thereof II*, Inv. No. 337-TA-1330, Initial Determination at 186-187 (Oct. 12, 2023) (finding no inequitable conduct for not disclosing Sonos Setup Patent Family).

58.    Google denies the allegations and characterizations contained in Paragraph 58 of the Counterclaims.

59.    Google denies the allegations and characterizations contained in Paragraph 59 of the Counterclaims.    Contrary to Sonos's allegations and characterizations, none of patents from Sonos's Setup Patent Family are material as they are cumulative of other references and prior art considered by the USPTO. *See Certain Audio Players and Components Thereof II*, Inv. No. 337-TA-1330, Initial Determination at 186-187 (Oct. 12, 2023) (finding no inequitable conduct for not disclosing Sonos Setup Patent Family).

60.    Google denies the allegations and characterizations contained in Paragraph 60 of the Counterclaims.    Contrary to Sonos's allegations and characterizations, there was no duty to disclose any patents from Sonos's Setup Patent Family to the USPTO, as the Sonos Setup Patent Family is not material and are cumulative of other references and prior art considered by the USPTO. *See Certain Audio Players and Components Thereof II*, Inv. No. 337-TA-1330, Initial Determination at 186-187 (Oct. 12, 2023) (finding no inequitable conduct for not disclosing Sonos Setup Patent Family).

61.    Google admits that the USPTO issued a notice of allowance for the Matthews '406 App. on July 5, 2016.    Google further admits that the issue fee payment for the '406 App. was transmitted on September 30, 2016.    Except as

specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 61 of the Counterclaims.

62.    Google denies the allegations and characterizations contained in Paragraph 62 of the Counterclaims.    Contrary to Sonos's allegations and characterizations, there was no duty to disclose any patents from Sonos's Setup Patent Family to the USPTO, as the Sonos Setup Patent Family is not material and are cumulative of other references and prior art considered by the USPTO. *See Certain Audio Players and Components Thereof II*, Inv. No. 337-TA-1330, Initial Determination at 186-187 (Oct. 12, 2023) (finding no inequitable conduct for not disclosing Sonos Setup Patent Family).

63.    Google denies the allegations and characterizations contained in Paragraph 63 of the Counterclaims.    Contrary to Sonos's allegations and characterizations, there was no duty to disclose any patents from Sonos's Setup Patent Family to the USPTO, as the Sonos Setup Patent Family is not material and are cumulative of other references and prior art considered by the USPTO. *See Certain Audio Players and Components Thereof II*, Inv. No. 337-TA-1330, Initial Determination at 186-187 (Oct. 12, 2023) (finding no inequitable conduct for not disclosing Sonos Setup Patent Family).

### B.    2018-2020 Discussions and Sonos's ITC Litigation

64.    Google admits that from 2018-2020 Google and Sonos conducted held various discussions.    Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 64 of the Counterclaims.

65.    Google admits that between 2018 and 2020 Bradley Riel was an employee of Google.    Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 65 of the Counterclaims.

66.    Google admits that Mr. Riel was IP counsel at Nest Labs from November 2013 to August 2018.    Google further admits that Mr. Riel's LinkedIn profile states that his title was "IP Counsel" for "Nest Labs (Subsidiary of Google" from November

2013 to August 2018 and "Patent Counsel" at Google from September 2018 to 2023. Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 65 of the Counterclaims.

67.    Google admits that both Mr. Riel and Mr. Sorrell were employed at Google or its subsidiaries.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 67 of the Counterclaims,

68.    Google admits that Mr. Riel's job responsibilities at Google between September 2018 and 2023 involved patent prosecution activities.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 68 of the Counterclaims.

69.    Google admits that Mr. Riel's job responsibilities at Google between September 2018 and 2023 involved patent prosecution activities.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 69 of the Counterclaims.

70.    Google admits that Mr. Riel's job responsibilities at Google between September 2018 and 2023 involved patent prosecution activities.  Google further admits that Paragraph 70 of the Counterclaims purports to quote from a website for the Licensing Executives Society.  Except as specifically admitted, Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 70 of the Counterclaims and, on that basis, denies them.

