QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant-Counterclaimant Google LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SONOS, INC.,<br><br>   *Plaintiff-Counterclaim Defendant,*<br><br>   vs.<br><br>GOOGLE LLC,<br><br>   *Defendant-Counterclaimant.* | CASE NO. 2:20-cv-00169-JAK (DFMx)<br><br>**GOOGLE LLC'S UNOPPOSED EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY**<br><br>Judge:    Hon. John A. Kronstadt<br><br>Complaint Filed: Jan. 7, 2020<br>Trial Date: None Set |

Defendant-Counterclaimant Google LLC ("Google") respectfully requests that the Court approve its request for international judicial assistance in procuring evidence from foreign third party Creative Technology Ltd ("Creative"). Specifically, Google respectfully requests that the Court sign and affix its seal to the accompanying Letter Rogatory and return the same with original signatures and seals to Google's counsel.

Once the Court signs and affixes its seal to the accompanying Letter Rogatory, Google will ensure that the Letter is, to the extent necessary, professionally translated to the official language of the respective foreign courts.

On August 6, 2025, Google informed Plaintiff and Counterclaim Defendant Sonos, Inc. ("Sonos") of Google's intent to file this Application. On August 6, Sonos stated that it does not oppose this Application.

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b), Google respectfully moves the Court for issuance of a Letter Rogatory to obtain documents, information and source code from Creative, a prior owner of Sonos's Asserted Patents. Creative is a foreign third party that possesses documents and knowledge to be used at trial in support of, *inter alia*, (1) prior art systems to Sonos's Asserted Patents, including the Creative Sound Blaster Wireless Music audio receiver ("the Creative Product"); (2) the extent to which the Creative Product discloses the claims of Sonos's Asserted Patents; and (3) the public use and on sale dates of the Creative Product. Google respectfully requests that the Court grant this Application and issue a Letter Rogatory on behalf of Google for transmittal to the Appropriate Judicial Authority of Singapore.

## II. BACKGROUND

Plaintiff-Counterclaim Defendant Sonos, Inc. ("Sonos") has asserted United States Patent Nos. 7,571,014; 8,588,949; 9,195,258; 9,219,959; 10,031,715; 10,209,953; 10,439,896; 11,080,001; 10,966,025; and 10,541,883 (collectively,

"Sonos's Asserted Patents") against Google in an action for patent infringement. *See* Dkts. 1, 64, 68. The accused products, collectively referred to as the "Google Wireless Audio System," include Chromecast devices, Google/Nest Home speakers and displays (Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio), Nest Wifi Point, Pixel Tablet with Charging Speaker Dock, controlling applications (Google Home app, YouTube Music app, Google Play Music app), and Pixel phones, tablets, and laptops.

Sonos alleges that Google's products infringe patents covering certain aspects of wireless multi-room audio technology, including how to set up playback devices on wireless networks and control those playback devices. Google denies these allegations and further contends that Sonos' patents are invalid over the prior art, including prior art systems developed and sold by Creative Technology Ltd ("Creative") in the United States.

Specifically, through its investigation based on public material, Google has determined that Creative likely retains information related to: (1) prior art systems to Sonos's Asserted Patents, including the Creative Sound Blaster Wireless Music audio receiver ("the Creative Product"); (2) the extent to which the Creative Product discloses the claims of Sonos's Asserted Patents; and (3) the public use and on sale dates of the Creative Product. Google does not have possession of this information, as this information is confidential to Creative. Moreover, apart from a limited set of documents and information related to the public use and on sale dates of the Creative Product in the United States, Creative's United States distribution, sales, and marketing subsidiary (Creative Labs, Inc.) also claims to not have possession of this information. Accordingly, Creative is the proper entity from which to obtain the requested information.

### III. ARGUMENT

It is well established that the federal district courts have authority to issue letters rogatory. *See* 28 U.S.C. § 1781; 22 C.F.R. § 92.54; Fed R. Civ. P. 28(b); *see also Intel*

-3-
GOOGLE LLC'S EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY

*Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion for the court." *Valcor Eng'g Corp. v. Parker Hannifin Corp.*, 2017 WL 10440084, at *1 (C.D. Cal. May 1, 2017) (citation omitted).

"When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 12740646, at *2 (C.D. Cal. Apr. 14, 2020) (citation omitted). Instead, a court applies "Rule 28(b) in light of the scope of discovery provided by the Federal Rules of Civil Procedure." *Asis Internet Servs. v. Optin Global, Inc.*, 2007 WL 1880369, at *3 (N.D. Cal. June 28, 2007); *see also Valcor*, 2017 WL 10440084, at *1. ("Thus, in deciding whether to issue a letter rogatory, a Court decides whether the discovery sought is permissible under the Federal Rules of Civil Procedure."). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The attached Letter Rogatory for Creative requests that a Singaporean court compel Creative to produce documents and testimony sufficient to show the structure and operation relevant features of the Creative Product and the public use and on sale of the Creative Product. As can be seen from the Letter, Google's discovery requests are reasonably calculated and tailored to lead to the discovery of admissible evidence.

### IV.   CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Application, sign and affix its seal to the Letter Rogatory and return the

same with original signature and seal to Google's counsel Ognjen Zivojnovic, address and email listed below.

-5-
GOOGLE LLC'S EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY

| | | |
|---|---|---|
| 1 | DATED: October 28, 2025 | */s/* Ognjen Zivojnovic |
| 2 | | Sean S. Pak |
| | | seanpak@quinnemanuel.com |
| 3 | | Melissa J. Baily |
| 4 | | melissabaily@quinnemanuel.com |
| | | James D. Judah |
| 5 | | jamesjudah@quinnemanuel.com |
| 6 | | Ognjen Zivojnovic |
| | | ogizivojnovic@quinnemanuel.com |
| 7 | | QUINN EMANUEL URQUHART & |
| 8 | | SULLIVAN, LLP |
| | | 50 California Street, 22nd Floor |
| 9 | | San Francisco, CA 94111 |
| 10 | | Tel: (415) 875-6600 |
| | | Fax: (415) 875-6700 |
| 11 | | |
| 12 | | Lance Yang |
| | | lanceyang@quinnemanuel.com |
| 13 | | QUINN EMANUEL URQUHART & |
| 14 | | SULLIVAN, LLP |
| | | 865 South Figueroa Street, 10th Floor |
| 15 | | Los Angeles, California 90017-2543 |
| 16 | | Tel: (213) 443-3000 |
| | | Facsimile: (213) 443-3100 |
| 17 | | |
| 18 | | *Attorneys for Defendant-Counterclaimant Google LLC* |

-6-

GOOGLE LLC'S EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY