QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:    (213) 443-3100

*Attorneys for Defendant and
Counter-Claimant Google LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>    *Defendant*. | Case No. 2:20-cv-00169-JAK (DFMx)<br><br>**DISCOVERY MATTER**<br><br>**GOOGLE LLC'S SUPPLEMENTAL MEMORANDUM PURSUANT TO LOCAL RULE 37-2**<br><br>Initial Complaint Filed: January 7, 2020<br>Discovery Cutoff: July 20, 2026<br>Final Pretrial Conference: TBD<br>Trial Date: TBD<br><br>Date:  May 12, 2026<br>Time:  10:00 AM<br>Location:  Courtroom 6B<br>Judge:  Hon. Douglas F. McCormick |

Motions for letters rogatory "should generally be granted," and "the opposing party must show good reason" to deny one. *Zoho Corp. Pvt. Ltd. v. Freshworks, Inc.*, 2021 WL 2769009, at *2 (N.D. Cal. July 2, 2021) (cleaned up).  Neither of Sonos's two arguments is a "good reason" for denying Google's request: (1) Sonos's incorrect claims of futility and prejudice based on the timing of Google's request, and (2) Sonos's mistaken argument that Google was not diligent in pursuing letters rogatory to Barix AG ("Barix").  Sonos's futility argument fails because the unpredictable operation of foreign judicial systems means that courts do not "attempt to predict whether that information will actually be obtained" when ruling on a letter rogatory.  *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 12740646, at *2 (C.D. Cal. Apr. 14, 2020) (citation omitted).  Sonos's prejudice argument likewise fails because the parties ***jointly*** moved to modify the Scheduling Order, agreeing to push the deadline for final invalidity contentions to June 12, 2026, and the expert discovery cutoff to October 9, 2026.  *See* Dkt. 177 (Joint Mot. to Modify Sched. Order (Apr. 22, 2026)) at 3-4.  Sonos's diligence argument fails because it is based on a false premise: that Google has known since April 2020 that Barix Technology, Inc. ("Barix Technology") lacked the documents Google now seeks.  At that time, Google had no more than counsel's ***unsworn*** representation that Barix Technology was "simply a distributor" without responsive materials.  That representation was confirmed under oath only on November 26, 2025, when Barix Technology's President executed the Stadheim Affidavit.  Dkt. 175-8 (Ex. 5).  Google promptly thereafter moved to seek the requested information from Barix in Switzerland.

## I.   NO FUTILITY OR PREJUDICE

Motions for letters rogatory "should generally be granted," and "the opposing party must show good reason" to deny one. *Zoho Corp. Pvt.*, 2021 WL 2769009, at *2 (cleaned up).  Courts "will generally not weigh the evidence sought" or "attempt to predict whether that information will actually be obtained." *SPS Techs.*, 2020 WL 12740646, at *2 (citation omitted).  Sonos's futility argument—that Google might not get useful materials in time

Case No. 2:20-cv-00169-JAK (DFMx)
GOOGLE'S SUPPLEMENTAL MEMORANDUM

01980-00237/18150225.1

(Dkt. 175-1 (Joint Filing) at 11)[1]—is precisely the speculative weighing courts decline to perform.  Sonos relies heavily on the timeline of Google's unopposed letter rogatory to Creative Technology Ltd. in Singapore to make its argument (*id.* at 11-12), but that comparison fails.  The unpredictable pace of foreign judicial systems—which is determined by foreign procedure, not the diligence of any U.S. party—is exactly why courts do not "attempt to predict whether that information will actually be obtained" when ruling on a letter rogatory.  *SPS Techs.*, 2020 WL 12740646, at *2 (citation omitted).  The progress of Google's application in Singapore is not reflective of the likely progress of Google's application in Switzerland and should not be taken into account.  Sonos's futility argument fails and is no "good reason" to oppose Google's letter.

Sonos's futility argument is also built on a schedule that the Court has revised.  Dkt. 175-1 at 12 (arguing futility based on the number of "days left before final invalidity contentions and expert invalidity reports are due").  Six days after Sonos signed this Joint Filing, the parties jointly moved to modify the Scheduling Order, decoupling fact and expert discovery and pushing essentially every operative deadline by months.  *See* Dkt. 177.  The Court adopted that schedule today, April 28.  Dkt. 179.  Under the parties' amended schedule, the parties will serve final infringement and invalidity contentions on June 12, 2026; fact discovery closes July 2, 2026; opening expert reports are due July 23, 2026; Google's opening invalidity expert reports are due August 21, 2026; and expert discovery does not close until October 9, 2026, with all motions due October 16, 2026.  *Id.* at 2–3.  These extensions—which Sonos agreed to—directly undermine Sonos's claim that obtaining discovery in time for use in this case will be futile.  Google's invalidity report deadline has moved back months (from May 25 to August 21).  *Id.* at 2.  And, although the

---

[1]   Sonos's reliance on *In re CRT Antitrust Litigation*, 2014 WL 4954634 (N.D. Cal. Oct. 1, 2014), is also misplaced.  *CRT* denied an extension of the discovery deadline because the moving party had failed for years to use letters rogatory.  *Id.* at *5.  Google is not seeking an extension of the discovery deadline at this time—it is seeking issuance of a letter rogatory within the existing (as extended) schedule.  The procedural posture is fundamentally different.

