QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendant-Counterclaimant Google LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC., <br><br> *Plaintiff-Counterclaim Defendant,* <br><br> vs. <br><br> GOOGLE LLC, <br><br> *Defendant-Counterclaimant.* | CASE NO. 2:20-cv-00169-JAK (DFMx) <br><br> **GOOGLE LLC'S UNOPPOSED EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY** <br><br> Judge:          Hon. John A. Kronstadt <br><br><br> Complaint Filed:  Jan. 7, 2020 <br> Trial Date:  None Set |

Defendant-Counterclaimant Google LLC ("Google") respectfully requests that the Court approve its request for international judicial assistance in procuring evidence from foreign third party Barix AG ("Barix").  Specifically, Google respectfully requests that the Court sign and affix its seal to the accompanying Letter Rogatory and return the same with original signatures and seals to Google's counsel.

Once the Court signs and affixes its seal to the accompanying Letter Rogatory, Google will ensure that the Letter is, to the extent necessary, professionally translated to the official language of the respective foreign courts.

On April 16, 2025, Google moved for issuance of letters rogatory to Barix. *See* Dkt. 175.  Plaintiff and Counterclaim Defendant Sonos, Inc. ("Sonos") opposed Google's request. On May 8, 2026, the Court granted Google's motion and ordered Google to submit this Application by May 11, 2026.  *See* Dkt. 189.

## I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b), Google respectfully moves the Court for issuance of a Letter Rogatory to obtain documents, information and source code from Barix.  Barix is a foreign third party that possesses documents and knowledge to be used at trial in support of, *inter alia*, prior art systems to Sonos's Asserted Patents.

Google respectfully requests that the Court grant this Application and issue a Letter Rogatory on behalf of Google for transmittal to the Appropriate Judicial Authority of Switzerland.

## II.    BACKGROUND

Plaintiff-Counterclaim Defendant Sonos, Inc. ("Sonos") has asserted United States Patent Nos. 7,571,014; 8,588,949; 9,195,258; 9,219,959; 10,031,715; 10,209,953; 10,439,896; 11,080,001; 10,966,025; and 10,541,883 (collectively, "Sonos's Asserted Patents") against Google in an action for patent infringement.  *See* Dkts. 1, 64, 68.  The accused products, collectively referred to as the "Google Wireless Audio System," include Chromecast devices, Google/Nest Home speakers and displays

-2-

GOOGLE LLC'S EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY

(Home Mini, Nest Mini, Home, Home Max, Home Hub, Nest Hub, Nest Hub Max, Nest Audio), Nest Wifi Point, Pixel Tablet with Charging Speaker Dock, controlling applications (Google Home app, YouTube Music app, Google Play Music app), and Pixel phones, tablets, and laptops.

Sonos alleges that Google's products infringe patents covering certain aspects of wireless multi-room audio technology, including how to set up playback devices on wireless networks and control those playback devices.  Google denies these allegations and further contends that Sonos's patents are invalid over the prior art, including prior art systems developed and sold by Barix in the United States.

Specifically, through its investigation based on public material, Google has determined that Barix likely retains information related to: (1) prior art systems to Sonos's Asserted Patents, including the Barix Exstreamer, the Barix Exstreamer Wireless, the Barix Exstreamer Digital Professional, the Barix Exstreamer Gold, the Barix Instreamer, and the Barix Instreamer Digital Input Professional, and all associated firmware, software, and documentation for the foregoing products (collectively, "the Barix System"); (2) the extent to which the Barix System discloses the claims of Sonos's Asserted Patents; (3) the extent to which the Barix System practices or embodies patents and patent applications filed by and/or assigned to Barix related to the Barix System, including U.S. Patent No. 7,710,941 ("Rietschel"); and (4) the public use, public demonstration, and on sale dates of the Barix System in the United States and elsewhere, including sale through Barix's U.S. distributors and demonstrations at U.S. trade shows. Google does not have possession of this information, as this information is confidential to Barix. Google has diligently sought the discovery at issue from Barix Technology, Inc., the last known U.S.-based distributor of Barix, and Barix Technology, Inc. has represented that it does not possess, maintain, or have access to information sought related to the Barix System, necessitating resort to the Hague Convention to obtain the discovery directly from

GOOGLE LLC'S EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY

Barix. Accordingly, Barix is the proper entity from which to obtain the requested information.

## III.   ARGUMENT

It is well established that the federal district courts have authority to issue letters rogatory.  *See* 28 U.S.C. § 1781; 22 C.F.R. § 92.54; Fed. R. Civ. P. 28(b); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness").  Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion for the court." *Valcor Eng'g Corp. v. Parker Hannifin Corp.*, 2017 WL 10440084, at *1 (C.D. Cal. May 1, 2017) (citation omitted).

"When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 12740646, at *2 (C.D. Cal. Apr. 14, 2020) (citation omitted).  Instead, a court applies "Rule 28(b) in light of the scope of discovery provided by the Federal Rules of Civil Procedure." *Asis Internet Servs. v. Optin Global, Inc.*, 2007 WL 1880369, at *3 (N.D. Cal. June 28, 2007); *see also Valcor*, 2017 WL 10440084, at *1. ("Thus, in deciding whether to issue a letter rogatory, a Court decides whether the discovery sought is permissible under the Federal Rules of Civil Procedure.").  Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

The attached Letter Rogatory for Barix requests that a Swiss court compel Barix to produce documents and testimony sufficient to show the structure and operation of relevant features of the Barix System and the public use and sale of the

GOOGLE LLC'S EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY

Barix System. As can be seen from the Letter, Google's discovery requests are reasonably calculated and tailored to lead to the discovery of admissible evidence.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court grant Google's Application, sign and affix its seal to the Letter Rogatory and return the same with original signature and seal to Google's counsel Ognjen Zivojnovic, address and email listed below.

-5-

DATED: May 11, 2026

*/s/ Ognjen Zivojnovic*

Sean S. Pak
seanpak@quinnemanuel.com
Melissa J. Baily
melissabaily@quinnemanuel.com
James D. Judah
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic
ogizivojnovic@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang
lanceyang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant-Counterclaimant Google LLC*

GOOGLE LLC'S EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN PROCURING EVIDENCE FROM FOREIGN THIRD PARTY