## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-00169-JAK (DFMx) | Date: | May 22, 2026 |
|---|---|---|---|
| Title | Sonos, Inc. v. Google, Inc. et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Plaintiff's Motion to Compel Discovery (Dkt. 183)**

Plaintiff Sonos, Inc. moves to compel Defendant Google, Inc. to respond to Sonos's RFP No. 50. See Dkt. 183 ("JS"). The issue is whether Google must provide worldwide (as opposed to U.S.-only) sales and download data. The Court finds that this matter can be decided without oral argument. See L.R. 7-15. The hearing scheduled for May 26, 2026, is accordingly **VACATED.**

The merits argument beneath the discovery dispute is whether Sonos can recover damages tied to Google's foreign sales under a Brumfield-style "domestic CRM" theory. See Brumfield v. IBG LLC, 97 F.4th 854 (Fed. Cir. 2024) (holding that foreign conduct can be part of patent damages if there is a sufficient causal relationship to domestic infringement). Google's argument that Sono's theory is "too attenuated" may ultimately carry the day, but it is not dispositive here. Rule 26(b)(1) relevance is broader than admissibility, and "proportional to the needs of the case" isn't a hook for adjudicating whether a damages theory is ultimately viable. "[T]his is a discovery dispute, and [Sonos] does not have to prove the merit of its damages theory in [sic] order to take discovery about its damages claims." Yangtze Memory Techs. v. Micron Tech., No. 23-5792, 2024 WL 4527110 (N.D. Cal. Oct. 18, 2024) (allowing discovery on foreign sales under similar Brumfield theory).

Accordingly, Sonos's motion to compel is **GRANTED** in part and Google is **ORDERED** to produce, within twenty-one (21) days, documents sufficient to show, on an aggregated basis, worldwide unit sales, revenues, and profits for each accused product and worldwide downloads and installs for each accused app, during the damages period.