## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| **Case No.** | 2:20-cv-00169-JAK-DFMx | **Date:** July 7, 2026 |
| **Title** | Sonos, Inc. v. Google LLC | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| **Proceedings:** | **(IN CHAMBERS) Order Granting in Part and Denying in Part Google's Motion to Compel (Dkt. 211)** |
|---|---|

Google LLC ("Google") has filed a motion to compel under Federal Rule of Civil Procedure 37 and Local Rule 37-2. See Dkt. 211-1, Joint Stipulation ("JS"); Dkt. 220, Google's Supplemental Memorandum ("Google Supp."). The motion presents three disputes: (1) the scope of Plaintiff Sonos, Inc.'s ("Sonos") responses to Requests for Production ("RFP") Nos. 114 and 115 (the "Requests"), concerning the Sonos ZonePlayer S5 system that Google asserts as invalidating prior art; (2) Google's request to strike portions of Sonos's response to Interrogatory No. 5 disclosing conception and reduction-to-practice dates; and (3) Google's request to compel a complete response to Interrogatory No. 7 concerning written-description and enablement support.

The Court found the motion suitable for decision without oral argument and vacated the hearing set for today's date. See L.R. 7-15. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

A.    Governing Law

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." United States v. McGraw-Hill Cos., No. 13-0779, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted). The Court has broad discretion in controlling discovery and determining relevancy. See Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019).


B.      RFP Nos. 114 and 115


Google asserts that the S5 system is invalidating prior art to the '959 and '025 patents under pre-AIA 35 U.S.C. § 102(b), and seeks documents and things showing the design, structure, operation, public use, and sale of each version of the S5 before the April 8, 2010 critical date. See JS at 5-13. Sonos does not dispute relevance. It represents that it has conducted a reasonable search and produced what it located, including seven source-code snapshots spanning November 3, 2009 through May 18, 2010, the documents identified in its response to Interrogatory No. 18, and historical sales records dating to 2005, and that it has agreed to present a Rule 30(b)(6) witness on the pre-2010 S5. See JS at 13-17.


1.      Source Code and Version-Specific Materials


For each S5 "version" Google identifies, Sonos represents that it has either produced a source-code snapshot corresponding in time to that version or investigated and explained why the document Google cites does not evidence a distinct pre-critical-date version of the stereo-pair feature. See JS at 14-16. Sonos further represents that it offered to produce additional snapshots for other dates if Google articulated their relevance, and that Google made no such request. See id. at 14. The Court cannot compel production of materials that a party represents, after a reasonable search, do not exist or are not within its possession, custody, or control, and Google identifies no concrete reason to doubt the adequacy of Sonos's search. The motion is therefore **DENIED** as to these categories, subject to the verification requirement below.


2.      Physical Samples and Executable Software


Sonos's representation that it possesses no "S5 product from the dates Google requests," JS at 16, does not fully answer the Requests. RFP No. 114 seeks things showing the design, structure, and operation of the prior-art system, and a later-manufactured unit of the same hardware, or executable builds of the pre-critical-date software, may show how that system was designed and operated even if no unit surviving from 2009-2010 can be located. To that extent the motion is **GRANTED**: Sonos shall produce, or make available for inspection, any S5 or CR200 physical sample and any executable (as distinct from source) builds of pre-April 8, 2010 S5 software within its possession, custody, or control. If

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

no original-era samples exist, the parties shall meet and confer regarding inspection of a representative unit. To the extent Sonos maintains that no responsive samples or software exist, it shall so state in a supplemental written response describing the search undertaken.

      3.      Beta-Tester Confidentiality Materials

Sonos responded to Interrogatory No. 18 that each third-party tester of the prototype S5 software had "an express or implied understanding of confidentiality." JS at 11, 16; Google Supp. at 1-2. Whether pre-critical-date testing was confidential bears directly on whether it constitutes invalidating "public use" under § 102(b), and Google is entitled to the documents substantiating an allegation that Sonos elected to make. The motion is **GRANTED** as to documents bearing on the alleged confidentiality understandings with each pre-April 8, 2010 tester to the extent located after a reasonable search. If Sonos contends that no such documents exist beyond what it has produced, it shall so state in a supplemental response.

