QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendant and
Counter-Claimant Google LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>       *Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>       *Defendant*. | Case No. 2:20-cv-00169-JAK (DFMx)<br><br>**NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STAY**<br><br>Date:      September 21, 2026<br>Time:     8:30 a.m.<br>Location:  Courtroom 10C, 10th Floor<br>Judge:    Hon. John A. Kronstadt |

01980-00237/18336637.8

NOTICE IS HEREBY GIVEN that on September 21, 2026 at 8:30 a.m. or as soon thereafter as the matter may be heard in the United States District Court for the Central District of California, located at the Felicitas and Gonzalo Mendez United States Courthouse, Los Angeles Courtroom 10C, 10th Floor, before the Honorable John A. Kronstadt, Defendant Google LLC ("Google") will and hereby does move for an order staying the case until the completion of post-grant review proceedings—to include any appeals of those proceedings—against the asserted claims in this case.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 on June 15, 2026.  The parties were unable to reach a resolution, thus necessitating the filing of this motion.

This motion is based on this notice of motion; the accompanying memorandum of points and authorities; the Declaration of Ognjen Zivojnovic and exhibits thereto; the records and files herein; and on such other evidence as may be presented at the hearing on this motion and is properly before the Court.

DATED:  July 10, 2026              QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By  /s/ Ognjen Zivojnovic
                                   _____

                                       *Attorney for Defendant*

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    BACKGROUND ........................................................................................ 3

III.   LEGAL STANDARD ................................................................................ 7

IV.   ARGUMENT ............................................................................................. 8

     A.      Discovery Is Not Complete And No Trial Date Is Set .......................... 8

     B.      The Post-Grant Proceedings Will Simplify The Case .......................... 10

     C.      A Stay Will Not Unduly Prejudice Or Tactically Disadvantage Sonos ..................................................................................................... 16

     D.      The Totality Of The Circumstances Confirms That A Stay Is Warranted ................................................................................................ 20

V.     CONCLUSION ......................................................................................... 20

Case No. 2:20-cv-00169-JAK (DFMx)

DEFENDANT GOOGLE LLC'S MOTION TO STAY

# TABLE OF AUTHORITIES

**Page**

## Cases

*Adventure Wagon LLC v. RB Components, Inc.*,
2023 WL 11812968 (C.D. Cal. June 14, 2023)............................................11, 17

*Autoalert, Inc. v. Dominion Dealer Sols., LLC*,
2013 WL 8014977 (C.D. Cal. May 22, 2013)......................................................17

*Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc.*,
2021 WL 831028 (C.D. Cal. Feb. 25, 2021) .....................................................9, 10

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,
2016 WL 7507760 (C.D. Cal. Sep. 12, 2016)..................................................12, 18

*In re Cygnus Telecommc'ns Tech., LLC, Patent Litig.*,
385 F. Supp. 2d 1022 (N.D. Cal. 2005).................................................................7

*DivX, LLC v. Netflix, Inc.*,
2020 WL 3026034 (C.D. Cal. May 11, 2020)......................................................13

*Document Sec. Sys., Inc. v. Seoul Semiconductor Co., Ltd.*,
2020 WL 11421528 (C.D. Cal. July 2, 2020) ...........................................7, 8, 16

*DSS Tech. Management v. Apple Inc.*,
2015 WL 1967878 (N.D. Cal. May 1, 2015) ......................................................19

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ..........................................................................7

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ..........................................................10

*Evolutionary Intelligence, LLC v. Millennial Media, Inc.*,
2014 WL 2738501 (N.D. Cal. Jun. 11, 2014) ......................................................7

*Finjan, Inc. v. Symantec Corp.*,
139 F. Supp. 3d 1032 (N.D. Cal. 2015)...............................................................15

*Fresenius USA, Inc. v. Baxter Intern., Inc.*,
721 F.3d 1330 (Fed. Cir. 2013) ..........................................................................10

*Hisense USA Corp. v. Polaris PowerLED Techs., LLC,*
    2026 WL 252755 (C.D. Cal. Jan. 27, 2026)......................................................18

*InterDigital, Inc. v. The Walt Disney Co.,*
    2026 WL 1719416 (C.D. Cal. June 10, 2026)......................................................9

*Internet Patents Corp. v. eBags, Inc.,*
    2013 WL 4609533 (N.D. Cal. Aug. 28, 2013)......................................................18

*Jenam Tech, LLC v. Google LLC,*
    2022 WL 20275184 (N.D. Cal. Mar. 28, 2022)..........................................12, 18

*KLA–Tencor Corp. v. Nanometrics, Inc.,*
    2006 WL 708661 (N.D. Cal. Mar. 16, 2006)......................................................18

*Lian Li Indus. Co. v. Thermaltake Tech., Co.,*
    2024 WL 4800671 (C.D. Cal. Oct. 4, 2024)..............................................15, 17

*Limestone v. Micron Tech.,*
    2016 WL 3598109 (C.D. Cal. Jan. 12, 2016)......................................................12

*Lodge Mfg. Co. v. Gibson Overseas, Inc.,*
    2019 WL 9443180 (C.D. Cal. Sept. 24, 2019)..........................................15, 20

*Medtronic, Inc. v. Axonics Modulation Techs., Inc.,*
    2020 WL 5087820 (C.D. Cal. May 8, 2020)......................................................17

*Medtronic, Inc. v. Axonics Modulation Techs., Inc.,*
    2023 WL 12263684 (C.D. Cal. July 17, 2023)............................................9, 13

*Meissner Filtration Prods., Inc. v. Sani-Tech West, Inc.,*
    2022 WL 17190245 (C.D. Cal. Oct. 3, 2022)......................................................10

*MLC Intellectual Property, LLC v. Micron Technology, Inc.,*
    2017 WL 4948560 (N.D. Cal. Nov. 1, 2017)......................................................11

*One-E-Way, Inc. v. Apple Inc.,*
    2021 WL 4932518 (C.D. Cal. Mar. 16, 2021)............................................10, 13

