## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-00169-JAK-DFMx | Date: | July 21, 2026 |
|---|---|---|---|
| Title | Sonos, Inc. v. Google LLC | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order Granting in Part and Denying in Part Google's Motion to Compel (Dkt. 230) |
|---|---|

Google LLC ("Google") has filed a motion to compel under Federal Rule of Civil Procedure 37 and Local Rule 37-2. See Dkt. 230-1, Joint Stipulation ("JS"); Dkt. 246, Google's Supplemental Memorandum ("Google Supp."). The motion presents three disputes concerning Google's asserted U.S. Patent Nos. 12,132,608 (the "'608 patent") and 9,485,790 (the "'790 patent"):

(1) the completeness of Sonos's production of core technical documents, including Bills of Materials ("BOMs") and Sonos Ace source code, under S.P.R. 2.6.1 and Requests for Production ("RFP") Nos. 94 and 95;

(2) surveys and market research concerning the accused setup functionalities, responsive to RFP Nos. 105 through 111; and

(3) deposition, expert, and hearing materials concerning U.S. Patent No. 11,050,615 (the "'615 patent") from ITC Investigation No. 337-TA-1330 (the "1330 Investigation"), responsive to RFP Nos. 92, 94, and 95, together with Sonos's request for production of materials from Sonos, Inc. v. Google LLC, No. 3:20-cv-06754 (N.D. Cal.) (the "N.D. Cal. Case").

The Court found the motion suitable for decision without oral argument and vacated the hearing set for July 21, 2026. See L.R. 7-15. For the reasons below, the motion is **GRANTED IN PART** and **DENIED IN PART.**

CV-90 (12/02)                          CIVIL MINUTES-GENERAL                  Initials of Deputy Clerk: nb

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

A.     Governing Law

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance. In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." United States v. McGraw-Hill Cos., No. 13-0779, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted). The Court has broad discretion in controlling discovery and determining relevancy. See Laub v. Horbaczewski, 331 F.R.D. 516, 521 (C.D. Cal. 2019).

B.     Core Technical Documents (S.P.R. 2.6.1; RFP Nos. 94 and 95)

1.     Bills of Materials

Google's infringement contentions map the "first wireless radio," "second wireless radio," "wireless radio," and "transducer" limitations of the asserted claims to specific radio, chipset, and RF components in the accused products, and the BOMs identify those components on a product-by-product basis. See JS at 4-5. Sonos responds that it is "not withholding any non-privileged, responsive documents" and the request "is therefore moot." Id. at 7. Google's supplemental memorandum, however, identifies three accused products for which it contends no BOM has yet been produced: the Sonos Roam 2, Ace, and Sub. See Google Supp. at 2-3.

Because Google has identified specific accused products for which production appears incomplete, the motion is **GRANTED**. Within fourteen (14) days, Sonos shall produce, for each of the Sonos Move 2, Roam 2, Arc Ultra, Ace, Sub, and Sub 4, BOMs or other technical documents sufficient to show the BLE chipset, Wi-Fi chipset, processor, memory, and antenna/RF front end, to the extent not already produced. If Sonos maintains that its production is complete as to any of these products, or that no responsive documents exist for a product, it shall so state in a supplemental written response describing the search undertaken.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


2.      Sonos Ace Source Code

S.P.R. 2.6.1 requires production of source code and other documentation "sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant's S.P.R. 2.1.3 chart." Dkt. 13 at 28. Google argues that the Ace source code "must be separately produced," JS at 6, whereas Sonos responds that Google "has offered no cognizable theory that the Sonos Ace" infringes any asserted claim and is thus "irrelevant under Rule 26(b)(1), id. at 7-9.

Sonos's argument is a merits defense presented as a discovery objection. The Ace remains an accused product, and as Google notes, Sonos has affirmatively asserted that the Ace uses "an entirely different 'set up' process." Id. at 6. Having placed the Ace's distinct operation at issue, Sonos cannot withhold the code that would permit Google to test that assertion. The motion is **GRANTED**. Within fourteen (14) days, Sonos shall make the Sonos Ace source code available for inspection in accordance with the protective order in this action.

C.      Surveys and Market Research (RFP Nos. 105-11)

Sonos does not dispute relevance but represents that the two 1330 Investigation survey documents Google identified have been produced in this action, that "[t]here are no recent surveys concerning setup functionality that were located after a reasonable search," and that it is "not withholding any non-privileged, responsive materials." JS at 16.

