QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Defendant-Counterclaimant Google LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SONOS, INC.,<br><br>    *Plaintiff-Counterclaim Defendant,*<br><br>vs.<br><br>GOOGLE LLC,<br><br>    *Defendant-Counterclaimant.* | CASE NO. 2:20-cv-00169-JAK (DFMx)<br><br>**SUPPLEMENTAL MEMORANDUM OF GOOGLE LLC PURSUANT TO LOCAL RULE 37-2**<br><br>Initial Complaint Filed: January 7, 2020<br>Discovery Cutoff: July 2, 2026<br>Final Pretrial Conference: TBD<br>Trial Date: TBD |

i

Sonos's opposition confirms that Google's motion should be granted. Sonos does not dispute that Google, for its asserted patents, served narrative validity contentions that identified—reference by reference—each limitation Google contends the prior art fails to disclose, explained why, and cited the supporting evidence. *See, e.g.*, Ex. 9 at 178–184 (Rosenblatt 375). And Sonos concedes that it served that same kind of substantive validity rebuttal for a subset of Google's prior art references,[1] in response to the same invalidity contentions it now says are too vague to answer. JF at 15-16 & n.5. The dispute is therefore narrow: having proven it can provide a reference-by-reference rebuttal, may Sonos withhold that rebuttal for the remaining references while fact discovery closes and expert reports come due? Sonos offers three answers—its response is adequate, Google's invalidity contentions are deficient, and the request is premature. Each fails, and none is supported by Sonos's authority.

## I.    SONOS'S RESPONSE IS NOT "COMMENSURATE"

Sonos's lead argument is that its contentions identify "all the elements Google's references fail to disclose." JF at 11-12. That is not enough. As stated in the Joint Filing, for most references, Sonos recites the claim language of a limitation and appends the refrain that "Google has failed to establish that [the reference] teaches or suggests" it—without identifying what within the limitation is missing, engaging with the disclosures Google's charts map to it, or citing any contrary evidence. *See, e.g.*, Ex. 11 at 201–205 (Gassho). Google's brief showed this defect in detail, JF at 5–9, and Sonos's opposition does not rehabilitate its responses.

Sonos's own defense of the Gassho response proves the point. Sonos argues

---

[1]    Janevski, Balassanian, Goldberg, Squeezebox, Yamaha (Sync), Ramsay, Rocketfish, McCarty, and Litback. JF at 15-16. In its July 2 supplement, Sonos added details on the NetStreams DigiLinx reference. Although Google maintains that the supplement does not cure Sonos's deficiencies (especially for the NetStreams Musica, Rocketfish, and S5 references), Sonos should be limited to the disclosed arguments should Sonos contend these references sufficiently respond to Google's Interrogatory.

that its response "repeats the claim language (so do Google's invalidity contentions)," and asks: "[h]ow else would Sonos identify what elements are missing from the related claim limitations?" JF at 15. But reciting claim language *identifies* a limitation; it does not *explain* why the prior art fails to disclose it. Google's charts do more than recite the claim language—they pair each limitation with the specific prior-art disclosure Google contends meets it. That mapping is the explanation Sonos must rebut. Sonos's refusal to offer any rebuttal contentions is not a "commensurate" response; it is a non-response. Sonos's fallback—that Google can "deduce" which limitations Sonos *does not* contest, JF at 17—does not solve for Sonos's failure to explain "why" each limitation is not met.

Next, Sonos points to its response addressing the Goldberg prior art reference as proof that its contentions are adequate. JF at 15–16. Goldberg only shows that Sonos is capable of preparing the minimum required of its validity contentions, and Sonos prepared its validity rebuttal for Goldberg from Google's invalidity contentions Sonos elsewhere calls too vague to answer. Sonos should be held to the standard it applied to Goldberg across all charted Google prior art. Having shown that it can provide a real rebuttal for a subset of prior art references, *see supra* fn. 1, Sonos cannot withhold one for the remaining more than 20 references with no justification.

Finally, Sonos contends that it "did not just incorporate relevant ITC materials into its validity contentions" and that it responded to both new references and references used in the ITC. JF at 15. Not so. Contrary to Sonos's representation, Google charted Gassho in the ITC. Yet, Sonos's response to Gassho does nothing but recite the claim language and deny it is met. JF at 5-9; Ex. 11 at 201-205. Gassho is representative evidence that Sonos did not sufficiently respond to new disclosures (under Sonos's belief) and to references used in the ITC (under the correct facts). Indeed, Sonos's deficient responses pertain to references charted, but not actively litigated in the ITC (e.g., NetStreams), those litigated through to the ITC hearing (but with new challenged limitations, for example), and those not charted in the ITC.

-2-

Should the Court accept Sonos's reference to the ITC for prior art that overlaps, at a minimum Sonos should be precluded from raising any new arguments not presented in the ITC proceeding, including providing any basis for *why* Sonos contends a reference fails to disclose an element where *that reason* was not previously disclosed.

## II.   GOOGLE'S INVALIDITY CONTENTIONS ARE NOT AN EXCUSE

Sonos's central excuse is that Google's *invalidity* contentions "fail to explain ***why or how*** any of its references disclose a claim element," so that Sonos "cannot articulate why or how Google's references do not disclose such limitations." JF at 12–13. The argument is both wrong and beside the point.

