Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700 / Fax: 415-773-5759

Alyssa M. Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
355 South Grand Ave., Suite 2700
Los Angeles, CA 90071
Tel: 213-629-2020 / Fax: 213-612-2499

George I. Lee (*Pro Hac Vice*)
lee@ls3ip.com
Sean M. Sullivan (*Pro Hac Vice*)
sullivan@ls3ip.com
Rory P. Shea (*Pro Hac Vice*)
shea@ls3ip.com
J. Dan Smith (*Pro Hac Vice*)
smith@ls3ip.com
Cole B. Richter (*Pro Hac Vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph Street, Floor 5W
Chicago, IL 60661
Tel: 312-754-0002 / Fax: 312-754-0003

*Attorneys for Plaintiff, SONOS, INC.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONOS, INC., | Case No. 2:20-cv-00169-JAK (DFMx) |
| *Plaintiff-Counterclaim Defendant,* | **SONOS INC.'S STATEMENT OF ADDITIONAL FACTS RE GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT RE WRITTEN DESCRIPTION** |
| vs. | |
| GOOGLE LLC, | |
| *Defendant-Counterclaimant.* | |

Set forth below is Sonos, Inc.'s ("Sonos") additional material facts that bear on, or relate to, the issues raised by Google LLC in its summary judgment motion for lack of written description.

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| 91.    The '896 and '883 patents share a specification. | Google Exs. A & B. *See* Google LLC's Statement of Uncontroverted Facts in Support of its Motion for Summary Judgment, ECF No. 214-1 ("Google's SUF") at Fact nos. 42, 44. |
| 92.    The '896 and '883 patents describe methods for adding a playback device to a wireless network. | Google Exs. A & B, 2:16-29. |
| 93.    The '896 and '883 patents provide examples of prior-art networks:  "Access Point (infrastructure)" or "Computer-to-computer (Ad Hoc)." | Google Exs. A & B, 1:50-67, Fig. 5. |
| 94.    The '896 and '883 patents describe methods of adding devices to a generic "data network," as in Fig. 1, or an ad-hoc network with an access point, as in Figure 3A, or using a controller "coupled to an access point of a network," as in Figure 4A. | Google Exs. A & B, 6:34-52, Fig. 1, 9:1-14, Fig. 3A, 16:5-20, Fig. 4A. |
| 95.    The Patent Office examined U.S. App. No. 11/147,116 filed by | Google Ex. E. |

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| Sonos in 2005 (the "'116 Application"), and ultimately issued claims to adding a playback device to a generic "secure network." | |
| 96.      During prosecution of the '116 Application, the patent examiner was required to evaluate whether the claims had adequate written description support. | *See* Manual of Patent Examining Procedure (MPEP) § 2163 (9th ed. 2023). |
| 97.      During prosecution of the '116 Application, the examiner did not issue any written description rejection based on the "secure network" term. | Thompson Decl. ¶ 9. |
| 98.      In a continuation application of the '116 Application, U.S. App. No. 14/486,667 (the "'667 Application") Sonos filed claims to adding a playback device to a network "provided by a wireless access point." | *See* Google's SUF at Fact no. 75. |
| 99.      During prosecution of the '667 Application, the examiner was required to evaluate the written description support for the claims. | *See* MPEP § 2163. |
| 100.    During prosecution of the '667 Application, the examiner did not issue any rejections on based on | Thompson Decl. ¶ 9. |

Case No. 2:20-cv-00169-JAK (DFMx)
GOOGLE LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| "access point." | |
| 101.  Sonos filed the claims that issued in the '896 patent (U.S. App. No. 16/298,542, the "'542 Application") and '883 patent (U.S. App. No. 16/298,515, the "'515 Application") which included the term "wireless local area network (WLAN) that is defined by an access point," and the examiner was required to evaluate whether the claims were supported by the specification. | *See* MPEP § 2163. |
| 102.  During prosecution of the '542 Application and the '515 Application, the examiner issued no written description rejections for "access point." | Thompson Decl. ¶ 8. |
| 103.  Sonos sued Google for infringement of the '896 and '883 patents in district court. | Sonos Inc.'s Complaint for Patent Infringement, ECF No. 1. |
| 104.  Sonos sued Google for infringement of the '896 patent in the International Trade Commission. | ITC Complaint in Inv. No. 337-TA-1191; Google Mot. at 13. |
| 105.  After the ITC trial on the merits, Google elected not to further pursue its written description defense in the ITC | Google's Motion at 13. |

Case No. 2:20-cv-00169-JAK (DFMx)

GOOGLE LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| investigation. | |
| 106. The patents describe their invention as "related to techniques for connecting various devices to a network for secure communications," and "the present invention pertains to techniques for automatically configuring necessary parameters of a device to be coupled to a network." | Google Exs. A & B, 1:29-31 & 2:16-18. |
| 107. The statements in the patents regarding their invention come before the statement that, "According to one aspect of the present invention, an Ad-hoc (wireless or wired) network is established to facilitate communications among a group of devices." | Google Exs. A & B, 2:18-21. |
| 108. The patents explain, in the context of Fig. 1, that "network 108 may be a wired network, a wireless network or a combination of both" and further that "[i]n one example, all devices including the zone players 102, 104 and 106 are coupled to the network 108 by wireless means based on an industry standard such as IEEE | Google Exs. A & B, 5:66-6:5. |

Case No. 2:20-cv-00169-JAK (DFMx)

