QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant and Counter-Claimant Google LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SONOS, INC.,

*Plaintiff*,

v.

GOOGLE LLC,

*Defendant*.

Case No. 2:20-cv-00169-JAK (DFMx)

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY**

Date: September 21, 2026
Time: 8:30 a.m.
Location: Courtroom 10C, 10th Floor
Judge: Hon. John A. Kronstadt

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. The Stage Of The Case Favors A Stay .......... 2

B. The Post-Grant Proceedings Will Simplify The Case .......... 3

C. A Stay Will Not Unduly Prejudice Sonos. .......... 6

1. The Expiration Of Patents Does Not Establish Undue Prejudice .......... 6

2. Sonos Shows No Particularized Harm From Competition .......... 8

D. The Totality Of The Circumstances Favors A Stay .......... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*Document Sec. Sys., Inc. v. Seoul Semiconductor Co., Ltd.*, 2020 WL 11421528 (C.D. Cal. July 2, 2020) .......... 9

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*, 2015 WL 1967878 (N.D. Cal. May 1, 2015) .......... 3

*Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032 (N.D. Cal. 2015).......... 3, 10

*Fresenius USA Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330 (Fed. Cir. 2013) .......... 5

*Hisense USA Corp. v. Polaris PowerLED Techs., LLC*, 2026 WL 252755 (C.D. Cal. Jan. 27, 2026).......... 5, 7

*InterDigital Inc., et al v. The Walt Disney Company et al*, 2026 WL 1719416 (C.D. Cal. June 10, 2026).......... 3

*Jenam Tech., LLC v. Google LLC*, 2022 WL 20275184 (N.D. Cal. Mar. 28, 2022) .......... 4, 5

*Landis v. North American Co.*, 299 U.S. 248 (1936) .......... 1, 2

*Limestone v. Micron Tech.*, 2016 WL 3598109 (C.D. Cal. Jan. 12, 2016).......... 4

*Medtronic Inc. v. Axonics Modulation Techs., Inc.* 2023 WL 12263684 (C.D. Cal. July 17, 2023) .......... 2, 3, 9

*Nichia Corp. v. Vizio, Inc.*, 2017 WL 3485767 (C.D. Cal. Feb. 2, 2017) .......... 7

*One-E-Way, Inc. v. Apple Inc.*, 2021 WL 4932518 (C.D. Cal. Mar. 16, 2021) .......... 4, 7

*PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022 (N.D. Cal. 2014).......... 9

*Pitney Bowes Inc. v. Zumbox, Inc.*,
2010 WL 11596534 (C.D. Cal. May 20, 2010) .......... 9

*Polymer Tech. Sys., Inc. v. Jant Pharmacal Corp.*,
2015 WL 12860482 (C.D. Cal. Aug. 20, 2015) .......... 2, 10

*RJ Tech. LLC v. Apple Inc.*,
2023 WL 8188475 (C.D. Cal. Oct. 4, 2023) .......... 3

*Separation Design Group IP Holdings, LLC v. Inogen, Inc.*,
2017 WL 11631525 (C.D. Cal. July 11, 2017) .......... 2

*Stratosaudio, Inc. v. HMA*,
2022 WL 19239751 (C.D. Cal. Apr. 26, 2022) .......... 7

*SZ DJI Tech. Co. Ltd. v. Yuneec Int. Co. Ltd.*,
2016 WL 9114148 (C.D. Cal. Dec. 1, 2016) .......... 4

*TeleSign Corp. v. Twilio, Inc.*,
2017 WL 11517650 (C.D. Cal. May 16, 2017) .......... 8, 10

*Versata Software, Inc. v. Configit A/S*,
2022 WL 3598158 (C.D. Cal. Apr. 27, 2022) .......... 2, 8

*VirtualAgility Inc. v. Salesforce.com*,
759 F.3d 1307 (Fed. Cir. 2014) .......... 3, 9

*Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*,
2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) .......... 8

**Statutes**

28 U.S.C. § 1659(a) .......... 1, 10

**Rules**

FRCP Rule 1 .......... 10

## I. INTRODUCTION

Google has now challenged every asserted claim of all ten Sonos patents at the Patent Office ("Office"), which has instituted inter partes review of the '025 patent and ordered reexamination of the '896 and '883 patents. Requests on the remaining patents are pending. Those proceedings stand to eliminate claims the parties would otherwise litigate through expert discovery, dispositive motions, and trial.

