Clement S. Roberts (SBN 209203)
croberts@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700 / Fax: 415-773-5759

Alyssa M. Caridis (SBN 260103)
acaridis@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
355 South Grand Ave., Suite 2700
Los Angeles, CA 90071
Tel: 213-629-2020 / Fax: 213-612-2499

George I. Lee (*Pro Hac Vice*)
lee@ls3ip.com
Sean M. Sullivan (*Pro Hac Vice*)
sullivan@ls3ip.com
Rory P. Shea (*Pro Hac Vice*)
shea@ls3ip.com
J. Dan Smith (*Pro Hac Vice*)
smith@ls3ip.com
Cole B. Richter (*Pro Hac Vice*)
richter@ls3ip.com
LEE SULLIVAN SHEA & SMITH LLP
656 W. Randolph Street, Floor 5W
Chicago, IL 60661
Tel: 312-754-0002 / Fax: 312-754-0003

*Attorneys for Plaintiff, SONOS, INC.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

SONOS, INC.,

*Plaintiff-Counterclaim Defendant,*

vs.

GOOGLE LLC,

*Defendant-Counterclaimant.*

Case No. 2:20-cv-00169-JAK (DFMx)

**SONOS INC.'S OPPOSITION TO GOOGLE'S MOTION FOR LEAVE TO SUBPOENA DEPOSITION TESTIMONY OF ROBERT LAMBOURNE OUT OF TIME**

Date: September 29, 2026
Time: 10 A.M.
Location: Courtroom 6B
Judge: Hon. Douglas F. McCormick

## I. INTRODUCTION

Sonos opposes, and respectfully requests that this Court deny, Google's motion for leave to subpoena deposition testimony of Robert Lambourne out of time ("Motion"). (Dkt. 295) Google's Motion is the product of Google's own lack of diligence, not any circumstance beyond its control. Google has known about Robert Lambourne and his purported relevance to this dispute for years. In fact, Google has already deposed and cross-examined Mr. Lambourne four times. Despite this, Google waited just eleven business days before the close of fact discovery to seek Mr. Lambourne's deposition. Having failed to pursue that discovery in a timely manner or take reasonable steps to secure it before the discovery deadline expired, Google now seeks extraordinary relief to cure a problem of its own making. Because Google cannot establish the diligence required under Fed. R. Civ. P. 16, and because it already possesses extensive testimony from Mr. Lambourne that it may use in this action, the Motion should be denied.

## II. FACTUAL BACKGROUND

Google has known about Mr. Lambourne and his purported relevance as a named inventor on the Asserted Patents since at least 2020 when Sonos filed this case and its corresponding ITC case. In its Complaint for this case and the ITC case, filed January 7, 2020, Sonos asserted two patents naming Mr. Lambourne as an inventor, U.S. Patent Nos. 8,588,949 and 9,219,959. Dkt. 1.

Google has already deposed Mr. Lambourne during the corresponding ITC case. Mr. Lambourne submitted a witness statement in that case and was further cross-examined during the oral hearing. Google has access to this deposition and any related hearing testimony as a result of the parties' cross use agreement and may use this deposition, witness statement, and cross-examination testimony as if that testimony were taken directly in this case. Dkt. 78. In addition, Google deposed Mr. Lambourne during *Google LLC v. Sonos, Inc.*, No. 3:20-cv-06754 (the "N.D.Cal. matter") and cross-examined him during trial in that case.

When this case's stay was lifted, Sonos added U.S. Patent No. 7,471,014 to its First Amended Complaint filed on October 15, 2025 and U.S. Patent No. 10,966,025 to its Second Amend Complaint filed on November 26, 2024, both naming Mr. Lambourne as an inventor. Dkt. 64, Dkt. 68.

Sonos also disclosed Mr. Lambourne in its Initial Disclosures served on February 24, 2025. Ex. 2. ***Google did the same***, disclosing Mr. Lambourne in Google's Initial Disclosures served on March 5, 2025. Hecimovich Decl., Ex. A at 10. In Google's Initial Disclosures, Google claimed Mr. Lambourne as having knowledge related to "[p]rior art, use, sale, offer for sale, conception and reduction to practice (if any) of U.S. Patent Nos. 8,588,949, 7,571,014, 9,219,959, and 10,966,025 and technology related thereto."[1] *Id*.

