QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Melissa J. Baily (SBN 237649)
melissabaily@quinnemanuel.com
James D. Judah (SBN 257112)
jamesjudah@quinnemanuel.com
Ognjen Zivojnovic (SBN 307801)
ogizivojnovic@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6600
Fax: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SONOS, INC.,

*Plaintiff,*

v.

GOOGLE LLC,

*Defendant.*

Case No. 2:20-cv-00169-JAK (DFMx)

**GOOGLE LLC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUBPOENA DEPOSITION TESTIMONY OF ROBERT LAMBOURNE OUT OF TIME**

Initial Complaint Filed: January 7, 2020
Discovery Cutoff: July 20, 2026
Final Pretrial Conference: TBD
Trial Date: TBD

Date: September 29, 2026
Time: 10:00 AM
Location: Courtroom 6B
Judge: Hon. Douglas F. McCormick

## I. INTRODUCTION

Sonos's Opposition rewrites the record, casting Google as sitting idle for twenty months and then springing a last-minute request on an unsuspecting adversary. Dkt. 299 ("Opp."). Not so. The parties were cooperatively scheduling depositions on the same track, at the same time, and Sonos gave Google dates and confirmations for every witness—except Mr. Lambourne. Instead, Sonos represented, repeatedly and in writing, first that Mr. Lambourne should only be contacted through Sonos's counsel (Dkt. 295-2 ("Judah Decl.") Exs. 2-4), and then that they "expect[ed] to represent" him and "to be able to offer him for a deposition" once he returned from abroad in mid-July (*id.* Exs. 6 & 7). Google reasonably relied on those representations, which continued through the fact discovery deadline (while other post-cutoff depositions were cooperatively scheduled and completed by the parties). Sonos did not disclose that Mr. Lambourne would not appear for deposition until August 6 (*id.* Ex. 7 at 2)—more than a month after the cutoff—at which point Google promptly filed the instant motion. That is diligence, not neglect. And even today, Sonos is still vague about whether Sonos's counsel will be representing Mr. Lambourne if he is deposed. It is Sonos's own conduct that created the delay it now attacks.

## II. ARGUMENT

***Google sought Mr. Lambourne's deposition on the same schedule as the other witnesses, and Sonos produced everyone else.*** The thrust of Sonos's opposition—that Google waited until "11 business days" before the cutoff (Opp. at 2)—ignores the reality that both parties were noticing and scheduling depositions at that time that all ultimately went forward, with the exception of Mr. Lambourne. *See* Dkt. 295-2 ("Judah Decl.") Exs. 6 & 7. Indeed, the parties took a combined 10 depositions after the July 2 cutoff by mutual agreement precisely because of schedule delays on both sides. Google reasonably understood Mr. Lambourne to be one more witness on that same cooperative track. Sonos's suggestion that Google should have treated Mr. Lambourne differently—and raced to formal motion practice while the parties were amicably scheduling

numerous other depositions post-cutoff—is hindsight untethered from how the parties actually operated.[1]

***Google reasonably relied on Sonos's repeated representations that it expected to produce Mr. Lambourne.*** On June 22, consistent with its Rule 26 disclosures that identified Mr. Lambourne as a Sonos witness who "must be contacted only through Sonos's counsel" (Judah Decl. Exs. 2-4), Sonos wrote that it "expec[ed] to represent Mr. Lambourne" but could not confirm "until he returns" from out of the country. *Id.* Ex. 6 at 1. On July 7, Sonos repeated that it "expect[ed] to represent Mr. Lambourne and to be able to offer him for a deposition," qualifying only that it could not confirm "until he returns to the country … around mid-July." *Id.* Ex. 7 at 3. These are not the words of a party disclaiming any ability to produce a witness; they are assurances that production was expected once a temporary obstacle—foreign travel—was resolved. Sonos's argument to the contrary reduces to a demand that Google should have distrusted Sonos's own written representations, ignored Sonos's Rule 26 disclosures, and immediately pursued international service of process and motion practice. That is not what diligence requires. *See, e.g.*, *B.B. v. Capistrano Unified School Dist.*, 2023 WL 8074333, at *1-2 (C.D. Cal. Oct. 16, 2023) (finding good cause to modify scheduling order to allow depositions after discovery deadline where defendant "was reasonably diligent in trying to find a new time to depose [plaintiff]" following scheduling delays but was unable to complete deposition by deadline based on witness's limited availability). Indeed, even now and despite multiple requests, neither Sonos, nor its counsel, nor Mr. Lambourne have ever indicated that Sonos's counsel will not be representing Mr. Lambourne in the event he is deposed—only that they cannot accept service of the subpoena.