71.    Google admits that the Matthews '337 App. was the eighth non-provisional patent application filed in the Matthews Patent Family.  Google further admits that Mr. Riel's job responsibilities at Google between September 2018 and 2023 involved patent prosecution activities.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 71 of the Counterclaims.

72.    Google admits that Mr. Riel's job responsibilities at Google between September 2018 and 2023 involved patent prosecution activities.  Except as specifically admitted, Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 72 of the Counterclaims and, on that basis, denies them.

73.    Google admits that the Matthews '189 App. is a continuation of the Matthes '337 App. and the direct parent of the Matthews '608 Patent.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 73 of the Counterclaims.

74.    Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 72 of the Counterclaims and, on that basis, denies them.

75.    Google admits that Mr. Reil and Mr. Sorrell appear as two of the many registered patent attorneys associated with the customer number designated as Prosecuting Counsel by the power of attorney filed in the Matthews '189 App.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 75 of the Counterclaims.

76.    Google denies the remaining allegations and characterizations contained in Paragraph 76 of the Counterclaims.

77.    Google admits that on or around February 22, 2019, Google received a letter enclosing a link to a repository of documents from Sonos.  Google further admits that the letter was addressed to Mr. Riel and others at Google.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 77 of the Counterclaims.

78.    Google admits that Google received a letter from Sonos on or about February 22, 2019 and that the attachments to the letter included reference to the Millington '698 and Millington '969 patents.  Except as specifically admitted, Google

denies the remaining allegations and characterizations contained in Paragraph 78 of the Counterclaims.

79.     Google admits that on or about June 11, 2019, representatives of Sonos met with representatives of Google.  Google further admits that Exhibit 139 purports to be a presentation by Sonos and that it includes a reference to "US Patent 9,960,969."  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 79 of the Counterclaims.

80.     Google admits that on December 9, 2019, Google filed the Mathews '189 App.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 80 of the Counterclaims.

81.     Google admits that on January 6, 2020, Sonos sent Google copies of various International Trade Commission filings.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 81 of the Counterclaims.

82.     Google admits that Exhibit 144 purports to be a copy of International Trade Commission filings.  Google further admits that the Millington '896 patent is referenced in Exhibit 144.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 82 of the Counterclaims.

83.     Google denies the allegations and characterizations contained in Paragraph 83 of the Counterclaims.  Contrary to Sonos's allegations and characterizations, the ITC rejected Sonos's allegations that Mr. Riel intentionally withheld any patents from Sonos's Setup Patent Family. *See Certain Audio Players and Components Thereof II*, Inv. No. 337-TA-1330, Initial Determination at 186-187 (Oct. 12, 2023) (finding no inequitable conduct for not disclosing Sonos Setup Patent Family).

84.     Google admits that on or about April 14, 2020, Google submitted amended claims in connection with the prosecution of the Mathews '189 App.  Except

as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 84 of the Counterclaims.

85. Google denies the allegations and characterizations contained in Paragraph 85 of the Counterclaims.

86. Google denies the allegations and characterizations contained in Paragraph 86 of the Counterclaims. Contrary to Sonos's allegations and characterizations, the ITC rejected Sonos's allegations that Mr. Riel intentionally withheld any patents from Sonos's Setup Patent Family. *See Certain Audio Players and Components Thereof II*, Inv. No. 337-TA-1330, Initial Determination at 186-187 (Oct. 12, 2023) (finding no inequitable conduct for not disclosing Sonos Setup Patent Family).

87. Admitted.

88. Paragraph 88 of the Counterclaims state a legal conclusion to which no response is required.

89. Google is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 89 of the Counterclaims and, on that basis, denies them.

90. Google admits that the power of attorney filed on June 3, 2021 appoints customer number 16621 as Prosecuting Counsel for the Mathews '579 App. Except as specifically admitted, Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and characterizations in Paragraph 90 of the Counterclaims and, on that basis, denies them.

91. Google is currently without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and characterizations in Paragraph 91 of the Counterclaims and, on that basis, denies them.