01980-00237/18150225.1

new schedule does move up the close of fact discovery by eighteen days, months still remain between now and the fact discovery cutoff on July 2. *Id.*

The revised schedule also mitigates any prejudice to Sonos. Because there is more time before Google's deadline for its opening invalidity expert reports, there is a commensurate increase in the amount of time Sonos has to file its rebuttal expert reports. *Id.* at 2 (proposing moving the rebuttal expert report on invalidity to September 18, 2026). And, even setting aside the extended schedule, the issuance of a letter rogatory itself imposes no obligation on Sonos. It does not require Sonos to produce documents, sit for a deposition, or expend any resources. Sonos's hypothetical concerns about traveling to inspect source code or rebutting Barix testimony (Dkt. 175-1 at 10-11) are entirely speculative—they assume both that Barix will produce responsive materials and that doing so will require activity Sonos cannot accommodate. If those issues materialize, the parties can address them in the ordinary course as is their usual practice. Sonos's claims of prejudice are no "good reason" to oppose Google's letter.

## II.     GOOGLE WAS DILIGENT

Sonos repeatedly invokes a single April 16, 2020 email from Barix Technology's outside counsel—sent to resolve an ITC subpoena in *Certain Audio Players and Controllers*, Inv. No. 337-TA-1191—as if it were a binding admission that Barix Technology has no responsive materials. Dkt. 175-1 at 8-9; Dkt. 175-7 (Ex. 4). It is not. The email was an informal representation by counsel that his client "is simply a distributor" and "does not have possession, custody, or control over any of the information sought." Dkt. 175-7 (Ex. 4) at 2. It was not made under oath, was not made in a verified discovery response, and was not subject to cross-examination. It is the kind of meet-and-confer statement that subpoena recipients exchange every day.

A reasonable party in Google's position cannot—and should not—initiate the costly, time-consuming Hague Evidence Convention process against a Swiss entity on the strength of a non-party distributor's unverified say-so. Indeed, courts in this District confirm that letters rogatory are appropriate only *after* a moving party has tested representations of non-

possession through the available domestic mechanisms. *See SPS Techs.*, 2020 WL 12740646, at *2-3 (granting letters rogatory where the moving party first "attempted to obtain the requested information from other sources and through other means without success").

That is exactly what Google did. From 2020 to 2024, this case was stayed. *See* Dkts. 30 & 66. After the stay was lifted, in June 2025, Google issued a fresh subpoena to Barix Technology in this action—a different forum, governed by the Federal Rules. In response, on November 26, 2025, Barix Technology's President Brenda Stadheim executed a ***sworn affidavit*** attesting that Barix Technology (i) "does not employ any engineers or manufacture any products in the United States"; (ii) is "a separate and distinct legal entity from Barix AG"; and (iii) "does not possess and could not otherwise locate any documents confirming sales of the Barix Exstreamer in the U.S. prior to 2010." Dkt. 175-8 (Ex. 5) ¶¶ 3-4, 10. Only with that sworn record could Google reasonably conclude that the technical, engineering, and historical sales materials at issue lie solely with Barix in Switzerland.

Approximately fifteen weeks elapsed between Google's receipt of the Stadheim Affidavit and its first formal step toward letters rogatory—a period that included the December holidays and a stipulated re-setting of the case schedule. That timeline is substantially shorter than the year or multi-year delays rejected by the courts in Sonos's cited cases. *Lion Elec. Co. v. Nikola Corp.*, 2024 WL 4562828, at *2 (D. Ariz. Oct. 23, 2024); *PlayUp, Inc. v. Mintas*, 2025 WL 315118, at *4 (D. Nev. Jan. 27, 2025).

## III.     CONCLUSION

Google diligently relied on the available record, tested Barix Technology's representations through formal subpoena practice in this action, and promptly initiated the letter-rogatory process the moment the sworn record confirmed that the documents and information at issue lie solely with Barix in Switzerland. Sonos's claimed futility and prejudice are mitigated by the schedule extension, and, regardless, the issuance of the letter imposes no obligations on Sonos. Google respectfully requests that the Court grant Google's application and issue the requested Letter Rogatory.

DATED: April 28, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Ognjen Zivojnovic*

Ognjen Zivojnovic

*Attorneys for Defendant-Counterclaimant Google LLC*

01980-00237/18150225.1