C.      Interrogatory No. 5

Google moves to strike the portions of Sonos's response to Interrogatory No. 5 disclosing conception and reduction-to-practice dates that are earlier than, and not repeated in, Sonos's Standing Patent Rule ("S.P.R.") 2.1.4 disclosures, or in the alternative to compel Sonos to conform its response to those disclosures. See JS at 19-25. In Google's view, the "priority date" required by S.P.R. 2.1.4 means the earliest date on which the patentee will rely for invalidity purposes, including a conception date that predates the earliest effective filing date, so that Sonos's disclosure of earlier conception dates only in an interrogatory response amounts to an untimely, informal amendment of its contentions.

The text of the rule does not support Google's reading. S.P.R. 2.1.4 requires disclosure, "[f]or any patent that claims priority to an earlier application," of "the priority date allegedly applicable to each asserted claim." Dkt. 13 at 26. A priority date in this sense refers to the filing date of the earlier application to which the patent claims priority under 35 U.S.C. §§ 119-120; a conception date is a distinct legal concept that will necessarily predate it. See OpenTV, Inc. v. Apple Inc., No. 15-2008, 2016 WL 3196643, at *2 (N.D. Cal. June 9, 2016) (treating them as distinct concepts). Courts construing the materially identical Northern District rule have said so directly: "Nothing in Rule 3-1(f) requires disclosure of conception date," Fortinet, Inc. v. Forescout Techs., Inc., No. 20-3343, 2021 WL 1749902, at *4 (N.D. Cal. May 4, 2021), because the disclosure "does not depend on any issue of conception or reduction to practice, but is concerned only with identifying the date of the patent application to which there is a claim of priority," AbCellera Biologics Inc. v. Bruker Cellular Analysis, Inc., No. 20-8624, 2024 WL 1182929, at *4 (N.D. Cal. Mar. 18, 2024). Google's own discovery practice reflects the same distinction: it served one interrogatory seeking Sonos's "priority date[s]" (No. 6), and a separate interrogatory seeking "conception

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

and reduction to practice" contentions (No. 5). See JS at 26.

Google's authorities do not compel a different result. Each looked at the Northern District's rules, which pair Patent L.R. 3-1(f) with Patent L.R. 3-2(b)'s requirement to produce "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention" with the initial disclosures. But as Sonos notes, the "S.P.R. governing this case does not have an equivalent requirement." JS at 31; see also Harvatek Corp. v. Cree, Inc., No. 14-5353, 2015 WL 4396379, at *1-3 (N.D. Cal. July 17, 2015) (reading Rules 3-1(f) and 3-2(b) together); Thought, Inc. v. Oracle Corp., No. 12-5601, 2015 WL 5834064, at *4-5 (N.D. Cal. Oct. 7, 2015) (acknowledging authority that "the priority date" in Rule 3-1(f) "refers solely to priority to an earlier application, and not necessarily to the date of conception," and resting on Rule 3-2(b)); OpenTV, 2016 WL 3196643, at *3-4 (adopting Thought's Rule 3-2(b) reasoning). Neev v. Alcon Labs., Inc., No. 15-0336, 2017 WL 11629333, at *3-4 (C.D. Cal. May 16, 2017), on which Google relies, applied the Northern District's rules and expressly declined to "address whether the priority date and conception date are identical for purposes of Patent Local Rule 3."

Furthermore, Google has not shown prejudice that would justify striking Sonos's response. As Sonos persuasively explains, it disclosed the same conception and reduction-to-practice dates in its initial response to Interrogatory No. 5 on April 21, 2025, and Google thereafter amended its invalidity contentions six times and served final contentions on June 12, 2026, and its asserted references predate even the earliest disclosed conception dates. See JS at 27, 33. Google does not meaningfully dispute any of this.

Accordingly, the motion to strike is **DENIED**. Nonetheless, the Court **ORDERS** Sonos to serve, within fourteen (14) days, an amended S.P.R. 2.1.4 disclosure cross-referencing the conception and reduction-to-practice dates already stated in its response to Interrogatory No. 5, which Sonos has offered to do. See JS at 28.

D.      Interrogatory No. 7

Google seeks to compel Sonos to identify in claim chart form, for each limitation of each asserted claim, all evidence providing written-description and enablement support, both within each asserted patent's own specification and within each earlier application in its priority chain. See JS at 36-43. Sonos responds that the request improperly shifts Google's invalidity burden, is premature and disproportionate, and that it has already identified, in response to Interrogatory No. 6, why the priority documents support the asserted claims for any patent claiming priority to a provisional application or a different specification. See JS at 43-47.