*PersonalWeb Techs., LLC v. Apple, Inc.,*
    69 F.Supp.3d 1022 (N.D. Cal. 2014)........................................................16, 19

*PersonalWeb Techs., LLC v. Facebook, Inc.,*
    2014 WL 116340 (N.D. Cal. Jan. 13, 2014)......................................................8

Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT GOOGLE LLC'S MOTION TO STAY

*Polymer Tech. Sys., Inc. v. Jant Pharmacal Corp.*,
2015 WL 12860482 (C.D. Cal. Aug. 20, 2015) ...................................................... 7

*Relink US LLC v. Tesla Inc.*,
2025 WL 2909964 (N.D. Cal. Oct. 14, 2025) ............................................... 11, 18

*RJ Tech. LLC v. Apple Inc.*,
2023 WL 8188475 (C.D. Cal. Oct. 4, 2023) ...................................................... 9, 15

*Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*,
2013 WL 752474 (N.D. Cal. Feb. 27, 2013) ......................................................... 18

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
2014 WL 3107447 (N.D. Cal. July 3, 2014) ......................................................... 13

*Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (U.S.A), Inc.*,
2015 WL 13333678 (N.D. Cal. May 6, 2015) ...................................................... 12

*Sleep No. Corp. v. Sizewise Rentals, LLC*,
2019 WL 1091335 (C.D. Cal. Feb. 12, 2019) ......................................................... 8

*Slip Track Sys., Inc. v. Metal Lite, Inc.*,
159 F.3d 1337 (Fed. Cir. 1998) ............................................................................ 10

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
1995 WL 20470 (N.D. Cal. Jan. 13, 1995) .......................................................... 12

*TeleSign Corp. v. Twilio, Inc.*,
2017 WL 11517650 (C.D. Cal. May 16, 2017) .............................................. 14, 17

*Universal Elecs. Inc. v. Roku, Inc.*,
2019 WL 6974173 (C.D. Cal. Nov. 4, 2019) ......................................................... 8

*UPL NA, Inc. v. Tide Int'l (USA), Inc.*,
2021 WL 663128 (C.D. Cal. Feb. 19, 2021) ...................................................... 7, 9

*Vaporstream, Inc. v. Snap Inc.*,
2020 WL 2543814 (C.D. Cal. Jan. 10, 2020) ...................................................... 13

*Versata Software, Inc. v. Configit A/S*,
2022 WL 3598158 (C.D. Cal. Apr. 27, 2022) ......................................... 10, 13, 17

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
759 F.3d 1307 (Fed. Cir. 2014) ......................................................... 10, 12, 17

Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT GOOGLE LLC'S MOTION TO STAY

*Vivint, Inc. v. SkyBell Techs., Inc.*,
2022 WL 18587113 (C.D. Cal. Nov. 9, 2022) ........................................................9

*Wonderland Nurserygoods Co. v. Baby Trend, Inc.*,
2015 WL 1809309 (C.D. Cal. Apr. 20, 2015)......................................16, 17, 20

**Rules/Statutes**

28 U.S.C. § 1659(a) ....................................................................................................3

35 U.S.C. § 315(b) ...................................................................................................18

35 U.S.C. § 316(a)(11) ...............................................................................................5

## I.      INTRODUCTION

Google has filed patent office challenges against seven of the ten asserted patents, challenging at least one patent in each of Sonos's four asserted patent families, and the patent office has instituted proceedings on three of those patents.[1] The Court should now stay the case to allow the patent office to accomplish what both parties agree is necessary but Sonos has refused to do: narrow the case to a number of patents and claims that can actually be tried to a jury.

This is no ordinary patent case.  Taken as a whole, including Google's affirmative counterclaims, this litigation involves twelve patents and 114 asserted claims, and the parties have already told this Court, jointly, that the "complexity of this litigation" warranted modifying the schedule.  Dkt. 177 at 2.  Of those, the ten patents Sonos asserts against Google span 83 claims drawn from four distinct patent families, each directed to different technologies.  A case of that size and scope calls for narrowing, but Sonos has refused to engage in such discussions, at best offering to narrow its case from 83 claims to 69 claims—a meaningless difference.  Ex. A.[2] On Google's part, it moved for summary judgment to remove an entire setup patent family and proposed mutual claim-and-prior-art narrowing under the Federal Circuit's Model Order; Sonos, in response, declined to commit to any meaningful narrowing, arguing that whether it will narrow depends on the outcome of this very motion to stay.  Zivojnovic Decl. ¶ 4.  There is no reason for the Court and the parties to litigate the validity and infringement of Sonos's ten patents and 83 claims through the most expensive phases of the case, including expert reports, expert depositions, dispositive motions, and trial, when the Patent Office stands ready to narrow or

---

[1]  Google is in the process of preparing patent challenges for the three remaining asserted patents.

[2]  References to "Ex. __" refer to the exhibits attached to the Declaration of Ognjen Zivojnovic ("Zivojnovic Decl.") filed herewith.

Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT GOOGLE LLC'S MOTION TO STAY

eliminate those claims on a binding, validity-based grounds.

In light of the above—and because at least one patent in each of the four asserted patent families is now subject to a pending or instituted post-grant review proceeding and in each instance the post-grant proceeding challenges at least every asserted claim of the patent at issue—all three factors bearing on motions to stay pending post-grant review proceedings weigh in favor of granting a stay here.

First, although the fact-discovery deadline has now passed, far more work remains ahead of the parties and the Court (including additional fact depositions, all expert discovery, and dispositive and pretrial motions).[3]

Second, the post-grant proceedings will narrow and significantly simplify the issues in this case. If Google prevails in the pending post-grant proceedings, every asserted claim of at least one patent in each of the four asserted patent families will be cancelled and dropped from this case. Either way, granting a stay to allow the post-grant proceedings to play out will simplify the issues in the case and will prevent a waste of judicial and party resources on claims that may be invalidated.