The Court cannot compel production of documents that a party represents, after a reasonable search, do not exist or are not within its possession, custody, or control. But Google cites Rule 30(b)(6) testimony that, in its belief, describes analyses, reports, presentations, and research concerning the setup experience that Sonos generates on an ongoing basis, as well as underlying research on which the presentations draw. See Google Supp. at 1-2. That testimony suggests that responsive materials may exist.

The motion is **GRANTED IN PART**. Within fourteen (14) days, Sonos shall conduct a reasonable search for, and produce, responsive surveys, studies, reports, presentations, and underlying market research concerning the accused setup functionalities from November 1, 2016 to the present, including the categories of materials identified in the Rule 30(b)(6) testimony cited in Google's supplemental memorandum. To the extent Sonos maintains after that search that no further responsive documents exist, it shall so state in a supplemental written response describing the search undertaken, including the sources searched.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

D.   1330 Investigation Materials Concerning the '615 Patent (RFP Nos. 92, 94, and 95)

　　1.   Google's Request

Google seeks specifically identified materials from the 1330 Investigation concerning the '615 patent. See JS at 22. Sonos does not dispute the relevance or proportionality of these materials. See id. at 23-26. Courts permit discovery of materials from prior proceedings that have "significant factual and legal overlap" with the present case. Kurin, Inc. v. ICU Med., Inc., No. 24-00564, 2024 WL 5717968, at *3 (C.D. Cal. Nov. 22, 2024) (citation omitted); Finjan, Inc. v. Zscaler, Inc., No. 17-06946, 2019 WL 1543514, at *3 (N.D. Cal. Apr. 9, 2019) (compelling production of "deposition transcripts, expert reports, or declarations from [a party's] own witnesses" from a prior proceeding concerning accused functionality "related to patents that are similar to the patents in the instant case"). Google's request satisfies that standard. Sonos's position is that any 1330 Investigation production must be "mutual and comprehensive," JS at 26, which Google accepts, see Google Supp. at 5.

The motion is **GRANTED**. Within fourteen (14) days, Sonos shall produce the 1330 Investigation deposition transcripts and exhibits, expert reports and exhibits, and hearing transcripts and exhibits concerning the '615 patent identified in the Joint Filing. Google shall likewise produce, within the same period, its 1330 Investigation deposition transcripts and exhibits, expert reports and exhibits, and hearing testimony concerning the '615 patent.

　　2.   Sonos's Request for N.D. Cal. Case Materials

Sonos asks the Court, in the alternative, to order Google to produce deposition transcripts and exhibits, expert reports and exhibits, hearing transcripts, and related materials from the N.D. Cal. Case, which Sonos contends are responsive to its RFP Nos. 4-6, 8-23, 35, and 49. See JS at 23-25. This request is not properly before the Court and whether the N.D. Cal Case materials satisfy the "significant factual and legal overlap" standard presents a distinct question requiring its own record and briefing. Sonos's request is **DENIED** without prejudice to a properly presented motion.

E.   Conclusion

For the foregoing reasons, Google's motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.  As to BOMs, the motion is **GRANTED**; within fourteen (14) days, Sonos shall produce BOMs or other technical documents sufficient to show the identified components for the Sonos Move 2, Roam 2, Arc Ultra, Ace, Sub, and Sub 4, to the extent not already produced, and shall serve a supplemental written response describing its search as to any

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

product for which it maintains its production is complete or no responsive documents exist.

2.  As to the Sonos Ace source code, the motion is **GRANTED**; within fourteen (14) days, Sonos shall make the code available for inspection under the protective order.

3.  As to surveys and market research, the motion is **GRANTED IN PART**; within fourteen (14) days, Sonos shall conduct a reasonable search for and produce responsive materials from November 1, 2016 to the present, as set forth above, and shall serve a supplemental written response describing the search undertaken to the extent it maintains no further responsive documents exist.

4.  As to the 1330 Investigation materials concerning the '615 patent, the motion is **GRANTED** as set forth above; both parties shall produce their respective '615-related 1330 Investigation materials within fourteen (14) days, subject to the protective order in this action. Sonos's request for N.D. Cal. Case materials is **DENIED** without prejudice.

IT IS SO ORDERED.