The two exercises are not symmetrical. A party asserting invalidity has to identify, limitation by limitation, the prior-art disclosures that meet the claim language, thereby disclosing "why" the prior art meets each limitation. Google's charts do exactly that: for each limitation, they recite the claim language and identify the corresponding disclosure. *See, e.g.*, Ex. B. Having come forward with that showing, Sonos should now be required to disclose its contention on "why" the cited disclosure, according to Sonos, does not meet each limitation. *See Innovative Scuba Concepts, Inc. v. Feder Indus., Inc.*, 26 F.3d 1112, 1115 (Fed. Cir. 1994) (holding that patentee has "the burden of going forward with rebuttal evidence once a challenger has presented a *prima facie* case of invalidity"). To do so, Sonos's rebuttal must engage the mapped disclosures, say why it is insufficient, and cite contrary evidence (if applicable). For the references still at issue, Sonos did none of this.

Sonos has the better knowledge of why Sonos's patents are valid. Sonos's premise is that its rebuttal can be no more detailed than Google's charts. But, as here, where "plaintiff has the better knowledge of the alleged inventive concept of the patents," Sonos's premise falls apart. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 2020 WL 11273048, at *1 (N.D. Cal. July 17, 2020). Sonos is the patentee. It knows why it contends its patents are valid over prior art and Google is entitled to that information.

Alleged "deficiencies" in Google's contentions is not an excuse. Sonos says it

"informed Google of the deficiencies in its invalidity contentions" and points to a March 2026 email. JF at 12–13; Ex. A. That is the first time Sonos alleged Google's contentions were in any way deficient, and it did so only after Google started demanding Sonos disclose its validity contentions. Sonos's revisionist narrative does not change the fact that Sonos never challenged Google's invalidity contentions with the Court. If Sonos believed they were deficient, it could and should have challenged them rather than resort to self-help by withholding its validity contentions.

## III.   SUPPLEMENTATION IS NOT PREMATURE

Sonos argues that validity is "best addressed by the parties' technical experts in expert reports, not in interrogatory responses," and that courts "commonly deny" requests to compel validity contentions, with Google allegedly "fail[ing] to cite a case" requiring supplementation. JF at 2, 11. Not so, as shown by Sonos's own cases.

*SPH Am.* and *Amgen* compel exactly this response. In *SPH Am.*, the court granted a motion to compel a "complete explanation for any disagreements" with the defendant's invalidity contentions, on a claim-by-claim basis, and rejected the argument that the challenger's burden of proof excused a response, holding the patentee "is not required to establish a *prima facie* case of invalidity before it is entitled to obtain discovery," and that "the ultimate burden of invalidity … does not dictate the scope of discovery." *SPH Am., LLC v. Research in Motion, Ltd.*, 2016 WL 6305414, at *2 (S.D. Cal. Aug. 15, 2016). *Amgen* is the same: the court compelled a response to a request seeking "all of your bases for contending that each of the asserted claims … is not invalid, including … your complete rebuttal to Defendants' Invalidity Contentions," over objections that it shifted the burden and sought premature expert opinion. *Amgen Inc. v. Sandoz Inc.*, 2017 WL 1352052, at *1, *3 (N.D. Cal. Apr. 13, 2017). Google's request seeks what those courts compelled.

*Finjan* compels the response Google seeks. *Finjan* does not excuse Sonos—it requires exactly what Google asks. After declining to compel the *particular* response ESET demanded, the court did not end the patentee's obligation; it defined it. *Finjan*

-4-

ordered the patentee to (i) provide the validity decisions addressing the prior art the challenger cited, "indicating which decisions correspond to which cited prior art," and (ii) "explain the principal and material factual and legal bases for [its] position that the patents-in-suit are not invalid based on the prior art cited by" the challenger. *Finjan, Inc. v. ESET, LLC*, 2018 WL 4772124, at *4 (S.D. Cal. Oct. 3, 2018). The court framed that obligation by reference to the challenger's showing: the patentee "need only explain its rebuttal positions *to the invalidity positions provided by*" *the challenger. Id.* That resolves this motion. Google has provided its invalidity positions—detailed, reference-by-reference contentions identifying the prior-art disclosure Google contends meets each limitation. *Finjan* therefore compels Sonos to explain its rebuttal positions to those provided positions. Sonos has refused to do so for most references. Under *Finjan*, Sonos's interrogatory response is deficient.

## IV. CONCLUSION

Google respectfully requests that the Court order Sonos to supplement its response to Interrogatory No. 17 to provide: (i) each claim limitation Sonos contends is missing from the reference; (ii) for each such limitation, an explanation of why it is missing; and (iii) the evidence on which Sonos relies. Any undisclosed validity argument are waived. Sonos should serve this supplementation **within two weeks** of the Court's order. Google's invalidity expert reports are currently due August 21, 2026 but may be postponed to September 11 under the revised schedule stipulated by the parties but not yet signed by the Court. Dkt. 265. Either way, prompt supplementation is essential. Otherwise, Google's expert must anticipate undisclosed validity arguments, and Sonos can spring new validity arguments for the first time in its reply report, when the schedule does not anticipate a sur-reply report form Google.[2]

---

[2] Hence, if Sonos is not required to disclose its validity contentions before its reply expert report, Google's alternative requested relief is an opportunity to submit sur-reply expert reports addressing those validity contentions.

-5-

DATED: July 28, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ James D. Judah*
James D. Judah

*Attorneys for Defendant-Counterclaimant Google LLC*