GOOGLE LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 802.11" and that "all devices including the zone players 102, 104 and 106 are part of a local area network that communicates with a wide area network (e.g., the Internet)." | |
| 109. When the patents describe an exemplary process of adding a device to a household in Figure 4A, they describe determining "whether the controller itself is coupled to an access point of a network, at least a member of the HOUSEHOLD (e.g., one zone player) is coupled thereto or an Ad-Hoc network." | Google Exs. A & B, 16:11-15. |
| 110. U.S. Patent Pub. No. 2005/0131558 states, "This wireless access point embodiment includes the components of embodiment 100B with additional components added for wireless-wired bridging, such as dual mode ad-hoc to infrastructure mode." | Ex. 4 to Thompson Declaration, U.S. Patent Pub. No. 2005/0131558, ¶ [0034]. |
| 111. The specifications teach ad-hoc networks coupled to an access point of a LAN. | Google Exs. A & B, 2:54-58. |
| 112. The '896 and '883 patents state that "an Ad-hoc network is formed | Google Exs. A & B, 2:50-63. |

Case No. 2:20-cv-00169-JAK (DFMx)
GOOGLE LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| among the controller and the zone players" and "either a handheld controller or a zone player (referred to as an access device) is coupled to an access point of a LAN.  An Ad-hoc network can be thus formed based on the access device." | |
| 113.   The specification of the patents provides an exemplary embodiment, shown in Figure 3A, in which zone player 306 serves at the access device and thus the access point for connecting network 310 to the wider Internet 312. | Google Exs. A & B, 6:63-7:2, 9:1-10:8. |
| 114.   The Information Security Dictionary (2004) states that an access point "[i]s the interface between the wireless network and a wired one. It acts as the method by which wireless computers communicate with the wired network infrastructure." | Ex. 2 to Thompson Decl., Information Security Dictionary (2004). |
| 115.   Newton's Telecom Dictionary (2001) defines access point as a "Network Device that interconnects a wireless radio network to a wired LAN." | Ex. 3 to Thompson Decl., Newton's Telecom Dictionary (2001). |

Case No. 2:20-cv-00169-JAK (DFMx)
GOOGLE LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| 116.   The '896 and '883 patents state that Zone Player 306 in Figure 3A provides "bridging services between wired/wireless networks" for zone players and is shown in Figure 3A "to be connected to both networks, for example, the connectivity to the network 312 is based on Ethernet while the connectivity to other devices 302, 304 and 308 is based on Wireless." | Google Exs. A & B, 10:3-8. |
| 117.   The patents state that "[i]n one embodiment, a zone player, referred to as an access zone player, including both of the interfaces 216 and 217 is coupled to an access point of an LAN and communicates with other zone players wirelessly.  Thus these other zone players may communicate with other devices on a network or retrieve audio sources via the access zone player." | Google Exs. A & B, 6:63-7:2. |
| 118.   The '896 and '883 patents state that "an Ad-Hoc (or 'spontaneous') network is a local area network or other small network in which there is | Google Exs. A & B, 9:6-8. |

Case No. 2:20-cv-00169-JAK (DFMx)

GOOGLE LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
|---|---|
| no one access point for all traffics." | |
| 119. SonosNet was configured as a secure WLAN defined by an access point, with the access point connecting an ad-hoc network to the broader Internet. | Ex. A to Caridis Declaration, Sonos's Fourth Suppl. Obj. and Resps. to Google's First Set of Interrogatories dated June 25, 2026 (ROG No. 3 and response at 46-59). |
| 120. Sonos charted its Digital Music System User Guide from 2005 and source code from 2005 against the claims of the '896 and '883 patents in response to Google's Interrogatory No. 3, which asked Sonos to "Identify each product, service, or software known to You that You contend practices, practiced, embodies, or embodied any Asserted Claim." | Ex. A to Caridis Declaration, Sonos's Fourth Suppl. Obj. and Resps. to Google's First Set of Interrogatories dated June 25, 2026 (ROG No. 3 and response at 46-59). |
| 121. Sonos stated in response to Google's Interrogatory No. 3 that its 2005 products used "a secure 'SonosNet' mesh network," and that a "zone player that is a member of an ad-hoc network and is also connected to a user's home network and/or the Internet via an Ethernet cable, thereby providing access for the other devices in the ad-hoc network to and from the | Ex. A to Caridis Declaration, Sonos's Fourth Suppl. Obj. and Resps. to Google's First Set of Interrogatories dated June 25, 2026 (ROG No. 3 Response at 47-48). |

Case No. 2:20-cv-00169-JAK (DFMx)

GOOGLE LLC'S STATEMENT OF UNCONTROVERTED FACTS

| Opposing Party's Uncontroverted Facts | Supporting Evidence |
| --- | --- |
| user's home network and/or the Internet, is an access point that defines the ad-hoc network." | |
| 122.   Sonos's 2014 work was not its first commercial embodiment, but rather a new commercial embodiment. | Ex. A to Caridis Declaration, Sonos's Fourth Suppl. Obj. and Resps. to Google's First Set of Interrogatories dated June 25, 2026 (ROG No. 3 and response at 46-59). |

Dated:  July 31, 2026                    Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP
*and*
LEE SULLIVAN SHEA & SMITH LLP


By: */s/ Alyssa Caridis*
        Alyssa Caridis
        *Attorneys for Plaintiff Sonos, Inc.*