Sonos does not rebut this point. Sonos instead tells the Court it may be "experiencing déjà vu." Google has never asked this Court to stay this case pending Office reviews. The only prior stay was under 28 U.S.C. § 1659(a) (and unopposed). That delay was of Sonos's making. Sonos chose to assert the same patents in this case at the ITC, knowing that Section 1659(a) entitled Google to a stay, rather than forgo an ITC action, or assert different patents before the ITC and this Court. Sonos then waited until 2024 to add five more patents, rather than bringing them separately. Sonos cannot now invoke the resulting delay as a reason to deny relief.

Sonos concedes ***some*** narrowing is appropriate. Opp. at 1. Sonos asserts ten patents and 77[1] claims and does not deny that the Office is positioned to narrow the case on validity-based grounds. It resists a stay anyway because the case is allegedly too far along and because ex parte reexamination carries no estoppel. But the stage of the case favors a stay because the most resource-consuming phases lie ahead; the post-grant proceedings will simplify the case via claim cancellation; and Sonos identifies no prejudice beyond the delay inherent in any stay. This motion should be granted.

## II. ARGUMENT

Sonos contends that Google, as the moving party, must "make out a clear case of hardship or inequity in being required to go forward." Opp. at 3 (quoting *Landis v. North American Co.*, 299 U.S. 248, 255 (1936)). But Sonos omits the rest of the holding. *Landis* requires "a clear case of hardship or inequity… if there is even a fair

[1] Sonos dropped six claims (from 83) in its expert reports, an insubstantial change.

possibility that the stay for which he prays will work damage to some one else." 299 U.S. at 255. Where, as here, the only harm identified is the delay inherent in any stay, that heightened showing is not triggered. *Separation Design Group IP Holdings, LLC v. Inogen, Inc.*, 2017 WL 11631525, at *3 (C.D. Cal. July 11, 2017) ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay.") (Kronstadt, J.).

This Court has granted stays under *Landis* on the same concern Google raises in its Motion. *Versata Software, Inc. v. Configit A/S*, 2022 WL 3598158, at *3 (C.D. Cal. Apr. 27, 2022) (granting stay since examination could "save time and resources"). The decision to stay is committed to the Court's broad discretion to manage its docket, and this District applies a "liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination." *Polymer Tech. Sys., Inc. v. Jant Pharmacal Corp.*, 2015 WL 12860482, at *3 (C.D. Cal. Aug. 20, 2015) (Kronstadt, J.). Against that correct standard, a stay is warranted here.

### A. The Stage Of The Case Favors A Stay[2]

Sonos argues that cases would be "dogged by fits and starts" if stayed "every time a claim in suit undergoes reexamination." Opp. at 1. But Google has moved for a stay only after initiating six reexaminations, one inter partes review, and anticipating filing further reexaminations. At this point, Google has sought reexamination of all ten asserted patents.[3] These proceedings will largely overlap in time.

Sonos also contends that the case is in its "later stages" because fact discovery has closed and the claim construction order issued. Opp. at 4-6. But Sonos's authorities do not hold that a claim construction order forecloses a stay. In *Medtronic*

---

[2] Sonos mischaracterizes this case's history. *See supra* § I. It also contends it agreed to an extension because of complexity introduced by Google. Opp. at 6. Not so: "***[b]oth sides*** have raised numerous invalidity and affirmative defenses." Dkt. 177 at 2. Sonos also pushed depositions past the cutoff—not just Google. Ex. N.

[3] Google filed EPRs on the '258, '953, and '715 patents on July 29, August 6, and August 7, bringing the total to nine EPRs and one IPR (ten out of ten). Exs. O-Q.