Fact discovery was initially set to close on January 12, 2026. Dkt. 77. This was pushed back several times, ultimately to July 2, 2026, by stipulation of the parties. *E.g.*, Dkts. 128, 179. Thus, between when the stay was lifted in this case in November 2024 and the ultimate close of fact discovery in July 2026, fact discovery was open for a period of 20 months.

Yet, Google did not ask for Mr. Lambourne's deposition until after the close of business on June 16, 2026 – just 11 business days before the close of the 20-month fact discovery period. Ex. 6. Two business days later, on June 22, 2026, Sonos informed Google that: "We ***expect to represent*** Mr. Lambourne – but we've been advised that he is out of the country so we ***cannot confirm that until he returns***." Dkt. 295-8 (Ex. 6) at ECF p. 2 (emphasis added). At that same time, Sonos's counsel informed Google that it had been authorized to accept subpoenas on behalf of certain

---

[1] At this point Google was even aware that Mr. Lambourne was no longer employed by Sonos. Google listed him only as a "[n]amed inventor of U.S. Patent Nos. 8,588,949, 7,571,014, 9,219,959, and 10,966,025" and not as a "Sonos employee, named inventor of U.S. Patent Nos….". Hecimovich Decl., Ex. A at 10-11 (compare Robert Lambourne with Nick Millington).

other parties, whose depositions were taken in due course. *See id*. But to be clear, Sonos's counsel ***had not*** been authorized by Mr. Lambourne to accept anything on his behalf.

The close of fact discovery – July 2, 2026 – came and went without Google preparing and serving (or even attempting to serve) any subpoena on Mr. Lambourne.[2]

On July 7, 2026, Sonos reemphasized that it "expect[ed] to represent Mr. Lambourne and to be able to offer him for a deposition ***but will not be able to confirm until he returns to the country, which [Sonos] expect[ed] to be around mid-July.***" Dkt. 295-9 (Ex. 7) at ECF p. 4 (emphasis added). After Mr. Lambourne returned, he informed Sonos's counsel that he was not willing to participate in this litigation voluntarily (Mr. Lambourne left Sonos's employ in or around February 2025) and that he did not give any authority to accept a subpoena on his behalf, and Sonos's counsel relayed this to Google. *See id*. at ECF p. 3.

---

[2] Mr. Lambourne was out of the country, as Sonos explained, at the time Google inquired as to whether Sonos's counsel would accept service, so it was unlikely that Mr. Lambourne could have been personally served in late June or by July 2, 2026 (although, there are methods to serve to U.S. resident who is in a foreign country, *see* 28 U.S.C. § 1783). But, many Courts, including this one, do not require personal service for Rule 45 subpoenas, holding instead that "the better view is that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service..." *Chambers v. Whirlpool Corp.*, No. 11-cv-1733, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016). At a minimum, service prior to the close of fact discovery could have been accomplished, under Fed. R. Civ. P 5(b)(2)(B)-(C) by, for instance, leaving it at Mr. Lambourne's dwelling with someone who resides there, or by mailing it to Mr. Lambourne's last known address. Alternatively, given the circumstances, Google could have requested a short extension on the close of fact discovery for purposes of personally serving Mr. Lambourne with a Rule 45 subpoena upon his return. Google, however, did none of these things (despite having already waited nearly the balance of the 20-month fact discovery period to seek Mr. Lambourne's deposition).

## III. LEGAL STANDARD

A subpoena is a method of discovery subject to the discovery deadline. *See Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) . Accordingly, when a party seeks to subpoena a party after the discovery deadline it must demonstrate good cause to modify the scheduling order pursuant to Fed. R. Civ. P. 16. *See Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing Fed. R. Civ. P. 16(b)) ("Rule 16(b) provides that the 'scheduling order shall not be modified except by leave of court and upon a showing of good cause.'")