More, Sonos's reliance on the draft Rule 29 stipulation (circulated merely one day before the discovery cutoff) as proof of its own diligence and Google's purported default (Opp. at 9) is misplaced. Rather, the draft stipulation (which Sonos concedes was not necessary and mutually

[1] Further, the only reason the parties were scheduling depositions and serving subpoenas so late was Sonos's own delays in responding to Google's corporate deposition notice, which Google served in February 2026. It was not until June 15, 2026 (12 business days before the cutoff) that Sonos disclosed any witnesses or dates. *See* Judah Decl. Ex. 6 at 4.

abandoned by the parties) confirms that the parties mutually contemplated and agreed to take depositions after the cutoff—a shared understanding of a cooperative framework on which Google reasonably relied.

***Sonos's argument, that Google should have served a subpoena anyway, fails on its own terms.*** Sonos contends Google should have served (or attempted to serve) a Rule 45 subpoena the moment Sonos represented, in June, that it could not ***yet*** confirm acceptance of service. Opp. at 5-6. This ignores both the record and Sonos's own representations. ***First***, Sonos was simultaneously telling Google that Mr. Lambourne "must be contacted only through Sonos's counsel"—language Sonos carried into three successive Initial Disclosures, including one served June 29, three days before the cutoff and in the midst of the parties' discussions regarding Mr. Lambourne's deposition. Judah Decl. Exs. 2-4. Google cannot be faulted for honoring the instruction Sonos repeatedly gave. ***Second***, that Google served a Rule 45 subpoena on a different third party, Robert Riemann (Opp. at 6), says nothing of the reasonableness of Google's reliance as to Mr. Lambourne. Sonos itself treated Mr. Lambourne differently in its correspondences by affirmatively and repeatedly representing it "expecte[ed] to represent" ***and produce Mr. Lambourne for deposition*** (Judah Decl. Exs. 6 & 7), which was not the case for Mr. Riemann, for whom Sonos's counsel expressly stated on June 22 they "ha[d] ***not*** been authorized to accept anything." *Id.* Ex. 6 at 1 (emphasis added). Google's treatment of Mr. Lambourne vis-à-vis Mr. Riemann is merely a response to Sonos's own treatment of Mr. Lambourne. ***Third***, and as Sonos concedes (Opp. at 3 n.2), Mr. Lambourne was abroad during the relevant window, making personal service infeasible or at least logistically impracticable in any event.

***Google's access to prior testimony does not defeat good cause.*** Sonos argues the deposition is "superfluous" because Google has ITC and N.D. Cal. testimony. Opp. at 10. As an initial matter, Google does not have access to N.D. Cal. testimony because there is no agreement or stipulation regarding cross-use with that case (nor did either party move for cross-use). But even as to the ITC, this point merely confirms Mr. Lambourne's relevance as a central inventor witness whose testimony matters—and, critically, Sonos added two new Lambourne patents to this case that were not asserted in the ITC and about which Google has never obtained any deposition testimony. That

Sonos itself previously designated Mr. Lambourne as a Rule 30(b)(6) witness and trial witness on his patents in the 1191 Investigation and the N.D. Cal. litigation (Judah Decl. ¶¶ 4-5) underscores his relevance here on the newly asserted patents for which he is an inventor—relevance that Sonos never disputed all the while continuing to represent that they expected to make Mr. Lambourne available for deposition.

***The equities favor Google and demonstrate excusable neglect.*** The prejudice to Sonos is minimal: a single third-party deposition taken on the same terms as the ten depositions the parties already took post-cutoff. This does not "threaten[] to upend" expert discovery (Opp. at 9), nor derail a schedule the parties have already repeatedly adjusted by stipulation. The length of the delay is short, measured from Sonos's August 6 disclosure (Judah Decl. Ex. 7 at 1-2) to Google's prompt motion. And Google acted in good faith throughout, raising the deposition the day after Sonos's 30(b)(6) designations, following up repeatedly, and relying on Sonos's assurances rather than resorting prematurely to motion practice. *See id.* Exs. 6 & 7. The reason for the delay—Sonos's shifting representations and Mr. Lambourne's foreign travel—was outside Google's control, warranting a finding of excusable neglect. *See Mikell v. Baxter Healthcare Corp.*, 2014 WL 12588640, at *5-6 (C.D. Cal. Sept. 16, 2014). Finally, while rebuttal expert reports (which are likely most relevant to Mr. Lambourne's testimony) are due, by agreement of the parties, on September 25, 2026, the expert discovery deadline is not until November 13, 2026, and there is therefore ample time under the current schedule to supplement reports based on additional evidence from Mr. Lambourne's deposition.

## IV. CONCLUSION

Google respectfully requests that the Court enter a limited modification to the case schedule to allow Google to serve a deposition subpoena on Robert Lambourne and take his deposition out of time.

DATED: September 15, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ James D. Judah*

James D. Judah

*Attorneys for Defendant-Counterclaimant Google LLC*