92. Google admits that Mr. Sorell appears as one of the registered patent attorneys associated with the customer number designated as Prosecuting Counsel by

1    the power of attorney filed in the Matthews '579 App.    Except as specifically

2    admitted, Google denies the remaining allegations and characterizations contained in

3    Paragraph 92 of the Counterclaims.

4        93.    Google is currently without knowledge or information sufficient to form

5    a belief as to the truth or falsity of the allegations and characterizations in Paragraph

6    93 of the Counterclaims and, on that basis, denies them.

7        94.    Google denies the allegations and characterizations contained in

8    Paragraph 94 of the Counterclaims.

9        95.    Google is currently without knowledge or information sufficient to form

10   a belief as to the truth or falsity of the allegations and characterizations in Paragraph

11   95 of the Counterclaims and, on that basis, denies them.

12   **C.    Google Asserts Mathews '615 But Fails to Cite Allegedly Material Information Stemming from These Proceedings in the Mathews '579 App.**

13

14       96.    Google admits that on August 9, 2022, Google filed a complaint with the

15   International Trade Commission alleging that Sonos infringed upon Google's patents,

16   including Mathews '615.    Except as specifically admitted, Google denies the

17   remaining allegations and characterizations contained in Paragraph 96 of the

18   Counterclaims.

19       97.    Google admits that Exhibit 146 purports to be copies of invalidity and

20   unenforceability allegations served by Sonos in the ITC investigation and during the

21   pendency of the Mathews '579 App.  Except as specifically admitted, Google denies

22   the remaining allegations and characterizations contained in Paragraph 97 of the

23   Counterclaims.

24       98.    Google admits that Exhibit 145 purports to set forth Sonos'

25   unenforceability allegations as to Mr. Riel.  Except as specifically admitted, Google

26   denies the remaining allegations and characterizations contained in Paragraph 98 of

27   the Counterclaims.

28

99.     Google admits that Exhibit 146 purports to be portions of Sonos' invalidity contentions served in the ITC investigation.    Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 99 of the Counterclaims.

100.     Google denies the allegations and characterizations contained in Paragraph 100 of the Counterclaims.

101.     Google denies the allegations and characterizations contained in Paragraph 101 of the Counterclaims.

102.     Google denies the allegations and characterizations contained in Paragraph 102 of the Counterclaims.

103.     Google admits that Sonos served its inequitable conduct allegations on Google in the ITC case on October 5, 2022 and that Exhibit 145 purports to be a copy of those allegations.    Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 103 of the Counterclaims.

104.     Admitted.

105.     Google denies the allegations and characterizations contained in Paragraph 105 of the Counterclaims.

106.     Google admits that on March 10, 2023, Matthew Johnson at Colby Nipper PLLC filed an information disclosure statement (IDS) in the Mathews '579 App. citing Millington '951 as well as all other references included in Sonos's invalidity contentions.    Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 106 of the Counterclaims.

107.     Google denies the allegations and characterizations contained in Paragraph 107 of the Counterclaims.

108.     To the extent Paragraph 108 quotes from the MPEP, this states a legal conclusion to which no response is required.    To the extent a response is required, Google denies such allegations.    Except as specifically admitted, Google denies the

remaining allegations and characterizations contained in Paragraph 108 of the Counterclaims.

109.    Google denies the allegations and characterizations contained in Paragraph 109 of the Counterclaims.

110.    Google denies the allegations and characterizations contained in Paragraph 110 of the Counterclaims.

111.    Admitted.

112.    Google denies the allegations and characterizations contained in Paragraph 112 of the Counterclaims.

113.    Google denies the allegations and characterizations contained in Paragraph 113 of the Counterclaims.

114.    Google admits that it filed its Patent Owner Response to Sonos's Petition on January 30, 2024.  Google further admits that Exhibit 148 purports to be a copy of Google's Patent Owner Response.  Google further admits that the PTAB cancelled claims 1-3, 5, 7-12, and 15-18 of Mathews '615 in its Final Written Decision issued on November 1, 2024.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 114 of the Counterclaims.