Both sides overstate their positions. Sonos is correct that the interrogatory as written is disproportionate: requiring a patentee to map, limitation by limitation and in chart form,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

the § 112 support for every asserted claim—including claims and limitations no one has meaningfully challenged—is "the type of 'scorched earth,' 'no stone unturned' (potentially numerous times) approach to discovery the changes to Rule 26 were intended to curb." Finjan, Inc. v. ESET, LLC, No. 17-0183, 2018 WL 4772124, at *5 (S.D. Cal. Oct. 3, 2018); accord Impact Engine, Inc. v. Google LLC, No. 19-1301, 2020 WL 2745230, at *4 (S.D. Cal. May 26, 2020) ("The Court agrees that a detailed chart as requested by Google is unduly burdensome.").

But Sonos's argument goes too far. The presumption of validity means that Google carries the ultimate burden of proving invalidity at trial, not that Sonos may refuse to say anything about validity in discovery. "[T]he ultimate burden of invalidity . . . does not dictate the scope of discovery," and once the accused infringer states its invalidity position, the patentee's rebuttal positions are "relevant or potentially within the scope of permissible discovery." Finjan, 2018 WL 477214, at *2. More fundamentally, a patentee claiming the benefit of an earlier filing date must show that each application in the chain satisfies § 112, In re NTP, Inc., 654 F.3d 1268, 1277 (Fed. Cir. 2011); Lockwood v. Am. Airlines, Inc., 107 F.3d 1565, 1571 (Fed. Cir. 1997), and once the challenger introduces prior art dated earlier than the patent's apparent effective date, the patentee bears the burden "of going forward with evidence—sometimes referred to as the burden of production"—showing "not only the existence of the earlier application, but why the written description in the earlier application supports the claim." Tech. Licensing Corp. v. Videotek, Inc., 545 F.3d 1316, 1327 (Fed. Cir. 2008); see also PowerOasis, Inc. v. T-Mobile USA, Inc., 522 F.3d 1299, 1305-06 (Fed. Cir. 2008). Courts accordingly compel patentees to disclose where the earlier applications support the asserted claims, because entitlement to the claimed priority date "is an important threshold issue" that "will determine which references qualify as prior art." Blast Motion, Inc. v. Zepp Labs, Inc., No. 15-0700, 2016 WL 5107677, at *2 (S.D. Cal. Mar. 2, 2016). Sonos relies on serial continuation chains to claim priority dates as much as a decade or more before the filing dates of nine of the ten asserted patents; having done so, it must be prepared to defend those claims.

The motion is **GRANTED IN PART**. Google's invalidity contentions identify specific claim limitations that Google says lack written-description or enablement support. Within twenty-one (21) days, Sonos shall serve a supplemental response to Interrogatory No. 7 that, for each of those limitations: (1) identifies where the asserted patent's own specification supports the limitation, by page and line or paragraph number; and (2) if Google relies on prior art that predates the claim's asserted priority date, also identifies where each earlier application in the priority chain supports the limitation, in the same manner. No claim chart is required. The motion is otherwise **DENIED**.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


E.    Conclusion

For the foregoing reasons, Google's motion to compel is **GRANTED IN PART and DENIED IN PART** as follows:

1.    As to RFP Nos. 114 and 115, the motion is **GRANTED** as to (a) any S5 or CR200 physical sample and any executable pre-critical-date software within Sonos's possession, custody, or control, and (b) documents bearing on the alleged third-party tester confidentiality understandings; and is otherwise **DENIED**, subject to Sonos's supplemental responses within twenty-one (21) days.

2.    As to Interrogatory No. 5, the motion to strike is **DENIED** and Google's alternative request is **GRANTED IN PART**; Sonos shall serve an amended S.P.R. 2.1.4 disclosure cross-referencing its previously disclosed conception and reduction-to-practice dates within fourteen (14) days.

3.    As to Interrogatory No. 7, the motion is **GRANTED IN PART**; Sonos shall serve a supplemental response, as set forth above, within twenty-one (21) days.

IT IS SO ORDERED.