Third, a stay would not prejudice or tactically disadvantage Sonos, which has not sought a preliminary injunction and seeks monetary damages that a stay will not diminish. The only conceivable harm to Sonos is the delay inherent in any stay, which is not undue prejudice as a matter of law. Moreover, Sonos itself has been responsible for years-long delay from the outset of the case, when it elected to prioritize litigation in another forum over this Court.

In sum, all the relevant factors weigh in favor of a stay. Google thus respectfully requests that the Court stay the case pending final resolution of the post-grant review proceedings against the asserted patents.

---

[3] As explained below in Section IV, caselaw is clear that the filing of the instant motion is the appropriate date to measure the stage of the litigation.

## II.     BACKGROUND

Sonos, Inc. ("Sonos") sued Google LLC ("Google") in the Central District of California on January 7, 2020.  Dkt. 1.  Sonos filed a First Amended Complaint on October 15, 2024.  Dkt. 64.  The operative Second Amended Complaint was filed on November 26, 2024.  Dkt. 68.  Sonos accuses Google of infringing the following patents: U.S. Pat. Nos. 10,439,896 (the "'896 patent"); 10,541,883 (the "'883 patent"); 9,219,959 (the "'959 patent"); 10,966,025 (the "'025 patent"); 9,195,258 (the "'258 patent"); 10,031,715 (the "'715 patent"); 10,209,953 (the "'953 patent"); 11,080,001 (the "'001 patent"); 8,588,949 (the "'949 patent"); and 7,571,014 (the "'014 patent"). *Id*.

The '896 and '883 patents (collectively, the "Setup Patents" or "Setup Patent Family") are part of the same patent family allegedly aimed at techniques for setting up various devices to connect to a network for secure communications.  Dkts. 68-1; 68-14.  The '959 and '025 patents (collectively, the "Stereo Patents" or "Stereo Patent Family") are part of the same patent family allegedly aimed at technology for grouping, consolidating, and pairing individual playback devices with network capability (players) to simulate a multi-channel listening (e.g., stereo) environment and share the same specifications.  Dkts. 68-1; 68-13.  The '001, '715, '258, and '953 patents (collectively, the "Sync Patents" or "Sync Patent Family") are part of the same patent family allegedly aimed at maintaining synchrony of operations among a plurality of devices that have independent clocking arrangements and share substantially the same specifications.  Dkts. 68-1; 68-11.  The '014 and '949 patents (collectively, the "Group Volume Patents" or "Group Volume Patent Family") are part of the same patent family allegedly aimed at user interfaces for controlling or manipulating the volume for a group of multimedia players in a multi-zone system and share substantially the same specifications.  Dkts. 68-1; 68-11.

Shortly after Sonos filed suit, Google moved under 28 U.S.C. § 1659(a) to stay this case pending the related proceeding Sonos had filed the same day before the

International Trade Commission (Investigation No. 337-TA-1191), in which Sonos asserted a subset of the asserted patents against the same accused products.  Dkt. 26. That motion was unopposed, and the Court granted it and stayed the case in its entirety on March 4, 2020.  Dkt. 30.  The case then remained stayed for more than four years while the Commission proceeding and the ensuing Federal Circuit appeal ran their course.  On September 30, 2024, before expiration of Google's deadline to seek certiorari review of the Federal Circuit's decision, the Court partially lifted the stay as to the patents no longer subject to judicial review and related patents not previously asserted.  Dkt. 63.  After Google determined it would not seek certiorari, the parties jointly moved to lift the stay in full to avoid piecemeal litigation, and the Court did so on November 18, 2024.  Dkts. 65, 66.  Sonos filed the operative Second Amended Complaint on November 26, 2024, and Google answered on December 23, 2024. Dkts. 68, 69.  The Court held a *Markman* hearing on February 23, 2026, and a claim construction order issued on May 20, 2026.  Dkts. 163, 200.  On April 22, 2026, the parties jointly moved to modify the schedule—the latest of several joint requests to extend the case deadlines—and the Court granted that motion on April 27, 2026.  Dkts. 177, 179.  Under the current schedule, the fact-discovery cutoff was July 2, 2026; opening expert reports are due July 23, 2026; rebuttal expert reports are due August 21, 2026; expert discovery does not close until October 9, 2026; and the last day to file summary judgment and Daubert motions is October 16, 2026.  Dkt. 179.  No trial date has been set.  Although the fact-discovery deadline has passed, by mutual agreement of the parties, several depositions are scheduled to proceed later in July 2026, and multiple discovery disputes remain pending before the Court, including a motion to compel filed by Google set for hearing on August 11, 2026.  Dkt. 240.

On November 24, 2025, Google filed a petition for inter partes review of all the asserted claims of the '025 patent.  Ex. B.  On May 15, 2026, the PTAB granted Google's petition and instituted review of all challenged claims of the '025 patent.  *Id.* On September 23, 2025, Google filed a request for ex parte reexamination of all the

asserted claims of the '896 patent. Ex. C. On October 16, 2025, the Office found a substantial new question of patentability and ordered ex parte reexamination of all challenged claims of the '896 patent. *Id*. On April 2, 2026, Google filed a request for ex parte reexamination of all the asserted claims of the '883 patent. Ex. D. On April 27, 2026, the Office found a substantial new question of patentability and ordered ex parte reexamination of all challenged claims of the '883 patent. *Id*. On July 9, 2026, Google filed requests for ex parte reexamination of all the asserted claims of the '001 patent, '014 patent, and '959 patent. Exs. E-G.