*Inc. v. Axonics Modulation Techs., Inc.*, the court stayed a case right before trial, after fact and expert discovery closed, and after dispositive motions were fully briefed—because the risk of a duplicative second trial outweighed the advanced posture. 2023 WL 12263684, at *3-5 (C.D. Cal. July 17, 2023); *InterDigital Inc., et al v. The Walt Disney Company et al*, 2026 WL 1719416, at *6 (C.D. Cal. June 10, 2026) (finding first factor weighs in favor of stay despite parties having spent "significant effort preparing for the claim construction hearing and fulfilling its discovery obligations"). Here, expert discovery had not begun at the time Google filed its motion.

Sonos argues that expert reports would be done by the time the Court enters a stay. Opp. at 7. But the Federal Circuit and this District fix the relevant date at the ***filing*** of the motion. *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1316 (Fed. Cir. 2014). In the same breath, Sonos also argues the Court should not credit patents for which the Office has not yet instituted. Opp. at 7. But "courts in this District have adopted the majority position that even if [review] has not yet been instituted, the simplification factor may still weigh in favor of a stay." *RJ Tech. LLC v. Apple Inc.*, 2023 WL 8188475, at *3 (C.D. Cal. Oct. 4, 2023); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, 2015 WL 1967878, at *4 (N.D. Cal. May 1, 2015) ("[I]t is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015) ("Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on issues that could eventually be mooted by the IPR decision.").

### B. The Post-Grant Proceedings Will Simplify The Case

Sonos argues that any simplification is "limited" because only three of the ten patents faced an instituted challenge when the motion was filed, and because the challenges will not resolve the entire case. Opp. at 7-9. But courts in this District have rejected the view that "conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when addressing a motion to

stay." *Limestone v. Micron Tech.*, 2016 WL 3598109, at *4 (C.D. Cal. Jan. 12, 2016). A post-grant proceeding "need not resolve all claims in order to simplify," because "the issue is simplification, not elimination." *Jenam Tech., LLC v. Google LLC*, 2022 WL 20275184, at *2 (N.D. Cal. Mar. 28, 2022) (citations and quotations omitted).

Sonos contends that Google "juiced its numbers" by filing three reexamination requests the day before its motion and that courts do not credit uninstituted proceedings, citing *Invensas* and *Tessera*. Opp. at 8. Those decisions are out-of-circuit and, as shown above, this District stays cases pending institution. Google's filing of this motion a day after the requests reflects diligence, not inflated numbers.[4]

Sonos argues that Google's PTO challenges do not reach every asserted patent. But at the time of filing, Google had challenged every asserted claim of at least one patent in each asserted patent family, which share common specifications. Opp. at 7-9. At the time of this brief, Google is challenging every asserted claim of every asserted patent. Neither *Signal IP* nor *SZ DJI* involved patent families sharing common specifications. In *SZ DJI*, for example, the unchallenged patents were of a "different subject matter" from the challenged ones. *See, e.g.*, *SZ DJI Tech. Co. Ltd. v. Yuneec Int. Co. Ltd.*, 2016 WL 9114148, at *3 (C.D. Cal. Dec. 1, 2016). Here, because the families including both challenged and unchallenged patents share specifications, even partial cancellation could reduce the scope of expert discovery, dispositive motions, and trial, and the Office's treatment of the challenged claims will inform the parties' disputes as to related claims not directly under review. *One-E-Way, Inc. v. Apple Inc.*, 2021 WL 4932518, at *3 (C.D. Cal. Mar. 16, 2021) (Kronstadt, J.) (determination as to one patent "will also likely provide guidance as to the other

---

[4] Google moved to stay once at least one patent in each asserted family was challenged, rather than delay this motion, and it completed the remaining filings within weeks. Sonos dismisses Google's "mere intent to file" challenges in the future. Opp. at 8. But Google has carried out its intent. *See supra* n.3.

asserted patents and claims" because "[e]ach of the patents is both a member of the same family and claims priority to the [same application].").