Under Fed. R. Civ. P. 16, the "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party "was not diligent, the inquiry should end." *Id*.[3]

## IV. ARGUMENT

Google was demonstrably not diligent in seeking Mr. Lambourne's deposition for two key reasons. First, Google was not diligent in seeking Mr. Lambourne's deposition prior to the close of fact discovery, instead first seeking his deposition a mere 11 days before the close of fact discovery. The Court's inquiry should end there. But second, Google was also not diligent because it failed to serve (or attempt to serve) any subpoena on Mr. Lambourne or alternatively seek leave of the Court to take a deposition after the close of fact discovery, despite knowing by June 22, 2026

---

[3] Google also applied the "excusable neglect" standard under Fed. R. Civ. P. 6 which is not necessary here. Even if the Court decides to evaluate this motion under the "excusable neglect" standard, other courts have explicitly found that a "failure to provide timely subpoenas earlier in the discovery process does not establish good cause as required by this Court or 'excusable neglect' under Rule 6(b)(1) of the Federal Rules of Civil Procedure." *Krishnan v. Cambia Health Solutions, Inc.*, No. 2:20-cv-574-RAJ, 2021 WL 3129940, at *6 (W.D. Wash. July 23, 2001).

that Mr. Lambourne would not be available to sit for a deposition by the close of discovery.

### A. Google was not diligent in seeking to take Mr. Lambourne's deposition before the close of discovery.

This Court has recognized that "[w]hen parties delay discovery for any reason, they do so at their peril." *Wyles v. Sussman*, 445 F.Supp.3d 751, 756 (C.D. Cal. 2020). Here, despite knowing since 2020 that Mr. Lambourne was an inventor on some of the Asserted Patents, Google let nearly the entire 20-month fact discovery period elapse before it even asked Sonos – with just 11 business days left in discovery – about Mr. Lambourne's availability for a deposition and whether Sonos had the authority to accept a subpoena on his behalf. Google offers no credible explanation for why it waited that long before seeking any deposition of Mr. Lambourne.[4]

Google suggests (at Dkt. 295, p. 4) that Sonos's Initial Disclosures, which indicated that several witnesses, including Mr. Lambourne, must be "contacted through Sonos's counsel," prevented Google from serving a Rule 45 subpoena on Mr. Lambourne. But this is not true. As an initial matter, this provides no explanation why Google failed to seek Mr. Lambourne's deposition at any point from November 2024 to June 2026. But, even in June 2026, this provides no explanation for why Google did not itself subpoena Mr. Lambourne after Sonos's counsel indicated it was unable to accept service of a (non-existent) subpoena on Mr. Lambourne's behalf.

---

[4] Google suggests it was waiting to see whether Sonos would be affirmatively offering Mr. Lambourne as a corporate designee, but this is not credible for many reasons. Not only was Sonos under no duty to designate Mr. Lambourne as a 30(b)(6) witness, Sonos never represented that it intended to designate Mr. Lambourne as a 30(b)(6) witness in this matter. Nor would that have mattered, as a party is not relegated to deposing only those individuals the counterparty designates under Rule 30(b)(6). Sonos's decision not to designate an individual as a corporate representative has no bearing on Google's decision to depose Mr. Lambourne in his personal capacity pursuant to Fed. R. Civ. P. 45. Google would have needed such a subpoena anyway even had Sonos designed Mr. Lambourne under Rule 30(b)(6).

This request in Sonos's Initial Disclosures concerning "contact" is standard and serves merely to indicate that a counter-party should not attempt to personally interview the individual, via telephone or other personal contact, as the individual may prefer to be represented by counsel. It does not indicate some moratorium or bar on the service of a Rule 45 subpoena on the individual (nor does it provide any basis to wait until 11 business days before fact discovery close to even attempt to depose an individual). Evidencing this is that fact that Google served Mr. Riemann – another third-party, former employee of Sonos – with a Rule 45 subpoena despite the fact that Sonos's Initial Disclosures advised that he should be contacted through Sonos's counsel. In any event, after explaining in June 2026 that Sonos's counsel expected to represent Mr. Lambourne but could not confirm such representation at that time, Google inexplicably failed to serve (or attempt to serve) any subpoena on Mr. Lambourne or otherwise seek a short extension from the Court to do so.