115.    Google denies the allegations and characterizations contained in Paragraph 115 of the Counterclaims.    Contrary to Sonos's allegations and characterizations, the USPTO was aware of the IPR as it was filed with the USPTO and Google did not have a duty to notify the USPTO of the IPR Petition.

116.    Google denies the allegations and characterizations contained in Paragraph 116 of the Counterclaims.    Contrary to Sonos's allegations and characterizations, the USPTO was aware of the IPR as it was filed with the USPTO and Google did not have a duty to notify the USPTO of the IPR Petition.

117.    Google denies the allegations and characterizations contained in Paragraph 116 of the Counterclaims.

118.    Google denies the allegations and characterizations contained in Paragraph 118 of the Counterclaims.

119.    Google denies the allegations and characterizations contained in Paragraph 119 of the Counterclaims.

120.    Google denies the allegations and characterizations contained in Paragraph 120 of the Counterclaims.

## IV.    THE UNDISCLOSED REFERENCES ARE ALLEGEDLY MATERIAL TO PATENTABILITY OF MATHEWS '790 AND MATHEWS '608

### A.    Mathews '790

121.    Google denies the allegations and characterizations contained in Paragraph 121 of the Counterclaims.

122.    Google denies the allegations and characterizations contained in Paragraph 122 of the Counterclaims.

### B.    Mathews '615

123.    Google denies the allegations and characterizations contained in Paragraph 123 of the Counterclaims.

### C.    Mathews '608

124.    Google denies the allegations and characterizations contained in Paragraph 124 of the Counterclaims.

125.    Google denies the allegations and characterizations contained in Paragraph 125 of the Counterclaims.

126.    Google denies the allegations and characterizations contained in Paragraph 126 of the Counterclaims.

## COUNT I
### DECLARATION OF NON-INFRINGEMENT
### OF U.S. PATENT NO. 9,485,790

127. Paragraph 127 does not state any factual allegations and thus no response is required. To the extent a response is required, Google denies the allegations and characterizations contained in Paragraph 127 of the Counterclaims.

128. Google admits that Sonos requests a determination and declaration from the Court that Sonos does not and has not infringed on any claim of the '790 Patent. Google denies that Sonos is entitled to such relief or any relief requested in the Counterclaims. Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 128 of the Counterclaims.

129. Google admits that Google's Counterclaims allege that Sonos infringes at least claim 1 of the '790 Patent. Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 129 of the Counterclaims.

130. Google admits that a continuing and justiciable controversy exists between Google and Sonos with respect to Sonos' infringement of the '790 Patent. Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 130 of the Counterclaims.

## COUNT II
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,485,790

131. Paragraph 131 does not state any factual allegations and thus no response is required. To the extent a response is required, Google denies the allegations and characterizations contained in Paragraph 131 of the Counterclaims.

132. Google admits that Sonos requests a determination and declaration from the Court that the '790 Patent is invalid. Google denies that Sonos is entitled to such relief or any relief requested in the Counterclaims. Except as specifically admitted,

Google denies the remaining allegations and characterizations contained in Paragraph 132 of the Counterclaims.

133.    Google denies the allegations and characterizations contained in Paragraph 133 of the Counterclaims.

134.    Google denies the allegations and characterizations contained in Paragraph 134 of the Counterclaims.

135.    Google admits that a continuing and justiciable controversy exists between Google and Sonos with respect to the validity of the '790 Patent.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 135 of the Counterclaims.

**<u>COUNT III</u>**
**DECLARATION OF UNENFORCEABILITY OF**
**U.S. PATENT NO. 9,485,790**

136.    Paragraph 136 does not state any factual allegations and thus no response is required.  To the extent a response is required, Google denies the allegations and characterizations contained in Paragraph 136 of the Counterclaims.