The table below summarizes each post-grant proceeding and its current status, including estimated final written decision dates. For IPRs, the Patent Office is required to issue final written decisions within one year of the institution decision. *See* 35 U.S.C. § 316(a)(11). Thus, given that the IPR against the '025 patent was instituted on May 15, 2026, Google anticipates a final written decision by May 15, 2027. Of petitions that are instituted and go to a final written decision, about 35% result in invalidation of all challenged claims, while another about 11% result in invalidation of some but not all challenged claims. Ex. H. And in only about 12% of cases do all challenged claims survive. *Id*. at 4. As for ex parte reexamination, nearly 93% of requests are granted. Ex. I at 1. Of granted ex parte reexams, in only 22% do the original claims survive. *Id*. at 2.[4]

---

[4] In a portion of the other 78%, claims may survive with amendments. That is not an option available to Sonos, since all its patents expired or will expire in 2027, before any EPR is completed, and amendments are unavailable in those circumstances.

| Patent[5] | Family | Currently Pending Google Patent Office Challenges[6] |
|---|---|---|
| 10,439,896 | Setup | EPR filed September 23, 2025; reexamination ordered October 16, 2025 |
| 10,541,883 | Setup | EPR filed April 2, 2026; reexamination ordered April 27, 2026 |
| 9,219,959 | Stereo | EPR filed on July 9, 2026 |
| 10,966,025 | Stereo | IPR filed November 24, 2025; instituted May 15, 2026; final written decision expected May 15, 2027 |
| 9,195,258 | Sync | Google is in the process of preparing a patent challenge for this patent |
| 10,031,715 | Sync | Google is in the process of preparing a patent challenge for this patent |
| 10,209,953 | Sync | Google is in the process of preparing a patent challenge for this patent |
| 11,080,001 | Sync | EPR filed on July 9, 2026 |
| 8,588,949 | Volume | EPR filed April 3, 2026; reexamination denied May 5, 2026; request for Director review of denial pending since June 1, 2026[7] |

[5]   Each of the patent challenges seeks review of at least all of the asserted claims.

[6]   The Board's decisions declining to institute inter partes review of the '883, '715, '001, and '014 patents were discretionary and did not reach the merits of Google's invalidity contentions.  Exs. J & K.  As such, those prior denials are not indicative of Google's likelihood of success on the merits in the ex parte reexamination.

[7]   Even if the Director upholds this denial, that does not undermine the substantial simplification the remaining proceedings will achieve, especially because the '949 patent is in the same patent family as the '014 patent.

Case No. 2:20-cv-00169-JAK (DFMx)

DEFENDANT GOOGLE LLC'S MOTION TO STAY

| Patent[5] | Family | Currently Pending Google Patent Office Challenges[6] |
|---|---|---|
| 7,571,014 | Volume | EPR filed on July 9, 2026 |

## III.  LEGAL STANDARD

A district court's inherent power to manage its docket includes the discretion to grant a stay pending concurrent proceedings before the PTAB.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  "A stay is particularly justified where the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues."  *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, 2014 WL 2738501, at *2 (N.D. Cal. Jun. 11, 2014) (citing *In re Cygnus Telecommc'ns Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)).  For that reason, courts in this District have long maintained a "liberal policy in favor of granting motions to stay pending IPR" and other post-grant proceedings.  *UPL NA, Inc. v. Tide Int'l (USA), Inc.*, 2021 WL 663128, at *2 (C.D. Cal. Feb. 19, 2021); *Polymer Tech. Sys., Inc. v. Jant Pharmacal Corp.*, 2015 WL 12860482, at *3 (C.D. Cal. Aug. 20, 2015) (Kronstadt, J.) ("There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination").

Courts analyzing motions to stay pending the outcome of post-grant review proceedings generally consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party."  *Document Sec. Sys., Inc. v. Seoul Semiconductor Co., Ltd.*, 2020 WL 11421528, at *1 (C.D. Cal. July 2, 2020).  "The inquiry, however, is not limited to these factors and 'the totality of the circumstances governs.'"  *Id.*

-7-                    Case No. 2:20-cv-00169-JAK (DFMx)
                       DEFENDANT GOOGLE LLC'S MOTION TO STAY

## IV.   ARGUMENT

### A.   Discovery Is Not Complete And No Trial Date Is Set

The stage of this case favors a stay because far more work lies ahead than behind. In assessing the stage of the proceeding, courts generally consider "the status of discovery, claim construction, setting of a trial date, and the Court's expenditure of resources" as of "the date of ... filing ... the motion to stay." *UPL*, 2021 WL 663128, at *2. The expenditure of judicial resources "is an important factor in evaluating the stage of the proceedings," *Sleep No. Corp. v. Sizewise Rentals, LLC*, 2019 WL 1091335, at *2 (C.D. Cal. Feb. 12, 2019), and courts in this district have repeatedly held that "where 'there is more work ahead of the parties and the Court than behind,' this factor weighs in favor of granting a stay." *Seoul Semiconductor*, 2020 WL 11421528, at *2; *Universal Elecs. Inc. v. Roku, Inc.*, 2019 WL 6974173, at *2 (C.D. Cal. Nov. 4, 2019) (same). Indeed, this factor supports a stay even where "the parties and courts have already invested significant time and effort" in the case and "a claim construction order has been issued," where the parties "have yet to engage in the significant and costly work of conducting expert discovery and preparing summary judgment motions." *PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014 WL 116340, at *3–4 (N.D. Cal. Jan. 13, 2014).

That is precisely the situation here. The bulk of the work in this case lies ahead, and several filed motions remain pending, including Google's Motion for Leave to Amend. Dkt. 132. The fact-discovery cutoff was July 2, 2026; opening and rebuttal expert reports are not due until July 23 and August 21, 2026; expert discovery does not close until October 9, 2026; and the last day to file summary judgment and Daubert motions is October 16, 2026. Dkt. 179. No trial date has been set. Although the fact-discovery deadline has passed, by mutual agreement of the parties, several depositions are scheduled to proceed later in July 2026, and multiple disputes remain pending before the Court—including Google's motion to compel, set for hearing on August 11, 2026. Dkt. 240. More fundamentally, the parties have not yet undertaken

the significant and costly work that lies at the heart of a patent case: expert reports, expert depositions, and dispositive- and Daubert-motion practice. And while Google has filed a motion for summary judgment of invalidity on the Setup Patents, that motion remains pending and will not even be heard until October 5, 2026, so the Court has not yet expended resources resolving it. Dkt. 217. The expert reports, expert depositions, and the remaining dispositive and Daubert briefing—the most resource-intensive phases of the case—are entirely ahead of the parties and the Court.