Sonos contends that ex parte reexamination carries no estoppel and Google could return and re-raise invalidity grounds. Opp. at 9. It also argues that the Court will gain no guidance because it has already construed the claims and Google's petitions apply the litigation constructions. Opp. at 9-10. But Sonos misses the point. The engine of simplification is claim ***cancellation***. *Fresenius USA Inc. v. Baxter Intern., Inc.*, 721 F.3d 1330, 1339-40 (Fed. Cir. 2013). If the Office cancels a claim, that claim is gone and the litigation is simplified. *Hisense USA Corp. v. Polaris PowerLED Techs., LLC*, 2026 WL 252755, at *3 (C.D. Cal. Jan. 27, 2026) (granting stay and rejecting argument that "EPR 'carries no statutory estoppel'" because "EPR proceedings will likely simplify the issues at stake"). Even if claims are not cancelled, the Court will receive the benefit of the Office's expertise and guidance on those claims beyond just claim construction. *See Jenam Tech.*, 2022 WL 20275184, at *3.

Sonos also argues that the narrowing of the damages case is unexplained and undisclosed. Opp. at 10. Google does not advance any new damages theory; it just notes that invalidating claims across these closely related families would narrow the damages inquiry—particularly here because Sonos's damages expert assumes that every asserted claim is valid. Cancelled claims therefore could reduce Sonos's damages—a straightforward consequence that Sonos nowhere denies.

Finally, in arguing that simplification is "highly speculative," Sonos contends that Google's data show EPRs rarely disturb claims, asserting that, in "upwards of 85%" of instituted reexaminations, at least one original claim survives. Opp. at 10-11. The Office figures break down three ways: roughly 22% of reexamination certificates confirm all original claims without change, roughly 15% cancel all claims, and roughly 63% issue changed claims. Ex. I at 2. Sonos's "upwards of 85%" figure counts every certificate in that third category as a claim-preserving outcome. Even on Sonos's own reading, then, in more than three-quarters of certificates, at least one

original claim does not survive intact—and simplification, not elimination, is what this factor asks. That is especially relevant here. Sonos continues to assert 77 claims across all ten of its patents and has refused to narrow to the claims it will try. Because Sonos has refused to meaningfully narrow its case, the claims and patents it selects for trials will likely be claims the Office cancels—precisely the waste a stay avoids.

Sonos's rejoinder, that many certificates in the "changes" category leave some claims standing, ignores that every asserted patent has expired or will expire in 2027, before any certificate could issue, and claim amendment is unavailable once a patent expires. The "changed" outcomes that preserve claims through amendment are not available to Sonos, Mot. at 5 & n.4, so a claim that would elsewhere be narrowed and confirmed instead must stand or fall as written—which is why the aggregate figures overstate the odds that Sonos's patents emerge unscathed. Rather, because claims that could be amended were Sonos's patents not expired or expiring will instead be cancelled, the "changes" category does not apply here—as addressed in Google's Motion. Nor does Sonos's reliance on *MR Techs.* and *Ferrari* help it. Opp. at 12. Neither case involved post-grant review, and in both the risk of inconsistent results stood alone; here it does not, because a stay would also conserve resources and deliver binding narrowing of a case Sonos declines to narrow itself.

**C. A Stay Will Not Unduly Prejudice Sonos.**

1. *The Expiration Of Patents Does Not Establish Undue Prejudice*

Sonos argues that a stay would "moot Sonos's Exclusivity Period," which it contends is "textbook undue prejudice." Opp. at 12. Six patents have already expired. The other four patents expire by September 2027. That this case will not go to trial until after the end of "Sonos's Exclusivity Period" is an (alleged) problem of Sonos's own making. Sonos chose to prioritize litigating five of the ten patents first at the ITC. Sonos also chose not to assert the other five patents until its 2024 amended pleadings, four years into this case, when it could have asserted them earlier in a separate action. Given Sonos's own strategic decisions, a permanent injunction was never on the table.

A permanent injunction would only be available after trial. Dispositive motions are not due until November 2026, and no trial date has been set. Dkt. 265. Even without a stay, judgment and appellate review would come after September 2027.