Google's reliance on Sonos counsel's post-discovery-close email indicating that it "expected" that it would represent Mr. Lambourne and be able to make him available for a deposition does not establish diligence either. At no point did Sonos counsel promise to voluntarily make Mr. Lambourne available (before or after the close of fact discovery) or even represent that it did represent Mr. Lambourne. Sonos counsel stated that it "expected" to represent Mr. Lambourne but that "it ***could not confirm*** this" until Mr. Lambourne returned to the country. And in any event, discovery had already closed by this point. Clearly, therefore, given the lack of confirmation, it was possible that Mr. Lambourne would desire to be represented by other counsel or that he would not agree to have Sonos counsel accept a subpoena on his behalf.

Therefore, Google's clear failure to even ask about Mr. Lambourne's deposition any earlier than 11 business days prior to discovery close, coupled with its failure to serve (or attempt to serve) its own Rule 45 subpoena once Sonos counsel indicated in June that it was unable to accept service, is the only reason Google was

unable to depose Mr. Lambourne prior to the close of discovery, not Sonos's Initial Disclosures or email correspondence, as Google suggests.

This clear delay is made even more evident given that Mr. Lambourne was not some witness who sprung up at the last minute based on belated discovery, or even a witness who was unbeknownst to Google. The witness is an inventor on patents that have been asserted against Google for over six years now. And, the witness is one who ***has already been deposed and cross-examined multiple times by Google*** in the companion ITC case, where Google has the ability to use and rely on such testimony in this case as if it had been taken in this case. Google's knowledge of Mr. Lambourne's purported relevance, its unexplained delay in seeking his deposition, and its current ability to use and rely on his prior voluminous ITC testimony are enough for the Court to find a lack of diligence and a lack of good cause to proceed with yet another deposition of this individual. *See Integra Lifesciences I, Ltd.*, 190 F.R.D. at 560 (S.D. Cal. 1999) (denying discovery when relevance "were well known to both parties well before… [the] discovery cut-off."); *Essociate, Inc. v. Blue Whaler Invs., LLC*, No. 10-2107-JVS(MLGx), 2012 WL 12953823, at *3 (C.D. Cal. April 12, 2012) (denying discovery "that could have reasonably been obtained well before the discovery cut-off date.").

None of the cases Google cites in support of its motion are analogous to the facts here. In *J.W. Pharm. Corp.*, the party served multiple subpoenas and diligently pursued the depositions of the third parties ***well before the close of discovery***. *See J.W. Pharm. Corp. v. Kahn*, No. CV 12-1006 JGB (RZX), 2014 WL 12639070, at *2-3 (C.D. Cal. Dec. 11, 2014) (wherein the moving party served subpoenas on two non-parties over a year before the close of discovery, and again, a month and a half before the close of discovery). In *B.B.*, the party first noticed the deposition ***over a month before discovery closed***. *See B.B. v. Capistrano Unified School Dist.*, No. 8:23-cv-00306-DOC-ASDx, 2023 WL 8074333, *1 (C.D. Cal. Oct. 16, 2023). And in *Bingham*, the moving party "actively attempted to schedule and complete [the

depositions] ***well in advance of the … discovery deadline***." *Bingham v. Jefferson Cnty.*, No. 4:15-cv-00245-EJL-REB, 2017 WL 760733, at *4 (D. Idaho Feb. 25, 2017). Google did not do any of these things, instead failing to act until there were just 11 business days in discovery remaining, and then, failing to even attempt serving a subpoena.

Accordingly, this Court should find that Google has not established good cause under Fed. R. Civ. P. 16.

### B. <u>Google was not diligent in seeking leave to take Mr. Lambourne's deposition after the close of discovery.</u>

Diligence is not only measured from when a party sought the discovery, but also from when a party knew of the circumstances that would prevent it from meeting the court's scheduling order and sought to amend. *Panlilio v. Han*, No. CV 23-689-JFW(JCx), 2023 WL 9689130, at *2 (C.D. Cal. Nov. 9, 2023) (noting to demonstrate diligence "the moving party is required to show:… that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order."). To be sure, nothing prevented Google from deposing Mr. Lambourne in May, April, or March of 2026, or any prior month during which fact discovery was open and thereby meeting the Court's scheduling order. Google was fully capable of complying with the scheduling order for nearly all of the 20-month discovery period.