**A.    Alleged Failure to Disclose Motorola '671 Patent**

137.    Google denies the allegations and characterizations contained in Paragraph 137 of the Counterclaims.

138.    Paragraph 138 of the Counterclaims states a legal conclusion to which no response is required.

139.    Google denies the allegations and characterizations contained in Paragraph 139 of the Counterclaims.

140.    Google denies the allegations and characterizations contained in Paragraph 140 of the Counterclaims.

141.    Google denies the allegations and characterizations contained in Paragraph 141 of the Counterclaims.

01980-00237/17259909.1

142.    Google denies the allegations and characterizations contained in Paragraph 142 of the Counterclaims.

143.    Google denies the allegations and characterizations contained in Paragraph 143 of the Counterclaims.

144.    Google denies the allegations and characterizations contained in Paragraph 144 of the Counterclaims.

**B.    Alleged Failure to Disclose Millington '951**

145.    Google denies the allegations and characterizations contained in Paragraph 145 of the Counterclaims.

146.    Paragraph 146 of the Counterclaims states a legal conclusion to which no response is required.

147.    Google denies the allegations and characterizations contained in Paragraph 147 of the Counterclaims.

148.    Google denies the allegations and characterizations contained in Paragraph 148 of the Counterclaims.

149.    Google denies the allegations and characterizations contained in Paragraph 149 of the Counterclaims.

150.    Google denies the allegations and characterizations contained in Paragraph 150 of the Counterclaims.

151.    Google denies the allegations and characterizations contained in Paragraph 151 of the Counterclaims.

152.    Google denies the allegations and characterizations contained in Paragraph 152 of the Counterclaims.

## COUNT IV
## DECLARATION OF NON-INFRINGEMENT OF
## U.S. PATENT NO. 12,132,608

153.    Paragraph 153 does not state any factual allegations and thus no response is required.  To the extent a response is required, Google denies the allegations and characterizations contained in Paragraph 153 of the Counterclaims.

154.    Google admits that Sonos requests a determination and declaration from the Court that Sonos does not and has not infringed on any claim of the '608 Patent. Google denies that Sonos is entitled to such relief or any relief requested in the Counterclaims.    Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 154 of the Counterclaims.

155.    Google admits that Google's Counterclaims allege that Sonos infringes at least claim 1 of the '608 Patent.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 155 of the Counterclaims.

156.    Google admits that a continuing and justiciable controversy exists between Google and Sonos with respect to Sonos' infringement of the '790 Patent. Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 156 of the Counterclaims.

## COUNT V
## DECLARATION OF INVALIDITY OF
## U.S. PATENT NO. 12,132,608

157.    Paragraph 157 does not state any factual allegations and thus no response is required.  To the extent a response is required, Google denies the allegations and characterizations contained in Paragraph 157 of the Counterclaims.

158.    Google admits that Sonos requests a determination and declaration from the Court that the '608 Patent is invalid.  Google denies that Sonos is entitled to such relief or any relief requested in the Counterclaims.  Except as specifically admitted,

Google denies the remaining allegations and characterizations contained in Paragraph 158 of the Counterclaims.

159.    Google denies the allegations and characterizations contained in Paragraph 159 of the Counterclaims.

160.    Google denies the allegations and characterizations contained in Paragraph 160 of the Counterclaims.

161.    Google admits that a continuing and justiciable controversy exists between Google and Sonos with respect to the validity of the '608 Patent.  Except as specifically admitted, Google denies the remaining allegations and characterizations contained in Paragraph 161 of the Counterclaims.

<u>**COUNT VI**</u>
**DECLARATION OF UNENFORCEABILITY OF**
**U.S. PATENT NO. 12,132,608**

162.    Paragraph 162 does not state any factual allegations and thus no response is required.  To the extent a response is required, Google denies the allegations and characterizations contained in Paragraph 162 of the Counterclaims.