Indeed, this is a natural juncture at which to pause the case. All fact document productions are complete, and every deposition taken has been recorded and transcribed, so a stay poses no risk of lost documents or fading witness memories. What remains—resolving the pending discovery motions, the expert-discovery cycle, summary judgment, Daubert motions, and trial—is precisely the work that would require a substantial new investment of the Court's own resources. A stay now conserves those resources; declining one would commit the Court to that investment on claims the Patent Office may cancel or amend. For that reason, a stay is warranted even if the case were viewed as advanced. In *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, the court stayed a patent case on the eve of trial—after fact and expert discovery had closed and summary judgment and Daubert motions were fully briefed—because the risk of a wasteful, duplicative second trial outweighed the advanced posture. 2023 WL 12263684, at *3-5 (C.D. Cal. July 17, 2023). The relatively earlier posture here makes the case for a stay only stronger. Thus, "[w]hile some discovery has occurred … much remains in the future, both as to fact … and expert discovery – weighing in favor of a stay." *Vivint, Inc. v. SkyBell Techs., Inc.*, 2022 WL 18587113, at * 3 (C.D. Cal. Nov. 9, 2022); *see Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc.*, 2021 WL 831028, at *2 (C.D. Cal. Feb. 25, 2021) (same). The "critical inquiry" is whether "there is more work ahead of the parties and the Court than behind," and here there plainly is. *InterDigital, Inc. v. The Walt Disney Co.*, 2026 WL 1719416, at *6 (C.D. Cal. June 10, 2026) (granting stay despite "The

Court recogniz[ing] that both parties have spent significant effort preparing for the claim construction hearing and fulfilling its discovery obligations," because "[w]hen fact discovery has been substantially completed, but expert discovery has not started, courts generally find this factor weighs in favor of a stay."); *see also RJ Tech. LLC v. Apple Inc.*, 2023 WL 8188475, at *2 (C.D. Cal. Oct. 4, 2023) (granting stay because "there is still much more work ahead"); *UPL*, 2021 WL 663128, at *2 ("Although a claim construction order has been issued, the amount of work yet to be undertaken by the parties weighs slightly in favor of a stay."); *see also Versata Software, Inc. v. Configit A/S*, 2022 WL 3598158, at *2 (C.D. Cal. Apr. 27, 2022) (Kronstadt, J.) (stage favored a stay where "there is more work ahead of the parties and the Court than behind"); *Meissner Filtration Prods., Inc. v. Sani-Tech West, Inc.*, 2022 WL 17190245, at *4 (C.D. Cal. Oct. 3, 2022) (Kronstadt, J.) (same); *One-E-Way, Inc. v. Apple Inc.*, 2021 WL 4932518, at *2 (C.D. Cal. Mar. 16, 2021) (Kronstadt, J.) (same).

Nor does any progress Sonos may point to in the weeks since this motion was filed alter the analysis, because "the filing of the instant motion is the appropriate date to measure the stage of the litigation." *Caravan Canopy*, 2021 WL 831028, at *2 (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014)). But even if the Court considers later developments, the fact remains that this motion will be ripe for adjudication before most expert reports have been submitted, before any expert depositions have taken place, before the parties file (and the Court decides) any dispositive or *Daubert* motions, and before a trial date has even been set.

In sum, based on the amount of work yet to be undertaken, this factor favors a stay.

## B.   The Post-Grant Proceedings Will Simplify The Case

The Patent Office's cancellation of claims via post-grant review proceedings is binding on a district court. *Fresenius USA, Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1339-40 (Fed. Cir. 2013). Thus, "[a] stay pending reexamination is justified where 'the outcome of the reexamination would be likely to assist the court in determining

patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" *Evolutionary Intelligence, LLC v. Apple, Inc.*, 2014 WL 93954, at *2 (N.D. Cal. Jan. 9, 2014) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998)).

Here, there can be no serious dispute that a stay pending the resolution of the post-grant proceedings against the asserted patents would greatly simplify the issues in the case. As noted above, including the '949 patent, for which Google has filed a pending request for Director review of the denial of ex parte reexamination, Google has challenged seven of the ten Sonos asserted patents, and at least one asserted patent in all four asserted patent families through post-grant review—an instituted inter partes review of the '025 patent, ordered ex parte reexaminations of the '896 and '883 patents, and pending ex parte reexamination requests against the '959, '001, and '014 patents—and each of those proceedings challenges at least every asserted claim of the patent at issue. Moreover, Google is in the process of preparing patent challenges against three additional Sonos asserted patents (the '258, '715, and '953 patents).

That several of those challenges proceed by ex parte reexamination rather than inter partes review does not diminish their simplifying effect: "IPR and EPR proceedings are equivalent with respect to the substantive matters considered during review, and this policy applies to both types of proceedings." *Adventure Wagon LLC v. RB Components, Inc.*, 2023 WL 11812968, at *2 (C.D. Cal. June 14, 2023) (Kronstadt, J.). Nor is the simplifying value of these reexaminations diminished by the fact that the Board earlier declined to institute inter partes review of certain of the asserted patents. As an initial matter, the Patent Office has now found a substantial new question of patentability and ordered reexamination of the '896 and '883 patents notwithstanding any earlier proceeding, a determination that itself reflects the Office's independent, expert judgment that these claims warrant further review. And courts grant stays pending ex parte reexamination even where the same prior art was previously presented to the Board in an unsuccessful inter partes review petition. *See*

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*, 2017 WL 4948560, at *1-2 (N.D. Cal. Nov. 1, 2017) (staying case pending ex parte reexamination over the patentee's argument that the Board's prior rejection of an inter partes review petition based on the same reference "shows that [the] invalidity arguments based on [that reference] lack merit"); *see also Relink US LLC v. Tesla Inc.*, 2025 WL 2909964 (N.D. Cal. Oct. 14, 2025). Just like an IPR, "waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995).