Courts have also rejected this argument and expressed disapproval of Sonos's cited case *Biomet Biologics*. *See, e.g.*, *Nichia Corp. v. Vizio, Inc.*, 2017 WL 3485767, at *7 (C.D. Cal. Feb. 2, 2017) ("Nichia contends that a stay for five months or potentially three years would place the asserted patents 'in limbo for the majority of [the patents'] remaining life' and therefore 'would create a clear tactical disadvantage' for Nichia . . . The Court does not find *Biomet* to be persuasive in this regard, as nothing would prevent Nichia from continuing to enforce its rights under the asserted patent against other entities while this action remains stayed.").

Sonos also argues that Google delayed based on Google's alleged "awareness" of the patents dating to 2016. Opp. at 2-3, 13. Not only does "[d]elay alone does not amount to prejudice," *Stratosaudio, Inc. v. HMA*, 2022 WL 19239751, at *2 (C.D. Cal. Apr. 26, 2022), but Sonos leaves out that it first asserted a subset of patents at the ITC and only asserted the '014, '715, '883, '025, and '001 patents in 2024. *See One-E-Way*, 2021 WL 4932518, at *3 (finding third factor weighs in favor of a stay because even though "it is alleged that Plaintiff sent Defendant a letter in August 2014 regarding alleged infringement of patents . . . Plaintiff did not file this action until July 16, 2020"). Once the ITC investigation concluded and the case returned to this Court, Google promptly filed its inter partes review petitions against the '014, '715, '883, '025, and '001 patents within the one-year window. When the Board denied the '014, '715, '883, and '001 petitions on discretionary grounds in light of changing PTO procedures[5], Exs. J & K, Google promptly filed reexamination requests. *Hisense*, 2026 WL 252755, at *4 (delay is not "sufficient to show undue prejudice").

---

[5] The Office rescinded prior constraints on discretionary denial in February 2025 and identified new bases for discretionary denials in March 2025. *See* Ex. R. The impact of those changes was still evolving when Google filed its IPR petitions.

2. *Sonos Shows No Particularized Harm From Competition*

Sonos next argues that the parties are direct competitors and that a presumption of prejudice therefore applies. Opp. at 13-16. Google disagrees that Sonos is a direct competitor. But even if true, finding prejudice still "necessitates examining the circumstances of the case to determine if monetary damages are sufficient to compensate for harm incurred during a potential stay." *Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015). "One relevant consideration … is whether the parties are sole competitors in the relevant markets." *Id*. The existence of other competitors "undermines the weight that should be afforded Plaintiff's contentions of undue harm." *Id*. Sonos does not contend that Google is a sole competitor, Ex. M (Sonos's Form 10-K describing multiple competitors including Bose, Samsung, and Sony), and this Court grants stays "even in cases among direct competitors, where the non-moving party has not made 'a specific showing of prejudice beyond the delay inherent in a stay.'" *TeleSign Corp. v. Twilio, Inc.*, 2017 WL 11517650, at *5 (C.D. Cal. May 16, 2017). Sonos is unable to identify any actual and specific customer, sale, or market position it will lose during a stay that damages could not remedy, and its generalized ecosystem theory is not the particularized showing the law requires. *See Versata Software*, 2022 WL 3598158, at *4 (Kronstadt, J.). Sonos's argument that Google "clone[d]" Sonos is both untrue and insufficient to show the requisite harm. Opp. at 16.

The mismatch between Sonos's rhetoric and its conduct is the tell. A patentee that believed a rival was cloning its technology and locking customers out of its ecosystem in ways money could never repair would have moved to enjoin that conduct. Sonos never has—not in 2020, not when the ITC investigation and the ensuing Federal Circuit appeal concluded, and not in the nearly two years since this stay was lifted in full and the case resumed. Dkt. 66. Sonos answers that it went to the ITC instead, but the ITC investigation ended years ago, and nothing about it prevented Sonos from seeking preliminary relief in this Court the moment the stay lifted. A party

facing irreparable, ongoing harm does not spend the intervening years litigating for damages while forgoing the one remedy that would have stopped the conduct it now calls unremediable. Sonos responds that it had "other reasons" for not seeking preliminary relief. Opp. at 15. But it never identifies what those reasons were. Sonos's decision to forgo preliminary relief, while now describing the loss of exclusivity as intolerable, is the very mismatch that *Medtronic* and *VirtualAgility* hold undercuts a claim of urgency. A stay will not diminish the damages to which Sonos would be entitled if it prevails; it delays only their realization. *VirtualAgility*, 759 F.3d at 1318.