Sonos first informed Google on June 22, 2026 that Mr. Lambourne was out of the country and would not be able to confirm anything until his expected return in mid-July (i.e., after the close of fact discovery). Dkt. 295-8 (Ex. 6) at ECF p. 2. At this point, a diligent party might have immediately sought to serve a subpoena itself, or to the extent it believed doing so was futile (although it wouldn't have been futile, *see supra* fn. 2) could have sought a short extension from the Court for doing so. Google chose neither. In this way, Google manufactured its own purported inability to meet the Court's scheduling order by first waiting until 11 business days remained in the discovery period, seeking to depose a named inventor on patents that have been

asserted since 2020, learning the individual would be out of the country until after the close of fact discovery, and then failing to serve (or attempt to serve) its own subpoena or otherwise request relief from the Court. This is anything but diligent.

Sonos even suggested the parties file a joint stipulation to take certain depositions after the close of discovery pursuant to Fed. R. Civ. P. 29 when it became clear that the parties' depositions were not going to be complete by the close of fact-discovery (largely due to Google's actions). Hecimovich Decl., Ex. B at 20. This is what it looks like when a party is diligent. Sonos drafted a joint stipulation that identified the deponents and dates it sought to take depositions and left a section for Google to add the same. *See id*. Sonos circulated this draft on July 1, 2026 and requested Google provide it with its addition by July 2, 2026 (the close of discovery). *Id*. Google refused to identify deponents and dates it sought to take after the close of discovery, and this refusal led to the joint stipulation never being filed with the Court. *See id*. at 19. Google is now complaining to the Court of the very thing this stipulation sought to prevent. *See Wyles*, 445 F.Supp.3d at 756 ("Without a Rule 29 stipulated order in place, Plaintiff cannot have expected to enforce Defendant['s] [] promise to appear for deposition after the cutoff set by the District Court."); *see also Bella+Canvas, LLC v. Fountain Set Ltd.*, No. 2:21-cv-00758-ODW(MAAx), 2023 WL 1997702, at *4 (denying request where party "failed to seek Court approval to take a deposition after the close of discovery.")

### C. <u>To the extent the Court considers "excusable neglect," the impact on proceedings, reason for the delay, and lack of good faith demonstrates a lack of "excusable neglect."</u>

For at least three reasons, there is no "excusable neglect" here.

*First,* re-opening discovery to allow a belated deposition threatens to upend ongoing expert discovery. Sonos has already served opening expert reports. Google's opening expert reports are due September 25. Dkt. 298. And Sonos's rebuttal expert reports are due October 23. *Id*. Re-opening discovery to allow further fact witness

testimony threatens to derail this schedule insofar as Google will undoubtedly seek leave to serve supplemental expert reports after the deadline to have its expert consider this fact witness testimony, which disrupts the expert discovery schedule.

*Second*, as demonstrated above, the reason for the delay is entirely of Google's own making. Had Google been even slightly diligent, it would have sought testimony from this fact witness during the 20-month fact discovery period, or even reasonably in advance of the close thereof – not a mere 11 business days prior.

*Third*, Google lacks good faith in seeking this testimony now because the witness has been known to Google for over six years, was personally identified by Google on Google's own Initial Disclosures at the outset of discovery, and Google has already had ***two*** opportunities to obtain testimony from this witness. As explained, Google has already deposed this witness in connection with the same Asserted Patents in the companion ITC case, the witness has submitted a witness statement in the companion ITC case, and Google has further cross-examined the witness in the companion ITC case. All this testimony is available for use in this case as if it had been taken directly in this case, pursuant to the parties' stipulation. Dkt. 78. As such, a further deposition is not only prejudicial to the remaining case schedule, but also entirely superfluous and therefore overly-burdensome on a third-party witness. To the extent that Google believed otherwise, it was more than free to seek such additional testimony at any point during fact discovery. Its failure to do that and instead seek to do so after the close of fact discovery does not evidence good faith.

For these reasons, Google has not demonstrated any "excusable neglect."

## V. <u>CONCLUSION</u>

For the foregoing reasons, this Court should deny Google's motion for leave to subpoena deposition testimony of Robert Lambourne out of time.

Dated: September 8, 2026

Respectfully submitted,

ORRICK HERRINGTON & SUTCLIFFE LLP *and*
LEE SULLIVAN SHEA & SMITH LLP

By: */s/ Alyssa Caridis*
Alyssa Caridis
*Attorneys for Plaintiff Sonos, Inc.*