A.    **Alleged Infectious Unenforceability Stemming From Mathews '615**

163.    Google denies the allegations and characterizations contained in Paragraph 163 of the Counterclaims.

164.    Paragraph 164 of the Counterclaims states a legal conclusion to which no response is required.

165.    Google denies the allegations and characterizations contained in Paragraph 165 of the Counterclaims.

166.    Google denies the allegations and characterizations contained in Paragraph 166 of the Counterclaims.

167.    Google denies the allegations and characterizations contained in Paragraph 167 of the Counterclaims.

168.     Google denies the allegations and characterizations contained in Paragraph 168 of the Counterclaims.

169.     Google denies the allegations and characterizations contained in Paragraph 169 of the Counterclaims.

170.     Google denies the allegations and characterizations contained in Paragraph 170 of the Counterclaims.

171.     Google denies the allegations and characterizations contained in Paragraph 171 of the Counterclaims.

**B.     Alleged Failure to Disclose Motorola '671**

172.     Google denies the allegations and characterizations contained in Paragraph 172 of the Counterclaims.

173.     Google denies the allegations and characterizations contained in Paragraph 173 of the Counterclaims.

174.     Google denies the allegations and characterizations contained in Paragraph 174 of the Counterclaims.

175.     Google denies the allegations and characterizations contained in Paragraph 175 of the Counterclaims.

176.     Google denies the allegations and characterizations contained in Paragraph 176 of the Counterclaims.

177.     Google denies the allegations and characterizations contained in Paragraph 177 of the Counterclaims.

178.     Google denies the allegations and characterizations contained in Paragraph 178 of the Counterclaims.

179.     Google denies the allegations and characterizations contained in Paragraph 179 of the Counterclaims.

### C.    Alleged Failure to Disclose Sonos's Invalidity Contentions and Allegations of Inequitible [sic] Conduct

180.    Google denies the allegations and characterizations contained in Paragraph 180 of the Counterclaims.

181.    Google denies the allegations and characterizations contained in Paragraph 181 of the Counterclaims.

182.    Google denies the allegations and characterizations contained in Paragraph 182 of the Counterclaims.

183.    Google denies the allegations and characterizations contained in Paragraph 183 of the Counterclaims.

184.    Google denies the allegations and characterizations contained in Paragraph 184 of the Counterclaims.

185.    Google denies the allegations and characterizations contained in Paragraph 185 of the Counterclaims.

186.    Google denies the allegations and characterizations contained in Paragraph 186 of the Counterclaims.

187.    Google denies the allegations and characterizations contained in Paragraph 187 of the Counterclaims.

### D.    Alleged Failure to Disclose Sonos's IPR Petition and Google's Response

188.    Google denies the allegations and characterizations contained in Paragraph 188 of the Counterclaims.

189.    Google denies the allegations and characterizations contained in Paragraph 189 of the Counterclaims.

190.    Google denies the allegations and characterizations contained in Paragraph 190 of the Counterclaims.

191.    Google denies the allegations and characterizations contained in Paragraph 191 of the Counterclaims.

192. Google denies the allegations and characterizations contained in Paragraph 192 of the Counterclaims.

193. Google denies the allegations and characterizations contained in Paragraph 193 of the Counterclaims.

194. Google denies the allegations and characterizations contained in Paragraph 194 of the Counterclaims.

195. Google denies the allegations and characterizations contained in Paragraph 195 of the Counterclaims.

## **RESERVATION OF RIGHTS**

Google hereby reserves the right to amend its Answer to the Counterclaims and reserves any and all additional defenses available to it under Title 35, U.S.C., or the rules, regulations, and laws related thereto, the Federal Rules of Civil Procedure including any defenses set out in Rule 8(c), the Rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered or become applicable throughout discovery or otherwise in the course of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Google respectfully requests that this Court enter judgement in its favor and against Sonos as follows:

A. Dismissing Sonos' Counterclaims in their entirety and with prejudice;

B. Denying all relief that Sonos seeks in its Counterclaims;

F. That the case be found exceptional under 35 U.S.C. § 285 and that Google be awarded its attorneys' fees;

G. Costs and expenses in this action;

H. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Google all reasonable costs, experts' fees, and attorneys' fees; and

I. Awarding any other relief that the Court deems just and equitable.

# **DEMAND FOR JURY TRIAL**

Google hereby demands a trial by jury on all issues so triable raised by Sonos's Counterclaims.

DATED:  September 5, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ James D. Judah*

James D. Judah
*Attorneys for Defendant Google LLC*

01980-00237/17259909.3