Here, the post-grant proceedings implicate all of the asserted claims of at least one patent in each of the patent families. *Supra* at § I. Thus, given that most instituted IPRs result in all of the challenged claims being invalidated and most ex parte reexaminations result in the challenged claims being either cancelled or amended (*supra* at § I), there is a very good chance that the post-grant proceedings "could dispose of the entire litigation" as to patents and/or families, which would of course be "the ultimate simplification of issues." *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014). But even if not, it is likely that at least some of the asserted claims will be invalidated, and the case will accordingly be simplified. *Supra* at § II. A post-grant review proceeding "need not resolve all claims in order to simplify the Court's consideration of that patent," *Jenam Tech, LLC v. Google LLC*, 2022 WL 20275184, at *2 (N.D. Cal. Mar. 28, 2022), because "the issue is simplification, not elimination." *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (U.S.A), Inc.*, 2015 WL 13333678, at *3 (N.D. Cal. May 6, 2015). Even if the PTAB proceedings somehow result in no cancelled claims, "this Court will receive the benefit of the PTAB's expertise and guidance on those claims." *Jenam Tech.*, 2022 WL 20275184, at *3; *see also Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*, 2016 WL 7507760, at *2 (C.D. Cal. Sep. 12, 2016) ("Even

-12-

if no patent claim is eliminated, the intrinsic record developed during the IPR may inform on issues like claim construction.").

Courts in this District have rejected the contrary view, which "conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when addressing a motion to stay." *Limestone v. Micron Tech.*, 2016 WL 3598109, at *4 (C.D. Cal. Jan. 12, 2016) (citation omitted). Indeed, the simplifying effect extends even to asserted claims and patents not directly under review: because the four asserted patent families share common specifications, "the parties [may] make characterizations about the scope of the claim language in IPR proceedings that become relevant to their disputes in this case, even to claims not challenged in IPR." *DivX, LLC v. Netflix, Inc.*, 2020 WL 3026034, at *3 (C.D. Cal. May 11, 2020). For the same reason, a determination as to one patent "will also likely provide guidance as to the other asserted patents and claims." *One-E-Way, Inc.*, 2021 WL 4932518, at *3 (Kronstadt, J.); *accord Versata Software*, 2022 WL 3598158, at *3 (Kronstadt, J.) (stay "likely to simplify the issues" where instituted claims "share similar claim limitations" with non-instituted asserted claims); *cf. Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, 2014 WL 3107447, at *5 (N.D. Cal. July 3, 2014) (granting motion to stay infringement action during an IPR because even though only some of the asserted patents were subject to the IPR, "there is a reasonable possibility that the PTAB will either cancel or modify some of the claims thus simplifying the scope of this case").

The simplifying effect of the post-grant proceedings would likewise extend to the damages analysis: given the substantial similarity among the asserted patents, a determination that certain claims are invalid over the prior art would bear directly on the value of the remaining claims, because the extent to which the patented invention represents an improvement over the prior art is among the *Georgia-Pacific* factors governing a reasonable-royalty award. *See Vaporstream, Inc. v. Snap Inc.*, 2020 WL 2543814, at *8 (C.D. Cal. Jan. 10, 2020) ("Georgia-Pacific factor 9 considers 'the

utility and advantages for the patent property over the old modes or devices, if any, that had been used for working out similar results.'"").

Proceeding in parallel with the post-grant proceedings would also create an avoidable risk of wasted effort and inconsistent results.  If this case races ahead to trial while the '025 inter partes review and the ordered reexaminations remain pending, the Court and a jury could expend enormous resources adjudicating the validity and infringement of claims that the Patent Office later cancels—and a jury verdict could squarely conflict with the agency's determination, leaving "the ultimate outcome [to] depend upon which decision would reach finality first." *TeleSign Corp. v. Twilio, Inc.*, 2017 WL 11517650, at *3 (C.D. Cal. May 16, 2017) (identifying the "real risk" of a "race to verdict" as a reason favoring a stay).  Courts in this District have recognized that staying a case to avoid this very scenario serves judicial economy:  a stay "ha[s] the added benefit of avoiding any potential risk of inconsistency between a jury verdict and any of the [Patent Office's] findings or analysis." *Medtronic*, 2023 WL 12263684, at *4.  The danger is not merely an advisory-opinion problem; it is the prospect of a wholly duplicative second trial.  As the court explained in *Medtronic*, trying claims that the Patent Office later invalidates risks inflating "the perceived value of the asserted patents as a whole and thereby increas[ing] any damages award by the jury," inviting a motion for a new trial. *Id.* at *3-4.  That risk is present here, where the post-grant proceedings reach every asserted claim of the patents they challenge, and where—given the number of asserted claims and patents—a partial cancellation could materially reshape the issues a jury must decide, including the issue of damages for the challenged patent family.  Avoiding that needless duplication is reason enough to stay the case now rather than proceed under the cloud of pending Patent Office review.

The need for simplification is not Google's contention alone.  Both parties have already told the Court—jointly—that this case is exceptionally complex and would benefit from streamlining.  In their April 22, 2026 joint motion to modify the schedule,

-14-

the parties represented that "the complexity of this litigation" warranted relief because the case "involves twelve asserted patents … from five patent families," "multiple accused products on both sides," and "numerous invalidity and affirmative defenses." Dkt. 177 at 2.[8]  The Court agreed, finding good cause and granting the requested relief.  Dkt. 179.  The post-grant proceedings offer exactly the kind of streamlining the parties themselves have said this case needs: rather than litigate the validity of claims that the Patent Office may cancel or amend, the parties and the Court can focus their resources on the claims that actually survive.  Given the sheer number of asserted claims and patents, even partial cancellation would meaningfully reduce the scope of expert discovery, dispositive motions, and trial.