Finally, Sonos argues that a stay would degrade its ability to present claims premised on decade-old events. Opp. at 16-17. To start, "loss of fresh memories . . . is a point that has been discounted by every court to consider the question." *Pitney Bowes Inc. v. Zumbox, Inc.*, 2010 WL 11596534, at *8 (C.D. Cal. May 20, 2010). In addition, that concern is foreclosed by the present posture, which Sonos itself describes: fact discovery has closed, all fact document productions are complete, and every deposition has been recorded and transcribed. Mot. at 9. Sonos does not explain what evidence could be gathered during a stay that has not already been produced. The record underlying Sonos's non-obviousness, on-sale, and prior-art contentions was preserved and developed both here and in the ITC investigation. A stay poses no risk of lost documents or fading memories as to that closed and preserved record.

All Sonos's prejudice arguments reduce to the same complaint: a stay would take time. Sonos's estimates of time—two years, or five with appeals, Opp. at 17-18—go to the magnitude of that delay. But "[t]he mere possibility of delay, inherent in all proceedings, is insufficient to constitute undue prejudice," *Document Sec. Sys., Inc. v. Seoul Semiconductor Co., Ltd.*, 2020 WL 11421528, at *3 (C.D. Cal. July 2, 2020), and courts "have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014). Sonos never makes that showing. What it offers instead is the observation that

stays take time—which is true of every stay this District nonetheless grants under its liberal policy in favor of them. *Polymer Tech.*, 2015 WL 12860482, at *3.

**D. The Totality Of The Circumstances Favors A Stay**

Sonos argues the totality of the circumstances weighs against a stay because the case has been pending more than six years. Opp. at 18-19. First, Google's present motion should not be compared against the prior 28 U.S.C. § 1659(a) stay. That stay was triggered by Sonos's choice to pursue relief in the ITC and this Court for the same patents. Second, the length of the docket was jointly proposed by the Parties due in part to the complexity of litigating Sonos's ten asserted patents. Dkt. 177 at 2.

Sonos argues that Rule 1 requires a speedy resolution of this case. Opp. at 18. If speed were the only consideration, then stays would never be granted. Rule 1 also states that determinations should be just and inexpensive. FRCP Rule 1. Undertaking expert reports, expert depositions, dispositive motion briefing, and a multi-week trial on claims that might be cancelled is neither just nor inexpensive. The cost of proceeding is certain and unrecoverable. *See Finjan*, 139 F. Supp. 3d at 1037.

Sonos proposes a "phased narrowing process." Opp. at 2, 19. Google previously proposed exactly that, and Sonos declined. Mot. at 19. Also, unless Sonos agrees to drop patents for which there are instituted proceedings, any narrowing fails to address the wasted effort associated with litigating cancelled claims.

Sonos also proposes "bifurcated trials," but that only risks duplication. Opp. at 2, 19. Two trials mean two juries, two rounds of pretrial motions, two sets of exhibits and demonstratives, duplicative expert testimony on families that share substantially the same specifications, and—if the first verdict is appealed—the prospect of appellate proceedings running alongside or before the second trial. Litigating patents from the same families in separate proceedings creates a risk of a verdict inconsistent with the Office's determination. *See TeleSign Corp.*, 2017 WL 11517650, at *4. A stay avoids that problem. As between a proposal that multiplies proceedings and one that reduces them, only the latter delivers the efficiency Sonos says it wants.

DATED: August 14, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *__/s/ Ognjen Zivojnovic__*

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I, Ognjen Zivojnovic, certify that pursuant to Local Rule 5-3, counsel of record who have consented to electronic service are being served on August 14, 2026 with copies of the attached document(s) via the Court's CM/ECF system, which will send notification of such filing to counsel of record.

DATED: August 14, 2026

Respectfully submitted,

By: /s/ *Ognjen Zivojnovic*
Ognjen Zivojnovic (SBN 307801)
QUINN EMANUEL URQUHART & SULLIVAN, LLP