Nor does it matter that several of the reexamination requests remain pending and awaiting the Patent Office's decision.  Sonos may argue that any simplification is speculative until the Office acts, but courts in this District have squarely rejected the view that the pre-decision posture of a post-grant proceeding weighs against a stay.  The "fact that the [Patent Office] has not yet indicated whether it will grant the [request] for review 'clouds the simplification inquiry,'" but it "does not inherently mean a stay should be denied."  *Lodge Mfg. Co. v. Gibson Overseas, Inc.*, 2019 WL 9443180, at *3 (C.D. Cal. Sept. 24, 2019).  Indeed, "courts in this District have adopted the majority position that even if [review] has not yet been instituted, the simplification factor may still weigh in favor of a stay."  *Lian Li Indus. Co. v. Thermaltake Tech., Co.*, 2024 WL 4800671, at *2 (C.D. Cal. Oct. 4, 2024); *RJ Tech.*, 2023 WL 8188475, at *3 (collecting cases for the proposition that "even if IPR has

---

[8]  The parties' description of "twelve asserted patents … from five patent families" reflects the case as a whole, including the two patents Google asserts affirmatively; the ten Sonos-asserted patents addressed in this motion fall within four patent families, each of which is now the subject of a post-grant proceeding challenging every asserted claim.  As of today, Sonos has not sought any post grant proceedings challenging Google's asserted patents.

not yet been instituted, the simplification factor may still weigh in favor of a stay" (citation omitted)).  Staying the case now—rather than after the parties, the Court, and the jury pour resources into issues the Patent Office may moot—is the "most efficient use of resources at this juncture," because proceeding in the interim would force the parties and the Court to "expend significant resources on issues that could eventually be mooted" by the agency's decisions.  *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015).

In sum, the simplification of the issues factor also weighs in favor of a stay.

## C.    A Stay Will Not Unduly Prejudice Or Tactically Disadvantage Sonos

This factor similarly favors a stay because a stay would cause no undue prejudice or tactical disadvantage to Sonos.  "The mere possibility of delay, inherent in all proceedings, is insufficient to constitute undue prejudice."  *Seoul Semiconductor*, 2020 WL 11421528, at *3.  As a result, "[c]ourts have repeatedly found no undue prejudice unless the patent makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."  *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. Sep. 24, 2014).

But that delay is the only prejudice Sonos could conceivably claim here.  Sonos, for example, cannot manufacture undue prejudice by labeling itself and Google "direct competitors."  As an initial matter, there is no per se rule that competition between the parties establishes undue prejudice; courts in this District "examin[e] the circumstances of the case to determine if monetary damages are sufficient to compensate for harm incurred during a potential stay."  *Wonderland Nurserygoods Co. v. Baby Trend, Inc.*, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015).  A "relevant consideration in evaluating [a plaintiff's] claims of undue harm is whether the parties are ***sole competitors*** in the relevant markets"—and here, they plainly are not.  *Id.* (emphasis added).  Even under Sonos's characterization, the market for wireless speakers is crowded with well-established competitors—including Bose,

-16-

Denon, JBL, Sony, LG, among others.  Ex. L.  Indeed, Sonos's own public filings concede the point: Sonos has repeatedly told its investors that it competes against "established, well-known sellers of audio products such as Bose, Samsung . . . Sony, and Bang & Olufsen, Sennheiser, Apple, Google, and Amazon," and that "[t]he markets in which we operate are extremely competitive and rapidly evolving."  Ex. M.  Where, as here, a defendant introduces evidence of numerous other competitors in the marketplace, that showing "undermines the weight that should be afforded [the plaintiff's] contentions of undue harm."  *Wonderland*, 2015 WL 1809309, at *4 (defendants' evidence of "at least 11 other competitors in the marketplace" diluted the plaintiff's claim of harm); *Autoalert, Inc. v. Dominion Dealer Sols., LLC*, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) (evidence of "at least 12 other competitors" diluted the direct effect of the defendant's sales on the plaintiff's market share); *Lian Li*, 2024 WL 4800671, at *2 (finding no undue prejudice where, "though the [p]arties are competitors[,] they are not the sole competitors in the relevant marketplace" and the plaintiff "ha[d] not identified any specific or particularized harm").  In all events, even genuine competition between the parties would not defeat a stay, because courts in this District "grant stays, even in cases among direct competitors, where the non-moving party has not made a specific showing of prejudice beyond the delay necessarily inherent in a stay."  *TeleSign Corp.*, 2017 WL 11517650, at *5 (granting stay between direct competitors where the harm was "recoverable if [the plaintiff] prevails").  Sonos cannot identify any such particularized harm, and any harm it might claim is fully "recoverable if [Sonos] prevails in this litigation."  *Id.*  Sonos has also not sought a preliminary injunction, an acknowledgment that monetary damages would adequately compensate Sonos for any alleged infringement.  *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, 2020 WL 5087820, at *2 (C.D. Cal. May 8, 2020).  Thus, "[a] stay will not diminish the monetary damages to which [Sonos] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages."  *VirtualAgility*, 759 F.3d at 1318.

This Court has applied these principles to find the prejudice factor neutral or favorable to a stay on indistinguishable facts. *See Versata Software*, 2022 WL 3598158, at *4 (Kronstadt, J.) (factor neutral where the patentee "does not allege a two-player market," "did not move for a preliminary injunction," and "made no specific showing" of competitive harm); *Adventure Wagon LLC v. RB Components, Inc.*, 2023 WL 11812968, at *3 (C.D. Cal. June 14, 2023) (Kronstadt, J.) (factor favored a stay where the patentee "did not move for a preliminary injunction and has made no specific showing" of competitive harm and did not allege a "two-player market").

Courts evaluating prejudice also "consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking [post-grant review] of a patent." *Core Optical*, 2016 WL 7507760, at *3 (quoting *KLA–Tencor Corp. v. Nanometrics, Inc.*, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006)). Here there has been no such delay. A party is allowed one year from service of a complaint to file an IPR petition. 35 U.S.C. § 315(b). Google filed its IPR petition within the one year deadline of being served with the operative complaint, meeting the Section 315(b) standard. *Supra* at § II. A stay is appropriate where "the IPR requests were all filed within the one-year statutory limit." *Jenam*, 2022 WL 20275184, at *4. There is no statutory time limit for ex parte reexamination, but Google was diligent in filing its ex parte petitions as well, filing them on a rolling basis as it completed its prior-art investigation. That Google sought reexamination after the Board declined to institute inter partes review, for example, does not suggest dilatory motive or gamesmanship. A patent challenger may pursue successive avenues of Patent Office review, and "parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework." *Hisense USA Corp. v. Polaris PowerLED Techs., LLC*, 2026 WL 252755, at *4 (C.D. Cal. Jan. 27, 2026). And courts in this Circuit have found no improper delay where a challenger did not promptly file a reexamination after an unsuccessful inter partes review. *Relink*, 2025 WL 2909964, at *2. In all events, Google did not unduly delay—this is not a case

where reexamination was sought "on the eve of trial or after protracted discovery." *Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*, 2013 WL 752474, at *3 (N.D. Cal. Feb. 27, 2013); *see Internet Patents Corp. v. eBags, Inc.*, 2013 WL 4609533, at *4 (N.D. Cal. Aug. 28, 2013). Google was also diligent in filing this motion a day after its latest ex parte reexamination petitions were filed. *Id.*

Thus, there is no prejudice or tactical disadvantage to Sonos from a stay except for "the delay necessarily inherent in any stay." *PersonalWeb*, 69 F. Supp. 3d at 1029. That does not create undue prejudice as a matter of law. *Id.* But even setting that well-settled rule aside, the equities here run in Google's favor. Far from using the post-grant proceedings to gain a tactical advantage, Google has consistently sought to streamline and simplify this case at every turn. Google moved for summary judgment of invalidity on the Setup Patents, which—if granted—would remove an entire patent family from the case. Dkt. 214. Google also proposed that the parties exchange narrowed elections of asserted claims and prior art consistent with the Federal Circuit's Model Order Limiting Excess Patent Claims and Prior Art, a framework this Court has adopted before, in an effort to reduce the more than 114 asserted claims to a manageable set for expert discovery and trial. Ex. A. Sonos, however, has declined to engage in meaningful claim reduction, has not committed to a definite number of claims it is willing to drop, and has taken the position that its willingness to narrow depends on the outcome of this motion. Zivojnovic Decl. ¶ 4.

Consistent with these efforts, Google does not seek to stay only the claims Sonos asserts against it; Google is equally willing to stay its own affirmative counterclaims so that the entire dispute proceeds together. The most efficient use of the parties' and the Court's resources is to resolve all claims in a single proceeding following the completion of the post-grant review, rather than in piecemeal, successive trials. A stay of the entire action promotes the most efficient resolution of this dispute. *DSS Tech. Management v. Apple Inc.*, 2015 WL 1967878, at *4 (N.D. Cal. May 1, 2015) (staying litigation pending institution is the "most efficient use of

resources").

Sonos cannot accuse Google, who has affirmatively pursued summary judgment and pressed for claim narrowing—only to be met with resistance—of engaging in dilatory tactics.  If anything, Google's efforts to simplify the case underscore that a stay would advance, rather than frustrate, the efficient resolution of this dispute.

This factor, like the first two, weighs in favor of a stay.

**D.    The Totality Of The Circumstances Confirms That A Stay Is Warranted**

Although the three factors each independently favor a stay, the Court need not consider them in isolation.  The three-factor test is not exhaustive, and "the decision whether to order a stay must be based on the totality of the circumstances." *Medtronic*, 2023 WL 12263684, at *2 (citation omitted); accord *Wonderland Nurserygoods*, 2015 WL 1809309, at *2 ("[U]ltimately the totality of the circumstances governs.") (citation and internal quotation marks omitted); *Lodge Mfg.*, 2019 WL 9443180, at *2 (same).  Here, every relevant circumstance points the same direction.  The case is at a stage where the most resource-intensive work—expert discovery, dispositive motions, and trial—still lies ahead.  Google has challenged every asserted claim of at least one patent in each of the four asserted patent families, so the post-grant proceedings stand to eliminate or materially narrow the issues for trial while sparing the parties and the Court the risk of duplicative effort and inconsistent results.  The complexity and scale of this case make these efficiencies especially necessary here, where Sonos has refused to narrow the number of patents and claims voluntarily.  Sonos, which has never sought a preliminary injunction and seeks only monetary relief, faces nothing beyond the ordinary delay inherent in any stay.  Viewed as a whole, the circumstances make this an appropriate case for a stay.

**V.    CONCLUSION**

Google respectfully asks that the Court stay the case pending the outcome of

-20-                    Case No. 2:20-cv-00169-JAK (DFMx)

the post-grant review proceedings against the asserted claims.

DATED: July 10, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By      /s/ Ognjen Zivojnovic

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Defendant Google LLC*

# CERTIFICATE OF COMPLIANCE

I, Ognjen Zivojnovic, counsel of record for Defendant Google LLC, certify that this brief contains 6,911 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 10, 2026

Respectfully submitted,

By: /s/ *Ognjen Zivojnovic*
Ognjen Zivojnovic (SBN 307801)
QUINN EMANUEL URQUHART & SULLIVAN, LLP

Case No. 2:20-cv-00169-JAK (DFMx)
DEFENDANT GOOGLE LLC'S MOTION TO STAY

**CERTIFICATE OF SERVICE**

I, Ognjen Zivojnovic, certify that pursuant to Local Rule 5-3, counsel of record who have consented to electronic service are being served on July 10, 2026 with copies of the attached document(s) via the Court's CM/ECF system, which will send notification of such filing to counsel of record.

DATED: July 10, 2026

Respectfully submitted,

By: /s/ *Ognjen Zivojnovic*
Ognjen Zivojnovic (SBN 307801)
QUINN EMANUEL URQUHART & SULLIVAN, LLP